IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>    600 Pennsylvania Ave., NW<br>    Washington, DC 20580<br><br>STATE OF NEW YORK<br>    28 Liberty Street<br>    New York, NY 10005<br><br>                    Plaintiffs,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC,<br>    600 Third Ave., 10th Floor<br>    New York, NY 10016<br><br>PHOENIXUS AG,<br>    Hadlenstrasse 5<br>    6340 Baar, Switzerland<br><br>MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br>    FCI Allenwood Low<br>    Federal Correctional Institution<br>    P.O. Box 1000<br>    White Deer, PA 17887<br><br>    and<br><br>KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br>    330 East 38th St., Apt. 54K<br>    New York, NY 10016<br><br>                    Defendants. | Case No.: 20-cv-00706-DLC (RWL) |

**Joint Motion to Seal Select Portions of the Complaint**

Plaintiff Federal Trade Commission ("FTC) and Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG (collectively, "Vyera") submit this motion to seal on behalf of Vyera and, with their authorization, the following Nonparties: ASD Healthcare; Mylan N.V.; a distributor discussed in Sections V.A.1 and V.C of the Complaint; the sample-sourcing company discussed in Section VI.5 of the Complaint; and the three generic pharmaceutical companies discussed in Sections VI.1–3 of the Complaint (the "Generics").[1] Defendant Martin Shkreli ("Shkreli") joins this motion as it relates to the continued sealing of select portions of the Complaint containing Vyera's confidential information.[2] The FTC, Vyera, Shkreli, and the Nonparties respectfully request that this Court keep under seal certain confidential information in the FTC's Complaint.[3]

1. On January 27, 2020, the FTC and State of New York filed this action.

2. In doing so, pursuant to its statutory obligations, the FTC filed a public version of the Complaint (Dkt. No. 4) that redacted certain information obtained from Vyera and the Nonparties during the FTC's nonpublic investigation into the conduct at issue in this case. *See* 16 C.F.R. § 4.10(g) (requiring the FTC to afford parties "an opportunity to seek an appropriate protective order or in camera review" before the FTC publicly discloses in a court proceeding information designated by the producing party as confidential during the course of an investigation). The FTC also filed an unredacted Sealed Complaint (Dkt. No. 2) and submitted an Ex Parte Motion to File the Complaint Temporarily Under Seal and proposed order.

---

[1] The distributor, sample-sourcing company, and the Generics seek to keep their identities redacted in the Complaint, at least temporarily, and are thus anonymized in this public motion.

[2] Defendant Kevin Mulleady ("Mulleady") has authorized the moving parties to represent to the Court that he takes the same positions as Shkreli on all matters in this motion.

[3] Plaintiff State of New York does not oppose this motion.

3. The Honorable Alison J. Nathan granted the FTC's motion and ordered that, if no defendant or nonparty moves within twenty days to seal information that is redacted in the Complaint, the Clerk of Court is to lift the temporary seal and place the unredacted Sealed Complaint on the public docket. *See* Dkt. No. 8.

4. The FTC, Vyera, Shkreli, and the Nonparties have met and conferred concerning which portions of the Complaint to move for this Court to keep under seal.

5. Vyera and the Nonparties maintain that the Complaint contains certain commercially and competitively sensitive nonpublic information that may properly be redacted from the public version of the Complaint. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (emphasizing that despite the presumption of access to judicial records, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing"); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (stating that the presumption of access to judicial records must be balanced against countervailing factors such as "the privacy interests of those resisting disclosure").

6. The redactions proposed by Vyera and the Nonparties, such as ASD Healthcare and Mylan N.V., pertain to competitively sensitive information about product sales, contracts, pricing information, and business processes. The public disclosure of this information is likely to harm their competitive standing and cause them serious competitive injury. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

7.     The redactions proposed by the Generics pertain to competitively sensitive information about their current efforts to enter with a generic Daraprim product. The disclosure of this information (including their identities and suppliers) is likely to harm their competitive standing and cause them serious competitive injury. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

8.     The proposed redactions to the Complaint are also limited in number and thus narrowly tailored to protect the public's interest in access to public records and the public policy favoring disclosure. *See, e.g.*, *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, No. 17CV147KAMCLP, 2019 WL 3753780, at *3 (E.D.N.Y. Aug. 8, 2019) (denying motion to seal entire Answer, but granting permission to file redacted Answer). [4]

9.     Exhibit A is an unredacted version of the Complaint (filed under seal) that highlights in green the proposed redactions.

10.    Exhibit B is the proposed public version of the Complaint that redacts certain competitively sensitive information of Vyera and the Nonparties. The parties request that Exhibit B be placed on the public docket and the Court order that the unredacted version of the Complaint (Dkt. No. 2) remain sealed.

11.    The parties are working together on a protective order to address the treatment of confidential and highly confidential information in this litigation. In addition, the Generics have

---

[4] If the Court desires, Vyera, Shkreli, and the Nonparties are prepared to submit declarations in support of the foregoing requests to seal certain information in the Complaint.

identified certain information in the Complaint that they wish to be restricted to outside counsel only. This information is designated by red rectangles in Exhibit A. Vyera, Shkreli, and Mulleady object to this restriction, but have agreed to restrict the information designated in red rectangles to outside counsel until the earliest of: (1) a court order regarding the confidentiality of this information; (2) agreement by all the parties; or (3) 30 days from entry of this order so long as no motion for a protective order concerning this information has been filed.

Dated: February 18, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Markus H. Meier*
　　　　　　　　　　　　　　　　　　　　　Markus H. Meier (pro hac vice)
　　　　　　　　　　　　　　　　　　　　　Federal Trade Commission
　　　　　　　　　　　　　　　　　　　　　600 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20580
　　　　　　　　　　　　　　　　　　　　　Tel: 202-326-3748
　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Federal Trade Commission*

　　　　　　　　　　　　　　　　　　　　　*/s/ Michael L. Weiner*
　　　　　　　　　　　　　　　　　　　　　Michael L. Weiner
　　　　　　　　　　　　　　　　　　　　　Dechert LLP
　　　　　　　　　　　　　　　　　　　　　Three Bryant Park
　　　　　　　　　　　　　　　　　　　　　1095 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　　Tel: 212-698-3608
　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*

　　　　　　　　　　　　　　　　　　　　　*/s/ Edward T. Kang*
　　　　　　　　　　　　　　　　　　　　　Edward T. Kang
　　　　　　　　　　　　　　　　　　　　　Kang Haggerty & Fetbroyt LLC
　　　　　　　　　　　　　　　　　　　　　123 S. Broad Street #1670
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19109
　　　　　　　　　　　　　　　　　　　　　Tel: 215-525-5852
　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Martin Shkreli*