UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA,<br><br>                    Plaintiffs,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br><br>                    Defendants. | Case No. 1:20-cv-00706-DLC |

## [Proposed] Order and Protocol for Depositions

Plaintiffs Federal Trade Commission, State of New York, State of California, State of Illinois, State of North Carolina, State of Ohio, Commonwealth of Pennsylvania, and Commonwealth of Virginia, and Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG, Martin Shkreli, and Kevin Mulleady, through their respective counsel, stipulate to the following regarding depositions in this matter (the "Litigation").

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Order and Protocol for Depositions ("Deposition Protocol") shall apply to the depositions of all parties and third parties in this Litigation, but shall not apply to expert depositions, which are subject to the Order and Stipulated Protocol and Schedule for Expert Discovery.

2. Except as provided otherwise in this Deposition Protocol, and unless the parties agree to particular modifications on a deposition-by-deposition basis, the conduct of depositions in this Litigation shall comply with the Federal Rules of Civil Procedure. To the extent this Deposition Protocol imposes limitations on discovery that would not otherwise be available under the Federal Rules of Civil Procedure or this Court's orders, the parties have agreed to the limitations to increase the efficiency of discovery and to minimize discovery disputes regarding depositions.

3. For all third-party deposition notices, the party noticing the deposition (the "Noticing Party") shall attach to that notice, as well as to any subpoenas for third-party depositions: (i) a copy of the Stipulated Protective Order (ECF No. 92) ("Protective Order") and (ii) a copy of this Deposition Protocol.

4. **Deposition Limits**. Each side may take up to [~~Plaintiffs' Proposal: 140 hours / Defendants' Proposal: 175 hours~~] of deposition record time of fact witnesses. The parties agree that only time used on the record by each side at each deposition shall count toward the deposition limit set forth in Section 4. The parties agree that expert depositions shall not count towards the number of hours allotted for fact witness depositions. The parties further agree that testimony taken in investigational hearings during the pre-Complaint investigations does not count towards the number of hours agreed above, and either side may further depose witnesses whose testimony was taken in investigational hearings during the pre-Complaint investigations.

2

5. **Party Depositions**.

    a. This Section shall apply to any deposition of: (i) the Individual Defendants; (ii) a current employee of a Corporate Defendant; and (iii) a former employee of a Corporate Defendant. The parties may, by consent of all parties, modify or waive the requirements of this Section.

    b. Unless otherwise agreed upon by the parties or ordered by the Court, each witness shall be limited to one deposition lasting one day of seven (7) hours of record time. Reasonable time also shall be afforded to parties adverse to the Noticing Party to ask follow-up questions of the deponent, but such time shall not count against the seven-hour time limit.

    c. At least twenty-one (21) days prior to the date of a proposed deposition of a party witness as identified in Section 5(a), the Noticing Party shall notify counsel for the witness (or the witness directly if he/she is not represented by counsel) of the proposed date, time, and location for the deposition. Within seven (7) days of receiving this notice, counsel for the witness (or the unrepresented witness) shall respond regarding the witness's availability. If the witness is unavailable on the proposed date, the response shall include at least two (2) alternative dates for the deposition that are within one week before or after the date proposed by the Noticing Party, to the extent practicable. The Noticing Party shall schedule the deposition on one of the alternative dates to the extent practicable.

6. **Depositions Taken Pursuant to Federal Rule of Civil Procedure 30(b)(6)**.

    a.    This Section shall apply to any deposition taken pursuant to Fed. R. Civ. P. 30(b)(6). The parties may, by consent of all parties, modify or waive the requirements of this Section.

    b.    A party that seeks to take a Fed. R. Civ. P. 30(b)(6) deposition shall comply with the notice provisions in Fed. R. Civ. P. 30(b)(6). Each party, or third party, whose Fed. R. Civ. P. 30(b)(6) deposition is sought, shall be required to identify the corporate representative(s) assigned to testify to each matter for examination, at least five (5) days in advance of the deposition.

    c.    The Noticing Party (including other parties on the Noticing Party's side) may depose for up to seven (7) hours of record time any person designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). In the event that a party believes it is likely to designate a fact witness who is the subject of a deposition notice as a Fed. R. Civ. P. 30(b)(6) representative, or in the event that counsel on either side become aware that a witness who has been designated as a Fed. R. Civ. P. 30(b)(6) designee is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate to avoid unnecessary multiple depositions of the same witness. The parties shall meet and confer in good faith regarding appropriate and reasonable modifications to time limits for depositions of any witnesses who will be deposed in both their individual and representative capacities. A party may designate an individual as a corporate representative for a deposition under Fed. R. Civ. P. 30(b)(6) whether or not the individual previously has been deposed, or may be deposed, as a fact witness.

7. **Third-Party Depositions**.

   a. This Section shall apply to the deposition of any individual not covered by Section 5(a) and Section 6(a). The parties may, by consent of all parties, modify or waive the requirements of this Section.

   b. Unless otherwise agreed by the parties or ordered by the Court, each third-party witness shall be limited to one deposition lasting one day of seven (7) hours. If only one side notices the deposition of a third-party witness, reasonable time also shall be afforded to parties adverse to the Noticing Party to ask follow-up questions of the deponent, but such time shall not count against the seven-hour time limit allotted to the Noticing Party.

   c. If both sides notice or cross-notice a third-party deposition, then the time shall be split evenly (i.e., three-and–one-half (3.5) hours of record time per side), unless either side specifies in the notice or cross-notice that some amount of time less than three-and-one-half (3.5) hours is required, in which case the other side shall have the balance of the time up to the seven (7) hour limit. Any time allotted to one side not used by that side may be used by the other side up to the seven-hour limit in total. For any deposition taken pursuant to this Section 7, each side will be charged only for the deposition time actually used.

8. **Deposition Logistics**. The parties shall confer in good faith on scheduling the depositions to efficiently minimize travel and other costs. Counsel for the Noticing Party and counsel for the witness (or third-party witness if no counsel has been identified) shall make best efforts to agree on a suitable time, date, and location for the deposition. Unless otherwise agreed

upon by the parties or ordered by the Court, all depositions will take place in person with at least one counsel present in person for each side at each deposition.

9. **Participation by Teleconference/Videoconference**. In accordance with the Court's Emergency Individual Practices in Light of COVID-19 (revised May 13, 2020), and to the extent that it is warranted by the ongoing COVID-19 pandemic or otherwise, the parties agree that they will work together in good faith to resolve logistical challenges posed by the pandemic and other concerns, including through the arranging of depositions to proceed with all attendees (including witnesses) to appear by telephone or, if available, video conference. The parties shall submit a proposed protocol for remote depositions on or before September 11, 2020.

10. **Restrictions Based on Confidentiality Designations**. Certain deposition testimony and/or exhibits may involve information or documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the Protective Order. Only individuals permitted to have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as discussed in the Protective Order, may be present or otherwise have access to testimony during any portion of examination that covers testimony or exhibits that are deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. **Objections**. Any objection made at a deposition by any party shall be deemed to have been made on behalf of all other parties on the same side (i.e., Plaintiffs' side and Defendants' side). Counsel and parties shall comply with Fed. R. Civ. P. 30(c)(2). When a privilege is asserted by counsel, to the extent that the answer to a question includes some privileged information and some non-privileged information, the witness shall provide the non-privileged information and the witness or counsel shall note on the record that other information is being withheld pursuant to a privilege. Counsel may instruct a deponent not to answer only

when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Fed. R. Civ. P. 30(d)(3). Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

12. **Protective Depositions**. Notwithstanding the limits on deposition time set forth in Section 4, each side shall be afforded a reasonable opportunity to depose any person who is identified as a witness in a pretrial order (or other similar submission in preparation for trial) but who was not previously deposed in this Litigation. Upon receiving notice of the identification of such a witness, a party shall have five (5) days to notify the other party of its intent to take any such protective depositions. A party may not call any witness to testify at trial if the opposing side has not been afforded a reasonable opportunity to depose the putative witness no later than two (2) weeks before trial.

13. **Reservation of Right to Seek Modification**. In the event that the parties do not reach agreement to modify this Deposition Protocol in a particular instance, each party reserves its respective rights to move the Court for relief from or modification of any part of this Deposition Protocol.

**IT IS SO ORDERED.**

Dated: May 26, 2020

_____
DENISE COTE
United States District Judge

Respectfully submitted and agreed,

**FEDERAL TRADE COMMISSION**

*/s/ Markus H. Meier*

Markus H. Meier (admitted *pro hac vice*)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Tel: (202) 326-3759
mmeier@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

ON BEHALF OF **PLAINTIFF STATES**

Letitia James
Attorney General

*/s/ Elinor Hoffman*

Elinor Hoffmann
Acting Bureau Chief, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty St.
New York, NY 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for Plaintiff State of New York*

ON BEHALF OF **VYERA PHARMACEUTICALS, LLC** and **PHOENIXUS AG**

*/s/ Steven A. Reed*

Steven A. Reed (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5603
steven.reed@morganlewis.com

*Counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*

ON BEHALF OF **MARTIN SHKRELI**

*/s/ Christopher H. Casey*

Christopher H. Casey (admitted *pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1155
CHCasey@duanemorris.com

*Counsel for Defendant Martin Shkreli*

ON BEHALF OF **KEVIN MULLEADY**

*/s/ Kenneth R. David*

Kenneth R. David
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1893
kdavid@kasowitz.com

*Counsel for Defendant Kevin Mulleady*