UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA, <br><br>                      Plaintiffs, <br><br> v. <br><br> VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC, <br><br>                      Defendants. | Case No. 1:20-cv-00706-DLC |

### [Proposed] Order and Protocol for Third-Party and Foreign Discovery

Plaintiffs Federal Trade Commission, State of New York, State of California, State of Illinois, State of North Carolina, State of Ohio, Commonwealth of Pennsylvania, and Commonwealth of Virginia, and Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG, Martin Shkreli, and Kevin Mulleady, through their respective counsel, stipulate to the following regarding third-party and foreign discovery in this matter (the "Litigation").

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Order and Protocol for Third-Party and Foreign Discovery ("Discovery Protocol") shall apply to discovery of all third parties, including any foreign individuals and corporate entities (each a "Third Party" and, collectively, "Third Parties") in this Litigation.

2. Except as provided otherwise in this Discovery Protocol, the conduct of Third-Party discovery in this Litigation shall comply with the Federal Rules of Civil Procedure and, if applicable, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") or any other applicable international agreement or treaty. To the extent this Discovery Protocol imposes limitations on discovery that otherwise would be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to the limitations to increase the efficiency of discovery and to minimize discovery disputes regarding Third-Party discovery.

3. **Third-Party Discovery Requests**.

   a. Each party may designate up to two counsel of record as Discovery Counsel. Each party may also designate one paralegal or other non-attorney support staff as Discovery Counsel.

   b. The party serving Third-Party discovery requests (the "Serving Party") shall comply with Federal Rule of Civil Procedure 45(a)(4) in serving all Discovery Counsel in this Litigation with a copy of all discovery requests (including Rule 45 subpoenas, Freedom of Information Act requests, and non-compulsory requests for documents or testimony) that are issued to Third Parties in this Litigation.

   c. The Serving Party shall provide each Third Party upon which it serves a discovery request a copy of (1) the Stipulated Protective Order (ECF No. 92)

and (2) the Order and Stipulation on Protocol for Conducting Electronic Discovery (ECF No. 84) (collectively, "Discovery Orders") and shall state that the parties expect that Third Parties will produce discovery in accordance with the specifications set forth therein.

4. **Productions Received From Third Parties**. If a Third Party produces discovery to the Serving Party, the Serving Party shall provide to all Discovery Counsel a copy of all discovery received from that Third Party within seven (7) days of receipt and no later than five (5) days before the scheduled deposition of that Third Party. The Serving Party must forward the Third-Party discovery received in the same form in which those materials were produced to the Serving Party, even if such form is different from the specifications of the Discovery Orders.

5. **Foreign Third-Party Discovery**. For any Third Party that is a foreign entity:

   a. The Serving Party shall comply with any applicable international agreement or treaty (*e.g.*, the Hague Convention or the Inter-American Convention on Letters Rogatory and Additional Protocol) governing discovery in the foreign jurisdiction in which it is serving the discovery request(s); and

   b. Any foreign discovery request, including any non-compulsory request, shall be served in accordance with Paragraph 3 of this Discovery Protocol and any documents produced by a responding foreign entity shall be served on all Discovery Counsel in accordance with Paragraph 4 of this Discovery Protocol.

6. **Third-Party Depositions**. Depositions of all Third Parties, including any non-compulsory deposition of a foreign Third Party, shall be conducted in accordance with the Deposition Protocol in this Litigation; except that, to the extent that there is any inconsistency

between that Deposition Protocol and applicable foreign laws and/or treaties, depositions of foreign Third Parties shall be conducted in accordance with those governing foreign laws and/or treaties, including but not limited to the Hague Convention or other applicable local laws and/or international agreements.

    7. **Timing of Foreign Document Discovery**.

      a. [~~Plaintiffs' Proposal:~~ **Parties may file Letters of Request for International Assistance up to and including July 31, 2020**/~~Defendants do not believe that the imposition of an interim deadline at this stage of the Litigation is necessary or appropriate~~];

      b. The Parties shall use best efforts to secure compliance with foreign discovery requests in accordance with Paragraph 5 of this Discovery Protocol by the fact discovery deadline set by the Court. The Parties recognize, however, that there is substantial uncertainty about the length of time required by a foreign jurisdiction to process discovery requests. Accordingly, the Parties may pursue third-party foreign discovery through the foreign jurisdiction's applicable process up to, but no later than, the close of expert discovery. Such continued pursuit of foreign discovery shall not alter the deadline for any other fact discovery.

**IT IS SO ORDERED.**

Dated: May 26, 2020                  _____
                                                                 DENISE COTE
                                                United States District Judge

Respectfully submitted and agreed,

**FEDERAL TRADE COMMISSION**

*/s/ Markus H. Meier*

Markus H. Meier (admitted *pro hac vice*)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Tel: (202) 326-3759
mmeier@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

ON BEHALF OF **PLAINTIFF STATES**

Letitia James
Attorney General

*/s/ Elinor Hoffman*

Elinor Hoffmann
Acting Bureau Chief, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty St.
New York, NY 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for Plaintiff State of New York*

ON BEHALF OF **VYERA PHARMACEUTICALS, LLC** and **PHOENIXUS AG**

*/s/ Steven A. Reed*

Steven A. Reed (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5603
steven.reed@morganlewis.com

*Counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*

ON BEHALF OF **MARTIN SHKRELI**

*/s/ Christopher H. Casey*

Christopher H. Casey (admitted *pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1155
CHCasey@duanemorris.com

*Counsel for Defendant Martin Shkreli*

ON BEHALF OF **KEVIN MULLEADY**

*/s/ Kenneth R. David*

Kenneth R. David
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1893
kdavid@kasowitz.com

*Counsel for Defendant Kevin Mulleady*