UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA, <br><br> Plaintiffs, <br><br> v. <br><br> VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC, <br><br> Defendants. | Case No. 1:20-cv-00706-DLC |

**[Proposed] Order and Stipulated Protocol and Schedule for Expert Discovery**

Plaintiffs Federal Trade Commission, State of New York, State of California, State of Illinois, State of North Carolina, State of Ohio, Commonwealth of Pennsylvania, and Commonwealth of Virginia, and Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG, Martin Shkreli, and Kevin Mulleady, through their respective counsel ("Counsel"), stipulate to the following regarding expert discovery in this matter (the "Litigation").

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  This Order and Stipulated Protocol and Schedule for Expert Discovery ("Expert Protocol") shall apply to discovery related to all testifying experts ("Experts") in this Litigation, and shall apply to all Expert depositions.

2.  Except as provided otherwise in this Expert Protocol, expert discovery shall be governed by the Federal Rules of Civil Procedure. Notwithstanding the foregoing, nothing in this Expert Protocol is intended, or should be construed, to permit discovery or depositions of consulting, or otherwise non-testifying, experts.

3.  To the extent this Expert Protocol imposes limitations on discovery that would not otherwise be available under the Federal Rules of Civil Procedure or this Court's orders, the parties have agreed to these limitations to increase the efficiency of their dealings with Experts and to minimize discovery disputes regarding Experts. Neither the terms of this Expert Protocol nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Expert Protocol would otherwise be discoverable or admissible.

4.  Except as provided in Paragraphs 6 and 7 below, the parties agree that the following types of information shall *not* be the subject of any form of discovery:

    a.  The content of oral, written, or other communication among and between:

        i.  Counsel, including Counsel's agent or employee, and an Expert, a person or persons assisting the Expert, and/or the Expert's supporting firms;

        ii. the Expert and a person or persons assisting the Expert and/or the Expert's supporting firms;

        iii. the Expert and other Experts; and

      iv.    the Expert and a person or persons assisting and/or the supporting firms of any other Expert; and/or

      v.    the respective staffs and/or supporting firms of the Experts;

    b.    Notes; written communications; preliminary or intermediate calculations, computations, or other data runs; and other types of preliminary work created by, for, or at the direction of an Expert in connection with the Litigation (aside from the final written Expert report(s)), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the Expert, the Expert's staff and/or supporting firm, or Counsel, unless they constitute the only record of a fact, data, or an assumption relied upon by the Expert in formulating an opinion in the Litigation that is disclosed pursuant to Federal Rules of Civil Procedure 26(a)(2) or 26(b)(4);

    c.    Drafts, including without limitation, draft Expert reports, analyses, studies, opinions, declarations, affidavits, written testimony, or other work product prepared by, for, or at the direction of an Expert; and

    d.    Data formulations, data runs, data analyses, or any database-related operations not relied upon by the Expert in the opinions contained in the Expert's final Expert report.

5.    Except as provided in Paragraphs 6 and 7 below, no party or their Experts are obligated to preserve or produce budgets, receipts or detailed time records concerning the work performed by the Expert, the Expert's staff and/or supporting firms, and/or other agents, and/or their companies or organizations, relating to the Expert reports or Expert testimony provided in this Litigation.

3

6. The limitations contained in Paragraphs 4 and 5 above shall not apply to any material, information, or assumption (any of which are provided to the Expert by Counsel) an Expert relies on as a basis for any of the Expert's opinions or reports that is required to be disclosed under the Federal Rules of Civil Procedure.

7. Notwithstanding the limitations contained in Paragraphs 4 and 5 above, the parties reserve their rights to examine a testifying Expert regarding (a) the hourly rates of the Expert and the Expert's staff, (b) the amount of time an Expert or that Expert's staff has spent on the Expert's report and associated work in this Litigation, and (c) the total amount billed for the Expert's report and associated work in this Litigation, except that time entry narratives describing the work performed are not discoverable.

8. The parties remain free to examine any Expert regarding any alternative methodologies such Expert could have used or considered and the reasons, if any, that such Expert declined to use or consider such alternative methodologies.

9. Consistent with Paragraphs 6, 7, and 8 above, any party is free to take discovery of all other documents and information provided for by Federal Rule of Civil Procedure 26(a)(2)(B).

10. Nothing in this Expert Protocol shall be construed to prevent substantive deposition questions with respect to alternative analyses, testing methods, or approaches to issues on which the Expert is testifying, whether or not the Expert considered them in forming the opinions expressed.

11. Within three business days of any party serving any Expert report and/or Expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the Expert shall produce: (a) the documents, data, or other information relied

upon by the Expert in forming his or her opinions to the extent such materials have not already been produced in this Litigation; (b) any exhibits that summarize or support the Expert's opinions in the report or declaration; (c) any materials (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the Expert; (d) a list of all commercially-available computer applications used in the preparation of the Expert report; (e) a copy of any customized statistical software or other customized computer programs used by the party's Expert in the course of preparing the Expert report; (f) a description of how the programs and original data set(s) were employed to create a final data set(s) if requested; and (g) a description of the purpose and format of each data file and program file with instructions on how replication can be conducted if requested. Materials considered by the Expert that are not relied upon by the Expert in formulating opinions in this Litigation need not be disclosed. All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) will be served at the time of the report, and shall be served and identified by Bates numbers.

12. The information required by Paragraph 11 above shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an Expert relies for any of his or her opinion(s) in this Litigation shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the Expert. Documents that are publicly available need not be produced if they are available online for free at an internet address identified in the Expert's report/declaration. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

13. On the date on which the parties are required to disclose the identity of their Experts, set forth in the schedule below, Counsel shall provide notice of three (3) dates on which the Expert is available for a deposition. All dates offered for Expert depositions shall be within the time period beginning one week after reply Expert reports are served and ending at the close of Expert discovery. At least twenty-one (21) days prior to the date of a proposed Expert deposition, the party noticing the deposition (the "Noticing Party") shall notify Counsel for the Expert of the proposed date for the Expert deposition selected from the three dates. Unless otherwise agreed upon by the parties or ordered by the Court, an Expert from whom a report or declaration is provided may be deposed only once and for no more than seven (7) hours of record time. Reasonable time also shall be afforded to parties adverse to the Noticing Party to ask follow-up questions of the Expert deponent, but such time shall not count against the seven-hour time limit.

14. No subpoenas (for depositions or documents) need or may be served on any Expert from whom a report or declaration is provided. Instead, the party proffering such Expert will (a) be responsible for producing all materials and information required by the Federal Rules of Civil Procedure or this Expert Protocol, and (b) make the Expert available for deposition at a time mutually agreed to by the parties and consistent with Paragraph 13 above and the Court's scheduling orders.

15. Each party shall be responsible for all costs and expenses incurred by their own Experts. The party requesting discovery of an Expert, including but not limited to noticing a deposition of an Expert, shall not be required to pay any fees for the Expert's time.

16. Nothing in this Expert Protocol shall permit a party or an Expert to withhold any proposition, fact, belief, or other data, information, or material (including any

assumption) on which the Expert relies in support of his or her opinion(s) in this Litigation or that is otherwise discoverable by order of the Court.

17. The parties agree to a schedule for Expert discovery as follows:

| Event | [Proposed] Deadline |
|---|---|
| Disclosure of identity of Experts providing an opening Expert report (including subject of testimony) | 14 days before the close of fact discovery |
| Close of fact discovery | As ordered by the Court |
| Opening Expert reports from parties bearing the burden on an issue | 45 days after the close of fact discovery |
| Disclosure of identity of Experts providing a rebuttal Expert report (including subject of testimony) | 15 days after service of opening Expert reports |
| Rebuttal Expert reports | 35 days after disclosure of rebuttal Experts |
| Disclosure of identity of Experts providing a reply Expert report (including subject of testimony) | 7 days after service of rebuttal Expert reports |
| Reply Expert reports | 14 days after disclosure of reply Experts |
| Close of Expert discovery | 45 days after service of reply Expert reports |

**IT IS SO ORDERED.**

Dated: May 26, 2020

_____
DENISE COTE
United States District Judge

Respectfully submitted and agreed,

**FEDERAL TRADE COMMISSION**

*/s/ Markus H. Meier*

Markus H. Meier (admitted *pro hac vice*)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Tel: (202) 326-3759
mmeier@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

ON BEHALF OF **PLAINTIFF STATES**

Letitia James
Attorney General

*/s/ Elinor Hoffman*

Elinor Hoffmann
Acting Bureau Chief, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty St.
New York, NY 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for Plaintiff State of New York*

ON BEHALF OF **VYERA PHARMACEUTICALS, LLC** and **PHOENIXUS AG**

*/s/ Steven A. Reed*

Steven A. Reed (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5603
steven.reed@morganlewis.com

*Counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*

ON BEHALF OF **MARTIN SHKRELI**

*/s/ Christopher H. Casey*

Christopher H. Casey (admitted *pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1155
CHCasey@duanemorris.com

*Counsel for Defendant Martin Shkreli*

ON BEHALF OF **KEVIN MULLEADY**

*/s/ Kenneth R. David*

Kenneth R. David
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1893
kdavid@kasowitz.com

*Counsel for Defendant Kevin Mulleady*