# Morgan Lewis

**Steven A. Reed**
Partner
+1.215.963.5603
steven.reed@morganlewis.com

June 29, 2020

**VIA ECF**

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   <u>Federal Trade Commission, et al. v. Vyera Pharmaceuticals, LLC, et al.</u>, No. 1:20-cv-00706-DLC

Dear Judge Cote:

I write on behalf of Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG, Kevin Mulleady, and Martin Shkreli (collectively, "Defendants") to move the Court to compel the State Plaintiffs to produce documents and data that they have in their custody and control that are relevant to the above-captioned litigation.  In sum, the seven Plaintiff states ("State Plaintiffs") have refused to produce *any* documents in response to Defendants' joint discovery requests other than the documents already produced by the Federal Trade Commission ("FTC") and the New York Attorney General ("NYAG").  The State Plaintiffs have also refused to provide any discovery concerning purchases of, and reimbursements for, Daraprim by the State Plaintiffs, whether directly or through their state agencies.  These extreme positions are fundamentally at odds with the claims the State Plaintiffs have asserted, and with their obligations under Fed. R. Civ. P. 26(b)(1).

The State Plaintiffs allege in the Amended Complaint that the Defendants' conduct has harmed "consumers" and the "general economy" in their states.  (ECF No. 87, Am. Compl. ¶¶ 342, 347-49, 352, 356).   In their prayer for relief, the State Plaintiffs seek "equitable monetary relief" under state statutes that provide for restitution and "restoration" of losses sustained as a result of the alleged unlawful conduct.  (*Id.*, Prayer for Relief ¶ 17).[1]  The State Plaintiffs have also confirmed that they are pursuing their claims "in their *parens patriae* capacity."  (Ex. A, June 9, 2020 Email from J. Kasha to N. Kaufman).

---

[1] *See, e.g.*, New York Executive Law § 63(12) ("[T]he attorney general may apply, in the name of the people of the state of New York, . . . for an order . . . directing restitution and damages."); N.C. Gen. Stat. § 75-15.1 (court may order "restoration of any moneys or property . . . obtained by any defendant as a result of such violation"); 73 P.S. § 201-4.1 ("[T]he court may in its discretion direct that the defendant or defendants restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any violation of this act.").

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA 19103
United States

☏ +1.215.963.5000
✇ +1.215.963.5001

In an effort to obtain discovery concerning the State Plaintiffs' factual allegations and the "equitable monetary relief" they seek, Defendants served requests for production of documents and interrogatories on each of the State Plaintiffs on May 1, 2020, including requests seeking documents, data, and information concerning purchases of, and reimbursements for, Daraprim in each state. In response, the State Plaintiffs have taken the following positions:

1. They "do not intend to produce any additional documents in response to Defendants' Joint First Request for Production of Documents," other than those already produced by the FTC and the NYAG. (Ex. B, June 19, 2020 Email from S. Zain to Defense Counsel; *see also* Ex. C, Am. Suppl. Resps. to Req. for Production Nos. 1-18).

2. They refuse to provide *any* discovery concerning sales/reimbursements in their respective jurisdictions because they each contend that they are not seeking damages, and that the "measure of equitable monetary relief is not expected to be based on purchases or reimbursements by a particular agency, person or entity." (Ex. C, Am. Suppl. Resps. to Req. for Production Nos. 14-18*;* Ex. D, Am. Suppl. Resps. to Joint Interrog. Nos. 7-10; Ex. E, June 22, 2020 Email from Jeremy Kasha to Defense Counsel).

3. They refuse to produce any information from their state agencies that purchased or made reimbursements for Daraprim on the grounds that the agencies are not under the control of their State Attorneys General. (Ex. C, Resps. to Req. for Production Nos. 14-18).

The discovery Defendants seek is directly relevant to the State Plaintiffs' allegations that consumers in their states – and the states themselves – have been injured by the challenged conduct. Having made those factual allegations, Plaintiffs cannot deny Defendants the opportunity to take fact discovery of documents, data, and information that is indisputably "relevant to [Plaintiffs'] claim[s]." *Hernandez v. Office of the Comm'r of Baseball*, 331 F.R.D. 474, 476 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 26(b)(1)).

Information concerning purchases of, and reimbursements for, Daraprim made by each state is also directly relevant to the State Plaintiffs' claims for "equitable monetary relief," because the statutes under which the State Plaintiffs have brought their claims provide for restitution of amounts paid to the Defendants. The State Plaintiffs cannot establish those amounts without showing how much each state paid.

Finally, the State Plaintiffs cannot pursue claims in *parens patriae* and at the same time claim that they have no control over information in the possession of their state agencies that is relevant to those claims. Pennsylvania law, for example, gives the Attorney General "the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties." 71 P.S. § 732-208.

Accordingly, Defendants respectfully request that the State Plaintiffs be compelled to: (1) produce documents responsive to Requests for Production of Documents Nos. 1-18; and (2) identify likely sources of documents and data in response to Interrogatory Nos. 2-3 and 7-10.

Hon. Denise L. Cote
June 29, 2020
Page 3 of 3

Respectfully submitted,

Steven A. Reed

*Counsel for Defendants Vyera*
*Pharmaceuticals, LLC and Phoenixus AG*


CC: All Counsel of Record