

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | *FIRM and AFFILIATE OFFICES* | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | CHRISTOPHER H. CASEY | MIAMI |
| WASHINGTON, DC | DIRECT DIAL: +1 215 979 1155 | BOCA RATON |
| SAN FRANCISCO | PERSONAL FAX: +1 215 689 2194 | PITTSBURGH |
| SILICON VALLEY | *E-MAIL:* CHCasey@duanemorris.com | NEWARK |
| SAN DIEGO | | LAS VEGAS |
| LOS ANGELES | | CHERRY HILL |
| TAIWAN | *www.duanemorris.com* | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | | |
| AUSTIN | | |

August 17, 2020

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, Case No. 1:20-cv-706 (DLC)

Dear Judge Cote:

On behalf of Martin Shkreli, I write in response to the letter submitted by the FTC on August 12 (ECF 224). The FTC portrays the parties' dispute as relating solely to whether Mr. Shkreli's communications with his attorneys are privileged. But from the outset of the dispute, we have raised as a threshold issue whether the BOP's disclosure to the FTC of apparently all of Mr. Shkreli's TRULINCS emails—over 20,000 pages of his communications from prison with his attorneys, family members and friends over several years—and their production by the FTC in this litigation is appropriate. Despite our repeated efforts to engage with the FTC on this issue, the agency has engaged only on the attorney-client communications—an undoubtedly important part, but not the only part, of the parties' dispute. The FTC's letter to the Court short-circuited our attempt to discover the facts surrounding the FTC's collection of these emails, both prior to and after the filing of its complaint in this case (including its ongoing collection of such emails), and its production of the emails in this litigation. We are concerned that the FTC's collections may violate the Privacy Act (and therefore the FTC may not be entitled to *any* of the documents, including the attorney-client communications), and that the post-complaint collections may violate FRCP Rules 26 and 45. For this reason, Mr. Shkreli asks the Court to decline to rule on the FTC's request at this time and allow him to continue to investigate this threshold issue.

**History of the Parties' Dispute.** In our 15-page June 22 letter to the FTC (ECF 224, Ex. 4), we raised and explained in detail several concerns about the FTC's collection and production of Mr. Shkreli's emails—including whether the FTC and the BOP have followed proper procedures and whether the FTC's collections following the filing of its complaint on January 27 comply with FRCP Rules 26 and 45—and whether the FTC's viewing Mr. Shkreli's communications with his attorneys denies him the effective assistance of counsel. We questioned whether the BOP's Form "BP-A0655," which on its face appears to apply only in criminal investigations (*See* Ex. A, with relevant portions highlighted), is the appropriate vehicle to collect the emails. Other than stating that its collections were "entirely by the book" (ECF 224, Ex. 5 at 1), the FTC has stonewalled our efforts to probe this issue, even attempting to claim that the completed BOP forms are privileged,

DuaneMorris

The Honorable Denise L. Cote
August 17, 2020
Page 2

which they clearly are not.  *See* Exs. B, C.[1]  The FTC's June 25 "compromise" offer would have required us to forfeit our ability to challenge the agency's right to *possess*, let alone review, the attorney-client communications, which we refused to do.

**The Privacy Act.**  Although we are still gathering the facts, the available information suggests that the FTC's wholesale collection of Mr. Shkreli's email communications from the BOP without his consent may have violated the Privacy Act, of 1974, as amended, 5 U.S.C. § 552a, *et seq* (the "Act"). As the BOP itself acknowledges (ECF 224, Ex. 7, at 138), disclosure of these emails to the FTC is subject to the Act. *See Aguiar v. Recktenwald*, 2015 U.S. Dist. LEXIS 86042, at *6 (M.D. Pa. July 2, 2015). The Act provides that it is unlawful for a government agency to "disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of the individual to whom the record pertains," unless one of a list of exceptions applies.  5 U.S.C. § 552a.  The only exception that could be applicable here is the "law enforcement" exception, which allows disclosure "to another agency … for a civil or criminal law enforcement activity. . . if *the head of the agency* … has made a written request to the agency which maintains the record *specifying the particular portion desired*." *Id*. at (b)(7) (emphasis added).  If a person other than the "head of the agency" makes the request, the exception does not apply.  *Stafford v. Social Sec. Admin.*, 437 F.Supp.2d 1113, 1121 (N.D. Cal. 2006). Here, although the FTC has refused to produce the executed BOP Forms, its privilege log shows that Neal Perlman, an attorney for the FTC and not the "head" of the agency, submitted the pre-complaint requests. *See* Ex. D, Row Nos. 60, 69, 93, 95. Moreover, it appears that the FTC did not "specif[y] the particular portions" of Mr. Shkreli's records desired; instead, it apparently asked for and collected *all* of Mr. Shkreli's emails, including private and personal ones, without regard to relevance to the issues in the investigation.[2]

**The Attorney-Client Communications**.  In our June 22 letter, we explained at length why we believe that it is improper for the FTC to view and use in this litigation Mr. Shkreli's attorney-client communications. ECF 224, Ex. 4 at 4-14. We respectfully submit that resolution of this issue should await a determination of whether the FTC's BOP collections, of which the attorney-client communications are just a part, are unlawful, and whether its post-complaint collections violate Rules 26 and 45. The FTC's claim that it is prejudiced because of its commitment not to review certain of the BOP  materials rings hollow, as the agency acknowledges that it has already reviewed some of the materials (ECF 224 at 1), and, in any event, most of the third-party documents subpoenaed thus far have not even been produced yet.  However, if the Court disagrees and wishes to decide this issue now, we respectfully submit that the importance of the issue requires full briefing, rather than the Court's procedure for resolving discovery disputes.

---

[1] On July 21, the FTC belatedly produced a privilege log asserting privilege over many FTC-BOP communications, including the completed Forms BP-AO655.  Ex. D. We challenged most of those assertions (Ex. E) and, although the FTC agreed to produce some of the materials, the agency filed its letter with the Court before producing them.

[2] The BOP requires that "[w]ritten requests from law enforcement for emails must *demonstrate a need* based on an ongoing investigation. Reviews . . . should be considered by SIS staff, Wardens/Associate Wardens, along with legal staff." ECF 224 Ex. 7 at 138 (emphasis added). We have no information showing that these procedures were followed.

DuaneMorris

The Honorable Denise L. Cote
August 17, 2020
Page 3

                                  Respectfully submitted,

                                  */s/ Christopher H. Casey*
                                  Christopher H. Casey

CHC

cc: All Counsel of Record (via ECF)