

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

August 19, 2020

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:  *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)**

Dear Judge Cote:

Plaintiffs respectively submit this letter to reply to an unexpected issue raised in Mr. Shkreli's August 17 letter.

Despite precipitating this discovery dispute with his unsupported privilege assertions over communications monitored by the Bureau of Prisons ("BOP"), Mr. Shkreli opted not to address the merits of his privilege claim in his response. Instead, he raises new grievances about the FTC's collection of these materials from the BOP and insists that these concerns must be resolved as a "threshold issue." ECF 227 at 1. But Mr. Shkreli provides no good reason to delay resolution of the privilege dispute.

First, Mr. Shkreli's suggestion that the FTC's collection of materials from the BOP may violate the Privacy Act is without merit. As Mr. Shkreli acknowledges, various exceptions under the Privacy Act allow government agencies to disclose records. But Mr. Shkreli is wrong that the "only exception that could be applicable here is the 'law enforcement' exception." ECF 227 at 2. Instead, the BOP discloses inmate communications to "law enforcement officials for law enforcement purposes" under the "routine use" exception, not the law enforcement exception.[1] BOP disclosure of inmate communications to law enforcement under the routine use exception is consistent with the Privacy Act. *See, e.g.*, *Bansal v. Pavlock*, 352 F. App'x 611, 613–14 (3d Cir. 2009) (citing the routine use exception to deny motion to suppress BOP records under the Privacy Act); *Kimberlin v. U.S. Dep't of Justice,* 788 F.2d 434, 436 (7th Cir. 1986) (denying Privacy Act claim because a valid routine use of BOP records is "to provide information source to state and federal law enforcement officials for investigations, possible criminal prosecutions, civil court actions, or regulatory proceedings").

Second, there is no merit to Mr. Shkreli's suggestion that the FTC's post-complaint discovery of BOP materials somehow violates FRCP Rules 26 and 45. The Rules do not require litigants to

---

[1] BOP Program Statement 1351.05, "Release of Information," at 7 (Last updated Mar. 9, 2016), *available at* https://www.bop.gov/policy/progstat/1351_005_CN-2.pdf. Mr. Shkreli is clearly aware of this BOP guidance as he cited it in a letter to the FTC. Letter from C. Casey to M. Meier (June 22, 2020), ECF No. 224-4 at 7.

issue Rule 45 subpoenas to obtain third-party discovery, and litigants routinely use other means. For example, in this case, rather than issuing a subpoena, Defendants have sought discovery from the FDA under the Freedom of Information Act.

Finally, the fact that Mr. Shkreli has concerns about the FTC's collection of BOP materials is not a reason to delay resolution of the privilege dispute. Even if the BOP had improperly disclosed the documents to the FTC (which it did not), the appropriate remedy under the Privacy Act is a separate lawsuit against the BOP, not suppression of evidence in this litigation. *United States v. Cooper*, No. CR 05-0549 VRW, 2005 WL 3555713, at *4 (N.D. Cal. Dec. 28, 2005) (declining to exclude evidence because "judicially implied exclusionary remedies for statutory violations are disfavored, particularly when Congress has specified other remedies"). Further, ruling now on Mr. Shkreli's privilege claims in no way precludes continuing discussions about Mr. Shkreli's objections to the FTC privilege log or other topics he wishes to raise.

Plaintiffs respectfully request that the Court reject Mr. Shkreli's privilege assertions over the communications monitored by the BOP.

Sincerely,

*/s/ Markus H. Meier*

Markus H. Meier
Assistant Director