

Bureau of Competition
Health Care Division

September 9, 2020

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re: *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)**

Dear Judge Cote:

Plaintiffs respectfully request that Defendant Martin Shkreli be directed to comply with the Federal Rules of Civil Procedure and provide a privilege log detailing the basis for his privilege claims over his communications with attorneys over lines monitored by the Bureau of Prisons ("BOP"). The parties have met and conferred but are at impasse.

**Relevant Background:** As Your Honor is aware, the FTC collected some of Mr. Shkreli's monitored e-mails and phone recordings from the BOP during our pre-complaint investigation and this litigation. The FTC then produced these materials in response to Defendants' discovery requests. In June 2020, Mr. Shkreli broadly asserted attorney-client privilege and work product over "all of [his] communications with his attorneys." ECF No. 224-2 at 2. After months passed without Mr. Shkreli substantiating these privilege claims as required under Fed. R. Civ. P. 26(b)(5)(B), Plaintiffs moved for a ruling that none of these materials were privileged because the communications were "not made in confidence." ECF. No. 224 (quoting *United States. v. Mejia*, 655 F.3d 126, 133 (2d Cir. 2011)). Mr. Shkreli asked the Court for additional time to respond, claiming that our collection of these documents violated the Privacy Act and Fed. R. Civ. P. 26 and 45. ECF No. 227. On August 20, the Court ordered Mr. Shkreli to provide Plaintiffs a list of his attorneys and Plaintiffs to "make reasonable efforts to screen from review communications between Shkreli and the identified attorneys." ECF No. 231. The Court rejected Mr. Shkreli's Privacy Act and Federal Rules claims and permitted Plaintiffs to continue their review of the rest of the BOP materials. *Id.*

On August 24, Mr. Shkreli provided Plaintiffs a list of attorneys and a list of Bates numbers of communications that he believed fell within the order. Ex. A. Plaintiffs have worked diligently to screen these documents from review. Plaintiffs appointed a paralegal from outside the case team to review the materials, redact any communications with the identified attorneys, and sequester the original versions. On September 2, Mr. Shkreli revised the list of attorneys to remove three individuals. Ex. B. Plaintiffs' outside paralegal de-redacted e-mails with the three individuals, and Plaintiffs have now completed their screen of communications between the identified attorneys and Mr. Shkreli.

During this process, Plaintiffs requested that Mr. Shkreli provide a privilege log to substantiate his continued claims of privilege over the attorney communications. Ex. C. Mr. Shkreli declined, stating that the Court's order excuses him from this obligation. Ex. D.

**Mr. Shkreli should be required to substantiate his privilege claims:** Mr. Shkreli maintains that the Court's previous order establishes that *all* of his communications with his attorneys are privileged. Plaintiffs do not interpret the Court's order that way. We recognize that the Court did not grant our request to rule that *none* of the BOP-monitored communications are privileged. But we understand the Court's order as allowing us to review the non-attorney communications now while preserving our ability to challenge Mr. Shkreli's privilege claims over the attorney communications later on an individual document-by-document basis.

Mr. Shkreli should be required to comply with his obligations under Fed. R. Civ. P. 26(b)(5)(B) and provide a log that will allow Plaintiffs to individually assess his privilege claims. When, as here, a party claims privilege over "information produced" in the litigation, that party must provide "the basis" for each privilege claim. *See* Fed. R. Civ. P. 26(b)(5)(B). In doing so, the party must "be as specific as possible in identifying the information and stating the basis for the claim" so that the party's adversaries can "understand the basis for the claim" and challenge it if appropriate. Fed. R. Civ. P. 26(b)(5)(B) advisory committee's note to 2006 amendment; *see also* Wright & Miller, Fed. Prac. & Proc. § 2016.1 (3d ed.) (explaining that a party claiming privilege over already produced documents must "provide detail sufficient for presentation to the court" so that its adversary may "present the issue to the court *posthaste*") (emphasis added)).

There is good reason to question whether each and every communication between Mr. Shkreli and his attorneys is, in fact, privileged. The attorney-client privilege "protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Fisher v. United States,* 425 U.S. 391, 403 (1976). "When an attorney is consulted in a capacity other than as a lawyer, as (for example) a policy advisor, media expert, business consultant, banker, referee or friend, that consultation is not privileged." *In re County of Erie*, 473 F.3d 413, 421 (2d Cir. 2007). Indeed, given that Mr. Shkreli and his attorneys all knew that any communications were being monitored by the BOP, it seems plausible (if not likely) that many of those communications avoided confidential legal matters. *See Mejia*, 655 F.3d at 133.

Plaintiffs respectfully request that the Court direct Mr. Shkreli to provide a privilege log by September 25, which is over four months after he received most of these documents.

Sincerely,

*/s/ Markus H. Meier*

Markus H. Meier
Assistant Director