**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF ILLINOIS, STATE OF NORTH CAROLINA, STATE OF OHIO, COMMONWEALTH OF PENNSYLVANIA, and COMMONWEALTH OF VIRGINIA,<br><br>        Plaintiffs,<br><br>VYERA PHARMACEUTICALS, LLC, PHOENIXUS AG,<br><br>MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br><br>    and<br><br>KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br>                Defendants. | Case No. 1:20-cv-00706-DLC |

## DEFENDANT KEVIN MULLEADY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Kevin Mulleady ("Mr. Mulleady"), by and through his undersigned counsel, Kasowitz Benson Torres LLP, answers the Amended Complaint by plaintiffs the Federal Trade Commission, the State of New York, the State of California, the State of Illinois, the State of North Carolina, the State of Ohio, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia (collectively, the "Plaintiffs"), filed on April 14, 2020 (the "Amended Complaint"), and asserts affirmative defenses as follows:

I.      **Nature of the Case**[1]

1.      Mr. Mulleady denies the allegations in the first sentence of Paragraph 1 of the Amended Complaint insofar as they relate to Mr. Mulleady and his conduct, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning other Defendants, except admits that Daraprim was used to treat the potentially fatal parasitic infection toxoplasmosis.  The allegations in the second sentence of Paragraph 1 call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1 of the Amended Complaint.

2.      Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint.

3.      Mr. Mulleady denies the allegations in Paragraph 3 of the Amended Complaint insofar as they relate to him, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4.      Mr. Mulleady denies the allegations in the first and second sentences of Paragraph 4 of the Amended Complaint insofar as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 4 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 4 of the Amended Complaint.

---

[1]      The headings are copied from the Amended Complaint for ease of reference.  The headings do not constitute part of Mr. Mulleady's answer.  To the extent that responses to the headings are required, Mr. Mulleady denies them.

5.      Mr. Mulleady denies the allegations in the first and second sentences of Paragraph 5 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

6.      Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, except Mr. Mulleady admits that Defendants executed an exclusive supply agreement with RL Fine Chem Pvt. Ltd.

7.      Mr. Mulleady admits that Defendants signed agreements with Vyera's distributors concerning the sales of Daraprim sales data.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 7 of the Amended Complaint.  Mr. Mulleady denies the allegations in the fifth sentence of Paragraph 7 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 7 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

8.      Mr. Mulleady denies the allegations in the first sentence of Paragraph 8 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 8 of the Amended Complaint.

**II.      Jurisdiction and Venue**

9.      The allegations in Paragraph 9 of the Amended Complaint call for legal conclusions to which no response is required.

10.      The allegations in Paragraph 10 of the Amended Complaint call for legal conclusions to which no response is required.

11.      The allegations in Paragraph 11 of the Amended Complaint call for legal conclusions to which no response is required.

12.      The allegations in Paragraph 12 of the Amended Complaint call for legal conclusions to which no response is required.

13.      The allegations in Paragraph 13 of the Amended Complaint call for legal conclusions to which no response is required.

14.      The allegations in Paragraph 14 of the Amended Complaint call for legal conclusions to which no response is required.

**III.    The Parties**

**A.      Plaintiff Federal Trade Commission**

15.      The allegations in Paragraph 15 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

16.      The allegations in Paragraph 16 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 16 of the Amended Complaint.

**B.      Plaintiff State of New York**

17.      The allegations in Paragraph 17 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint.

**C.      Plaintiff State of California**

18.      The allegations in Paragraph 18 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint.

**D.      Plaintiff State of Illinois**

19.      The allegations in Paragraph 19 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

**E.      Plaintiff State of North Carolina**

20.      The allegations in Paragraph 20 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

**F.      Plaintiff State of Ohio**

21.      The allegations in Paragraph 21 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr.

Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

### G.   Plaintiff Commonwealth of Pennsylvania

22.    The allegations in Paragraph 22 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint.

### H.   Plaintiff Commonwealth of Virginia

23.    The allegations in Paragraph 23 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint.

### I.   Corporate Defendants

24.    Mr. Mulleady admits the allegations in Paragraph 24 of the Amended Complaint.

25.    Mr. Mulleady admits that Phoenixus AG is engaged in the manufacture and distribution of Daraprim in the United States, that Phoenixus AG sells Daraprim to Vyera Pharmaceuticals, LLC for distribution in the United States, and that Phoenixus AG is involved in the distribution, pricing, and commercial and marketing activities of Daraprim.  Mr. Mulleady denies the remaining allegations in Paragraph 25.  Mr. Mulleady states that Turing Pharmaceuticals AG (the predecessor to Phoenixus AG) acquired the rights to market and distribute Daraprim in the United States in August 2015, and that Turing Pharmaceuticals AG designated its wholly-owned subsidiary, Turing Pharmaceuticals, LLC (the predecessor to Vyera Pharmaceuticals, LLC), as the exclusive distributor of Daraprim in the United States.

26.     Mr. Mulleady admits that Vyera Pharmaceuticals, LLC is a privately-held, for-profit limited liability corporation, is wholly owned by Phoenixus AG, is incorporated in Delaware with its principal place of business located in New York City, transacts business in the Southern District of New York and throughout the United States, and was previously named Turing Pharmaceuticals, LLC.

27.     Mr. Mulleady admits that Vyera Pharmaceuticals, LLC is registered with the FDA as the owner of the Daraprim New Drug Application and that Vyera Pharmaceuticals, LLC purchases Daraprim from Phoenixus AG and then markets and distributes Daraprim throughout the United States.

28.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint, except admits that Averill Powers is the current CEO of Phoenixus and is also Vyera's top executive and general counsel and works out of Vyera's New York office.  Mr. Mulleady also admits that Phoenixus has only five direct employees and largely operates through Vyera.

29.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint.

30.     Paragraph 30 does not contain any allegations of fact to which a response is required.  To the extent a response is required, Vyera denies the allegations in Paragraph 30.

**J.     Individual Defendants**

**1. Martin Shkreli**

31.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint.

32.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint.

33.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint, except admits that Mr. Shkreli founded Retrophin, Inc.

34.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint, except admits that Retrophin acquired Thiola and increased its price.

35.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint.

36.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint, except admits that Mr. Shkreli started Vyera after leaving Retrophin.

37.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint.

38.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint, except admits that Mr. Shkreli remained CEO until his arrest in December 2015.

39.     Certain allegations in Paragraph 39 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Amended Complaint, except admits that Ron Tilles served as interim CEO of Vyera from approximately January 1, 2016 until April 11, 2017.

40.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint, except admits that Mr. Tilles was replaced by Dr. Eliseo Salinas.

41.     Certain allegations in Paragraph 41 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady admits that he was elected to Phoenixus' board of directors, that he and Akeel Mithani were appointed as the only two members of the board's newly-formed "Executive Committee," and that he assumed the position of interim CEO of Vyera on or about October 2017 and CEO from January 1, 2018 to February 19, 2019.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Amended Complaint.

42.     Certain allegations in Paragraph 42 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Amended Complaint, except admits that Mr. Mithani was elected to the board of directors of Phoenixus AG in June 2017.

43.     Certain allegations in Paragraph 43 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Amended Complaint.

44.     Certain allegations in Paragraph 44 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady admits that he has communicated with Mr. Shkreli since Mr. Shkreli's incarceration in September 2017.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 44 of the Amended Complaint. Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 44 of the Amended Complaint as they relate to Mr. Shkreli's communications with Mr. Mithani, and denies the allegations in the third sentence of Paragraph 44 of the Amended Complaint as they relate to Mr. Shkreli's communications with Mr. Mulleady.

45.     Certain allegations in Paragraph 45 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Amended Complaint.

46.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Amended Complaint.

**2. Kevin Mulleady**

47.     Mr. Mulleady admits the allegations in the first sentence of Paragraph 47 of the Amended Complaint.  Mr. Mulleady denies the allegations in the second sentence of Paragraph 47 of the Amended Complaint.  Mr. Mulleady admits the allegations in the third sentence of Paragraph 47 of the Amended Complaint.

48.     Mr. Mulleady admits the allegations in Paragraph 48 of the Amended Complaint.

49.     Mr. Mulleady admits the allegations in Paragraph 49 of the Amended Complaint.

50.     Mr. Mulleady admits that he took a position finding investors for Mr. Shkreli's hedge fund and that he helped found Retrophin and was an early employee of Vyera, but otherwise denies the allegations in Paragraph 50 of the Amended Complaint.

51.     Mr. Mulleady admits that, prior to his termination in 2016, Mr. Mulleady held the position of Managing Director of Turing Pharmaceuticals AG from October 27, 2014 to June 3, 2016, but otherwise denies the allegations in the first sentence of Paragraph 51 of the Amended Complaint.  Mr. Mulleady denies the allegations in the second sentence of Paragraph 51 of the Amended Complaint.  Mr. Mulleady admits the allegations in the third sentence of Paragraph 51 of the Amended Complaint.

52.     Mr. Mulleady admits that he returned to Vyera in the summer of 2017 as a member of the Phoenixus board, a position he still holds, and CEO of Vyera, a position he held until February 19, 2019, but otherwise denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Mr. Mulleady admits the allegations in Paragraph 53 of the Amended Complaint.

IV.     **Background**

A.     **Federal Law Encourages Generic Competition**

54.     The allegations in Paragraph 54 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint.

55.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint.

56.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint.

57.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint.

58.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint.

59.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint.

60.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint.

61.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint.

62.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint.

63.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint.

64.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint.

**B.     Competition from Lower-Priced Generic Drugs Saves American Consumers Billions of Dollars Each Year**

65.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint.

66.     The allegations in Paragraph 66 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr.

Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint.

67.     Certain allegations in Paragraph 67 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of the Amended Complaint.

68.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint.

**C.     Daraprim Is the Gold-Standard Treatment for Toxoplasmosis**

69.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint.

70.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint.

71.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint.

72.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Amended Complaint.

73.     Certain allegations in Paragraph 73 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Amended Complaint.

74.     Certain allegations in Paragraph 74 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 of the Amended Complaint.

75.     Mr. Mulleady admits the allegations in the first sentence of Paragraph 75 of the Amended Complaint.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 75 of the Amended Complaint.

76.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Amended Complaint.

77.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Amended Complaint.

78.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Amended Complaint.

**D.     Vyera's Acquisition of Daraprim**

**1. Prior ownership of Daraprim**

79.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Amended Complaint.

80.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Complaint.

81.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Amended Complaint.

82.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Amended Complaint.

83.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Amended Complaint.

84.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Amended Complaint.

85.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Amended Complaint.

## 2. Vyera's acquisition of Daraprim

86.     Certain allegations in Paragraph 86 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Amended Complaint

87.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 87 of the Amended Complaint, except admits that Vyera contacted Impax with a bid to acquire the U.S. Daraprim rights.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentence of Paragraph 87 of the Amended Complaint.

88.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Amended Complaint, except Mr. Mulleady admits that Vyera acquired the U.S. rights to Daraprim for $55 million.

89.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Amended Complaint.

90.     Certain allegations in Paragraph 90 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of the Amended Complaint.

91.     Certain allegations in Paragraph 91 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the Amended Complaint.

92.     Certain allegations in Paragraph 92 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 of the Amended Complaint.

**V.      Defendants' Anticompetitive Agreements to Maintain Vyera's Daraprim Monopoly**

93.     Mr. Mulleady denies the allegations in Paragraph 93 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 93 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

A.      **Defendants Implement Agreements Restricting Resale and Limiting
Purchases to Block Generic Entry**

94.      Mr. Mulleady denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 94 of the Amended Complaint.

95.      Certain allegations in Paragraph 95 purport to characterize, summarize, or quote

from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady

denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 95 of the Amended Complaint.

96.      Mr. Mulleady denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 96 of the Amended Complaint, except Mr. Mulleady

admits the allegations that Retrophin had acquired the rights to Thiola.

97.      Certain allegations in Paragraph 97 purport to characterize, summarize, or quote

from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady

denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 97 of the Amended Complaint.

98.      Certain allegations in Paragraph 98 purport to characterize, summarize, or quote

from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady

otherwise denies the allegations in Paragraph 98 of the Amended Complaint.

99.      Mr. Mulleady denies the allegations in Paragraph 99 of the Amended Complaint

as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 99 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

### 1. Vyera's contractual restrictions prevent distributors from selling Daraprim to generic companies

100.     Certain allegations in Paragraph 100 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Amended Complaint.

101.     Certain allegations in Paragraph 101 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 of the Amended Complaint.

102.     Mr. Mulleady admits that Vyera has a contractual relationship with ICS and that the terms of that relationship are embodied in their contract, which is a document that speaks for itself, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Amended Complaint.

103.     Certain allegations in Paragraph 103 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Amended Complaint.

104.    Certain allegations in Paragraph 104 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Amended Complaint.

105.    Certain allegations in Paragraph 105 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Amended Complaint, except admits that Vyera has agreement contractual relationship with ASD Healthcare.

106.    Certain allegations in Paragraph 106 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 of the Amended Complaint.

107.    Certain allegations in Paragraph 107 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the Amended Complaint, except admits that Vyera has an agreement with BioRidge Pharma.

108.     Certain allegations in Paragraph 108 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 of the Amended Complaint.

109.     Certain allegations in Paragraph 109 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 of the Amended Complaint, except admits that Vyera has a contractual relationship with ███████████ .

110.     Certain allegations in Paragraph 110 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Amended Complaint.

111.     Certain allegations in Paragraph 111 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 of the Amended Complaint, except admits that Vyera has a contractual relationship with Optime Care.

112.    Certain allegations in Paragraph 112 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 of the Amended Complaint.

113.    Certain allegations in Paragraph 113 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113 of the Amended Complaint.

### 2. Vyera's contractual restrictions prevent downstream purchasers from selling Daraprim to generic companies

114.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Amended Complaint.

115.    Certain allegations in Paragraph 115 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115 of the Amended Complaint.

116.    Certain allegations in Paragraph 116 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the Amended Complaint.

117.     Certain allegations in Paragraph 117 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 of the Amended Complaint.

118.     Certain allegations in Paragraph 118 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Amended Complaint.

119.     Certain allegations in Paragraph 119 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 of the Amended Complaint.

120.     Certain allegations in Paragraph 120 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 of the Amended Complaint.

121.     Certain allegations in Paragraph 121 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady

admits the allegations in the first sentence of Paragraph 121 of the Amended Complaint, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 of the Amended Complaint.

122.     Certain allegations in Paragraph 122 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of remaining the allegations in Paragraph 122 of the Amended Complaint.

### 3. Vyera limits and monitors approved sales of Daraprim to prevent generic companies from obtaining it

123.     Mr. Mulleady denies the allegations in Paragraph 123 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

124.     Mr. Mulleady admits that Vyera offers Daraprim in different package quantities, including in a 100 tablet-count bottle.  Mr. Mulleady denies the remaining allegations in Paragraph 124 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 124 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

125.     Certain allegations in Paragraph 125 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 of the Amended Complaint.

126.    Certain allegations in Paragraph 126 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 of the Amended Complaint

127.    Certain allegations in Paragraph 127 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 of the Amended Complaint.

128.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Amended Complaint.

129.    Certain allegations in Paragraph 129 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady admits that he had conversations with Martin Shkreli in August 2019, but denies the inaccurate characterization of those conversations and denies the remaining allegations in Paragraph 129 of the Amended Complaint as they relate to Mr. Mulleady.  Mr. Mulleady also denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 of the Amended Complaint.

130.     Certain allegations in Paragraph 130 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies the remaining allegations in Paragraph 130 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

131.     Certain allegations in Paragraph 131 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 131 of the Amended Complaint.

132.     Mr. Mulleady denies the allegations in Paragraph 132 of the Amended Complaint.

133.     Certain allegations in Paragraph 133 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 of the Amended Complaint.

### 4. Defendants' generic-blocking restrictions prevent generic competitors from purchasing Daraprim and have no legitimate rationale.

134.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Amended Complaint.

135.     Certain allegations in Paragraph 135 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 of the Amended Complaint.

136.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Amended Complaint.

137.    Mr. Mulleady denies the allegations in Paragraph 137 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

138.    Certain allegations in Paragraph 138 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 of the Amended Complaint.

139.    Certain allegations in Paragraph 139 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 of the Amended Complaint.

140.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Amended Complaint, except Mr. Mulleady admits that multiple Vyera executives testified as part of the Senate investigation.

141.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Amended Complaint.

142.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Amended Complaint.

143.    Certain allegations in Paragraph 143 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 of the Amended Complaint.

**B.    Defendants Enter Exclusive Agreements With API Manufacturers to Block Generic Companies' Access to Pyrimethamine API Supply**

144.    Mr. Mulleady denies the allegations in Paragraph 144 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

145.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Amended Complaint.

146.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Amended Complaint.

147.    Certain allegations in Paragraph 147 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 of the Amended Complaint.

148.     Mr. Mulleady denies the allegations in Paragraph 148 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

**1. Vyera locks up the only manufacturer with an FDA-approved manufacturing process for pyrimethamine API**

149.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Amended Complaint.

150.     Certain allegations in Paragraph 150 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150 of the Amended Complaint.

151.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Amended Complaint.

152.     Certain allegations in Paragraph 152 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 of the Amended Complaint.

153.     Mr. Mulleady admits that Phoenixus signed an agreement with Fukuzyu, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 of the Amended Complaint.

154.     Certain allegations in Paragraph 154 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 of the Amended Complaint.

155.     Certain allegations in Paragraph 155 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 of the Amended Complaint.

156.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Amended Complaint.

157.     Certain allegations in Paragraph 157 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  The allegations in Paragraph 157 of the Amended Complaint also call for legal conclusions to which no response is required.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 of the Amended Complaint.

158.     Mr. Mulleady admits the allegations in Paragraph 158 of the Amended Complaint.

**2. Defendants poach a second API manufacturer from generic competitors**

159.     Mr. Mulleady denies the allegations in Paragraph 159 of the Amended Complaint.

160.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Amended Complaint.

161.    Mr. Mulleady denies the allegations in Paragraph 161 of the Amended Complaint.

162.    Certain allegations in Paragraph 162 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162 of the Amended Complaint.

163.    Certain allegations in Paragraph 163 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady admits the allegations in Paragraph 163 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

164.    Certain allegations in Paragraph 164 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 of the Amended Complaint, except admits that Vyera paid RL Fine in connection with its contractual arrangements.

165.    Certain allegations in Paragraph 165 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 of the Amended Complaint.

166.    Certain allegations in Paragraph 166 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166 of the Amended Complaint

167.    Mr. Mulleady denies the allegations in Paragraph 167 of the Amended Complaint.

168.    Mr. Mulleady denies the allegations in the first sentence of Paragraph 168 of the Amended Complaint.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 of the Amended Complaint.

169.    Certain allegations in Paragraph 169 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 of the Amended Complaint.

170.    Mr. Mulleady denies the allegations in the first sentence of Paragraph 170 of the Amended Complaint.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 170 of the Amended Complaint.

171.    Certain allegations in Paragraph 171 appear to purport to characterize or summarize one or more documents, which speak for themselves.  Mr. Mulleady refers to those

documents for a true and complete statement of their contents.  Mr. Mulleady otherwise denies the allegations in the first, second and third sentence of Paragraph 171 of the Amended Complaint.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 of the Amended Complaint.

172.    Mr. Mulleady admits that Vyera paid RL Fine █████ to terminate the agreement, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172 of the Amended Complaint.

173.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Amended Complaint.

174.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Amended Complaint.

175.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Amended Complaint.

**C.    Vyera Enters Data-Blocking Agreements to Mask the True Size of the Pyrimethamine Market**

176.    Mr. Mulleady denies the allegations in Paragraph 176 of the Amended Complaint.

177.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Amended Complaint.

178.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Amended Complaint.

179.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Amended Complaint.

180.    Mr. Mulleady admits that Vyera Pharmaceuticals, LLC and Phoenixus AG are privately-held companies, but denies knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in the first sentence of Paragraph 180 of the Amended Complaint.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 180.

181.    Mr. Mulleady denies the allegations in Paragraph 181 of the Amended Complaint.

182.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Amended Complaint.

183.    Certain allegations in Paragraph 183 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies the remaining allegations in Paragraph 183 of the Amended Complaint.

184.    Certain allegations in Paragraph 184 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies the remaining allegations in Paragraph 184 of the Amended Complaint.

185.    Certain allegations in Paragraph 185 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies the remaining allegations in Paragraph 185 of the Amended Complaint.

186.    Certain allegations in Paragraph 186 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186 of the Amended Complaint.

187.   Certain allegations in Paragraph 187 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Amended Complaint.

188.   Certain allegations in Paragraph 188 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies the allegations in the first sentence of Paragraph 188 of the Amended Complaint, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188 of the Amended Complaint.

189.   Mr. Mulleady denies the allegations in the first sentence of Paragraph 189 and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Amended Complaint.

190.   Mr. Mulleady admits that Vyera has no obligation to publicly report its own Daraprim sales data.  Mr. Mulleady denies the remaining allegations in Paragraph 190 of the Amended Complaint, but denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 190.

## VI.   Defendants' Anticompetitive Conduct Successfully Delayed and Excluded Numerous Potential Generic Competitors

191.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Amended Complaint.

██████████████

192.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Amended Complaint.

193.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Amended Complaint.

194.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Amended Complaint.

195.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Amended Complaint.

196.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Amended Complaint.

197.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Amended Complaint.

198.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Amended Complaint.

199.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Amended Complaint.

200.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Amended Complaint.

201.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Amended Complaint.

202.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Amended Complaint.

203.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the Amended Complaint.

204.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Amended Complaint.

205.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Amended Complaint.

206.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Amended Complaint.

207.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 of the Amended Complaint.

208.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Amended Complaint.

209.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Amended Complaint.

210.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Amended Complaint.

211.    Certain allegations in Paragraph 211 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 of the Amended Complaint.

212.    Certain allegations in Paragraph 212 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 212 of the Amended Complaint.

213.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Amended Complaint.

214.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Amended Complaint.

215.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 of the Amended Complaint.

216.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 of the Amended Complaint.

217.    Mr. Mulleady admits that Oakrum Pharma, LLC announced the launch of an "authorized generic" version of Daraprim on March 11, 2020, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 of the Amended Complaint.

218.    Certain allegations in Paragraph 218 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 218 of the Amended Complaint.

219.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Amended Complaint.

220.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Amended Complaint.

████████████████████████████████

221.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the Amended Complaint.

222.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the Amended Complaint.

223.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Amended Complaint.

224.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Amended Complaint.

225.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Amended Complaint.

226.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Amended Complaint.

227.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 of the Amended Complaint.

228.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Amended Complaint.

229.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 of the Amended Complaint.

230.     Certain allegations in Paragraph 230 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 230 of the Amended Complaint.

231.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Amended Complaint.

232.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 of the Amended Complaint.

233.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Amended Complaint.

234.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Amended Complaint.

235.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Amended Complaint.

236.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 of the Amended Complaint.

237.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Amended Complaint.

238.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 of the Amended Complaint.

239.   Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the Amended Complaint.

240.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Amended Complaint.

241.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Amended Complaint.

242.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 of the Amended Complaint.

243.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 of the Amended Complaint.

244.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 of the Amended Complaint.

245.     Certain allegations in Paragraph 245 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 245 of the Amended Complaint.

246.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 of the Amended Complaint.

247.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 of the Amended Complaint.

248.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Amended Complaint.

249.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 of the Amended Complaint.

250.     Certain allegations in Paragraph 250 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 250 of the Amended Complaint.

251.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 of the Amended Complaint.

252.     Certain allegations in Paragraph 252 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 252 of the Amended Complaint.

253.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 of the Amended Complaint.

254.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 of the Amended Complaint.

255.     Mr. Mulleady denies the allegations in Paragraph 255 of the Amended Complaint, but admits that he had discussions with ███ concerning a potential partnership.

256.     Mr. Mulleady denies the allegations in Paragraph 256 of the Amended Complaint.

257.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 of the Amended Complaint

258.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 of the Amended Complaint.

259.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 of the Amended Complaint.

260.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 of the Amended Complaint.

261.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 of the Amended Complaint.

**D.    Mylan, N.V.**

262.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 of the Amended Complaint.

263.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 of the Amended Complaint.

264.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 of the Amended Complaint.

265.    Certain allegations in Paragraph 265 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 265 of the Amended Complaint.

266.    Certain allegations in Paragraph 266 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 266 of the Amended Complaint.

### E.    Other generic companies

267.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the Amended Complaint.

268.    Certain allegations in Paragraph 268 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 268 of the Amended Complaint.

269.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 of the Amended Complaint.

270.    Certain allegations in Paragraph 270 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 270 of the Amended Complaint.

271.    Certain allegations in Paragraph 271 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 271 of the Amended Complaint.

272.    Certain allegations in Paragraph 272 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 272 of the Amended Complaint.

**VII.    Defendants' Foreclosure of Generic Entry Caused Consumers to Pay Higher Prices**

273.    The allegations in Paragraph 273 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 273 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

274.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 of the Amended Complaint.

275.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 of the Amended Complaint.

276.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 of the Amended Complaint.

277.    The allegations in Paragraph 277 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 277 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

278.    The allegations in Paragraph 278 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr.

Mulleady denies the allegations in Paragraph 278 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

279.    Certain allegations in Paragraph 279 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 279 of the Amended Complaint.

280.    The allegations in Paragraph 280 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 280 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 280.

281.    The allegations in Paragraph 281 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 281 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 281 of the Amended Complaint.

282.    The allegations in Paragraph 282 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 282 of the Amended Complaint as they relate to

Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 282 of the Amended Complaint.

283.     The allegations in Paragraph 283 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 283 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 283 of the Amended Complaint.

284.     The allegations in Paragraph 284 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 284 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 284 of the Amended Complaint.

285.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 of the Amended Complaint.

286.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 of the Amended Complaint.

287.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 of the Amended Complaint.

288.     The allegations in Paragraph 288 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 288 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 288 of the Amended Complaint.

289.     The allegations in Paragraph 289 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 289 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 289 of the Amended Complaint.

290.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 of the Amended Complaint.

291.     The allegations in Paragraph 291 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 291 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291 of the Amended Complaint.

292.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292 of the Amended Complaint.

293.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 of the Amended Complaint.

294.     Mr. Mulleady denies the allegations in Paragraph 294 of the Amended Complaint.

## VIII.   Vyera Has Monopoly Power in a Relevant Market for FDA-Approved Pyrimethamine Products

295.     The allegations in Paragraph 295 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 of the Amended Complaint.

296.     The allegations in the first sentence of Paragraph 296 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 of the Amended Complaint.

297.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 of the Amended Complaint.

298.     The allegations in the first sentence of Paragraph 298 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 of the Amended Complaint.

299.     The allegations in the first sentence of Paragraph 299 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 of the Amended Complaint.

300.     The allegations in Paragraph 300 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 of the Amended Complaint.

301.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 301 of the Amended Complaint.

302.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 of the Amended Complaint.

303.     Certain allegations in Paragraph 303 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 303 of the Amended Complaint.

304.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304 of the Amended Complaint.

305.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 305 of the Amended Complaint. The allegations in the second sentence of Paragraph 305 call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 305 of the Amended Complaint.

306.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 of the Amended Complaint.

307.     Certain allegations in Paragraph 307 purport to characterize or summarize one or more documents, which speak for themselves.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 307 of the Amended Complaint.

308.     Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 of the Amended Complaint.

309.     Certain allegations in Paragraph 309 purport to characterize, summarize, or quote from selected portions of one or more documents, which speak for themselves.  Mr. Mulleady

refers to those documents for a true and complete statement of their contents.  Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 309 of the Amended Complaint.

310.    The allegations in Paragraph 310 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 of the Amended Complaint.

311.    The allegations in Paragraph 311 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 of the Amended Complaint.

312.    The allegations in Paragraph 312 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312 of the Amended Complaint.

313.    Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 of the Amended Complaint.

**COUNT I**
**Monopoly Maintenance Against All Defendants**

314.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

315.    The allegations in Paragraph 315 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr.

Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315 of the Amended Complaint.

316.     The allegations in Paragraph 316 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316 of the Amended Complaint as they relate to Vyera, Phoenixus, and Mr. Shkreli, and denies the allegations in Paragraph 316 of the Amended Complaint as they relate to Mr. Mulleady.

317.     The allegations in Paragraph 317 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 317 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

318.     The allegations in Paragraph 318 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 318 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## COUNT II
### Agreements in Restraint of Trade (Restrictions and Limitations on Resale of Daraprim) Against All Defendants

319.     Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

320.    The allegations in Paragraph 320 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 320 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

### COUNT III
### Agreements in Restraint of Trade (API Supply
### Exclusivity Agreements) Against All Defendants

321.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

322.    The allegations in Paragraph 322 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 322 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

### COUNT IV
### A.  Anticompetitive Contracts, Agreements and/or Arrangements in
### Violation of New York's Donnelly Act Against All Defendants

323.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

324.    The allegations in Paragraph 324 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 324 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 324 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

325.    The allegations in Paragraph 325 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 325 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

326.    The allegations in Paragraph 326 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 326 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

**B.  Illegality in Violation of new York Executive Law § 63(12) Against All Defendants**

327.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

328.    The allegations in Paragraph 328 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 328 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## COUNT V

### A.  Anticompetitive Contracts, Agreements and/or Arrangements in Violation of California's Cartwright Act Against All Defendants

329.     Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

330.     The allegations in Paragraph 330 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 330 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

331.     The allegations in Paragraph 331 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 331 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

### B.  Anticompetitive Contracts, Agreements and/or Arrangements in Violation of California's Unfair Competition Act Against All Defendants

332.     Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

333.     The allegations in Paragraph 333 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 333 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 333 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

334.    The allegations in Paragraph 334 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 334 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

### COUNT VI
### Anticompetitive Contracts, Combinations and/or Conspiracies in
### Violation of the Illinois Antitrust Act Against All Defendants

335.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

336.    The allegations in Paragraph 336 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 336 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

337.    The allegations in Paragraph 337 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 337 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## COUNT VII
### Unfair Methods of Competition and/or Unfair Acts or Practices in Violation of the North Carolina Unfair or Deceptive Practices Act Against All Defendants

338.   Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

339.   The allegations in Paragraph 339 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 339 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

340.   The allegations in Paragraph 340 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 340 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

341.   The allegations in Paragraph 341 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 341 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

342.   The allegations in Paragraph 342 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr.

Mulleady denies the allegations in Paragraph 342 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

343.    The allegations in Paragraph 343 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 343 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## COUNT VIII
### Violations of Ohio's Valentine Act Against All Defendants

344.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

345.    The allegations in Paragraph 345 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 345 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## COUNT IX
### A.  Pennsylvania's Unfair Trade Practices and Consumer Protection Law

346.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

347.     Paragraph 347 contains allegations relating to Count IX(A) of the Complaint, which has been dismissed by the Court, and thus no response to those allegations is required. The allegations in Paragraph 347 of the Amended Complaint also call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 347 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

348.     Paragraph 348 contains allegations relating to Count IX(A) of the Complaint, which has been dismissed by the Court, and thus no response to those allegations is required. The allegations in Paragraph 348 of the Amended Complaint also call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 348 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

349.     Paragraph 349 contains allegations relating to Count IX(A) of the Complaint, which has been dismissed by the Court, and thus no response to those allegations is required. The allegations in Paragraph 349 of the Amended Complaint also call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 349 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 349 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

350.     Paragraph 350 contains allegations relating to Count IX(A) of the Complaint, which has been dismissed by the Court, and thus no response to those allegations is required. The allegations in Paragraph 350 of the Amended Complaint also call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 350 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

351.     Paragraph 351 contains allegations relating to Count IX(A) of the Complaint, which has been dismissed by the Court, and thus no response to those allegations is required. The allegations in Paragraph 351 of the Amended Complaint also call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 351 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

352.     Paragraph 352 contains allegations relating to Count IX(A) of the Complaint, which has been dismissed by the Court, and thus no response to those allegations is required. The allegations in Paragraph 352 of the Amended Complaint also call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 352 of the Amended Complaint as they relate to Mr. Mulleady, and

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

353.    Paragraph 353 contains allegations relating to Count IX(A) of the Complaint, which has been dismissed by the Court, and thus no response to those allegations is required. The allegations in Paragraph 353 of the Amended Complaint also call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 353 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## B.  Common Law Doctrine against Restraint of Trade

354.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

355.    The allegations in Paragraph 355 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 355 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

356.    The allegations in Paragraph 356 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 356 of the Amended Complaint as they relate to

Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## COUNT X
### A.  Anticompetitive Agreements in Violation of the
### Virginia Antitrust Act Against All Defendants

357.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

358.    The allegations in Paragraph 358 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 358 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

359.    The allegations in Paragraph 359 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 359 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

### B.  Monopoly Maintenance in Violation of the Virginia Antitrust Act

360.    Mr. Mulleady incorporates the responses of Paragraphs 1 through 313 of this Answer as if fully set forth herein.

361.    The allegations in Paragraph 361 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr.

Mulleady denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 of the Amended Complaint.

362.    The allegations in Paragraph 362 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 362 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

363.    The allegations in Paragraph 363 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 363 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

364.    The allegations in Paragraph 364 of the Amended Complaint call for legal conclusions to which no response is required.  To the extent that a response is required, Mr. Mulleady denies the allegations in Paragraph 364 of the Amended Complaint as they relate to Mr. Mulleady, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364 of the Amended Complaint as they relate to the other Defendants and the other Defendants' conduct.

## **GENERAL DENIAL**

Mr. Mulleady denies each and every allegation in the Complaint not specifically admitted or otherwise addressed above.

## **AFFIRMATIVE DEFENSES**

Mr. Mulleady sets forth below his affirmative defense.  By setting forth this affirmative defense, Mr. Mulleady does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to any or all of the Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.  Mr. Mulleady has not knowingly and intentionally waived any applicable defenses, and he hereby reserves the right, to the extent permitted by applicable law, to assert and rely upon other defenses and affirmative defenses that become available or apparent as this matter proceeds.  Mr. Mulleady reserves the right to amend or seek to amend his answers and/or his affirmative defenses as additional facts concerning his defenses become known to him.

### **First Affirmative Defense**

1.      Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert them.

### **Third Affirmative Defense**

3.      Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs seek to enjoin alleged events that have allegedly already transpired without demonstrating threatened future harm or continuing harm.  Plaintiffs' claims for injunctive relief are accordingly moot and Plaintiffs lack standing to assert such claims.

### Fourth Affirmative Defense

4.      Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of Mr. Mulleady was not a proximate cause of the loss or damage, if any, to Plaintiffs.  Any damage to Plaintiffs was caused by the generic companies' own conduct, or by the conduct of other individuals.

### Fifth Affirmative Defense

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were caused, executed or approved in whole or in part by individuals or entities not under the control of Mr. Mulleady.

### Sixth Affirmative Defense

6.      Plaintiffs' claims are barred, in whole or in part, because any damages it may have suffered were the result of the intervening or superseding conduct of third parties.

### Seventh Affirmative Defense

7.      Plaintiffs' claims are barred, in whole or in part, because Mr. Mulleady's acts were based upon bona fide business reasons.

### Eighth Affirmative Defense

8.      Plaintiffs' claims are barred, in whole or in part, because the conduct of Mr. Mulleady was justified, privileged, and/or not improper.

### Ninth Affirmative Defense

9.      Plaintiffs' claims are barred, in whole or part, because Plaintiffs have not suffered antitrust injury.

### Tenth Affirmative Defense

10.      Plaintiffs' claims for damages are barred, in whole or in part, because its damages as alleged are speculative and because of the impossibility of the ascertainment and allocation of these alleged damages.

### Eleventh Affirmative Defense

11.     Plaintiffs' claims are barred, in whole or in part, because Mr. Mulleady's alleged conduct did not unreasonably restrain trade and was lawful, procompetitive, and based on legitimate business and economic justifications.

### Twelfth Affirmative Defense

12.     Plaintiffs' claims are barred, in whole or in part, because Mr. Mulleady's alleged conduct has not harmed competition, the competitive process, or consumers, and was lawful, procompetitive, and based on legitimate business and economic justifications.

### Thirteenth Affirmative Defense

13.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

### Fourteenth Affirmative Defense

14.     Plaintiffs' claims are barred, in whole or in part, insofar as the Federal Trade Commission purports to seek equitable monetary relief, since Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), does not authorize the Federal Trade Commission to seek such relief.

### Fifteenth Affirmative Defense

15.     Plaintiffs' claims are barred, in whole or in part, by the single entity doctrine, pursuant to which an antitrust conspiracy cannot be found among a corporation, its wholly-owned subsidiary and/or its officers and directors.

### Sixteenth Affirmative Defense

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not properly alleged a relevant product market.

**Seventeenth Affirmative Defense**

17.     Plaintiffs' claims are barred, in whole or in part, because neither Mr. Mulleady's nor Vyera's alleged conduct led to the acquisition or maintenance of monopoly power in any properly defined relevant antitrust market, and was lawful, procompetitive, and based on legitimate business and economic justifications.

**Eighteenth Affirmative Defense**

18.     Plaintiffs' claims are barred, in whole or in part, because any harm to competition complained of stems from the intricate multi-tiered regulatory regime that governs the production, sale, and manufacture of pharmaceutical products, including the Hatch-Waxman Act.

**Nineteenth Affirmative Defense**

19.     The contemplated relief would not be in the public interest because it would, among other things, harm consumers.

**Twentieth Affirmative Defense**

20.     Mr. Mulleady adopts and incorporates by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**Twenty-First Affirmative Defense**

21.     Plaintiffs' claims are barred, in whole or in part, because the underlying conduct did not concern or involve Mr. Mulleady, nor did he approve or ratify it.

**Reservation of Affirmative and Other Defenses**

Mr. Mulleady hereby gives notice that it intends to rely upon any other affirmative defenses that become available or appear during further proceedings in this action, and hereby reserves his right to amend his Answer and Affirmative Defenses to assert any such defense.

**Prayer for Relief**

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief of any kind and respectfully requests that the Court enter judgment:

1.      Dismissing the Claims against Mr. Mulleady, with prejudice;

2.      Awarding Mr. Mulleady his reasonable attorney's fees incurred in this action, as well as costs, to the full extent permitted by law; and

3.      Awarding such other and further relief in favor of Mr. Mulleady as the Court may deem just and proper.

**Demand for Jury Trial**

Mr. Mulleady demands a trial by jury on all claims that are triable before a jury.

Dated: September 15, 2020
      New York, New York

By:   _/s/ Kevin Arquit_____
      Kevin Arquit
        (karquit@kasowitz.com)
      Albert Shemmy Mishaan
        (amishaan@kasowitz.com)
      Kenneth R. David
        (kdavid@kasowitz.com)
      Kasowitz Benson Torres LLP
      1633 Broadway
      New York, New York 10019
      Tel: (212) 506-1700

      *Attorneys for Defendant Kevin Mulleady*