```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
FEDERAL TRADE COMMISSION, STATE OF NEW     :   20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF        :
OHIO, COMMONWEALTH OF PENNSYLVANIA,        :        ORDER
STATE OF ILLINOIS, STATE OF NORTH          :
CAROLINA, and COMMONWEALTH OF              :
VIRGINIA,                                  :
                                           :
                    Plaintiffs,            :
                                           :
          -v-                              :
                                           :
VYERA PHARMACEUTICALS, LLC, AND            :
PHOENIXUS AG, MARTIN SHKRELI,              :
individually, as an owner and former       :
director of Phoenixus AG and a former      :
executive of Vyera Pharmaceuticals,        :
LLC, and KEVIN MULLEADY, individually,     :
as an owner and former director of         :
Phoenixus AG and a former executive of     :
Vyera Pharmaceuticals, LLC,                :
                                           :
                    Defendants.            :
------------------------------------------ X
```

DENISE COTE, District Judge:

Parties are kindly reminded that motions for approval of sealed or redacted filings must not only comply with the Southern District of New York's ECF Rules and Instructions, section 6, but also this Court's Individual Practices in Civil Cases. Where a motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.

The standard for when a document may be sealed or redacted is not that the material is captured by a confidentiality agreement, although that may be a relevant fact to mention in any application. The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[] a significant positive role in the functioning of the particular process." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016). See also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, Bernstein, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." Newsday LLC v. County of Nassau, 730 F.3d 156, 164 (2d Cir. 2013) (citation omitted). The First Amendment "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." Bernstein, 814 F.3d at 141 (citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Newsday, 730 F.3d at 165 (citation omitted). When making requests to redact or seal

material, the parties should include in a publicly filed letter any proposed findings that support the request.

On September 14, 2020, defendant Martin Shkreli filed two motions to seal, and defendants collectively filed one motion to seal. Mr. Shkreli's first motion, Docket No. 246, requested permission to redact portions of, and file under seal the statement attached to, Mr. Shkreli's letter in response to this Court's September 10, 2020 Order.

The second motion, Docket No. 250, requested permission to redact portions of, and file under seal all exhibits attached to, Mr. Shkreli's response to plaintiffs' September 9, 2020 letter motion, in which plaintiffs requested that Mr. Shkreli provide a privilege log. The exhibits include material that is already in the public record, as it was previously included in plaintiffs' September 9 publicly filed letter motion.

Finally, defendants collectively filed a motion, Docket No. 249, to redact portions of their respective answers to the amended complaint. It is hereby

ORDERED that Mr. Shkreli's motion, Docket No. 246, to redact portions of, and file under seal the statement attached to, Mr. Shkreli's letter in response to this Court's September 10, 2020 Order is granted. Mr. Shkreli's letter and attachments contain private information not historically available to the

3

public, and his proposed redactions and requests for seal are narrowly tailored.

IT IS FURTHER ORDERED that Mr. Shkreli shall re-submit a request to redact portions of, and file under seal exhibits attached to, his response to plaintiffs' September 9 letter motion. The resubmission shall exclude from its request information already in the public record.

IT IS FURTHER ORDERED that defendants' motion, Docket No. 249, to redact portions of their respective answers to the amended complaint is granted. Defendants' answers to the amended complaint contain commercially and competitively sensitive nonpublic information, and their proposed redactions are narrowly tailored.

Dated:   New York, New York
         September 17, 2020

```
                              _____
                                      DENISE COTE
                              United States District Judge
```