NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

CHRISTOPHER H. CASEY
DIRECT DIAL: +1 215 979 1155
PERSONAL FAX: +1 215 689 2194
*E-MAIL:* CHCasey@duanemorris.com

*www.duanemorris.com*

September 21, 2020

***VIA ECF***

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

 Re:  ***FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.,*** **Case No. 1:20-cv-706 (DLC)**

Dear Judge Cote:

On behalf of Martin Shkreli, and pursuant to the Court's September 18, 2020 Order (ECF No. 266), I hereby respectfully provide the requested explanations as to why it is necessary to seal exhibits B, C, D, F, and G to plaintiffs' September 17, 2020 reply letter (ECF No. 264). Counsel for Mr. Shkreli has conferred with counsel for the co-defendants concerning the reasons why it is necessary to seal these exhibits. The requested explanation for each exhibit is as follows:

- Exhibit B – Mr. Mulleady submits that it is necessary to seal Exhibit B. Courts in this District have held that active and current competitively sensitive business information is the type of information that may be able to overcome the presumption of public access to documents and thus can often be sealed. *See Valassis Communications, Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *1-2 (S.D.N.Y. May 5, 2020) ("The demonstration of a valid need to protect the confidentiality of sensitive business information, such as pricing and compensation information, may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F.Supp.3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer); *Hesse v. SunGard Systems Int'l*, No. 12-cv-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing information and finding that "[c]ourts have limited public access to sensitive business information by sealing portions of the record").

  Exhibit B has been designated as "Highly Confidential" under the protective order and contains competitively sensitive business information, including discussions about the ongoing operations and strategy of the company, future business and



The Honorable Denise L. Cote
September 21, 2020
Page 2

strategic plans, and executive and board member performance. *See, e.g.,* Exhibit B at 5 (discussing strategies concerning current management and future product launch), at 8 (discussing current executive performance), and at 12 (discussing potential strategic opportunities). Thus, Mr. Mulleady believes it is appropriate that this document be filed under seal.

- Exhibits C and D – Defendants assert that it is not necessary to seal Exhibits C and D.

- Exhibit F – Vyera submits that it is necessary to seal Exhibit F. Exhibit F is a PDF of a presentation prepared for Vyera that contains highly sensitive business information, the disclosure of which could cause competitive harm to the company. Accordingly, Vyera designated that document as "confidential" under the protective order. Vyera asserts that its sensitive content makes it appropriate for this document to be filed under seal. Further, in his capacity as Chairman of the Board of Directors, Mr. Mulleady agrees with Vyera's position regarding the sealing of Exhibit F.

- Exhibit G – Vyera believes it is necessary to seal Exhibit G. Exhibit G is a set of meeting minutes from a meeting of the board of directors of Phoenixus AG. Exhibit G was redacted in part for attorney-client privilege. The unredacted portion contains non-public, sensitive information about the operations of Vyera and the commercial deliberations of its board members. Vyera accordingly designated this document as "confidential" under the protective order, and believes it is necessary that it be filed under seal. Further, in his capacity as Chairman of the Board of Directors, Mr. Mulleady agrees with Vyera's position regarding the sealing of Exhibit G.

Respectfully submitted,

*/s/ Christopher H. Casey*
Christopher H. Casey

CHC