UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
FEDERAL TRADE COMMISSION, STATE OF NEW :        20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF    :
OHIO, COMMONWEALTH OF PENNSYLVANIA,    :             ORDER
STATE OF ILLINOIS, STATE OF NORTH      :
CAROLINA, and COMMONWEALTH OF          :
VIRGINIA,                              :
                                       :
                    Plaintiffs,        :
                                       :
         -v-                           :
                                       :
VYERA PHARMACEUTICALS, LLC, AND        :
PHOENIXUS AG, MARTIN SHKRELI,          :
individually, as an owner and former   :
director of Phoenixus AG and a former  :
executive of Vyera Pharmaceuticals,    :
LLC, and KEVIN MULLEADY, individually, :
as an owner and former director of     :
Phoenixus AG and a former executive of :
Vyera Pharmaceuticals, LLC,            :
                                       :
                    Defendants.        :
                                       :
-------------------------------------- X

DENISE COTE, District Judge:

        On September 9, 2020, plaintiffs requested that defendant

Martin Shkreli be required to provide a privilege log detailing

the basis for any privilege claims over his communications with

attorneys when those communications occurred over lines

monitored by the Bureau of Prisons ("BOP").  On September 17,

plaintiffs modified this request and now ask for access only for

such communications between Shkreli and two attorneys: Kandis

Kovalsky (attorney at Kang Haggerty and Fetbroyt LLC) and Scott Vernick (attorney at Fox Rothschild, LLP).

The attorney-client privilege covers communications "that are intended to be, and in fact were, kept confidential." United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011). Communications made over a telephone or email system monitored by the BOP,[1] which "the prisoner knows" is being monitored and recorded by prison authorities, are "not made in confidence and thus constitute[] a waiver of the privilege." Id. at 133. "The fact that [the calls are] recorded amounts essentially to the presence of an unsympathetic third party—BOP—listening in." Id. at 134. As a result, Shkreli's communications with attorneys in BOP-monitored systems such as telephone calls and emails are not protected by the attorney-client privilege.

This Court exercised its discretion in the management of discovery to require plaintiffs to make reasonable efforts to screen from review BOP-monitored communications between Shkreli and attorneys identified by Skhreli. Shkreli identified fifteen attorneys at eight different law firms in response to the Order of August 20. Following that disclosure, plaintiffs have substantially narrowed their request, asking only for access to communications between Shkreli and two of his attorneys and

---

[1] TRUFONE and TRULINCS, respectively.

their law firms.  Given that these communications, which are in
the plaintiffs' hands pursuant to a subpoena served on the BOP,
were not confidential, it is hereby

ORDERED that a telephone conference will be held on
**Tuesday, September 22, 2020 at 4:00pm** to allow Shkreli to show
cause why the plaintiffs may not review all of Shkreli's
communications with Kandis Kovalsky and Scott Vernick and their
respective law firms that occurred over systems monitored by the
BOP.

The parties shall use the following dial-in credentials for
the telephone conference:

    Dial-in:       888-363-4749

    Access code:   4324948

The parties shall use a landline if one is available.

Dated:    New York, New York
          September 22, 2020

_____
DENISE COTE
United States District Judge