# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA,<br><br>                    Plaintiffs,<br><br>   v.<br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC<br><br>                    Defendants. | Case No. 1:20-cv-00706-DLC |

**DEFENDANTS' JOINT FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF FEDERAL TRADE
COMMISSION AND THE PLAINTIFF STATES PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 34**

Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG (collectively, "Vyera"),

Martin Shkreli ("Shkreli"), and Kevin Mulleady ("Mulleady") (collectively, "Defendants")

hereby jointly request Plaintiff Federal Trade Commission ("FTC") and Plaintiffs State of New

York, State of California, State of Illinois, State of North Carolina, State of Ohio,

Commonwealth of Pennsylvania, and Commonwealth of Virginia (collectively, "Plaintiff

States," and individually, "Plaintiff State") to produce and permit inspection and copying of the

documents in this request pursuant to Federal Rule of Civil Procedure 34. Defendants reserve the right to supplement these requests as the case develops.

## I. DEFINITIONS

1. "Action" means the above-captioned action, *Federal Trade Commission, et al. v. Vyera Pharmaceuticals, LLC, et al.*, No. 1:20-cv-00706-DLC (S.D.N.Y.)

2. "Complaint" means the operative complaint filed by the FTC and the Plaintiff States, including, but not limited to, any operative complaint filed after these Document Requests are served.

3. "Damages" means the sum of money being sought as the result of any loss, harm or injury alleged in the Complaint in this Action, including, but not limited to, equitable monetary relief, statutory damages, civil penalties, forfeitures, disgorgement, costs, and/or fees.

4. The term "document" is intended to have the broadest possible meaning under the Federal Rules of Civil Procedure, including without limitation all written or graphic matter or any other means of preserving through or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including, but not limited to, originals, drafts, computer sorted and computer retrievable information, copies or duplicates that are marked with any notation or annotation, copies of duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks,

card files, list of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, work papers, financial analyses, tables of organizations, charts, graphs, advertisements or other promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers or newsletters, diagrams, photographs, e-mail, electronic or mechanical records, telegrams, telecopies, audiotapes, and all other receptacle or repositories housing or containing such documents, and all other media used to record, in any form, information. A draft, annotated or otherwise non-identical, is a separate document within the meaning of this term. "Documents" shall also include any removable "Post-It" notes or other attachments affixed to any of the foregoing, as well as the file, folder tabs, and labels appended to or containing any documents.

5. The term "including" means "including without limitation" or "including, but not limited to."

6. "Investigation" means the investigation that led to the filing of the above-captioned lawsuit, including but not limited to all correspondence, document requests and collections, formal and informal interviews, formal and informal statements, and all other inquiries and analyses related to the allegations and claims in the Action and any allegations or claims that the FTC and Plaintiff States considered including but did not include in their Complaint in this Action.

7. "Relate" and "relating to" mean to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

8. "Relief" means any and all forms of monetary recovery or award You seek in the Action, including, but not limited to, equitable monetary relief, statutory damages, civil penalties, forfeitures, disgorgement, costs, and/or fees.

9. "State Agency" means any agency, healthcare plan, branch, institution, department, board, commission, agency, program, service, bureau, trust fund, medical care facility, state Medicaid plan, state Medicare plan, state department of corrections, state university hospital, state mental hospital, dispensary, pharmacy, pharmacy benefits manager, institute, or body of any Plaintiff State of any and all types.

10. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests any information which might otherwise be construed as outside their scope.

11. "You," "Your," or "Yours" means: (1) with respect to Plaintiff Federal Trade Commission, the FTC; (2) with respect to Plaintiff State of New York, the state government and the Attorney General's office of the State of New York, and its officials, employees, representatives, agents, and attorneys; (3) with respect to Plaintiff State California, the state government and the Attorney General's office of the State of California, and its officials, employees, representatives, agents, and attorneys; (4) with respect to Plaintiff State of Illinois, the state government and the Attorney General's office of the State of Illinois, and its officials, employees, representatives, agents, and attorneys; (5) with respect to Plaintiff State of North Carolina, the state government and the Attorney General's office of the State of North Carolina, and its officials, employees, representatives, agents, and

attorneys; (6) with respect to Plaintiff State of Ohio, the state government and the Attorney General's office of the State of Ohio, and its officials, employees, representatives, agents, and attorneys; (7) with respect to Plaintiff Commonwealth of Pennsylvania, the state government and the Attorney General's office of the Commonwealth of Pennsylvania, and its officials, employees, representatives, agents, and attorneys; and (8) with respect to Plaintiff Commonwealth Virginia, the state government and the Attorney General's office of the Commonwealth of Virginia, and its officials, employees, representatives, agents, and attorneys.

II. **INSTRUCTIONS**

The following instructions shall apply to each Document Request:

1. Documents covered by these Document Requests include all documents in Your possession, custody or control. Unless otherwise indicated, these Document Requests cover all documents generated or received by You.

2. These Document Requests should be construed as broadly as possible with all doubts resolved in favor of providing full and complete answers to these Document Requests. The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make these Document Requests inclusive rather than exclusive. Except as specifically provided in these Document Requests, words imparting the singular shall include the plural and vice versa, where appropriate.

3. Each request for the production of documents shall be deemed to be continuing in nature. If, at any time, additional documents come into Your possession, custody

or control or are brought to Your attention, prompt supplementation of Your production in response to these Document Requests is required.

4. You shall produce all documents in the manner in which they are maintained in the usual course of Your business, or in which they were produced to You, with any identifying labels, file markings or similar identifying features. Each Document Request shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.

5. If and to the extent documents are maintained in a database or other electronic format, You shall produce, along with the document(s), software that will enable access to the electronic document(s) or database as You would access such electronic document(s) or database.

6. When only a portion of a document relates or refers to the subject indicated, the entire document is to be produced nevertheless, along with all attachments, appendices and exhibits.

7. Any document withheld from production based on a claim of privilege or any similar claim shall be identified in accordance with the protocol laid out in the Order and Stipulation on Protocol for Conducting Electronic Discovery (Dkt. No. 84), and any other subsequently entered order, if any, addressing the same.

8. Documents attached to each other should not be separated.

9. Documents not otherwise responsive to these Document Requests shall be produced if such documents mention, discuss, refer to, or explain document(s) that were called for by any Document Request.

10. In producing documents and other materials, You are requested to furnish all documents or things in Your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or Your agents, employees, representatives, affiliates, or investigators.

11. If You object to any part of any Document Request, You shall state fully the nature of the objection.

12. Notwithstanding any objections, You shall nevertheless comply fully with the other parts of each and every Document Request not objected to.

13. Each Document Request shall be construed independently and not with reference to any other Document Request for the purpose of limitation.

14. If any documents requested herein have been lost, discarded, or destroyed, including documents not produced based upon a claim of privilege, identify such documents as completely as possible, including: (a) the date of disposal or loss; (b) the person who authorized the disposal; (c) any person having knowledge of the disposal or loss; (d) the person who disposed of the document; and (e) the reason for the disposal or loss.

15. Unless otherwise specified or agreed among the parties and/or ordered by the Court, the "Relevant Time Period" for these Document Requests is January 1, 2015 to the present. The use of this relevant time period does not constitute an admission that it is the relevant time period for all discovery in the Action.

**III.    DOCUMENT REQUESTS ADDRESSED TO THE FTC AND THE PLAINTIFF STATES**

**REQUEST NO. 1:** All documents and data obtained by You from any person, entity, State Agency, or government agency, relating to the Action, including but not limited to all documents and data obtained as part of the Investigation.

**REQUEST NO. 2:** All transcripts of and notes relating to oral testimony, whether formal or informal, taken by You of any person, entity, or government agency in connection with the Investigation.

**REQUEST NO. 3:** All civil investigative demands or other requests for documents or information or interrogatories relating to the Investigation, and all responses to such demands or requests, whether formal or informal.

**REQUEST NO. 4:** All internal interview notes and memoranda concerning or relating to the Action and/or the Investigation.

**REQUEST NO. 5:** All documents reflecting any statement of a person, entity, State Agency, or government agency provided in connection with the Action and/or the Investigation.

**REQUEST NO. 6:** All correspondence between You and any third party concerning or relating to the Action and/or the Investigation, including but not limited to those from whom You did not ultimately end up collecting or receiving any documents, data, or other information.

**REQUEST NO. 7:** All documents comprising or reflecting communications between You and FDA employees in connection with the Action and/or the Investigation, including but not limited to all information conveyed between You and the FDA relating to the subject matter of the Action and/or the Investigation.

**REQUEST NO. 8:** All documents showing Your calculation of or methodology for calculating the amount of each form of Damages or Relief that You seek in this Action, including, but not limited to, the factual basis for that methodology.

**REQUEST NO. 9:** All documents relating to or concerning generic entry for Daraprim.

**REQUEST NO. 10:** All documents relating to any requests by You or on Your behalf for information on the price or cost of Daraprim, including but not limited to those sent to, physicians, retail pharmacies, hospitals, wholesalers, manufacturers, State Agencies, and the federal government.

**REQUEST NO. 11:** All documents relating to or supporting Your allegations against Defendant Mr. Shkreli, including but not limited to the allegation in paragraph 31 of the Complaint that "[a]t all times material to this Complaint, acting alone or in concert with others, Shkreli has formulated, directed, controlled, had the authority to control or participated in the acts and practices set forth in this Complaint."

**REQUEST NO. 12:** All documents relating to or supporting Your allegations against any of the Defendants as set forth in the Complaint.

**REQUEST NO. 13:** All documents that You intend to rely upon or use at trial.

IV. **ADDITIONAL DOCUMENT REQUESTS ADDRESSED TO THE PLAINTIFF STATES ONLY**

**REQUEST NO. 14:** All documents sufficient to show the identity, location, and organizational structure, including organizational charts, for each of Your agencies, programs, sub-units, divisions, affiliates, or any other state-run entity that has the authority to make decisions regarding the purchase, sale, distribution, reimbursement of, and reimbursement for Daraprim or a therapeutic equivalent of Daraprim.

**REQUEST NO. 15:** All documents sufficient to show the identity of each State Agency on whose behalf You seek to recover Damages in this Action.

**REQUEST NO. 16:** All documents relating to all factors that You consider or have considered when determining whether to purchase, sell, distribute, reimburse for, or seek reimbursement for Daraprim or a therapeutic equivalent of Daraprim, including, but not limited to:

    a. The price, quantity, strength, dosage, form, brand name or therapeutic equivalent, or package of Daraprim or a therapeutic equivalent of Daraprim;

    b. Any statutory or regulatory considerations or requirements;

    c. Strategies, policies, techniques or practices relating to Your purchase of Daraprim and/or a therapeutic equivalent of Daraprim, including, but not limited to, strategic or exclusive alliances with sellers, buying consortia, aggregating or consolidating purchasing requirements, switching or threatening to switch suppliers, and contract provisions;

    d. All analyses, studies, or reports on prices for Daraprim or a therapeutic equivalent of Daraprim;

    e. All annual budgets or annual analyses of business or market conditions with respect to Daraprim or a therapeutic equivalent of Daraprim; and

    f. Instructions, internal communications, guidelines or policies, either formal or informal, including without limitation, those related to budgets and costs, and any mathematical models, that You used with respect to potential or actual purchases, or potential or actual reimbursements, of Daraprim or a therapeutic equivalent of Daraprim.

**REQUEST NO. 17:** All documents relating to Your process, whether formal or otherwise, for making decisions regarding the purchase, sale, distribution, or reimbursement of Daraprim or a therapeutic equivalent of Daraprim, including but not limited to:

    a. Purchasing methods or procedures relating to requests for bids/quotes, formularies, negotiation of contracts or agreements with sellers, and any other ways in which You purchase Daraprim or a therapeutic equivalent of Daraprim;

    b. Reimbursement methods or procedures You maintain and/or consider in determining reimbursement rates use regarding Daraprim or a therapeutic equivalent of Daraprim including, but not limited to AMP, AWP, MAC, NADAC, WAC, CPI-U, or any other pricing basis You maintain and consider, including but not limited to, any operative statutes or regulations that set reimbursement levels or formulas.

**REQUEST NO. 18:** All documents (including data) relating to the purchase of any Daraprim or a therapeutic equivalent of Daraprim upon which You base any claim, including, but not limited to, all documents concerning and/or identifying:

    a. The identity, type, nature, and capacity of all Persons that sold Daraprim or a therapeutic equivalent of Daraprim to You;

    b. The characteristics of Daraprim or a therapeutic equivalent of Daraprim You purchased (including, but not limited to, strength, dosage, form, and packaging);

    c. The NDC of Daraprim or a therapeutic equivalent of Daraprim You purchased;

    d. The date (of invoice, credit memo, accrual or other appropriate date) of all of Your purchases of Daraprim or a therapeutic equivalent of Daraprim;

    e. The prices You paid for each purchase of Daraprim or a therapeutic equivalent of Daraprim, and, if different, the list prices, including, but not limited to, AMP, AWP,

MAC, NADAC, WAC, CPI-U or any other pricing basis You maintained or considered in connection with any such purchase;

f. The quantities, in unit sales, of Daraprim or a therapeutic equivalent of Daraprim You purchased; and

g. Any contracts, agreements, terms and conditions, invoices, or memoranda of understanding for Daraprim or a therapeutic equivalent of Daraprim You purchased.

Dated: May 1, 2020

/s/ Steven A. Reed
Steven A. Reed (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
steven.reed@morganlewis.com

Stacey Anne Mahoney
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6000
stacey.mahoney@morganlewis.com

Scott A. Stempel (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 739-3000
scott.stempel@morganlewis.com

*Attorneys for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*

ON BEHALF OF **MARTIN SHKRELI**

By: /s/ *Christopher H. Casey*
Christopher H. Casey
Andrew John Rudowitz

DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1155
chcasey@duanemorris.com
ajrudowitz@duanemorris.com

Edward T. Kang
Kandis L. Kovalsky
KANG, HAGGERTY & FETBROYT LLC
123 S. Broad St. #1670
Philadelphia, PA 19109
Tel: (215) 525-5852
ekang@khflaw.com
kkovalsky@khflaw.com

*Counsel for Defendant Martin Shkreli*

ON BEHALF OF **KEVIN MULLEADY**

By: */s/ Kevin Arquit*
Kevin Arquit
Albert Shemmy Mishaan
Kenneth R. David
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1893
karquit@kasowitz.com
smishaan@kasowitz.com
kdavid@kasowitz.com

*Counsel for Defendant Kevin Mulleady*

13

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2020, I caused a true and correct copy of the foregoing to be served via electronic mail upon all Plaintiffs' counsel of record in this action.

DATED: May 1, 2020

       /s/ Steven A. Reed
Steven A. Reed (admitted *pro hac vice*)

*Attorney for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*