# Exhibit E



UNITED STATES OF AMERICA
### Federal Trade Commission
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

September 11, 2020

Christopher H. Casey
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103

**Re: *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 20-cv-00706 (DLC)**

Dear Chris:

      I write to respond to your September 9 letter on our document requests to the Bureau of Prisons and our future productions of documents from the BOP.

      First, regarding your August 12 Request for the Production of Documents, as we told you before, we will be serving our written responses and objections today—i.e., "within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). You are incorrect that today is the "deadline" for our "production" of documents in response to this request. Letter at 1. Our production of documents "must . . . be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). You did not specify September 11—or any day—as a production date in your request. In our responses and objections, we will be specifying a reasonable date for production.

      Second, we disagree with your position that the Order and Protocol for Third-Party and Foreign Discovery (ECF 123) clearly applies to the BOP discovery requests that were issued months before the protocol was in place. The protocol identifies certain notice requirements that apply to future discovery requests—i.e., those that "*are issued* to Third Parties in this Litigation." Third-Party Protocol ¶ 3.b (emphasis added). These notice requirements include providing a copy of the ESI Protocol (ECF 84) and Stipulated Protective Order (ECF 92) to the third party. *Id.* ¶ 3.c. It simply makes no sense to suggest that these notice requirements apply retroactively. For example, the FTC served the BOP discovery requests at issue over a month before the ESI Protocol or the Protective Order were entered by the Court. In fact, the BOP had already fully complied with the FTC's requests before these orders were entered. Clearly, the FTC could not provide documents to the BOP that did not exist under a protocol that had not yet been negotiated and would not be entered for two months.

      Third, even though the third-party discovery protocol does not apply to the BOP form that we submitted in March, we are attaching a copy to this letter. We also have attached a February BOP form. We previously produced the documents responsive to this form on May 15 and then with Bates numbers on May 22. *See* FTC-PROD-00011213 to FTC-PROD-00012634.

Fourth, we have considered your proposal for our upcoming production of the March BOP documents. Pursuant to the Court's August 20, 2020 order (ECF 231), we are removing communications between Shkreli and his attorneys. But nothing in that order requires us to take the other burdensome steps you propose in paragraphs 2 and 3, and we decline to do so.

Fifth, as to future document collections from the BOP (if any), we have already agreed that we will not seek any communications between Shkreli and his attorneys. We also commit to following the third-party discovery protocol and the Court's August 20, 2020 order. Shkreli will thus have every opportunity to object to any future requests that seek information he believes is not relevant to this case. We do not agree to your other conditions, which improperly single out discovery to the BOP and are not required by the Federal Rules or any protocol or order in this case.

Finally, we will defer the production of the March BOP documents until September 18 in the event that you intend to seek relief from the Court.

Sincerely,

*/s/ D. Patrick Huyett*

D. Patrick Huyett

cc:     Counsel of record (via email)

Enc.