NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN



*FIRM and AFFILIATE OFFICES*

CHRISTOPHER H. CASEY
DIRECT DIAL: +1 215 979 1155
PERSONAL FAX: +1 215 689 2194
*E-MAIL:* CHCasey@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

September 25, 2020

***VIA ECF***

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

    Re:    ***FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.,*** **Case No. 1:20-cv-706 (DLC)**

Dear Judge Cote:

The Federal Trade Commission and Martin Shkreli jointly submit this letter to propose a process and schedule for determining which of Mr. Shkreli's Bureau of Prisons-monitored communications with Kandis Kovalsky and Scott Vernick Plaintiffs can access in this case.

1. **Final Production:** By September 30, 2020, the FTC will provide Mr. Shkreli with unredacted versions of any communications with Ms. Kovalsky and Mr. Vernick that the FTC obtained from the BOP in March 2020. Consistent with the Court's August 20, 2020 order, Plaintiffs had produced these documents in redacted form. *See* ECF 231.

2. **Carve-Out:** The parties agree to carve out from review all communications with Ms. Kovalsky and Mr. Vernick on or after March 13, 2020, the date that the BOP imposed COVID-related visiting restrictions.

3. **Search Terms:** After receiving from the FTC the unredacted versions of any emails with Ms. Kovalsky and Mr. Vernick in the March 2020 BOP production, Mr. Shkreli will run the search terms that Plaintiffs and Mr. Shkreli have agreed upon for discovery in this litigation (*see* ECF 252-3 at p. 19) against (1) all of the emails in the BOP productions between Mr. Shkreli and Ms. Kovalsky, and (2) all of the emails in the BOP productions between Mr. Shkreli and Mr. Vernick, with the exception of emails in the "carve-out" period, as explained in Section 2 above. Any e-mail with Ms. Kovalsky and Mr. Vernick that does not contain a search term is deemed irrelevant to this case; as a result, Plaintiffs cannot challenge its status as irrelevant.



4. **Review**: Mr. Shkreli shall review all BOP-monitored emails with Ms. Kovalsky and Mr. Vernick that are responsive to the search terms that took place outside of the carve-out period defined in Section 2. Mr. Shkreli may object to Plaintiffs' access or use in the litigation of these emails because they are prejudicial or because they contain legal advice or strategy related to this litigation or the preceding investigation. As defined by the Court, prejudicial material shall include material "that involves Mr. Shkreli's health or family issues or personal issues unrelated to his business."

   Mr. Shkreli will transcribe all phone recordings with Ms. Kovalsky and Mr. Vernick to determine whether he will object to Plaintiffs' access or use in the litigation of these materials based on relevance or because they are prejudicial or because they contain legal advice or strategy related to this litigation or the preceding investigation.

5. **Log:** By October 14, 2020, Mr. Shkreli shall provide Plaintiffs with the following:
   a. A log containing a list of the emails and phone calls to which Mr. Shkreli is objecting.
      i. For emails, the log will contain the following information: BegBates, EndBates, From, To, Subject, Date, Subject matter of the communication, and the grounds for the objection.
      ii. For phone calls, the log will include the Bates number of the recording, the Participant, the page and line numbers of the portion of the transcript to which Mr. Shkreli objects, the Subject matter of the communication, and the grounds for the objection.
   b. A list of the emails, by Bates number, that Mr. Shkreli is not objecting to and copies of all the transcripts of the phone calls redacting the portions that Mr. Shkreli is objecting to; and
   c. A list of the emails that do not hit on the search terms or were carved out.

6. **Plaintiffs' Challenges:** By October 21, 2020, Plaintiffs will identify any challenges they have to the communications on Mr. Shkreli's log on an entry-by-entry basis. The parties will meet and confer in an effort to resolve any disputes.

7. **Remaining Disputes:** By November 4, 2020, if necessary, the parties will submit any remaining disputes to the Court for resolution.

8. **Destruction:** Consistent with the Court's August 20, 2020 Order, ECF 231, Plaintiffs have redacted Mr. Shkreli's communications with his attorneys identified in the revised list provided to Plaintiffs on September 2, 2020. *See* ECF 238-2. Plaintiffs will maintain the redactions of Ms. Kovalsky's and Mr. Vernick's emails that (1) remain on Mr. Shkreli's log following the resolution of any disputes in Sections 6 or 7 or (2) are on the list of the emails in the BOP productions that do not hit on the search terms or were carved out of the dataset as explained in Sections 2 and 5(c).

The Honorable Denise L. Cote
September 25, 2020
Page 3



      Plaintiffs will be permitted to access unredacted versions of any of Ms. Kovalsky's and Mr. Vernick's emails, phone transcripts, or phone recordings that Mr. Shkreli is not objecting to, as explained in Section 5(b), or any email or portion of a phone transcript or recording for which there is a final determination that Plaintiffs can access it pursuant to Sections 6 and 7. Plaintiffs will destroy all unredacted versions of each email for which Plaintiffs have maintained the redactions, as explained above, and the recordings of each call to which Mr. Shkreli objected. Plaintiffs will also destroy any unredacted versions of emails, and any phone recordings, between Mr. Shkreli and the other attorneys identified in the revised list provided to Plaintiffs on September 2, 2020. *See* ECF 238-2.

9. **Future BOP Requests:** Plaintiffs will not make any future requests from the BOP for communications between Mr. Shkreli and his attorneys. Plaintiffs and Mr. Shkreli will meet and confer before Plaintiffs make any future request to the BOP to discuss how to address any inadvertent production of attorney communications.

                                              Respectfully submitted,

                                              */s/ Christopher H. Casey*
                                              Christopher H. Casey

CHC