IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**FEDERAL TRADE COMMISSION, et al.,**

    **Plaintiffs,**

    v.

**VYERA PHARMACEUTICALS, LLC, et al.,**

    **Defendants.**

**Case No.: 1:20-cv-00706-DLC**

**Memorandum of Law in Support of Plaintiffs' Motion to Strike Certain Defenses**

Plaintiffs move to strike Defendants Vyera Pharmaceuticals and Phoenixus AG's (collectively "Vyera")'s Fourth Defense and Defendant Martin Shkreli's Fourth, Thirteenth, and Fifteenth Defenses because they re-argue positions that the Court has already rejected.[1] Vyera and Shkreli assert that Plaintiffs' claims are barred for failure to allege an ongoing violation, and Shkreli further contends that the claims against him are barred because he did not personally enter the relevant agreements or possess monopoly power. The Court has already ruled on these issues. And because none of these defenses involve factual questions, Plaintiffs' case "would succeed despite any state of the facts which could be proved in support of [each] defense." *NCUA Bd. v. Morgan Stanley & Co.*, No. 13 CIV 6705 (DLC), 2014 WL 1673351, at *2 (S.D.N.Y. Apr. 28, 2014) (internal quotation marks omitted). Plaintiffs thus request that the Court strike these defenses to avoid future unnecessary discovery and motion practice.

## BACKGROUND

On May 22, 2020, Defendants filed three separate motions to dismiss Plaintiffs' Amended Complaint. ECF 118, 122, 129. All three motions argued that the FTC's case (and certain New York claims) should be dismissed because the complaint failed to allege an ongoing violation of the law. Defendants Shkreli and Mulleady (the "Individual Defendants") also argued that they could not be individually liable for antitrust violations because they did not personally sign all of the challenged agreements and did not personally possess monopoly or market power.

On August 18, 2020, the Court issued an Opinion and Order denying Defendants' motions except as to one Pennsylvania state law claim. ECF 229. The Court rejected Defendants' arguments that Plaintiffs had failed to plead an ongoing violation: "[T]he FTC has alleged that

---

[1] Defendant Mulleady's answer does not specifically raise the defenses Plaintiffs move to strike here, but he incorporates by reference "any applicable defense pleaded by any other Defendant." ECF 257 at 66, Twentieth Defense. To the extent Mulleady's answer incorporates the challenged defenses, Plaintiffs move to strike those as well.

1


the Individual Defendants, as well as Vyera, were still engaged in the alleged violations of the antitrust laws as of the date that the FTC filed this lawsuit." *Id.* at 23. The Court thus held that "Section 13(b) [of the FTC Act] provides the FTC with the authority to file this lawsuit in federal court" and that, "for the same reasons," the complaint adequately alleges violations under New York's Executive Law Section 63-12. *Id.* at 24.

The Court also rejected the Individual Defendants' argument that Plaintiffs "must allege that they, as individuals, conspired with Vyera's distributors or suppliers for purposes of the plaintiffs' § 1 claims, or that they, as individuals, possessed monopoly power for purposes of the plaintiffs' § 2 claim." *Id.* at 36. The Court held instead that "[p]erforming the activities described in the Amended Complaint as corporate officers and agents is sufficient to subject them to liability for antitrust violations." *Id.*

Thereafter, on September 15, 2020, each Defendant filed an answer. ECF 254, 257, 259.

Vyera lists 12 "Affirmative and Other Defenses," including a defense that "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged that Vyera is presently engaged in ongoing violations of law, as required by, *inter alia*, Section 13(b) of the Federal Trade Commission Act and New York Executive Law Section 63(12)." ECF 254 at 56, Fourth Defense (internal citations omitted).

Shkreli's answer lists 30 defenses, including verbatim the same "ongoing violation" defense as Vyera (ECF 259 at 57, Fourth Defense). Shkreli also asserts that Plaintiffs' claims are barred because "Mr. Shkreli did not enter into or sign any agreements with any distributors, hospitals, other downstream purchasers, or any API suppliers" (ECF 259 at 58, Thirteenth Defense) and because "Mr. Shkreli, as an individual, does not possess any market power or monopoly power" (ECF 259 at 59, Fifteenth Defense).

## ARGUMENT

The Court may strike "insufficient defense[s]" from any pleading under Federal Rule of Civil Procedure 12(f). A plaintiff seeking to strike a defense must show "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *SEC v. KPMG LLP*, No. 03-cv-671 (DLC), 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003) (internal quotation marks omitted). "Although motions to strike are not favored, where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *Id.* (internal citation and quotation marks omitted).

Striking a defense is appropriate when it simply re-raises an already-decided point of law because "[t]here is no need to litigate the same issue again." *FTC v. Quincy Bioscience Holding Co.*, No. 17 CIV. 124 (LLS), 2020 WL 1031271, at *2 (S.D.N.Y. Mar. 2, 2020). "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002) (quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991)). The Second Circuit has counseled against a court revisiting its earlier rulings "absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (internal quotation marks omitted). Here, the challenged defenses involve only questions of law or the sufficiency of complaint allegations.

### A. The Court should strike defenses that Plaintiffs have not alleged an ongoing violation

Vyera and Shkreli each assert a defense that "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged that Vyera [or Shkreli] is presently engaged in ongoing violations of law, as required by, *inter alia*, Section 13(b) of the Federal Trade Commission Act and New York Executive Law Section 63(12)." ECF 254 at 56, Fourth Defense; ECF 259 at 57, Fourth Defense. This defense was previously raised in Defendants' motions to dismiss and rejected by the Court. For example, Vyera argued that the complaint should be dismissed because the FTC "does not allege that Vyera 'is' violating the law." ECF 118 at 14.[2] The Court disagreed, holding that "the FTC has alleged that the Individual Defendants, as well as Vyera, were still engaged in the alleged violations of the antitrust laws as of the date that the FTC filed this lawsuit." ECF 229 at 23. The Court further held that Defendants' arguments related to New York's Executive Law failed for the same reason. *Id.* at 24.

There is no remaining question of law or fact that could allow this defense to succeed. Defendants have previously acknowledged that Section 13(b)'s "is . . . or about to" language is satisfied when the FTC pleads an ongoing violation at the time it files a lawsuit. *See* ECF 118 at 22 ("[U]nder the plain language of the statute, the FTC must **plead facts** demonstrating either an ongoing or imminent violation of law in order to bring an action in federal court." (emphasis added)); *see also FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 158 (3d Cir. 2019) (plain language of 13(b) "requires the FTC to plead, at the time it files suit, that a violation 'is' occurring or 'is about to' occur").[3] And the Court held that the FTC (as well as New York) did

---

[2] The Individual Defendants incorporated this argument and also argued separately that the complaint did not sufficiently allege ongoing conduct by them. *See* ECF 122 at 8-9, ECF 129 at 10-13.

[3] In an October 6 email to Plaintiffs, Vyera offered to remove "Plaintiffs have not alleged" from their Fourth Defense and instead stand on a defense that, as a factual matter, they were not violating the law at the time the
(Continued…)

4

so. Defendants have suggested in their correspondence that the purpose of this defense is to allow them to re-raise this issue later in the case. *See* Ex. 1 at 3, Email from N. Kaufman to B. Albert (Sept. 28, 2020). But additional evidence will not alter the sufficiency of the complaint allegations, and this issue thus has no further relevance.[4]

Allowing Defendants to maintain this defense would prejudice Plaintiffs by creating irrelevant discovery and motion practice on whether or when the challenged conduct has ended. *See*, *e.g.*, *NCUA Bd.*, 2014 WL 1673351, at *7 ("Permitting these defenses to remain may suggest to Morgan Stanley that it may pursue discovery into loss causation issues that are irrelevant to this case."). For example, maintaining these defenses could encourage irrelevant discovery into the FTC's state of mind at the time of filing,[5] when and why Defendants ended certain contracts, the timing of FDA actions, or the timing of Shkreli's prison communications.

The Court should strike Vyera's Fourth Defense and Shkreli's Fourth Defense as insufficient under Rule 12(f).

### B. The Court should strike Shkreli's defenses that seek to revisit a rejected legal standard for individual liability

Shkreli raises defenses that Plaintiffs' "claims are barred" because he did not personally "sign any agreements with any distributors, hospitals, other downstream purchasers or any API suppliers" (ECF 259 at 58, Thirteenth Defense) and he, "as an individual, does not possess any

---

complaint was filed. *See* Ex. 1 at 1, Email from N. Kaufman to B. Albert (Oct. 6, 2020). Even with this proposed revision, the defense is legally insufficient. As explained above, the authorities on which Defendants rely require only that the complaint adequately alleges ongoing conduct at the time of filing.

[4] The Third Circuit also expressly stated that Section 13(b) is not a jurisdictional statute and that the "is . . . or about to" inquiry was not related to subject matter jurisdiction. *See Shire*, 917 F.3d at 153-54 ("Section 13(b)'s 'is' or 'is about to violate' requirement is nonjurisdictional."); *see also See FTC v. Surescripts, LLC*, 424 F. Supp. 3d 92, 97 (D.D.C. 2020) (finding that Section 13(b) is not a jurisdictional statute). And under New York law, even voluntary discontinuance of misconduct is insufficient to deny an injunction. *See, e.g., People ex rel. Schneiderman v. Greenberg,* 27 N.Y.3d 490, 496-97 (2016).

[5] As the Court has noted, the text of 13(b) permits the FTC to bring an action when it has "reason to believe" a defendant is violating, or is about to violate the law. ECF 229 at 19.

5

market power or monopoly power" (ECF 259 at 59, Fifteenth Defense). The Court has rejected these arguments. As the Court explained, the Individual Defendants' motions to dismiss contended that Plaintiffs "must allege that they, as individuals, conspired with Vyera's distributors or suppliers for purposes of the plaintiffs' § 1 claim, or that they, as individuals, possessed monopoly power, for purposes of the plaintiffs' § 2 claim." ECF 229 at 36. The Court rejected this standard, holding that "[p]erforming the activities described in the Amended Complaint as corporate officers and agents is sufficient to subject [the Individual Defendants] to liability for antitrust violations." *Id.*

Because the Individual Defendants' liability is not predicated on physically signing agreements or possessing monopoly power in their personal capacities, there is no question of fact that could allow these defenses to succeed. Indeed, as the Court observed, Plaintiffs do not allege that the Individual Defendants are liable for acts done in their personal capacity, but instead for their participation in and direction of Vyera's violations. Allowing Shkreli (and Mulleady by reference) to maintain these defenses could lead to irrelevant discovery and motion practice—for example, discovery into the specific signatories for Vyera's hundreds of distribution and purchase agreements or unnecessary briefing on the appropriate standard for individual liability.

The Court should strike Shkreli's Thirteenth and Fifteenth Defenses as insufficient under Rule 12(f).

## CONCLUSION

For the foregoing reasons, the Court should strike Vyera's Fourth Defense and Defendant Shkreli's Fourth, Thirteenth, and Fifteenth Defenses.

Dated:  October 6, 2020

Respectfully submitted,

*/s/ Markus H. Meier*
Markus H. Meier
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-3759
mmeier@ftc.gov
*Counsel for Plaintiff*
*Federal Trade Commission*

*/s/ Elinor R. Hoffman*
Elinor R. Hoffmann
Office of the Attorney General
28 Liberty Street
New York, NY 10006
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov
*Counsel for Plaintiff State of New York*

*/s/ Michael D. Battaglia*
Michael D. Battaglia
Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3769
michael.battaglia@doj.ca.gov
*Counsel for Plaintiff State of California*

*/s/ Richard S. Schultz*
Richard S. Schultz
Assistant Attorney General
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
Tel: (312) 814-3000
rschultz@atg.state.il.us
*Counsel for Plaintiff State of Illinois*

/s/ K.D. Sturgis
K.D. Sturgis
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC  27603
Tel: (919) 716-6000
ksturgis@ncdoj.gov
*Counsel for Plaintiff State of North Carolina*

/s/ Elizebeth M. Maag
Elizebeth M. Maag
Associate Assistant Attorney General
Office of the Ohio Attorney General
Antitrust Section
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
Tel: (614) 466-4328
liz.maag@ohioattorneygeneral.gov
*Counsel for Plaintiff State of Ohio*

/s/ Joseph S. Betsko
Joseph S. Betsko
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Antitrust Section
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

/s/ Tyler T. Henry
Tyler T. Henry
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
thenry@oag.state.va.us
*Counsel for Plaintiff Commonwealth of Virginia*