# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA,<br><br>Plaintiffs,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC<br><br>Defendants. | Case No. 1:20-cv-00706-DLC |

## MARTIN SHKRELI'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN DEFENSES

Christopher H. Casey, Esq. (*pro hac vice*)
A.J. Rudowitz, Esq. (*pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1155/1974
Fax: (215) 689-2194
chcasey@duanemorris.com
ajrudowitz@duanemorris.com

Edward T. Kang
Kandis L. Kovalsky
KANG, HAGGERTY & FETBROYT LLC
123 S. Broad St. #1670
Philadelphia, PA 19109
Tel: (215) 525-5852/1993
Fax: (215) 525-5860
ekang@khflaw.com
kkovalsky@khflaw.com

*Counsel for Defendant Martin Shkreli*

**I.     INTRODUCTION**

Plaintiffs move the Court to strike certain affirmative defenses asserted by Mr. Shkreli and by Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG (collectively, "Vyera").  ECF No. 290.  Plaintiffs have moved to strike three of Mr. Shkreli's affirmative defenses, relating to (1) Plaintiffs' failure to allege an ongoing or imminent violation of law, (2) Mr. Shkreli's lack of any monopoly or market power, and (3) the absence of any evidence that Mr. Shkreli signed any of the agreements at issue.  This Court has held on numerous occasions that motions to strike affirmative defenses under Federal Rule of Civil Procedure 12(f) are disfavored and are held to a strict standard that requires the plaintiff to show that the defense cannot succeed and that the plaintiff is prejudiced by the inclusion of the defense.  Plaintiffs fail to carry their heavy burden to strike any of these affirmative defenses, and thus the Court should deny Plaintiffs' motion.

**II.    ARGUMENT**

    **A.     Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that "[o]n motion made by a party . . . [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  This Court has held that a motion to strike affirmative defenses is disfavored and held to a "stringent standard." *Lumos Tech. Co. v. JEDMED Instrument Co.*, No. 16-cv-6939(DLC), 2017 U.S. Dist. LEXIS 54503, at *3 (S.D.N.Y. Apr. 10, 2017) (Cote, J.).  "[A] motion to strike affirmative defenses is generally not favored and 'will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense.'" *Cty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 152 (S.D.N.Y. 2002) (quoting *LNC Investments Inc. v. First Fidelity Bank*, 1997 U.S. Dist. LEXIS 12858, No. 92 Civ. 7584, 1997 WL 528283, at *48 (S.D.N.Y. Aug. 27, 1997)).

To prevail on a motion to strike, the moving party must satisfy each element of the

following three-part test:

> First, there may be no question of fact which might allow the defense to succeed. . . . Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed. . . . Third, plaintiff must show that it is prejudiced by the inclusion of the defense.

*Id*. (quoting *SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)). "[U]nless it is certain that the plaintiff will prevail despite any possible state of facts, the motion to strike must fail." *Id*. Further, "a motion to strike 'is not intended to furnish an opportunity for the determination of disputed and substantial questions of law.'" *Id*. (quoting *United Artists Assoc., Inc. v. NWL Corp*., 198 F. Supp. 953, 959 (S.D.N.Y. 1961)). And, finally, "absent a showing of prejudice, the motion to strike must be denied." *Id*. "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95-99 (2d Cir. 2019).

### B. The Court Should Not Strike Mr. Shkreli's Fourth Affirmative Defense[1]

Plaintiffs move the Court to strike both Vyera's and Mr. Shkreli's Fourth Affirmative Defense – that Plaintiffs fail to allege an ongoing or imminent violation of law. Mr. Shkreli's Fourth Affirmative Defense is identical to Vyera's, *i.e.*, "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged that Mr. Shkreli is presently engaged in ongoing violations of law, as required by, *inter alia*, Section 13(b) of the Federal Trade Commission Act and New York Executive Law Section 63(12), N.Y. Exec. Law § 63(12)." For all of the reasons set forth in the Vyera Opposition Brief, Plaintiffs fail to carry their heavy burden to strike Mr. Shkreli's Fourth Affirmative Defense. In the alternative, should the Court grant Plaintiffs' motion to strike Mr. Shkreli's Fourth Affirmative Defense, the Court should permit Mr. Shkreli leave to

---

[1] Mr. Shkreli fully incorporates the arguments set forth in Vyera's Memorandum of Law in Opposition to Plaintiffs' Motion to Strike ("Vyera Opposition Brief"), filed on this same day.

2

amend his Fourth Affirmative Defense.[2]

### C. The Court Should Not Strike Mr. Shkreli's Thirteenth and Fifteenth Affirmative Defenses

Plaintiffs have also moved the Court to strike Mr. Shkreli's Thirteenth and Fifteenth Affirmative Defenses. Mr. Shkreli's Thirteenth Affirmative Defense is that "Plaintiffs' claims are barred, in whole or in part, because Mr. Shkreli did not enter into or sign any agreements with any distributors, hospitals, other downstream purchasers, or any API suppliers." Mr. Shkreli's Fifteenth Affirmative Defense is that "Plaintiffs' claims are barred, in whole or in part, because Mr. Shkreli, as an individual, does not possess any market power or monopoly power." Plaintiffs argue that the Court should strike these affirmative defenses because it rejected similar arguments in denying Mr. Shkreli's motion to dismiss. This argument fails for several reasons.

First, although they argue that these defenses raise issues that the Court decided in ruling on the motion to dismiss, Plaintiffs concede that Mr. Shkreli's argument in his motion to dismiss was that "Plaintiffs 'must *allege* that they, as individuals, conspired with Vyera's distributors or suppliers for purposes of the plaintiffs' § 1 claim, or that they, as individuals, possessed monopoly power, for purposes of the plaintiffs' § 2 claim.'" Plaintiffs' Motion to Strike at p. 6 (quoting ECF No. 229 at 36) (emphasis added). Mr. Shkreli's Thirteenth and Fifteenth Affirmative Defenses do not state that Plaintiffs failed to *allege* anything. Rather, those defenses state that Plaintiffs' claims are barred because Plaintiffs cannot *prove* facts that are necessary for their claims that Mr. Shkreli entered into or signed the allegedly illegal agreements, and that he possessed monopoly power. These are issues that were not presented to the Court in the motion to dismiss.

---

[2] Mr. Shkreli's counsel had intended to offer to Plaintiffs the same compromise language for his Fourth Affirmative Defense as Vyera offered (*see* Vyera Opposition Brief at Exh. A.) However, Plaintiffs immediately rejected Vyera's offer and filed the motion to strike.

3

Second, Plaintiffs' argument that the law of the case doctrine governs Mr. Shkreli's Thirteenth and Fifteenth Affirmative Defenses has no merit. The law of the case doctrine holds that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case." *United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir. 2002) (citation omitted). But again, Mr. Shkreli's Thirteenth and Fifteenth Affirmative Defenses do not re-raise issues that the Court has already ruled on. In deciding the motion to dismiss, the Court considered the sufficiency of the allegations in the Amended Complaint—accepting the allegations as true—and decided that it met the pleading standards. Mr. Shkreli's affirmative defenses, by contrast, raise entirely different issues, namely, whether Plaintiffs can prove that Mr. Shkreli entered into or signed any of the allegedly illegal agreements, and whether he possessed monopoly power. These are "question(s) of fact which might allow the defense(s) to succeed." *Toomey*, 866 F. Supp. at 722.

Moreover, the law of the case doctrine "does not preclude th[e] [c]ourt from reconsidering issues on summary judgment that have initially been raised in the context of a motion to dismiss." *Nobel Ins. Co. v. City of New York*, No. 00-CV-1328 KMK, 2006 WL 2848121, at *4 (S.D.N.Y. Sept. 29, 2006). It is axiomatic that the standards a plaintiff must meet to proceed on its claims change from the motion to dismiss stage to the summary judgment stage, and ultimately to the trial stage. Accordingly, Plaintiffs' argument that Mr. Shkreli should be estopped from raising defenses similar to those raised at the motion to dismiss stage fails as a matter of law.

Third, Plaintiffs' prejudice argument is particularly weak. Because Mr. Shkreli's affirmative defenses were timely filed, they should be allowed even if they prejudice Plaintiffs by expanding the scope of the litigation. *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95-99 (2d Cir. 2019). Plaintiffs' claim that they are prejudiced because "[a]llowing [Mr.]

4

Shkreli (and [Mr.] Mulleady by reference) to maintain these defenses could lead to irrelevant discovery and motion practice" is unsupported by the record.  Plaintiffs' example of such "irrelevant discovery"—"discovery into the specific signatories for Vyera's hundreds of distribution and purchase agreements"—is belied by Plaintiffs' own discovery requests, which seek broad discovery regarding all of the agreements between Vyera and its suppliers and distributors.  For example, Plaintiffs' Document Request No. 2 to Vyera seeks "All documents relating to the negotiation of any contract or contract amendment for the distribution of Daraprim or Authorized Generic Daraprim."  *See* Plaintiffs' First Set of Document Requests to Vyera, attached hereto as Exhibit A.  And Plaintiffs' claim that these defenses would lead to "unnecessary briefing on the appropriate standard for individual liability" is clearly an attempt to deny Mr. Shkreli (and Mr. Mulleady by reference) the opportunity, at the appropriate time, to brief the issue of whether Plaintiffs have proven facts to support their argument that Mr. Shkreli should be held individually liable for the allegations in the Amended Complaint.  Such briefing is not "unnecessary," and clearly cannot constitute sufficient prejudice to support Plaintiffs' motion to strike.

Therefore, Plaintiffs have failed to meet the "stringent standard" to strike Mr. Shkreli's Thirteenth and Fifteenth Affirmative Defenses.  They have failed to show that: (1) Plaintiffs will prevail despite any possible state of facts; (2) there exists no disputed and substantial questions of law; and (3) Plaintiffs will suffer prejudice from the inclusion of these defenses.

### III.  CONCLUSION

For all these reasons, the Court should deny Plaintiffs' Motion to Strike Certain of Mr. Shkreli's Affirmative Defenses.

Dated: October 21, 2020

Respectfully submitted,

By: */s/ Christopher H. Casey*
Christopher H. Casey, Esq. (admitted *pro hac vice*)
A.J. Rudowitz, Esq. (admitted *pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1155/1974

Edward T. Kang
Kandis L. Kovalsky
KANG, HAGGERTY & FETBROYT LLC
123 S. Broad St. #1670
Philadelphia, PA 19109
Tel: (215) 525-5852/1993

*Attorneys for Defendant Martin Shkreli*