IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

VYERA PHARMACEUTICALS, LLC, et al.,

Defendants.

Case No.: 1:20-cv-00706-DLC

**Plaintiffs' Reply in Support of Their Motion to Strike Certain Defenses**

Defendants' opposition briefs confirm that the challenged defenses seek to re-litigate already-resolved legal issues. First, having lost their argument that Plaintiffs failed to allege ongoing misconduct, Vyera Pharmaceuticals and Phoenixus AG (collectively "Vyera") now double down and seek to convert this threshold pleading requirement into an additional element of proof at trial. Vyera Opp'n, ECF 296 at 6. But this repackaged argument is belied by the plain text of Section 13(b) of the FTC Act and New York's Executive Law, as well as by the very precedent that Vyera relied on in its motion to dismiss. Second, Defendants Martin Shkreli and Kevin Mulleady (the "Individual Defendants") continue to argue that Plaintiffs must prove they signed agreements in their personal capacities and personally possessed monopoly power. The Court, however, previously rejected both arguments as a matter of law and held that Plaintiffs can proceed against the Individual Defendants based on their participation in, knowledge of, and direction of the corporate violations. Given the Court's prior rulings, there is no question of law or fact that could allow the challenged defenses to succeed. The Court therefore should strike them so that neither the Court nor Plaintiffs are required to spend further time and resources on these issues.

## ARGUMENT

### A. The Court should reject Vyera's attempt to recast its "ongoing conduct" pleading argument as a substantive element of Plaintiffs' case

Vyera essentially concedes that its Fourth Affirmative Defense—that Plaintiffs have not adequately alleged ongoing conduct—is foreclosed in its current form by the Court's motion to dismiss opinion. As the Court held, "Section 13(b) [] provides the FTC with the authority to file this lawsuit in federal court" because the FTC alleged that Defendants were engaged in antitrust violations on the date this suit was filed. Op. MTD, ECF 229 at 23; *see also* Vyera Opp'n, ECF

296 at 5.[1] Vyera thus requests leave to amend its defense to "contest Plaintiffs' failure to *prove* an ongoing antitrust violation at the time of the Complaint, rather than the failure to *plead* an ongoing violation." Vyera Opp'n, ECF 296 at 6. In other words, Vyera now contends that the FTC and New York must prove at trial that Defendants were violating or about to violate the law on January 27, 2020, or we will retroactively be stripped of authority to bring our claims in federal court.[2] Vyera's new wording, however, is no more viable than the original.

First, Vyera's new reading of Section 13(b) is inconsistent with the plain text of the statute. Section 13(b) does not say that the FTC must prove as an element of its case that a defendant was violating the law on the date the FTC filed a complaint. At most, the statute creates a threshold standard that "requires the FTC to plead, at the time it files suit, that a violation is 'occurring' or 'is about to' occur." *FTC v. Shire ViroPharma*, 917 F.3d 147, 158 (3d Cir. 2019). To the FTC's knowledge, no court has ever held that Section 13(b)'s "is . . . or is about to" requirement persists beyond the pleading stage or becomes an element of proof in the FTC's case. Moreover, as this Court has noted, the statute "allows the FTC to file suit in federal district court when it *has 'reason to believe'* a defendant 'is violating, or is about to violate' the antitrust laws." Op. MTD, ECF 229 at 19 (quoting 15 U.S.C. § 53(b)) (emphasis added). Vyera's

---

[1] Defendant Shkreli does not make any independent arguments regarding his "ongoing conduct" defense and instead incorporates Vyera's arguments. *See* Shkreli Opp'n, ECF 294 at 2. Plaintiffs arguments in reply to Vyera apply equally to Shkreli's Fourth Defense.

[2] The practical implications of Vyera's new theory reinforce the conclusion that it is not a viable reading of Section 13(b). According to Vyera, if, after a full federal court litigation, the FTC fails to prove at trial that Defendants were violating the law in January 2020 (even if it proves that Defendants violated the law in the past), then the FTC's federal court case would fail. The FTC, however, would be free to re-litigate the same violation in the FTC's internal administrative process (a process that Vyera concedes permits challenges to past violations, *see* Vyera MTD, ECF 118 at 16). It is highly implausible that Congress would create a statutory scheme that led to such a wasteful result.

proposed inquiry into whether the conduct was *actually* ongoing on the filing date does not address the statute's *reason to believe* standard.[3]

Second, contrary to Vyera's assertion, Section 13(b) does not implicate the Court's subject matter jurisdiction. The Court has subject matter jurisdiction over this action under several provisions of the U.S. Code. *See* Compl. ¶ 9.[4] Section 13(b) does not limit that jurisdiction. Many statutes have prerequisites or requirements for bringing federal lawsuits. As the Second Circuit has observed, however, the Supreme Court "has repeatedly warned against construing provisions that limit a statute's coverage as references to subject matter jurisdiction unless that meaning was 'clearly state[d]'in the statute." *United States v. Prado*, 933 F.3d 121, 133 (2d Cir. 2019) (quoting *Arbaugh v. Y&H Corp.*, 545 U.S. 500, 515-16 (2006) (statutory provision is only jurisdictional if Congress has "clearly state[d]" so)). Section 13(b) contains no such clear statement. The statute does not "even include the word 'jurisdiction,' let alone a statement that any of the statutory requirements are jurisdictional." *FTC v. Surescripts, LLC*, 424 F. Supp. 3d 92, 97 (D.D.C. 2020). Indeed, the Third Circuit's *Shire* decision conducted this analysis and expressly rejected the argument that Section 13(b) limits a court's subject matter

---

[3] Indeed, Section 13(b)'s "reason to believe" standard further illustrates that the "is . . . or is about to" language is only a threshold pleading issue. The Federal Rules of Civil Procedure require that, "to the best of [the FTC's] knowledge, information, and belief, formed after reasonable inquiry," any factual allegations in the Complaint "have evidentiary support." Fed. R. Civ. P. 11(b)(3). Thus, the FTC's allegations of ongoing conduct themselves demonstrate that the Commission had reason to believe the violation was ongoing. Further inquiry into the FTC's reason-to-believe determination would require the Court to "probe [the FTC Commissioners'] mental processes, a practice condemned by the Supreme Court." *Boise Cascade Corp. v. FTC*, 498 F. Supp. 772, 779 (D. Del. 1980).

[4] Specifically, the Court has subject matter jurisdiction under: (1) 28 U.S.C. § 1331, because this action arises under federal law; (2) 28 U.S.C. § 1337(a), because this action arises under statutes "regulating commerce or protecting trade and commerce against restraints and monopolies"; and (3) 28 U.S.C. § 1345, because this is a "civil action[] commenced by … an[] agency" of the United States. Each of these independent sources of subject matter jurisdiction is well established for FTC suits under Section 13(b). *See, e.g.*, *FTC v. AT&T Mobility LLC*, 883 F.3d 848, 853 (9th Cir. 2018) (en banc) ("AT&T's characterization of its motion [as challenging the court's subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)] is incorrect. Although AT&T disputes the FTC's regulatory jurisdiction, the district court had federal question jurisdiction because the dispute was one 'arising under' federal law. 28 U.S.C. § 1331."); *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 242 (3d Cir. 2015) (holding that the district court had "subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1337(a), and 1345"). The Court further has supplemental jurisdiction over the State Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

jurisdiction. *See FTC v. Shire ViroPharma*, 917 F.3d 147, 154 (3d Cir. 2019) ("Section 13(b) includes no indicia that Congress intended to 'rank a statutory limitation as jurisdictional.'" (quoting *Arbaugh*, 546 U.S. at 516)).

Third, Vyera's reliance on *FTC v. AbbVie Inc.*, 329 F. Supp. 3d 98 (E.D. Pa. 2018), and similar cases is misplaced. Those cases analyzed the facts as they existed at the remedy stage in order to assess whether there was a "cognizable danger of recurrent violation"—the traditional standard for injunctive relief against past conduct set forth in *United States v W.T. Grant Co.*, 345 U.S. 629, 633 (1953). They do not support Vyera's argument that a court should look backwards to whether there was ongoing misconduct on the date the case was filed. The Third Circuit's decision on appeal in *AbbVie* expressly distinguishes these two analyses:

> [I]n *Shire,* we held that whereas Section 13(b) of the FTC Act requires a plaintiff to plead the defendant "is violating" or is "about to violate" the antitrust laws, the likelihood-of-recurrence standard "applies when a court is considering whether to grant or deny injunctive relief."

*FTC v. AbbVie Inc.*, 2020 WL 5807873, at *38 (3d Cir. Sept. 30, 2020) (quoting *Shire*, 917 F.3d at 158). And Vyera itself has previously argued that decisions like *AbbVie* are "inapposite" to the question of whether the FTC "had authority to sue in federal court in the first place." Vyera MTD Reply, ECF 199 at 7 & n.5 (distinguishing cases addressing "whether an injunction should issue").

Vyera's argument is similarly wrong with respect to New York Executive Law Section 63(12). To begin with, this Court clearly has jurisdiction to adjudicate New York's state law claims pursuant to 28 U.S.C. § 1367(a).[5] Moreover, New York Executive Law Section 63(12)

---

[5] Contrary to Vyera's assertion (Vyera Opp'n, ECF 296 at 7), New York Executive Law Section 63(12) also does not implicate subject matter jurisdiction. The statute does not mention 'jurisdiction' and imposes no jurisdictional restriction. *See Thrasher v. U. S. Liab. Ins. Co.*, 19 N.Y.2d 159, 166 (1967) (subject matter jurisdiction is the "power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear (Continued…)

4

does not even share the same phrases in Section 13(b) on which Vyera mistakenly relies. And there is no set of facts under which Vyera could prevail on its defense, since it is well-settled that New York courts ordinarily grant injunctive relief against future improper conduct, even where the respondent has discontinued the fraudulent or illegal acts. *See*, *e.g.*, *People v. Orbital Publ.Group,* 169 A.D.3d 564, 565 (App.Div.1st Dep't 2019) ("The voluntary removal by respondents of some of the challenged language . . . shortly before this proceeding was commenced does not prevent a finding of liability for the years when the language was in place or the issuance of an injunction to prevent re-inclusion of the language in the future."); *State v. Midland Equities of New York, Inc.*, 117 Misc. 2d 203, 206 (N.Y. C'ty 1982) ("Voluntary discontinuance of improper or illegal activity is no assurance that such activity will not be resumed."); *People v. Applied Card Sys., Inc.*, 27 A.D.3d 104, 109 (3d Dep't 2005); *State v. Gen. Elec. Co., Inc.*, 302 4 A.D.2d 314, 316 (1st Dep't 2003). The Fourth Affirmative Defense is therefore a non sequitur with respect to Section 63(12).

Finally, Vyera's brief underscores the prejudice to the FTC and New York if the Fourth Affirmative Defense is not stricken. Vyera makes clear that it seeks to add an entire additional element of proof to Plaintiffs' claims and emphasizes that it wants to turn the question of whether there was ongoing misconduct on January 27, 2020 into a "central pillar" of the Court's ability to hear this case. Vyera Opp'n., ECF 296 at 9.

Because this Court has already held that the FTC and New York had authority to file this action based on our allegations of ongoing conduct, and because neither Section 13(b) nor New York's Executive Law require Plaintiffs to subsequently prove that Vyera's conduct was ongoing on the date we filed this case, there is no question of law or fact that could allow Vyera's current

---

in a particular case, arising, or which is claimed to have arisen, under that general question" (quoting *Hunt v. Hunt*, 72 N.Y. 217, 229 (1878)).

or revised Fourth Defense to succeed. Vyera therefore should not be allowed to waste Plaintiffs' resources or continue to burden the Court with this already-resolved issue.

B.  **The Court should reject the Individual Defendants' attempts to re-litigate the appropriate standard for individual liability**

The Individual Defendants do not—and cannot—dispute that the Court has already ruled that they can be individually liable as agents of Vyera without any allegations that they, "as individuals, conspired with Vyera's distributors or suppliers . . . , or that they, as individuals, possessed monopoly power." Op. MTD, ECF 229 at 36. Nonetheless, both insist that they should be allowed to maintain defenses that require those showings.

First, Shkreli claims that, although the Court rejected his argument that Plaintiffs were required to *allege* violations in his individual capacity, Plaintiffs must still *prove* "that Mr. Shkreli entered into or signed the allegedly anticompetitive agreements, and that he possessed monopoly power." Shkreli Opp'n, ECF 294 at 3. The Court's motion to dismiss opinion, however, held that Plaintiffs did not need such allegations because Plaintiffs' theory of individual liability is predicated on the individuals "[p]erforming the activities described in the Amended Complaint as corporate officers and agents." Op. MTD, ECF 229 at 36. Since Plaintiffs did not need to allege these facts to survive a motion to dismiss, they cannot be "necessary for [Plaintiffs'] claims." Shkreli Opp'n, ECF 294 at 3. Shkreli thus fails to identify any question of law or fact that would allow his Thirteenth or Fifteenth defenses to succeed.

Second, Mulleady attempts to re-cast Shkreli's Thirteenth Defense as an argument that he cannot be liable under agency principles because he did not participate in the alleged corporate violations. Mulleady Opp'n, ECF 295 at 3.[6] To be sure, Mulleady may dispute that he meets the

---

[6] With regard to Shkreli's Fifteenth Defense—that the individuals did not personally possess monopoly power—Mulleady says that he wishes to preserve that argument so that Plaintiffs cannot proceed on a theory of direct
(Continued…)

6

standard for liability as a corporate agent. But the Thirteenth defense asserts that Plaintiffs' claims are categorically barred to the extent the Individual Defendants did not personally enter agreements.[7] This is the exact argument that the Court previously rejected. And Mulleady has other defenses that specifically address agency liability. *See, e.g.*, Mulleady Answer, ECF 257 at 66, Twenty-First Defense (arguing that "the underlying conduct did not concern or involve Mr. Mulleady, nor did he approve or ratify it").[8]

In short, to the extent Shkreli's Thirteenth and Fifteenth defenses are not simply irrelevant, their only function is to re-litigate the already-decided point that Plaintiffs can establish individual liability based on agency principles. *See* Op. MTD, ECF 229 at 36. Defendants offer no "cogent and compelling reasons" to revisit that issue. *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (internal quotation marks omitted).

## CONCLUSION

Plaintiffs respectfully submit that, for the foregoing reasons, the motion to strike Vyera's Fourth Defense and Defendant Martin Shkreli's Fourth, Thirteenth, and Fifteenth Defenses should be granted.

---

individual liability if we fail to establish agency liability. Mulleady Opp'n, ECF 295 at 6. But Plaintiffs have never alleged or argued that Mulleady or Shkreli personally had monopoly power. To the contrary, we have consistently been clear that we are pursuing individual liability only on the basis of the Individual Defendants' participation in, knowledge of, and direction of Vyera's antitrust violations. Thus, there is no need for Mulleady to maintain this defense.

[7] Notably, Shkreli—the proponent of the defenses at issue—makes no attempt in his opposition brief to connect this defense to Plaintiffs' agency liability theory.

[8] Shkreli raises the same defense as well as others related specifically to agency liability. *See, e.g.,* Shkreli Answer, ECF 292 at 60, Twenty-Fifth Defense.

Dated:  October 28, 2020                                  Respectfully submitted,

*/s/ Markus H. Meier*
Markus H. Meier
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-3759
*Counsel for Plaintiff*
*Federal Trade Commission*

*/s/ Elinor R. Hoffmann*
Elinor R. Hoffmann
Office of the Attorney General
28 Liberty Street
New York, NY 10006
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov
*Counsel for Plaintiff State of New York*

*/s/ Michael D. Battaglia*
Michael D. Battaglia
Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3769
michael.battaglia@doj.ca.gov
*Counsel for Plaintiff State of California*

*/s/ Richard S. Schultz*
Richard S. Schultz
Assistant Attorney General
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
Tel: (312) 814-3000
rschultz@atg.state.il.us
*Counsel for Plaintiff State of Illinois*

/s/ K.D. Sturgis
K.D. Sturgis
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603
Tel: (919) 716-6000
ksturgis@ncdoj.gov
*Counsel for Plaintiff State of North Carolina*

/s/ Elizebeth M. Maag
Elizebeth M. Maag
Associate Assistant Attorney General
Office of the Ohio Attorney General
Antitrust Section
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
Tel: (614) 466-4328
liz.maag@ohioattorneygeneral.gov
*Counsel for Plaintiff State of Ohio*

/s/ Joseph S. Betsko
Joseph S. Betsko
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Antitrust Section
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

/s/ Tyler T. Henry
Tyler T. Henry
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
thenry@oag.state.va.us
*Counsel for Plaintiff Commonwealth of Virginia*