

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

November 4, 2020

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:** *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, **1:20-cv-00706 (DLC)**

Dear Judge Cote:

The Federal Trade Commission respectfully requests permission to file under seal Plaintiffs' letter motion seeking a Court order that Defendant Martin Shkreli remove redactions from relevant, non-prejudicial portions of monitored call transcripts, as well as certain accompanying exhibits.

Pursuant to the Court's September 16 and September 17 orders (ECF 261 & 266), the FTC asked Mr. Shkreli whether we should seek to file any of our exhibits under seal, and if so, to include proposed findings to justify any sealing. Mr. Shkreli's responses follows:

> "We request that Plaintiffs seal both FTC-BOP-00003209 [**Exhibit E**] and FTC-PROD-00003550 [**Exhibit D**]. FTC-BOP-00003209 is a private discussion between Mr. Shkreli and his counsel, which contains a request for legal advice, as is indicated by the subject matter, as well as information related to Mr. Shkreli's personal shares in Phoenixus, a blind voting trust (a legal document), a potential forward-looking confidential business deal, and confidential information regarding the company's costs. FTC-PROD-00003550 is a private discussion between Mr. Shkreli and his counsel, which contains information related to Phoenixus's share valuation, Mr. Shkreli's efforts to satisfy a forfeiture judgment, which are not public in his criminal matter, as well as private information about Mr. Shkreli that is not available to the public. Both documents contain confidential commercial and business information relating to Phoenixus and Vyera that is competitively and commercially sensitive, has not been released into the public domain, and if it were released into the public domain, would likely cause significant competitive or commercial harm to Phoenixus, Vyera, and Mr. Shkreli. These documents both contain information that has the potential to subject Mr. Shkreli to embarrassment, humiliation or ridicule. The sealing of these documents is necessary to preserve the higher values of protecting the confidential information of Mr. Shkreli, Phoenixus, and Vyera, as well as Mr. Shkreli's right to confer with and access his counsel, and thus, sealing the entire documents is narrowly tailored to achieve the aim of preserving higher values. Both

documents are designated as Highly Confidential pursuant to the Protective Order (ECF No. 261).

We also request that Mr. Shkreli's November 3 BOP Log [**Exhibit B**] be sealed for the same reasons set forth above. The BOP Log contains information pertaining to a private asset of a Vyera subsidiary and a related dispute that is not public, as well as details of private communications between Mr. Shkreli and his counsel. The BOP Log contains information not historically available to the public. The BOP Log has been designated as Highly Confidential pursuant to the Protective Order (ECF No. 261)."

With respect to **Exhibit C**, Mr. Shkreli wrote that the redacted language:

"concerns a confidential private transaction and dispute, and includes commercial and business information relating to Phoenixus and Vyera that is competitively and commercially sensitive, has not been released into the public domain, and if it were released into the public domain, would likely cause significant competitive or commercial harm to Phoenixus, Vyera, and Mr. Shkreli. The redaction of this language is narrowly tailored to achieve the aim of preserving the higher values of protecting the confidential information of Mr. Shkreli, Phoenixus, and Vyera."

To the extent that the FTC used nonpublic information from any of these exhibits in the Plaintiffs' letter motion, we also filed them under seal for the reasons Mr. Shkreli listed above.

In accordance with Rule 7.B of Your Honor's Individual Practices in Civil Cases and with the requirements for electronically filing under seal, the FTC will publicly file our letter motion and Exhibit C with the proposed redactions and slip sheets noting that Exhibits B, D and E, are filed under seal. On a separate docket entry, the FTC will file under seal the letter motion with the proposed redactions highlighted and all exhibits.

Sincerely,

*/s/ Markus H. Meier*
Markus H. Meier
Assistant Director