

UNITED STATES OF AMERICA
## Federal Trade Commission
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

November 4, 2020

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:** *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)

Dear Judge Cote:

The Federal Trade Commission submits this letter on behalf of Plaintiffs concerning Mr. Shkreli's nonprivileged communications with Kandis Kovalsky made over telephone lines and e-mail monitored by the Bureau of Prisons ("BOP").

At the September 22, 2020 conference, the Court ordered the parties to propose a plan that would allow Mr. Shkreli to exclude "totally irrelevant" or prejudicial communications between Mr. Shkreli and Ms. Kovalsky from Plaintiffs' review. Ex. A at 21:16-17. On September 25, 2020, the parties submitted a joint letter to the Court outlining a detailed process for sorting these documents. ECF 284. Relevant to this dispute, the parties agreed that Mr. Shkreli would transcribe all phone calls, redact only those portions of the conversations that were irrelevant, prejudicial, or related to legal advice in this litigation (if any), and produce the unredacted or partially-redacted transcripts to Plaintiffs. *Id.* § 5.b.

Mr. Shkreli has redacted these phone calls in their entirety (with occasional exception of a greeting). He claims that they are entirely irrelevant, prejudicial, related to legal advice in this litigation, or a combination of the three. Ex. B. The FTC disputes these overbroad claims and has identified four categories of communications (listed below) that should be produced in unredacted form:[1]

1. **Mr. Shkreli's exercise of "shareholder rights."** Mr. Shkreli disputes the relevance of these communications because they relate to a dispute between Vyera and its business partner. Ex. C at 2-3. But the fact that Mr. Shkreli is weighing in on such a dispute demonstrates that he continues to participate in Vyera's business operations, even from prison. *See* ECF 264, Ex. D ███████████████████████████████████████████
████████████████████████████████████████████████████████████████

---

[1] For the Court's convenience, the FTC modified Mr. Shkreli's log, Exhibit B, to highlight which portions of the transcripts relate to these four topics.

2. **Mr. Shkreli's reaction to a Wall Street Journal article describing how he maintained control of Vyera while incarcerated.** Any discussions around this article relate to Mr. Shkreli's participation in, and control of, Vyera's business.

3. **Mr. Shkreli's efforts to pay his criminal forfeiture and fines to the Department of Justice ("DOJ") resulting from his conviction for securities fraud.** Mr. Shkreli's ability to control Phoenixus derives from his status as the controlling shareholder. ███████████████████████████████████████████████████████████ may be relevant to his controlling share. *See* Ex. D ████████████████████████████ This information may also be relevant to determining the amount of unjust gains Mr. Shkreli received from his anticompetitive conduct, to the extent that Mr. Shkreli has used income or payments from Phoenixus to pay the DOJ.

4. **Mr. Shkreli's efforts to set up a trust.** Mr. Shkreli's decision whether to place his assets in a trust also might relate to his ability to control the company. ████████████████████████████████████████████ Ex. E ████████████████████[2]

**Mr. Shkreli's additional prejudicial objection should be rejected as inconsistent with the Court's definition.** The Court narrowly defined prejudicial as those communications that are related to "health or family issues or personal issues unrelated to his business." Ex A. 23:19-22. Mr. Shkreli, however, claims that every single communication is prejudicial because they purportedly involve "personal issues unrelated to Mr. Shkreli's business," (Ex. B) even though these conversations include ████████████████████████████████████████████████████ Ex. B; *see also* ECF 248-1. Mr. Shkreli fails to justify that these business matters meet the Court's definition of prejudicial.

For the reasons mentioned above, the FTC respectfully requests that the Court order Mr. Shkreli to produce in unredacted form the highlighted lines in Exhibit B that represent the portions of the discussions related to the four topics listed above. These narrowly-identified excerpts are potentially relevant to the claims or defenses, not cumulative of other discovery, and not burdensome to produce, as they have already been collected and transcribed.

Sincerely,

*/s/ Markus H. Meier*
Markus H. Meier
Assistant Director

---

[2] On November 3, 2020, the parties met and conferred about these issues and Mr. Shkreli maintained his position that these communications are both irrelevant and prejudicial. Today at 4:18 p.m., Mr. Shkreli offered to "discuss [] any questions," but did not alter his position. Ex. C at 1.