Exhibit C

| | |
|---|---|
| **From:** | Rudowitz, Andrew J. |
| **To:** | Perlman, Neal |
| **Cc:** | Albert, Bradley Scott; Schmidt, J. Maren; "Edward Kang"; Cox, Michael S.; Flint, Phoebe; Casey, Christopher H.; Hubinger, Leah; "Kandis L. Kovalsky" |
| **Subject:** | RE: FTC v. Vyera: Additional Unredacted Attorney Communications |
| **Date:** | Wednesday, November 4, 2020 4:18:32 PM |

Counsel:

Your statement that our email with revised spreadsheet "raises more questions than it answers" is confusing to us.  Our intent in sending you the additional information regarding the shareholder rights communications was to eliminate any doubt that those communications are totally irrelevant to this case.  You are entitled, of course, to argue otherwise, but to us it seems that there should be no dispute with regard to those communications.  However, as we stated in our email last night, we are happy to discuss with you any questions that may have arisen as a result of this additional information, and would consent to a brief extension of the deadline for filing your dispute with the Court if you feel it is necessary.

We request that Plaintiffs seal both FTC-BOP-00003209 and FTC-PROD-00003550.  FTC-BOP-00003209 is a private discussion between Mr. Shkreli and his counsel, which contains a request for legal advice, as is indicated by the subject matter, as well as information related to Mr. Shkreli's personal shares in Phoenixus, a blind voting trust (a legal document), a potential forward-looking confidential business deal, and confidential information regarding the company's costs.  FTC-PROD-00003550 is a private discussion between Mr. Shkreli and his counsel, which contains information related to Phoenixus's share valuation, Mr. Shkreli's efforts to satisfy a forfeiture judgment, which are not public in his criminal matter, as well as private information about Mr. Shkreli that is not available to the public. Both documents contain confidential commercial and business information relating to Phoenixus and Vyera that is competitively and commercially sensitive, has not been released into the public domain, and if it were released into the public domain, would likely cause significant competitive or commercial harm to Phoenixus, Vyera, and Mr. Shkreli. These documents both contain information that has the potential to subject Mr. Shkreli to embarrassment, humiliation or ridicule.  The sealing of these documents is necessary to preserve the higher values of protecting the confidential information of Mr. Shkreli, Phoenixus, and Vyera, as well as Mr. Shkreli's right to confer with and access his counsel, and thus, sealing the entire documents is narrowly tailored to achieve the aim of preserving higher values.  Both documents are designated as Highly Confidential pursuant to the Protective Order (ECF No. 261).

We also request that Mr. Shkreli's November 3 BOP Log be sealed for the same reasons set forth above.  The BOP Log contains information pertaining to a private asset of a Vyera subsidiary and a related dispute that is not public, as well as details of private communications between Mr. Shkreli and his counsel.  The BOP Log contains information not historically available to the public.  The BOP Log has been designated as Highly Confidential pursuant to the Protective Order (ECF No. 261).

As to the portions of our emails that you intend to file, can you please send to us those portions so that we may determine whether any redactions are necessary?

Thanks,

AJ

**Andrew John (AJ) Rudowitz**
Associate
Duane Morris LLP
**P:** +1 215 979 1974

---

**From:** Perlman, Neal <nperlman@ftc.gov>
**Sent:** Wednesday, November 4, 2020 1:47 PM
**To:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; 'Edward Kang' <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Counsel:

This late-arriving update raises more questions than it answers. We still plan to raise the issue of the over-redacted transcripts with the Court this afternoon.

As part of our submission, we may attach as exhibits two documents designated as highly confidential: FTC-BOP-00003209 and FTC-PROD-00003550. We also plan to attach the November 3, 2020 version of the relevance log and portions of our e-mail chains discussing these issues. Pursuant to the Court's September 16, 2020 order, please inform us by 3:30 p.m. ET today "whether an application to redact or seal is necessary, and, if it is, the reasons that should be conveyed to the Court to support such application" for each of these documents.

Thanks,
Neal

---

**From:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Sent:** Tuesday, November 3, 2020 6:40 PM
**To:** Perlman, Neal <nperlman@ftc.gov>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; 'Edward Kang' <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Counsel:

Thank you for the meet and confer call this afternoon.  We understand that you intend to submit to Judge Cote tomorrow a dispute regarding our objection to your obtaining the portions of the BOP phone call transcripts that relate to shareholder rights and the DOJ forfeiture order.  Following the

call, we decided that it would be helpful to provide a fuller description of the shareholder rights communications, so that you would understand why we feel strongly that these communications are irrelevant.  Those communications involve solely a dispute between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  They have nothing to do with Daraprim or the claims and defenses in this case.  We include this additional description in Column D of the attached revised spreadsheet.  In addition, as we reviewed the spreadsheet, we noticed some minor errors, mostly with respect to FTC-BOP-00001079.  We include those edits in the attached revised spreadsheet.  All of our revisions are in purple text.

If you have any questions about these revisions or feel it would be useful, we are available to meet and confer again tomorrow.

Thanks,

AJ

**Andrew John (AJ) Rudowitz**
Associate
Duane Morris LLP
**P:** +1 215 979 1974

---

**From:** Rudowitz, Andrew J.
**Sent:** Tuesday, November 3, 2020 12:48 PM
**To:** 'Perlman, Neal' <nperlman@ftc.gov>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Neal,

That is fine with us.  I will move the calendar invitation to 2pm.

Talk to you then.

AJ

**Andrew John (AJ) Rudowitz**
Associate
Duane Morris LLP
**P:** +1 215 979 1974

---

**From:** Perlman, Neal <nperlman@ftc.gov>
**Sent:** Tuesday, November 3, 2020 12:10 PM
**To:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang

<ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

AJ,

Could we push the start time for the meet and confer to 2:00 p.m.? I had a personal conflict come up at 1:30. I'm hopeful that we won't need a full hour, so I don't think we need to reschedule completely. Sorry for the late notice.

Thanks,
Neal

---

**From:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Sent:** Monday, November 2, 2020 1:51 PM
**To:** Perlman, Neal <nperlman@ftc.gov>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Neal,

We are available for a meet and confer tomorrow at 1:30pm.  I will circulate a dial-in.

Thanks,

AJ

**Andrew John (AJ) Rudowitz**
Associate
Duane Morris LLP
**P:** +1 215 979 1974

---

**From:** Perlman, Neal <nperlman@ftc.gov>
**Sent:** Monday, November 2, 2020 3:52 PM
**To:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Counsel:

Are you available tomorrow at 10:30 a.m. or 1:30 p.m. to discuss?

Neal

**From:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Sent:** Monday, November 2, 2020 10:49 AM
**To:** Perlman, Neal <nperlman@ftc.gov>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Counsel:

Thank you for your email. We disagree with your characterization of our October 28 email. The basis upon which we objected to Plaintiffs' obtaining any of the emails on the first tab of the BOP Relevance Log is the one we agreed on, namely, that they are prejudicial in that that they involve "personal issues unrelated to Mr. Shkreli's business," as stated in Column H of the spreadsheet. In our email we noted that these emails are also irrelevant to the claims and defenses in the case, which they are.

We have considered your proposal that we produce any communications listed in the first tab of the log that fall within any of the categories of the Kang Haggerty matters that you identified, *i.e.*, Matter Nos. I.13, I.16, I.17, and I.18 of Mr. Shkreli's Statement at ECF No. 245-1. However, none of the emails listed in the first tab of the log fall within any of the four categories. We maintain our objections to Plaintiffs' obtaining any of these emails, on the bases set forth in the Relevance Log.

Regarding the transcripts of phone calls between Mr. Shkreli and his attorney, we disagree with your postulation that certain excerpts of the transcripts involving discussions related to the four categories identified above are "relevant and nonprejudicial." For the reasons set forth in the Relevance Log and in our October 28 email, Mr. Shkreli will not unredact any of the currently redacted portions of the transcripts.

Please let us know if you would like to meet and confer on these issues.

Thanks,

AJ

**Andrew John (AJ) Rudowitz**
Associate
Duane Morris LLP
**P:** +1 215 979 1974

**From:** Perlman, Neal <nperlman@ftc.gov>
**Sent:** Thursday, October 29, 2020 6:35 PM
**To:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Counsel:

We disagree with your characterization of our negotiations and our joint letter to the Court. As you know, we agreed that you would run searches instead of identifying documents on a case-by-case basis; in exchange, you agreed that you would not challenge any resulting documents on the basis of relevance. Your email, however, only describes why you think some of these documents are irrelevant and fails to explain why any are prejudicial (other than your view that they are irrelevant). This inappropriately expands the definition of prejudice to include documents that you think are irrelevant and/or privileged.

That said, in the spirit of compromise and to avoid burdening the Court with needless disputes, we are willing to limit our challenge to e-mails that fall within four categories of the list of Kovalsky matters in ECF 245-1: I.13, I.16, I.17, and I.18. As you acknowledge, we have long maintained that Mr. Shkreli's efforts to exercise his shareholder rights or enter into a trust agreement are relevant to our inquiry into his control of the company. For a similar reason, Mr. Shkreli's efforts to pay his DOJ forfeiture judgment is relevant as any seizure of Mr. Shkreli's shares or related action relates to his ability to control the company. Communications about the forfeiture judgment are additionally relevant to understanding whether he used any income or payment from Vyera/Phoenixus to pay the government, as such payments could provide evidence that he received ill-gotten gains. Finally, Category I.13 likely relates to the Wall Street Journal article described in the Complaint, which is plainly relevant to this litigation.

Please produce any communications listed in the e-mail tab of the relevance log that fall within any of these four categories.

For the above reasons, we further believe that the portions of the transcripts of the BOP-monitored telephone calls related to those four categories are relevant and nonprejudicial. We therefore request that you produce the portions of the transcripts related to those four categories. For your convenience, we have noted in the attached spreadsheet which specific portions of each transcript we are requesting.

Please let us know if you would like to meet and confer on any of these issues. We request a response by Monday, November 2, at 12:00 p.m. ET to allow us sufficient time to brief the Court on any remaining disputes.

Neal

**From:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Sent:** Wednesday, October 28, 2020 7:31 PM
**To:** Perlman, Neal <nperlman@ftc.gov>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Counsel:

I write on behalf of Martin Shkreli in response to your email dated October 23, 2020 ("Your Email") concerning Mr. Shkreli's log of BOP communications with Kandis Kovalsky and Scott Vernick, pursuant to the parties' joint letter to the Court (the "Joint Letter") (ECF No. 284).

**Alleged overuse of prejudice designation**

Your Email alleges that Mr. Shkreli has "over-withheld a number of documents on the basis that they are prejudicial." This allegation is false, for a number of reasons.

First, your statement that these documents "by the parties' stipulation are relevant," is inaccurate. The parties made no such stipulation. As you know, the FTC refused to allow Mr. Shkreli to review the documents that hit on the agreed-on search terms for relevance (as is customary in this case and every case), and we agreed to this as a compromise, while not conceding that any such documents were relevant. Because of this agreement, the search terms captured many clearly irrelevant documents that are personal and prejudicial. For example, the negotiated search term "ABC" was meant to capture discussions related to Amerisource Bergen Corporation, yet because of the breadth of this search term, it captured an email with "ABC" as the subject line that has nothing to do with Amerisource Bergen Corporation. Indeed, aside from the emails containing legal advice related to this litigation and preceding investigation, none of the emails to which Mr. Shkreli objected is relevant to the claims and defenses in this case. This is clear from the identified subject matter in Mr. Shkreli's log.

Second, it is apparent from Your Email that the FTC is focused on obtaining as many communications between Mr. Shkreli and his attorney as possible, without regard for relevance. The FTC has challenged *every* withheld email (18 in total) except for the ones relating to the FTC investigation or litigation. Your Email argues that Mr. Shkreli should produce communications between him and his attorney with respect to "magazines, Jeffrey Epstein, and jokes." These emails are clearly personal and prejudicial by definition, and again, contrary to the assertion in Your Email, these communications are not "relevant by stipulation." Further, Your Email alleges that discussions between Mr. Shkreli and his attorney concerning a news article about Mr. Shkreli are "non-prejudicial," "presumably relate to his business dealings or related litigation," and are "publicly available." Although the newspaper articles themselves are public, the discussions between Mr.

7

Shkreli and his counsel—which are personal and prejudicial—are not.  Each of the aforementioned communications is personal in nature, prejudicial, and completely unrelated to Mr. Shkreli's business at Vyera or the claims or defenses in this case.  Accordingly, these communications are properly withheld as prejudicial.

Third, discussions related to Mr. Shkreli's efforts to satisfy a DOJ forfeiture order (the two phone recordings cited in Your Email, FTC-PROD-00011205 and FTC-BOP-000001025) are irrelevant, personal in nature, and the result of a wholly separate litigation unrelated to Vyera or Daraprim.  These discussions have no relation to the claims or defenses in this case, and are, therefore, irrelevant.  We note that the FTC has already conceded that this subject is not within the scope of discovery in this case.  The FTC's First Set of Document Requests to Mr. Shkreli sought "[a]ll documents relating to Mr. Shkreli's efforts to satisfy the financial penalties and fines imposed as part of the judgment against him in [the DOJ action]" and "[d]ocuments sufficient to show Mr. Shkreli's current assets and liabilities."  In response to these two requests, Mr. Shkreli objected on the grounds that these requests are "irrelevant, beyond the scope of and not related to the allegations in the Complaint," and "improperly seek[] pre-judgment asset discovery, which is irrelevant to the merits of the case" (among other objections).  Mr. Shkreli refused to produce any responsive documents on these grounds, and the FTC agreed not to pursue these documents.

Further, following the filing of Mr. Shkreli's Statement Pursuant to Court Order at ECF No. 248-1, the FTC conceded in its letter to the Court that Mr. Shkreli's criminal case, including his efforts to satisfy the Order of Forfeiture, is irrelevant. ECF No. 282 ("…we have reviewed the statement that Mr. Shkreli provided to the Court identifying his attorneys and information about their representation of him. ECF 248-1. We agree that many of these attorneys appear to have provided advice on matters that might not be relevant to this case."). In this same letter, the FTC stated that it was no longer seeking communications between Mr. Shkreli or any attorney other than Scott Vernick and Kandis Kovalsky. The FTC argued that the subject matters identified in I.16 and I.17 of Mr. Shkreli's Statement were relevant to this case. Notably, the FTC did *not* argue that the subject matter in I.18 or II.3 (relating to the forfeiture order) was relevant.  Moreover, by specifically conceding that the Brafman Firm's communications with Mr. Shkreli were irrelevant, the FTC conceded that the criminal Order of Forfeiture is irrelevant, as the Brafman Firm is Mr. Shkreli's primary counsel on that matter.

For these reasons, we cannot agree to your request that we "unredact the portions of these two transcripts that relate to Mr. Shkreli's efforts to satisfy his forfeiture order and produce all the documents withheld on prejudice grounds."

Regarding Document Bates No. FTC-BOP-000010006, this document was mistakenly placed on the first sheet of the log even though no search terms hit on this communication. .  We have revised the BOP Relevance Log (attached) to move this communication to the "Emails – No Search Term Hits" worksheet, and, "as a result, Plaintiffs cannot challenge its status as irrelevant." (ECF No. 284 p. 1).

**Alleged vague phone call descriptions**

Your Email incorrectly alleges that Mr. Shkreli's basis for redacting the transcripts of his phone calls with his attorney is "vague and unclear."  In addition, we do not agree that we are required to "state

line-by-line the grounds for [Mr. Shkreli's] objections." Rather, the Joint Letter (ECF No. 284) merely requires Mr. Shkreli to list "page and line numbers of the portion of the transcript of the transcript to which Mr. Shkreli objects," and also to state the grounds for his objections. Par. 5.a.ii. Mr. Shkreli's BOP Relevance Log does just that. Nor do we agree that Mr. Shkreli is required to identify each specific matter discussed with his counsel.

Nonetheless, in an effort to resolve this dispute without Court involvement, we have revised the last tab of the Relevance Log relating to the recorded phone calls. The revised spreadsheet breaks up each call into specific subject matters, and identifies the matters discussed on the calls by reference to Mr. Shkreli's Statement (ECF 248-1). The revised spreadsheet provides more than adequate information for the FTC to assess the objections for each line of the transcripts.

We are willing to meet and confer on any of the above issues.

Thanks,

AJ

**Andrew John (AJ) Rudowitz**
Associate
Duane Morris LLP
**P:** +1 215 979 1974

---

**From:** Perlman, Neal <nperlman@ftc.gov>
**Sent:** Friday, October 23, 2020 7:26 PM
**To:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Counsel:

After review of your relevance log, we have noted the following deficiencies, and make the following objections.

**Overuse of prejudice designation**

Mr. Shkreli appears to have over-withheld a number of documents on the basis that they are prejudicial. But none of these documents appear to be prejudicial under the Court's definition, which allows Mr. Shkreli to withhold only those documents that concern "health or family issues or personal issues unrelated to his business." Instead, these documents, which by the parties' stipulation are relevant and by the Court's order are not privileged, appear to relate to Mr. Shkreli's business or publicly available information.

For example, FTC-BOP-00001006 concerns Mr. Shkreli's efforts to satisfy his forfeiture judgment, which involves his control of Vyera and any ill-gotten gains he may have earned as Vyera's largest

shareholder and former CEO. This conversation is plainly business-related. As another example, FTC-BOP-000000839 concerns an article written about Mr. Shkreli in a legal trade journal, Law360, which likely relates to his litigation against Retrophin. That topic is not prejudicial under the Court's definition as it relates to his business relationship with his former company. Along the same lines, FTC-PROD-00004272 concerns a Washington Times article that likely relates to the denial of Mr. Shkreli's appeal of his fraud conviction, which is similarly non-prejudicial as it arises out of his business dealings at Retrophin. For the same reason, interview requests of Mr. Shkreli, such as FTC-PROD-00004113, do not fall within the Court's definition of prejudice as they presumably relate to his business dealings or related litigation. Finally, discussions about magazines, Jeffrey Epstein, and jokes, which again are relevant by stipulation, are not personal in nature and therefore do not fall within the Court's definition of the term prejudicial.

Similarly, for the phone recordings available at FTC-PROD-00011205 and FTC-BOP-00001025, Plaintiffs disagree that Mr. Shkreli's efforts to satisfy his forfeiture order are irrelevant or prejudicial. As explained above, understanding Mr. Shkreli's assets are relevant to determining the amount of Mr. Shkreli's ill-gotten gains and his control of Vyera, which relate to both his liability in this litigation and the ability to satisfy any equitable monetary relief award.

Please unredact the portions of these two transcripts that relate to Mr. Shkreli's efforts to satisfy his forfeiture order and produce all the documents withheld on prejudice grounds as soon as practicable.

**Vague phone call descriptions**
The stated basis for redacting information in Mr. Shkreli's phone calls is vague and unclear. First, the subject matter for almost all of the communications, "separate litigation that is not connected to the claims or defenses in this case," does not provide sufficient detail for Plaintiffs to understand whether the discussion is relevant or prejudicial. At a minimum, Mr. Shkreli should identify the litigation discussed. Second, Mr. Shkreli was required to state line-by-line the grounds for his objections. ECF 284, § 5.a.ii. Instead, Mr. Shkreli broadly claimed that each conversation was almost entirely irrelevant and prejudicial. This does not provide Plaintiffs sufficient detail to understand the basis for Mr. Shkreli's claims, particularly because these lengthy conversations likely concerned multiple topics. Please revise these log entries to provide adequate information to allow Plaintiffs' to assess the relevance and/or prejudice of each claim for each line of the transcript.

For your convenience, we have highlighted the entries to which we object in the attached. We would appreciate your response by October 28, so that we can continue to narrow any potential disputes in advance of the agreed-to deadline of November 4.

Best,
Neal

---

**From:** Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Sent:** Friday, October 23, 2020 11:24 AM
**To:** Perlman, Neal <nperlman@ftc.gov>

**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>; 'Kandis L. Kovalsky' <kkovalsky@khflaw.com>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Neal,

Please find attached a revised BOP log, which includes two documents that the FTC produced yesterday.

Let me know if you have any issues accessing the spreadsheet.

Thanks,

AJ

**Andrew John (AJ) Rudowitz**
Associate
Duane Morris LLP
P: +1 215 979 1974

---

**From:** Kandis L. Kovalsky <kkovalsky@khflaw.com>
**Sent:** Thursday, October 22, 2020 6:13 PM
**To:** Perlman, Neal <nperlman@ftc.gov>
**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>; Casey, Christopher H. <CHCasey@duanemorris.com>; Hubinger, Leah <lhubinger@ftc.gov>
**Subject:** RE: FTC v. Vyera: Additional Unredacted Attorney Communications

Neal:

We will circulate a revised log that includes Documents Bates Nos. FTC-PROD-00033329 and FTC-PROD-00033334. Document Bates No. FTC-PROD-00033337 is a communication between Martin Shkreli and Andrea Zellan. As you know, the FTC and the plaintiffs have agreed to destroy all communications between Mr. Shkreli and Ms. Zellan, so this communication should remain as a slip sheet in this litigation, and any unredacted copies of it in the FTC or other plaintiffs' possession should be destroyed.

Kandis

---

**From:** Hubinger, Leah <lhubinger@ftc.gov>
**Sent:** Thursday, October 22, 2020 5:03 PM
**To:** Casey, Christopher H. <CHCasey@duanemorris.com>

11

**Cc:** Albert, Bradley Scott <BALBERT@ftc.gov>; Schmidt, J. Maren <mschmidt@ftc.gov>; Perlman, Neal <nperlman@ftc.gov>; Hill, Brittany <bhill1@ftc.gov>; Kandis L. Kovalsky <kkovalsky@khflaw.com>; Edward Kang <ekang@khflaw.com>; Cox, Michael S. <MSCox@duanemorris.com>; Flint, Phoebe <pflint@ftc.gov>; Rudowitz, Andrew J. <AJRudowitz@duanemorris.com>
**Subject:** FTC v. Vyera: Additional Unredacted Attorney Communications

Chris,

We will soon be sending you unredacted versions of three additional documents containing attorney communications: FTC-PROD00033329, FTC-PROD-00033334, and FTC-PROD-0003337. These documents were included in the FTC's September 10th production as slip sheets because they contain attorney communications. The FTC is not claiming privilege over these documents. Brittany Hill, an FTC paralegal not involved in this case who has been handling these materials, will shortly email the unredacted versions of these documents as attachments. She will include you, AJ, Kandis, Edward, and Michael Cox.

Please include these three communications on the relevance log as appropriate.

Thanks,
Leah

Federal Trade Commission
202-326-3461

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.