```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :   20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :        ORDER
STATE OF ILLINOIS, STATE OF NORTH        :
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

As described in a letter of September 25, 2020, the Federal Trade Commission ("FTC") and defendant Martin Shkreli reached agreement about a process and schedule to determine which of Shkreli's Bureau of Prisons ("BOP")-monitored communications with civil attorneys Kandis Kovalsky and Scott Vernick may be reviewed by the FTC. The FTC obtained these communications from the BOP and provided them to Shkreli. Shkreli transcribed the telephone communications and was permitted to object to the

FTC's access to these communications on the grounds of relevance, because they are prejudicial (as that term has come to be understood in this litigation), or because they contain legal advice or strategy related to this litigation or the investigation that preceded this investigation.

In letters of November 4 and 9, these parties dispute whether the FTC can have access to certain of these communications. Shkreli essentially redacted all of the transcripts. The FTC has identified four categories of communications that should be produced in unredacted form. They are (1) discussions of Shkreli's exercise of shareholder rights, (2) his reaction to a Wall Street Journal article describing how he maintained control of Vyera while incarcerated, (3) his effort to pay his criminal forfeiture and fines, and (4) his efforts to set up a trust. Shkreli asserts that he is only contesting the FTC's right of access to communications regarding the first and third of these topics and that neither discussion is relevant to this litigation. Having reviewed the parties' submissions and being familiar with the background to this dispute, it is hereby

ORDERED that Shkreli's objections are overruled.

IT IS FURTHER ORDERED that Shkreli shall promptly produce all discussions in the BOP communications that are the subject

of the November 4 and 9 letters insofar as those discussions are related to one or more of the four identified topics.

Dated:   New York, New York
         November 10, 2020

                              _____
                                    DENISE COTE
                              United States District Judge