| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>TAIWAN<br>BOSTON<br>HOUSTON<br>AUSTIN<br>HANOI<br>HO CHI MINH CITY | <br>*FIRM and AFFILIATE OFFICES*<br><br>CHRISTOPHER H. CASEY<br>DIRECT DIAL: +1 215 979 1155<br>PERSONAL FAX: +1 215 689 2194<br>*E-MAIL:* CHCasey@duanemorris.com<br><br>*www.duanemorris.com* | SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br><br>ALLIANCES IN MEXICO<br>AND SRI LANKA |

November 27, 2020

**VIA ECF**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *Federal Trade Commission, et. al. v. Vyera Pharmaceuticals, LLC, et al.*,
             <u>Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.)</u>

Dear Judge Cote:

      On behalf of Martin Shkreli, I write in write in response to plaintiffs' letter motion requesting that the Court reject Mr. Shkreli's Motion to Stay Discovery (the "Motion") and require Mr. Shkreli to instead file a two-page letter motion pursuant to Local Rule of Civil Procedure 37.2 and Section 2.C of Your Honor's Individual Practices in Civil Cases. Dkt. No. 320. In the Motion, Mr. Shkreli respectfully asks the Court to stay discovery in this matter until he is released from prison, so that he can meaningfully participate in discovery.

      Rule 37.2 is entitled "Mode of Raising Discovery Disputes." Section 2.C of the Court's Practices is entitled "Discovery Disputes." But a motion to stay discovery plainly does not raise a "discovery dispute." Such a motion does not concern *how* discovery should be conducted—such as with motions to compel, motions to quash, and privilege disputes like the ones the parties have litigated in this case—but rather *whether* discovery should take place at all during the period of the requested stay. In fact, Plaintiffs have previously acknowledged that a motion to stay discovery is not governed by Rule 37.2 or Section 2.C, when they did not object to the formal motion procedure that defendants used in filing their Joint Motion for a Stay of Discovery Pending Motion to Dismiss on May 22, 2020. *See* Dkt. No. 125. Rather than object to the formal motion procedure for that previous motion to stay discovery, plaintiffs adopted that procedure, negotiated a briefing schedule with defendants (ECF No. 130), and filed a 22-page brief opposing the motion. *See* Dkt. No. 142. After defendants filed their reply brief, the Court accepted the briefs and denied the motion. *See* Dkt. No. 150. The Court correctly permitted the parties to use formal motion practice for defendants' joint motion to stay discovery, and should allow the same procedure here.

DuaneMorris

The Honorable Denise L. Cote
November 27, 2020
Page 2

      For these reasons, Mr. Shkreli asks the Court to deny plaintiffs' objection and accept the Motion. In addition, Mr. Shkreli joins plaintiffs in asking the Court to allow plaintiffs to submit their responsive brief by December 7 and Mr. Shkreli to submit a reply brief by December 11.

                Respectfully submitted,

                */s/ Christopher H. Casey*
                Christopher H. Casey

CHC