

UNITED STATES OF AMERICA
# Federal Trade Commission
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

December 8, 2020

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:** *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)

Dear Judge Cote:

The FTC respectfully asks the Court to deny Defendants' request to file three additional Letters of Request more than four months after the deadline for filing foreign discovery requests. *See* Third-Party and Foreign Discovery Protocol, ECF 133. Defendants lack the necessary "good cause" to modify the Court's schedule. *Rodriguez v. Athenium House Corp.*, No. 11 CIV. 5534 LTS KNF, 2012 WL 2161284, at *2 (S.D.N.Y. June 14, 2012) (quoting Fed. R. Civ. P. 16(b)(4)). "Whether good cause exists turns on the 'diligence of the moving party,'" and the "prejudice that may result from the schedule modification." *Id.* (quoting *Holmes v. Grubman,* 568 F.3d 329, 335 (2d Cir. 2009)). Here, both factors weigh against Defendants' untimely request.

**Defendants knew (or should have known) about the relevance of these companies before the July 31 deadline.** Defendants did not need to dig through the investigatory record, which was produced more than two months before the foreign discovery deadline, to uncover the potential relevance of these three companies. Instead, these companies were either named in the complaint, identified in testimony, or were known to Defendants years ago.

- ▇▇▇▇  Plaintiffs named ▇▇▇▇ in the original January 27 complaint. ECF 2 ¶ 225. In a May 22 submission, Defendants informed the Court that they planned to seek foreign discovery from ▇▇▇. ECF 128 at 7. Defendants' failure to timely do so is not excused by their inability to serve a Rule 45 subpoena at the U.S. registered address for ▇▇▇. In fact, Defendants did not even attempt to serve the subpoena until November 23, 2020.

- ▇▇▇▇  On May 15, Plaintiffs produced the investigational hearing transcript of a ▇▇ executive and ▇▇'s narrative response to the FTC's civil investigative demand to Defendants. Both of these documents clearly identify ▇▇▇▇

- ▇▇▇▇▇▇  Defendants have known about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████.[1] Ex. A (Vyera_00863463). ████████ was also identified in documents produced to Defendants on May 29.

Because Defendants were "aware of the existence of" these entities and all related documents before July 31, their effort to "propound[] requests after the deadline has passed" should be denied. *Peterson v. Home Depot U.S.A., Inc.*, No. 11 CIV. 5747 ER, 2013 WL 5502816, at *2 (S.D.N.Y. Oct. 3, 2013) (quoting *Gucci Am., Inc. v. Guess?, Inc.,* 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011)).

**Defendants' request would likely prejudice Plaintiffs.** The Third Party and Foreign Discovery Protocol allows the parties to continue to "pursue third-party foreign discovery through the foreign jurisdiction's applicable process up to, but no later than, the close of expert discovery." ECF 133 at 4. This language does not "anticipate[] the possible identification of additional foreign discovery targets" beyond the July 31 deadline, as Defendants suggest. ECF 327 at 2. Instead, it simply recognizes the "substantial uncertainty about the length of time required by a foreign jurisdiction to process discovery requests" and contemplates that delays caused by this process should not preclude a party from obtaining the discovery from a timely-filed Request. ECF 133 at 4.

The experience in this case so far confirms the wisdom of the July 31 deadline. No jurisdiction has yet returned discovery in response to the timely-submitted requests. *See* ECF 187 (Plaintiffs' July 22 Letter to India); ECF 208 (Defendants' July 31 Letters to India, Japan, and Switzerland). Indeed, the High Court of Karnataka, India, did not even approve Plaintiffs' request until November 23, 2020. *See* ECF 324. Defendants' efforts to submit new requests now—more than four months after the deadline—will unnecessarily hinder Plaintiffs' efforts to prepare their case, including preparation of expert reports.

Because Defendants failed to diligently pursue this discovery by the July 31 deadline and given the potential prejudice to Plaintiffs, Plaintiffs respectfully request that the Court deny Defendants' request to modify the scheduling order.

Sincerely,

*/s/ Markus H. Meier*
Assistant Director

---

[1] For this reason, Defendants' claim that discovery is "one-sided" is itself misleading. ECF 327 at 2. Vyera, as a pharmaceutical manufacturer, has scientific and regulatory personnel who are well-positioned to identify any potential pyrimethamine API suppliers and sample procurement companies.