```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :   20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :   OPINION AND ORDER
STATE OF ILLINOIS, STATE OF NORTH        :
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff Federal Trade Commission:
Markus H. Meier
Bradley S. Albert
Armine Black
Daniel W. Butrymowicz
D. Patrick Huyett
Neal J. Perlman
J. Maren Schmidt
James H. Weingarten
Lauren Peay
Leah Hubinger
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3748

For plaintiff State of New York:
Letitia James
Christopher D'Ange
Elinor R. Hoffman
Saami Zain
Amy McFarlane
Jeremy Kasha
Bryan Bloom
Beau Buffier
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-8262

For plaintiff State of California:
Michael D. Battaglia
Jacqueline Malafa
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3769

For plaintiff State of Ohio:
Beth Finnerty
Elizebeth M. Maag
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
(614) 466-4328

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-3000

For plaintiff State of North Carolina:
K.D. Sturgis

```
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603
(919) 716-6000
```

For plaintiff Commonwealth of Virginia:
```
Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
```

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
```
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

Scott A. Stempel
William Cravens
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Francis A. DeSimone
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210
(617) 341-7700
```

For defendant Martin Shkreli:
```
Christopher H. Casey, Esq.
A.J. Rudowitz, Esq.
Jeffrey Pollack
Brett Feldman
Sarah O'Laughlin Kulik
```

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1155

Edward T. Kang
Kandis L. Kovalsky
Kang, Haggerty & Fetbroyt LLC
123 S. Broad St. #1670
Philadelphia, PA 19109
(215) 525-5852

For defendant Kevin Mulleady:
Kevin J. Arquit
Albert Shemmy Mishaan
Kenneth R. David
Nicholas Rendino
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10023
(212) 506-1700


DENISE COTE, District Judge:

The plaintiffs seek to strike from the defendants' answers three affirmative defenses that are at odds with legal rulings made in the denial of the defendants' motions to dismiss.  The plaintiffs' motion is granted.

## Background

In their amended complaint, the Federal Trade Commission and seven states have brought claims for violations of §§ 1 and 2 of the Sherman Act, § 5(a) of the FTC Act, and various state statutes against Vyera Pharmaceuticals, LLC, its parent company, Martin Shkreli, and Kevin Mulleady.  The defendants moved to dismiss these claims, arguing inter alia that the amended

4

complaint failed to allege an ongoing violation of the law, and that it did not adequately allege that Shkreli and Mulleady personally participated in unlawful conduct.  The motions were largely denied.  See Fed. Trade Comm'n v. Vyera Pharm., LLC, No. 20CV706 (DLC), 2020 WL 4891311, at *14 (S.D.N.Y. Aug. 18, 2020) ("Vyera").

On September 15, defendants filed their answers, and on October 6, plaintiffs moved to strike the corporate defendants' and Shkreli's fourth affirmative defense.  Defendants' fourth affirmative defense states:

> Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged that [defendants are] presently engaged in ongoing violations of law, as required by, inter alia, Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), and New York Executive Law Section 63(12), N.Y. Exec. Law § 63(12).

(Emphasis supplied.)  In their opposition brief, the corporate defendants request permission to amend their fourth affirmative defense, if necessary, to read:

> Plaintiffs' claims are barred, in whole or in part, because Vyera was not engaged in ongoing violations of law at the time the complaint was filed, as required by, inter alia, Section 13(b) of the Federal Trade Commission Act and New York Executive Law Section 63(12).

(Emphasis supplied.)

Plaintiffs have also moved to strike Shkreli's thirteenth and fifteenth affirmative defenses.  Shkreli's thirteenth affirmative defense states: "Plaintiffs' claims are barred, in

5

whole or in part, because Mr. Shkreli did not enter into or sign any agreements with any distributors, hospitals, other downstream purchasers, or any API suppliers."  His fifteenth defense states, "Plaintiffs' claims are barred, in whole or in part, because Mr. Shkreli, as an individual, does not possess any market power or monopoly power."  The motion to strike became fully submitted on October 28, 2020.

## Discussion

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"  Fed. R. Civ. P. 8.  "An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true."  Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003) (citation omitted).  A core purpose of the pleading requirement "is to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice."  Id.  Exemplars of affirmative defenses include duress, estoppel, res judicata, and statute of limitations.  Fed. R. Civ. P. 8.

A court "may strike from a pleading an insufficient defense . . . ."  Fed. R. Civ. P. 12(f).  A motion to strike an affirmative defense for legal insufficiency, however, is "not favored".  William Z. Salcer, Panfeld, Edelman et al. v. Envicon

6

Equities Corp., 744 F.2d 935, 939 (2d Cir. 1985), vacated on other grounds, 478 U.S. 1015 (1986).  This is particularly true when it would require a determination of issues more properly "determinable only after discovery and a hearing on the merits." Id. (citation omitted).  A motion to strike an affirmative defense will therefore "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."  Id. (citation omitted).

There is no dispute that "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98 (2d Cir. 2019).  Where the defense is insufficient as a matter of law, "the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim."  Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co., No. 13 CIV. 6705 (DLC), 2014 WL 1673351, at *2 (S.D.N.Y. Apr. 28, 2014) (citation omitted).  To succeed on a motion to strike an affirmative defense, the movant must show that: (1) applying the plausibility standard from Twombly, and considering the relevant context, "there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be

prejudiced by inclusion of the defense." GEOMC, 918 F.3d at 96-98 (citation omitted).

The plaintiffs have shown that they will be prejudiced if these affirmative defenses are not stricken. Through these asserted defenses, the defendants improperly seek to add to the plaintiffs' burden at trial and to narrow the grounds on which the defendants may be found liable.

A. Fourth Affirmative Defense

Defendants' fourth affirmative defense seeks to reargue the sufficiency of the allegations in the amended complaint and the denial of their motion to dismiss, specifically, the ruling that the amended complaint adequately alleged that, at the time plaintiffs filed suit, the FTC had reason to believe that the defendants were at that very moment engaged in the violations of law on which the FTC relied to bring this action. Vyera, 2020 WL 4891311, at *6. Defendants had a full opportunity to challenge the sufficiency of the pleading at the motion to dismiss stage. Having failed in that challenge, this issue is not properly pleaded as an affirmative defense.

Defendants make principally two arguments in opposition to the plaintiffs' motion to strike the fourth affirmative defense. First, recognizing that the defense is deficiently framed, defendants request the opportunity to amend so that the defense no longer addresses the adequacy of the pleading in the amended

8

complaint. They seek to reframe their defense as an argument that the plaintiffs will not be able to obtain an injunction and equitable monetary relief unless the plaintiffs can prove at trial that the defendants were "engaged in ongoing violations of law at the time the complaint was filed."

That proposed amendment will not cure the problem. It does not constitute an affirmative defense. It misstates the plaintiffs' burden and does not describe facts or law that will defeat the plaintiffs' right to relief. The plaintiffs' right to relief is not confined by their ability to prove at trial that the defendants were engaged in the pleaded violations at the precise moment the complaint was filed.

Defendants next argue that their fourth affirmative defense implicates subject matter jurisdiction. Not so. There is subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under federal law. Section 13(b) of the FTC Act does not implicate subject matter jurisdiction. Fed. Trade Comm'n v. Shire ViroPharma, Inc., 917 F.3d 147, 154 (3d Cir. 2019). The Supreme Court "has repeatedly warned against construing provisions that limit a statute's coverage as references to subject matter jurisdiction unless that meaning was clearly stated in the statute." United States v. Prado, 933 F.3d 121, 133 (2d Cir. 2019) (citation omitted).

B. Shkreli's Thirteenth and Fifteenth Affirmative Defenses

The two affirmative defenses pleaded by Shkreli that are the subject of this motion must also be stricken. Neither of them raises facts or legal issues sufficient to defeat the plaintiffs' claims.

In pleading these two defenses, Shkreli improperly defines the plaintiffs' burden at trial. Shkreli seeks to narrow the basis for finding him liable. For example, to succeed at trial, the plaintiffs need not prove that Shkreli signed any agreements with any distributors or that he personally possessed any market power. As explained in Vyera, "[p]erforming the activities described in the Amended Complaint as corporate officers and agents is sufficient to subject [defendants] to liability for antitrust violations." Vyera, 2020 WL 4891311, at *12. Shkreli's thirteenth and fifteenth defenses are legally insufficient and do not preclude plaintiffs from prevailing on their claims.

## CONCLUSION

The plaintiffs' October 6, 2020 motion to strike is granted.

Dated:   New York, New York
         December 28, 2020

_____
DENISE COTE
United States District Judge

10