UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                   :
FEDERAL TRADE COMMISSION, STATE OF NEW :      20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF    :
OHIO, COMMONWEALTH OF PENNSYLVANIA,     :     Memorandum Opinion
STATE OF ILLINOIS, STATE OF NORTH       :        and Order
CAROLINA, and COMMONWEALTH OF          :
VIRGINIA,                                   :
                                   :
                 Plaintiffs,       :
                                   :
         -v-                         :
                                   :
VYERA PHARMACEUTICALS, LLC, AND        :
PHOENIXUS AG, MARTIN SHKRELI,          :
individually, as an owner and former   :
director of Phoenixus AG and a former : 
executive of Vyera Pharmaceuticals,    :
LLC, and KEVIN MULLEADY, individually, :
as an owner and former director of      :
Phoenixus AG and a former executive of :
Vyera Pharmaceuticals, LLC,           :
                                   :
                 Defendants.      :
                                   :
--------------------------------------- X

DENISE COTE, District Judge:

     Defendant Martin Shkreli has moved to stay discovery until

2023, when he is due to be released from prison.  Shkreli's

motion is denied.

## **Background**

     This action was filed on January 27, 2020.  Discovery began

shortly thereafter.  An Order of June 15 denied the defendants'

motion to stay discovery pending resolution of their motions to

dismiss.  An Opinion of August 18 largely denied their motions

to dismiss.  See Fed. Trade Comm'n v. Vyera Pharm., LLC, No.
20CV706 (DLC), 2020 WL 4891311, at *14 (S.D.N.Y. Aug. 18, 2020)
("Vyera").  This Opinion is incorporated by reference, and
familiarity with it is assumed.

Fact discovery is scheduled to end on February 26, 2021.
Shkreli's deposition is set to proceed on January 27 and 28,
2021.  His recent request to delay his deposition until late
February was denied.  Expert discovery is scheduled to conclude
on August 6.  The pretrial order in this non-jury trial is due
on October 20.

Shkreli is currently incarcerated at the Allenwood Low
Security Federal Correctional Institution.  He is due to be
released from custody on September 14, 2023.[1]

On November 25, 2020, Shkreli filed this motion to stay
discovery.  The motion became fully submitted on December 11.

### Discussion

Shkreli moves to stay this litigation, and in particular
further discovery, until he is released from prison.  He asserts
difficulty in communicating with his counsel to prepare his
defense to the claims in this litigation while incarcerated.

---

[1] Shkreli's prison consultant calculates that Shkreli could be
released to a halfway house as early as mid-September 2021 if
Shkreli earns enough credits from participation in certain
programs in prison.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (citation omitted). A district court has discretion to stay discovery for "good cause" pursuant to Rule 26 of the Federal Rules of Civil Procedure. The party seeking the stay of discovery bears the burden of demonstrating good cause.

Shkreli has not shown "good cause" for a stay of this complex litigation. This action is brought by the federal government and several States. The parties and the public have a significant interest in resolving the issues raised by the plaintiffs' claims with due expedition. The issues principally arise from events that began years ago, in 2014. The core of the allegedly anticompetitive conduct underlying the plaintiffs' claims appears to remain ongoing. Should the plaintiffs prevail in this litigation, the impact on the generic drug market and consumers of pharmaceuticals would be prompt and significant. The plaintiffs also seek equitable monetary relief. The public interest weighs strongly against any unnecessary delay of this litigation.

Shkreli has failed to show that he will be unfairly prejudiced by the litigation proceeding while he is

3

incarcerated.  This litigation was filed after a lengthy administrative investigation of Shkreli's activities.  The plaintiffs promptly produced the administrative record to the defendants, and the defendants have had months to examine it. The protocol for discovery was entered last Spring, and the parties have relied on it and planned accordingly.

Shkreli's application is also untimely.  Shkreli's delay in bringing a motion based on his alleged lack of communication with counsel undermines his assertion that the breadth of discovery in this action requires a stay.

Shkreli has also failed to demonstrate good cause to support his request for a stay.  Shkreli claims that, because of his incarceration, he has not had, and will not have, sufficient access to counsel to prepare for his deposition and participate in his own defense.  He adds that a failure to stay discovery would violate his constitutional right to access to courts, and, as a corollary, his right to counsel.

Shkreli is represented by a team of experienced and able counsel from two law firms.  Shkreli has at his disposal several methods for communicating with his attorneys, including sending and receiving legal mail, the availability of legal visits for

much of the time this litigation has been pending,[2] unmonitored legal calls, and emails and calls over the Bureau of Prison's ("BOP") TRULINCS and TRUFONE systems.[3]   Shkreli's prison consultant acknowledges that the BOP has "done a somewhat satisfactory job at arranging communication thus far." Shkreli's access to his counsel is at least as good as that provided to incarcerated defendants facing criminal charges.

**CONCLUSION**

Shkreli's November 25, 2020 motion to stay discovery pending his release from prison is denied.


Dated:    New York, New York
          January 8, 2021


                         _____
                         DENISE COTE
               United States District Judge


---

[2] Despite invitations by the Bureau of Prisons to counsel to schedule visits to meet with Shkreli, his attorneys have not done so.  While defense counsel quite rightly point to the ongoing pandemic and the risks to health posed by travel and prison visits, it nonetheless remains true that counsel have chosen not to avail themselves of this opportunity.

[3] In a letter of September 25, 2020, the plaintiffs represented that they would not seek from the BOP any further communications between Shkreli and his attorneys conducted over monitored lines.