| | **Duane Morris®** | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | CHRISTOPHER H. CASEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1155 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2194 | LAS VEGAS |
| LOS ANGELES | E-MAIL: CHCasey@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | | |
| AUSTIN | www.duanemorris.com | ALLIANCES IN MEXICO |
| HANOI | | AND SRI LANKA |

January 22, 2021

Via ECF

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, Case No. 1:20-cv-706 (DLC)

Dear Judge Cote:

Defendant Martin Shkreli respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 26 and 37(a)(3)(B)(iv) and Local Rule 37.2, to compel plaintiffs to produce any and all transcripts of audio recordings of phone calls between Mr. Shkreli and other individuals that were produced by the Federal Bureau of Prisons (the "BOP").

Plaintiffs have in their possession audio recordings of phone calls Mr. Shkreli made while in custody. Plaintiffs produced those audio files to defendants. Plaintiffs have transcribed at least some of these calls, but have not produced the transcriptions. This fact came to light at the January 12, 2021, deposition of defendant Kevin Mulleady. During that deposition, plaintiffs introduced an exhibit that they represented was a transcript of a phone call between Mr. Shkreli and Mr. Mulleady. This transcript, created on March 4, 2020, was never produced to defendants, notwithstanding several document requests to which the transcript—and others like it—are responsive. All defense counsel objected to the use of the transcript during Mr. Mulleady's deposition, arguing that it was withheld and not produced prior to the deposition and that defendants were prejudiced by plaintiffs' eliciting testimony based upon an undisclosed document, the accuracy of which defendants had no opportunity to examine.

On January 15, 2021, following plaintiffs' surprise use of the transcript, counsel for Mr. Shkreli requested the production of all transcripts of audio files in plaintiffs' possession, and specifically requested that any transcripts that plaintiffs intended to use in depositions be produced as soon as possible, and no later than January 20, 2021, because of the upcoming depositions of Mr. Shkreli (January 27 and 28) and Akeel Mithani (January 28). However, Plaintiffs did not respond until January 21, 2020, and refused to produce the transcripts, stating they are "post-complaint FTC documents" and claiming that they constitute their work product. Plaintiffs also refused to



The Honorable Denise L. Cote
Page 2

schedule a meet and confer in a timely manner so as to allow this issue to be resolved prior to the upcoming depositions.[1] Mr. Shkreli makes this motion for several reasons.

*First*, the transcripts are discoverable pursuant to Rules 26 and 34. Those rules authorize a party to request—and obligate a responding party to produce—documents that are relevant to the claims and defenses at issue and proportional to the needs of the case. Plaintiffs have not argued, nor could they, that the transcripts fail to satisfy either part of the discoverability test. The transcripts are clearly relevant to the claims in this case, as plaintiffs allege that Mr. Shkreli engaged in anti-competitive conduct from prison. *See Alex v. Wetzel*, No. 1:CV-13-0304, 2015 WL 418186, at *7-8 (M.D. Pa. Feb. 2, 2015) (holding that any transcript that has been created of a relevant phone call recording "is discoverable and should be produced"); *see also Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, No. 10-CV-2618 JBW, 2011 WL 3471508, at *5 (E.D.N.Y. Aug. 5, 2011) (discussing prior order requiring production of recordings and transcripts of same). Once plaintiffs decided to transcribe the audio files, they had an obligation to produce the transcripts. *See* Rule 26 (e)(1) (producing party must supplement its production if its response is "incomplete.").

*Second*, plaintiffs' continuing failure to provide the discoverable documents has prejudiced—and will continue to prejudice—defendants' ability to defend themselves. In the Mulleady deposition, Plaintiffs sought to use the transcript as *affirmative evidence* in support of their claims, without any advance warning. The prejudice caused by such "sandbagging" is clear. *Gateway, Inc. v. ACS Commercial Sols., Inc.*, 2009 WL 10695887, at *11 (S.D.N.Y. Sept. 18, 2009) (finding that party's failure to turn over responsive documents prior to a deposition was sanctionable). Without advance production of the transcripts, and without any indication of how the transcripts were created, or from which audio recordings, defendants have been effectively blinded—rendered unable to assess the accuracy of plaintiffs' transcripts. Such prejudice can only be avoided by the transcripts' production, which will allow counsel and their clients the opportunity to compare the audio with the transcription and make appropriate objections prior to their use.

*Finally*, the Court should overrule plaintiffs' objections. Plaintiffs have not explained how the timing of the creation of a relevant document bears upon its discoverability. Nor have they explained how a purported transcription of conversations involving the defendants in this action could somehow constitute plaintiffs' counsel's mental impressions.

Mr. Shkreli respectfully requests the Court to compel plaintiffs to produce the transcripts of any audio files in their possession by no later than Tuesday, January 26, so that Mr. Shkreli will have an opportunity to review the transcripts before his deposition the next day. Mr. Shkreli also requests a pre-motion conference pursuant to Paragraphs 2.C and 4.J of Your Honor's Individual Practices.

---

[1] *See* Attachment "1" (E-mail exchange between counsel for Mr. Shkreli and Counsel for FTC). The parties presented their positions in the email exchange. In response to Mr. Shkreli's arguments, plaintiffs firmly stated that they "disagree with your arguments and decline your request." This response suggests that a meet and confer session would be futile. Moreover, plaintiffs suggested a meet and confer to occur on Monday afternoon, January 25, which would not allow sufficient time for briefing and a decision before Mr. Shkreli's deposition on Wednesday, January 27.

DuaneMorris

The Honorable Denise L. Cote
Page 3

                                    Respectfully,

                                    */s/ Christopher H. Casey*
                                    Christopher H. Casey

CHC