

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

January 25, 2021

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:** *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)

Dear Judge Cote:

Plaintiffs respectfully submit that Defendant Shkreli's motion to compel discovery (ECF 371) should be denied. During this litigation and the preceding investigation, the Bureau of Prisons (BOP) produced 377 audio recordings of Shkreli's monitored phone calls. Plaintiffs timely produced these audio files to Defendants. As part of our litigation preparations, Plaintiffs have commissioned certified written transcripts of a small number of these calls—nine to date. We selected these calls for transcription because we believe they are particularly relevant to our legal strategy and because we may ask questions about them during depositions.[1] Shkreli contends that, although he already has the underlying audio recordings, Plaintiffs must also immediately produce our selected written transcripts. Shkreli is wrong for at least four independent reasons.

**1. The transcripts are work product for which Shkreli has no substantial need.**

Plaintiffs' selected BOP call transcripts are protected work product. *See* Fed. R. Civ. P. 26(b)(3). Unlike the underlying audio recordings, these transcripts were "created because of [] litigation, and would not have been prepared in substantially similar form but for [] that litigation." *United States v. Jacques Dessange, Inc.*, No. S2 99 CR 1182 DLC, 2000 WL 310345, at *1 (S.D.N.Y. Mar. 27, 2000) (quoting *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998)). Shkreli cannot demonstrate the required "substantial need" for the transcripts nor an "inability to obtain [their] contents elsewhere without undue hardship," *Adlman*, 134 F.3d at 1202-03, because he already has the underlying audio recordings that contain the same factual content. *See Horn & Hardart Co. v. Pillsbury*, 888 F.2d 8, 12 (2d Cir. 1989) (no substantial need for meeting notes because depositions of those present were "a satisfactory alternative").[2] Moreover, Shkreli himself participated in every call and is thus already aware of their content. *See, e.g., A.I.A.*

---

[1] Plaintiffs introduced one of these transcripts as an exhibit at Defendant Kevin Mulleady's deposition. Shkreli contends that Defendants were prejudiced by the use of this transcript, but fails to explain how. ECF 371 at 1.

[2] *See also SEC v. Strauss*, No. 09 Civ. 4150 (RMB) (HBP), 2009 WL 3459204, at *11 (S.D.N.Y. Oct. 28, 2009) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source.").

*Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 Civ. 4978 (LMM) (HBP), 2002 WL 31385824, at *9 (S.D.N.Y. Oct. 21, 2002) (no substantial need where "the party seeking discovery can ask the witness himself about the events in issue"). And Shkreli can readily obtain his own transcripts by commissioning them himself.

**2. Disclosure of the transcripts would reveal Plaintiffs' litigation strategy.**

These transcripts merit heightened protection as opinion work product because their disclosure poses a "real, rather than speculative, concern that the thought processes of [] counsel in relation to pending [] litigation would be exposed." *Matter of Grand Jury Subpoenas Dated Oct. 22, 1991 and Nov. 1, 1991*, 959 F.2d 1158, 1167 (2d Cir. 1992) (approving request for "all telephone company records for [] targeted phone lines" because it was "not designed to glean what telephone calls [counsel] deems relevant"). Plaintiffs carefully selected for transcription only nine out of 377 calls. Since Defendants already have the underlying recordings, the only additional information they would glean from our transcripts is insight into which calls Plaintiffs deem most important to this case. *See Jacques Dessange*, 2000 WL 310345, at *3 (applying opinion work product protection to attorney notes containing "summaries of what [the attorney] deemed to be the key areas discussed; 'flags' as to topics she wished to pursue with her client in private; and a selective recording of statements made by her client").

**3. Plaintiffs have no obligation to produce the transcripts to Shkreli.**

Plaintiffs' transcripts are not responsive to any pending discovery request.[3] Nor are Plaintiffs required to provide exhibits in advance of a deposition so Defendants can "assess the[ir] accuracy." ECF 371 at 2. Indeed, the remote deposition protocol specifically bars witnesses or opposing counsel from accessing the other sides' exhibits before a deposition begins. ECF 245 ¶ 31(c). These transcripts bear obvious indicia of reliability because they were prepared and certified by a court reporter. Nonetheless, as with any exhibit, the witness can assess the accuracy of the transcript from personal knowledge. And defense counsel can object to any transcript they believe may be inaccurate, review it after the deposition, and seek to exclude the use of any testimony based on an inaccurate transcription. *See* Fed. R. Civ. P. 30(c)(2).[4]

**4. Shkreli has failed to follow the Court's procedure for discovery disputes.**

Shkreli's accusation that Plaintiffs did not explain our bases for refusing to produce these call transcripts rings hollow given that his counsel chose to skip the meet-and-confer process required by Your Honor's Individual Practices in Civil Cases.[5] Once again, Shkreli seems to believe that he is entitled to play by different rules than everyone else. Shkreli's willful failure to follow Your Honor's mandatory procedures for resolving discovery disputes is an independent basis for rejecting his motion.

---

[3] The transcripts were created after Plaintiffs' production cutoff date of January 26, 2020, as stated in our responses and objections to Defendants' first document requests. Defendants never challenged this cutoff date. Shkreli's only subsequent request did not encompass these transcripts. Defendants have not served any other requests on Plaintiffs.

[4] All transcripts list the name and date of the audio file transcribed, allowing for easy comparison to the underlying audio file.

[5] Defendants chose not to meet and confer on this issue despite Plaintiffs' offer to do so. ECF 371-1 at 1.

Sincerely,

*/s/ Markus H. Meier*

Markus H. Meier
Assistant Director