

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

May 14, 2021

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:** *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)

Plaintiffs respectfully request that the Court strike Justin McLean as an expert witness for Defendants for two reasons. First, the subject matter of his opinion—the "financial condition of Vyera and Phoenixus AG" and those entities' inability "to pay a judgment while remaining a going concern"—is not relevant to the calculation of equitable monetary relief[1] or any other issue in this case. Ex. A at 3. Second, Defendants' disclosure of McLean as an expert was untimely. The parties met and conferred on May 7, 2021, but were unable to resolve this dispute.

**Background:** The Court's scheduling order required the parties to identify experts submitting opening reports by February 12, 2021. A party must serve an opening expert report on any issue for which it bears the burden of proof. ECF 243. The parties agreed that "Defendants have no obligation to disclose or file opening reports for all issues on which Defendants do not bear the initial burden . . . [including] the calculation of equitable monetary relief." Ex. B. Plaintiffs served four expert reports, including an opening expert report calculating the amount of ill-gotten gains attributable to the Defendant's anticompetitive conduct. Ex. C at 1. Defendants did not serve any opening expert reports. On April 30, 2021, Defendants disclosed McLean as a "rebuttal" expert witness. According to Defendants' disclosure, however, McLean is not rebutting Plaintiffs' calculation of equitable monetary relief; rather, he will opine on the Corporate Defendants' "financial condition." Ex A at 3. Defendants separately disclosed Dr. Anupam Jena as a rebuttal expert on Plaintiffs' calculation of ill-gotten gains. Ex. A at 1-2.

**The Corporate Defendants' financial condition is irrelevant:** Courts in the Southern District of New York have consistently and uniformly stated that, "[f]or purposes of calculating disgorgement, financial hardship does not preclude the imposition of an order of disgorgement." *SEC v. Wyly*, 56 F. Supp. 3d 394, 406 (S.D.N.Y. 2014) (citing *SEC v. Taber*, No. 13 Misc. 282, 2013 WL 6334375, at *2 (S.D.N.Y. Dec. 4, 2013)). "Defendant's current financial net-worth is

---

[1] The Supreme Court recently held that Section 13(b) of the FTC Act does not authorize equitable monetary relief. *See AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021). However, Congress may restore the FTC's monetary relief authority. Further, State Plaintiffs maintain claims for the total sum of Defendants' ill-gotten gains. *See, e.g., People v. Coventry First LLC*, No. 0404620, 2007 WL 2905486 (Sup. Ct. N.Y. Cnty. Sept. 25, 2007) (holding that Exec. Law § 63 and the Donnelly Act permit the NYAG to recover for non-residents based on conduct that occurs in New York) (citing *Goshen v. Mutual Life Insurance Co.,* 98 N.Y.2d 314 (2002)), *aff'd*, 13 N.Y.3d 108, 112 (2009).

irrelevant to the Court's consideration of the disgorgement award." *SEC v. Credit Bancorp, Ltd.*, No. 99 Civ. 11395, 2011 WL 666158, at *5 (S.D.N.Y. Feb. 14, 2011) (citing *SEC v. One Wall Street, Inc.*, No. 06 Civ. 4217, 2008 WL 63256, at *3 (E.D.N.Y. Jan. 3, 2008)). The reasons why are self-evident: Defendants' financial condition may change (for example, they may acquire the means to satisfy the judgment) and withholding disgorgement "simply because a swindler claims that she has already spent all the loot" would be inequitable. *SEC v. Inorganic Recycling Corp.*, No. 99 Civ. 10159, 2002 WL 1968341, *2-4, (S.D.N.Y. Aug. 23, 2002).

**Defendants' disclosure of McLean was untimely:** McLean is not a rebuttal expert. Defendants' ability to pay a financial judgment is not an element of Plaintiffs' case. None of Plaintiffs' experts opines on Defendants' ability to disgorge their ill-gotten gains, and Plaintiffs do not intend to introduce any evidence on that topic. Defendants insist that McLean is a proper rebuttal expert because Plaintiffs "put the issue of ability to pay into play" by requesting disgorgement in excess of what Defendants contend Vyera can pay. Ex. D. By that logic, however, a defendant would never bear the burden of proof on any element or affirmative defense because a plaintiff's proof always "puts into play" the need for a defense. Here, Defendants' own expert disclosure confirms that McLean is not rebutting any opinion of Plaintiffs' experts. Instead, McLean is offering new opinions in support of a new—and legally irrelevant—"inability-to-pay" defense that Defendants never identified in their answers (despite collectively raising 63 defenses) but now seek to inject into this case.

**Defendants' untimely disclosure of McLean prejudices Plaintiffs:** If Defendants are allowed to offer a report from McLean on their financial condition, Plaintiffs will be prejudiced by having to retain an expert to address this irrelevant issue. Moreover, even if the Court determines that McLean's opinion is potentially relevant, Defendants' failure to timely disclose McLean as an opening expert has reduced by half the time Plaintiffs have to identify a rebuttal expert and submit a responsive report. Had Defendants properly disclosed McLean as an opening expert on February 12, 2021, Plaintiffs would have had 112 days to identify a rebuttal expert and submit the expert report on June 4, 2021. Because Defendants disclosed McLean as a rebuttal expert on April 30, Plaintiffs now have only 60 days to serve a reply report. Ex. B; ECF 413; ECF 243 (reply reports are due June 29).

**Requested Relief:** For the reasons stated above, Plaintiffs respectfully request that the Court strike McLean as an expert in this case. *See* Fed. R. Civ. P. 37(c)(1); *Softel, Inc. v. Dragon Med. & Sci. Communs, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (describing factors courts consider in deciding to preclude the use of a witness' testimony). In the alternative, Plaintiffs request that the Court permit Plaintiffs to disclose a reply expert, submit a reply expert report, and depose the "ability-to-pay" expert witnesses on the same timetable as if Defendants had timely disclosed McLean as an opening expert. These proposed dates would not affect other Court deadlines:

- Disclosure of Plaintiffs' Ability-to-Pay Reply Expert – July 16, 2021
- Submission of Plaintiffs' Ability-to-Pay Reply Expert Report – August 20, 2021
- Deposition of all Ability-to-Pay Experts – on or before October 4, 2021

Sincerely,

*/s/ Markus H. Meier*
Assistant Director