# Exhibit G

# Morgan Lewis

**Stacey Anne Mahoney**
+1.212.309.6930
Stacey.mahoney@morganlewis.com

April 30, 2021

**VIA EMAIL**

Armine Black, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Re:    *Federal Trade Commission v. Vyera Pharmaceuticals, LLC*, No. 20-cv-706 (S.D.N.Y.)

Dear Armine:

I write on behalf of Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG (collectively "Vyera") in response to your letter of February 18, 2021 posing certain inquiries regarding the production of texts and WhatsApp messages from Vyera custodian Akeel Mithani.

As Vyera has indicated in interim correspondence with the Plaintiffs on this issue, in order to provide responses to Plaintiffs' inquiries, Vyera conducted an investigation regarding the preservation and production issues raised. As a result of that investigation, Vyera has determined that there were preservation issues related to: text communications sent or received on a particular BlackBerry device that was used by Mr. Mithani from November 18, 2017 through April 5, 2019 (BBB1003 with the phone number ▓▓▓▓▓▓), work-related text messages sent or received on Mr. Mithani's personal mobile phone (phone number ▓▓▓▓▓▓), and electronic communications on the WhatsApp application engaged in by Mr. Mithani. Further detail is provided below.

Throughout the relevant time period, it has been company policy that employees who were issued mobile telephones by Vyera were issued iPhones. All text messages sent or received on company-issued iPhones are backed up through the iCloud back up services.[1] When Mr. Mithani was initially issued a mobile device in or around November 18, 2017, he

---

[1] All emails sent or received on Turing, and subsequently Vyera, email addresses throughout the relevant time period were backed up through one of two service providers with which the company contracted: Global Relay from 2015 through January of 2020, and Mimecast thereafter.

Armine Black, Esq.
April 30, 2021
Page 2 of 5

was a Director of Phoenixus AG, but was not an employee.[2]  Mr. Kirill Bezrodnykh, the now-former Chief Technology Officer for Vyera, informed Mr. Mithani that issuing him a BlackBerry was out of compliance with Vyera's IT policy.  Mr. Mithani nevertheless expressed a preference for BlackBerry as opposed to iPhone, and an exception was made for Mr. Mithani as a Director, and he was issued a BlackBerry.

As a result of the exception made for Mr. Mithani to be able to use a BlackBerry as his company-issued mobile device from November of 2017 through April of 2019, there was no systemic back up of text message communications on that BlackBerry.  Vyera did not have the BlackBerry Enterprise Software that would have enabled text messages on that device to be backed up, and Mr. Mithani did not install and apply the desktop application software that could have backed up the text message communications on his BlackBerry.

As part of its investigatory efforts, Vyera located the BlackBerry device that had been used by Mr. Mithani, and sent it to an electronic data company, iDiscovery Solutions, for forensic analysis.  That forensic analysis concluded that no data could be retrieved from the BlackBerry because it had been factory reset.  iDiscovery Solutions was not able to determine when or by whom the BlackBerry had been factory reset.  Mr. Bezrodnykh recalls Mr. Mithani handing him the BlackBerry on or around April 5, 2019, when it was exchanged for an iPhone.  In an interview, Mr. Bezrodnykh indicated that neither he, nor anyone else on his IT team, ever turned on the BlackBerry after receiving it, but kept it in a desk in the IT department.  The BlackBerry was located in that same desk earlier this year when it was retrieved for the purposes of the investigation being described herein.  Mr. Bezrodnykh indicated that he did not conduct a factory reset of the BlackBerry, and does not believe that anyone on the IT team did so.  When asked, Mr. Mithani could not recall whether he conducted a factory reset of the BlackBerry before returning it to Vyera in or around April 2019.

When Mr. Mithani started as a Director, he was aware that there had been an investigation of Vyera by certain of the now-Plaintiffs, although he understood that the investigation was no longer active.  He received a formal document hold notice from Mr. Averill Powers (who had begun his employment as Chief Strategy Officer and General Counsel for Vyera in or around August of 2018) on or around November 14, 2018.  Mr. Mithani confirmed receipt of that hold notice in writing on or around November 16, 2018.  Mr. Mithani has confirmed that he deleted texts on his company-issued mobile device, and his personal mobile device, which he also used for work, both before and after receiving the hold notice.  He acknowledges that he should not have done so, and at one point in or around May of 2019, he researched how he could restore deleted text messages.  Mr. Mithani could not recall whether he ever tried to restore any of his deleted text messages, but he had an understanding that all text messages on company-issued iPhones were backed up by Vyera.

---

[2] Mr. Mithani became a consultant to Vyera as of November 23, 2017.

Armine Black, Esq.
April 30, 2021
Page 3 of 5

    Given that the BlackBerry had no operative back up service preserving text messages, and that the BlackBerry has been factory reset such that no data can be extracted from it, Vyera is unable to retrieve any relevant and responsive text communications, to the extent that any exist, from that device. To the extent that there were any such text messages with other Vyera custodians during the November 2017 through April 2019 time frame when Mr. Mithani was using the BlackBerry, they would have been retained, collected, and produced from those other Vyera custodians. Similarly, to the extent that Mr. Mithani sent or received work-related text messages from his personal mobile device with other Vyera custodians during the relevant period, they would have been retained, collected, and produced from those other Vyera custodians.

    Mr. Mithani has testified that he had work-related communications over the WhatsApp communication application with Mr. Shkreli for a period of three or four months from approximately late 2018 to early 2019. In an interview, Mr. Mithani indicated that he installed the WhatsApp application, which was not a company-approved application, at Mr. Shkreli's request. Those WhatsApp communications with Mr. Shkreli were conducted over the company-issued BlackBerry using Mr. Mithani's personal WhatsApp phone number. Because WhatsApp is not a company-approved application, the company has no back up service for such communications, but believes that Facebook (which owns WhatsApp) may provide such a service to users of the application who avail themselves of it. Mr. Mithani has indicated that he has an understanding that when one switches from an Android-based device (like the BlackBerry) to an iPhone, as he did in April of 2019, the WhatsApp history from the Android device is deleted.

    Responses to the specific questions posed by Plaintiffs regarding Mr. Mithani's personal and company-issued phones are provided below:

1. Date ranges of text and WhatsApp messages collected;

**SMS/iMessages**
Personal Phone (███): December 5, 2011 – September 19, 2020
Business Phone (███): April 11, 2019 – September 18, 2020

**WhatsApp**
Personal Phone (███): N/A
Business Phone (███): April 16, 2019 – July 4, 2020

2. Total number of text and WhatsApp messages collected;

**SMS/iMessages**
Personal Phone (███): 16,871
Business Phone (███): 3,433

**WhatsApp (Total)**
Personal Phone (▮): 0
Business Phone (▮): 63

3. Hit count after applying search terms;

Vyera cannot provide this information because the search terms were run against all of the messages collectively. Accordingly, Vyera cannot determine the number of individual messages that hit on the search terms.

4. Total number of text and WhatsApp relevant and responsive messages produced;

**SMS/iMessages**
Personal Phone (▮): 2
Business Phone (▮): 2,300

**WhatsApp**
Personal Phone (▮): 0
Business Phone (▮): 0

5. Bates numbers of text messages produced;[3] and

- Vyera_01556964 – Vyera_01556965
- Vyera_01557073 – Vyera_01557088
- Vyera_01556957 – Vyera_01556959
- Vyera_01556961 – Vyera_01556963
- Vyera_01556969 – Vyera_01556971
- Vyera_01556953 – Vyera_01556954
- Vyera_01556973 – Vyera_01557038
- Vyera_00576032

6. Whether you possess the WhatsApp communications between Mithani and Shkreli from prison that are referenced in Mithani IH Tr. 81:3-24.

Vyera does not possess any such WhatsApp communications.

***

Vyera is willing to meet and confer on these issues to the extent it would be helpful.

---

[3] Because of the manner in which the text messages were collected, reviewed, and produced, the cited bates ranges each contain multiple text messages, totaling 2,302 text messages.

Armine Black, Esq.
April 30, 2021
Page 5 of 5

Respectfully,

*/s/ Stacey Anne Mahoney*

*Counsel for Defendants Vyera*
*Pharmaceuticals, LLC and Phoenixus AG*


CC: All Discovery Counsel