# Exhibit J



UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Daniel W. Butrymowicz
Bureau of Competition
Phone: (202) 326-3692
Email: dbutrymowicz@ftc.gov

September 29, 2015

**VIA U.S. MAIL**

Martin Shkreli
Chief Executive Officer
Turing Pharmaceuticals LLC
1177 Avenue of the Americas
39th Floor
New York, NY 10036

    Re:    FTC Investigation

Dear Mr. Shkreli:

    The Federal Trade Commission is conducting a nonpublic investigation into whether Turing Pharmaceuticals LLC, Turing Pharmaceuticals AG, and any associated parent companies or subsidiaries ("Turing") have, in conjunction with Impax Laboratories, Inc. and any associated parent companies or subsidiaries ("Impax"), engaged in unfair methods of competition related to Daraprim (pyrimethamine) and whether Turing's acquisition of Daraprim from Impax substantially lessened competition. Such conduct could violate the Federal Trade Commission Act, 15 U.S.C. § 45, as amended, and the Clayton Act, 15 U.S.C. § 18, as amended. Please note that neither this letter nor the existence of this nonpublic investigation indicates that the Federal Trade Commission or its staff has concluded that Turing has violated the law.

    At this time, we request that Turing submit the following information and documents[1]:

1. All agreements (including but not limited to letters of intent, purchase agreements, memorandums of understanding, and acquisition agreements) relating to Turing's acquisition of Daraprim (NDA No. 08578) from Impax;

2. Any studies, surveys, analyses and reports that were prepared by or for any officer(s) or director(s) of Turing for the purpose of evaluating or analyzing the acquisition of

---

[1] For purposes of this letter, the term "document(s)" includes both "documents" and "electronically stored information," with the meaning those terms have in Fed. R. Civ. P. 34(a).

1

Daraprim with respect to competition (including but not limited to potential competition), competitors (including but not limited to potential competitors), markets, pricing, distribution, and potential for sales growth or expansion;

3. Any agreements with the top ten purchasers, in dollar sales, of Daraprim relating to the distribution of Daraprim;

4. Any communication(s) with the top ten purchasers, in dollar sales, of Daraprim regarding a change in the purchase price for Daraprim; and

5. For Daraprim for the period of January 1, 2013 to present, on a monthly basis:

    a. IMS National Sales Perspective (Retail and Non-Retail) data, or the equivalent thereof, separately by customer channel, for total sales in dollars and units; and

    b. IMS National Prescription Audit data, or the equivalent thereof, separately by customer channel, for newly dispensed prescriptions, refill dispensed prescriptions, and total dispensed prescriptions.

Information submitted in response to this letter will be afforded confidential treatment and is exempt from disclosure under the Freedom of Information Act, as provided in 16 C.F.R. §§ 4.10-4.11 and 15 U.S.C. §§ 46(f) and 57b-2(f), respectively. To ensure confidential treatment, please mark each page that contains confidential information as "Confidential."

If you plan to withhold all or any portion of any responsive document for any reason, including a claim of privilege, please submit a list of the documents withheld and state individually as to each item: (1) the source of the document; (2) the name, address, position, and organization of the author and recipient of the document; (3) the type, title, specific subject matter, length, and date of the document; and (4) the reason for withholding the document, including but not limited to the actual or anticipated litigation that underlies a claim of work product immunity.

I have sought to make this initial request as narrow as possible. As with any investigation, we may find it necessary to seek additional information and documents (including audio recordings and instant messages) from Turing. Accordingly, pending completion of the investigation, please preserve all existing documents and cease destruction of documents that may be relevant to the investigation, including all documents relating to Daraprim. The destruction of documents and the interference of dealings with potential witnesses may violate 18 U.S.C. §§ 1505 and 1512, which make it unlawful for anyone to influence, obstruct, or impede the due and proper administration of the law.

You may submit original hard copy documents either in hard copy or as fully text-searchable electronic documents. Electronically stored documents, information, or data should be submitted in electronic format. Before doing so, please contact me to discuss specific instructions on electronic data formats that the Commission can accept.

3

Please send the requested information and documents to me by October 16, 2015, at 600 Pennsylvania Avenue, NW, CC-7233, Washington, DC 20580. Additionally, I encourage you to submit any other information or documents that you believe may be relevant to our investigation. Lastly, if you believe the scope of this request can be narrowed, consistent with the FTC's need for information, or if you would like to refer us to counsel representing Turing in this matter, please do not hesitate to contact me at (202) 326-3692.

Sincerely,

Daniel W. Butrymowicz
Attorney

cc:  Bradley S. Albert
     Deputy Assistant Director

3