

UNITED STATES OF AMERICA
**Federal Trade Commission**
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

May 17, 2021

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:  *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)**

Dear Judge Cote:

Corporate Defendants spoliated relevant communications of Akeel Mithani, a key Vyera executive and Shkreli protégé, and should be sanctioned under Rule 37(e). Since June 2017, Mithani has been a board member of Phoenixus' Executive Committee and Vyera's Executive Director of business development. He was central to Vyera's exclusive agreement with RL Fine, its data-blocking agreements, and its restrictions on Daraprim's distribution. ▮▮▮

▮▮▮ Mithani spearheaded Vyera's data-blocking plan and emphasized that he wanted it "figured out ASAP . . . . Very important." Ex. D at 1; Ex. E. Mithani also helped execute Shkreli's directive to ▮▮▮

Plaintiffs raised concerns about Mithani's data collection with Vyera in fall 2020 and February 2021. Ex. J; Ex. K. In his deposition, Mithani testified that he did not delete any business-related messages. Ex. B at 297-298 ("And did you preserve all of your texts regarding company business? . . . Yes. . . . Did you ever delete any texts regarding company business? None that I know of."). But Vyera now concedes that Mithani repeatedly destroyed relevant messages on two cell phones. Ex. L at 1-3; Ex. B at 298. The parties conferred without resolution on May 13, 2021.

**Mithani's company cell phone**. Mithani has used a Vyera-issued cell phone number for communications relating to Daraprim since November 2017. Ex. M at 13, 15; Ex. L at 1. Vyera did not produce any messages from the BlackBerry device associated with that number from November 2017 through April 2019 because Mithani deleted the relevant messages, the messages were not backed up, and the phone was reset to factory settings in April 2019, wiping

all ESI. Ex. L at 2-3. From May 2019 on, Vyera produced Mithani's texts with only one Vyera executive (Anne Kirby), despite his testimony that he texted with numerous others. Ex. B at 301.

**Mithani's personal cell phone & email**. Mithani also deleted work messages from his personal cell phone. Ex. L at 2. Vyera produced only two messages from that phone. Further, Mithani offered contradictory testimony about his personal email: first admitting that he deleted business-related emails from his personal email account (Ex. A at 229-230), and later testifying that he had preserved and produced relevant personal emails (Ex. B at 298).

**Vyera spoliated relevant communications**. Vyera has had an obligation to preserve relevant messages since at least fall 2015, when it received the FTC's letter and NY AG's subpoena instructing it to preserve all potentially relevant documents.[1] Ex. N at 2; Ex. O at 4. But Vyera failed to take reasonable steps to preserve Mithani's messages. First, Vyera failed to issue Mithani a document hold notice until November 2018 and allowed him to use a BlackBerry that it knew was out of compliance with Vyera's IT policy and would not be backed up. Ex. L at 2-3. Second, Mithani, an officer and director of Vyera, knowingly deleted relevant messages before and after the hold notice. As a result, the deleted phone messages are irretrievable. For example, Vyera cannot access the WhatsApp communications that Mithani exchanged with Shkreli. Ex. L at 3; Ex. A at 79-81. Furthermore, Mithani testified to texting with Vyera officers and employees Jordan Walker, Nick Pelliccione, and Yaro Zherebukh, but Vyera has not produced these messages from any custodial files, suggesting that these messages are also lost.

**Plaintiffs are entitled to spoliation sanctions**. Plaintiffs are entitled to an adverse inference under Rule 37(e)(2) because Vyera spoliated with the "intent to deprive" Plaintiffs of the information's use in litigation. Mithani got a BlackBerry in violation of Vyera's policy and deleted messages from his phones before and after receiving a document hold notice, a fact about which he offered contradictory testimony. If the Court does not find the requisite intent to deprive, the prejudice to Plaintiffs still warrants relief under Rule 37(e)(1). Vyera did not produce a single Mithani message exchanged with Defendants Shkreli and Mulleady, any of Shkreli's board appointees, or any third party, including RL Fine—although Mithani corresponded with them. Documents produced by others (e.g., Mulleady separately produced 53 relevant text messages with Mithani and third party Reliant produced numerous others) show that additional messages likely existed and would have been helpful to Plaintiffs.

**Requested relief**. Should the Court find spoliation under Rule 37(e)(2), Plaintiffs request the Court to presume that the destroyed evidence would support the findings that Vyera engaged in the following conduct for the purpose of restraining generic entry and not for legitimate reasons: (1) entering into the RL Fine agreement; (2) entering into the data-blocking agreements; and (3) tightening Daraprim's closed distribution system. Should the Court find spoliation under Rule 37(e)(1), Plaintiffs request an order precluding Vyera from introducing any documents or testimony from Mithani or any current or former Vyera employee or board member contrary to the findings reflected in the statements (1)-(3).

---

[1] NY AG was continuously in contact with Vyera from November 10, 2015 through September 27, 2017 and renewed communications on February 20, 2019. The FTC issued a civil investigative demand to Vyera on December 6, 2018 and has been continuously in contact since then.

Sincerely,

*/s/ Markus H. Meier*
Assistant Director