

Bureau of Competition
Health Care Division

UNITED STATES OF AMERICA
# Federal Trade Commission
WASHINGTON, D.C. 20580

May 17, 2021

The Honorable Denise Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

**Re:** *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)

Dear Judge Cote:

Defendant Shkreli has spoliated communications relevant to this case and should be sanctioned under Federal Rule of Civil Procedure 37(e). The parties exchanged eight letters related to spoliation, from June 2020 to March 2021, and conferred without resolution on May 12, 2021. Plaintiffs also raised spoliation questions with Vyera and received its written response on April 30, 2021. It is now clear that Shkreli destroyed messages on at least two phones that were relevant to his ongoing control of Vyera and to the anticompetitive conduct at issue in this case.

**Shkreli's company cell phone**. Shkreli used a Vyera-issued phone for Daraprim communications. Ex. A at 14-16. But neither Shkreli nor Vyera produced any messages from his company phone. Further, Shkreli admits that he has retained possession of his company phone (Ex. B at 370) and that it was reset around 2016-2017, wiping all ESI. Ex. C at 1.

**Shkreli's contraband cell phone**. Shkreli also used a contraband phone to conduct Daraprim-related business from prison. Shkreli has invoked the Fifth Amendment when questioned about this phone. Ex. D at 1-2; Ex. E at 1-2. But two of his associates, Defendant Mulleady and Vyera executive Akeel Mithani, confirmed that they exchanged phone messages with Shkreli while he was in prison. Mithani testified that he communicated with Shkreli in prison using the WhatsApp messaging application from the end of 2018 to February 2019 and that Shkreli continues to reach out with business development suggestions. Ex. F at 79-81, 214; Ex. G at 3. And, unlike Shkreli, Mulleady identified ▇▇▇▇▇▇▇▇ as Shkreli's phone number and produced two relevant messages he exchanged with Shkreli at this number in prison. Ex. H at 14; Ex. I.

**Shkreli spoliated relevant communications**. Shkreli's destruction of relevant messages on his company phone and his contraband phone amounts to spoliation under Rule 37(e).

First, Shkreli should have preserved the ESI. The duty to preserve "arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). Shkreli's preservation obligations commenced no later than fall 2015, when the FTC and NY AG notified him of Daraprim investigations and instructed him to preserve all

potentially relevant documents. Ex. J at 2; Ex. K at 2. Defendants, including Shkreli, have repeatedly reminded this Court of Plaintiffs' five-year investigation when asking for extensions and in other discovery disputes. *See, e.g.*, ECF 131. Shkreli cannot now act as if he was unaware of his obligation to preserve relevant documents.

Second, Shkreli failed to take reasonable steps to preserve the ESI. Shkreli not only failed to preserve any communications on his company phone, but also allowed the phone to be reset. And Shkreli has categorically refused to acknowledge—let alone produce—relevant communications from his contraband phone.

Third, the ESI is irretrievably lost. For example, Vyera explained that it does not possess, and cannot access, the WhatsApp messages Mithani exchanged with Shkreli from prison. Ex. G at 3.

**Plaintiffs are entitled to spoliation sanctions**. Plaintiffs are entitled to an adverse inference under Rule 37(e)(2) because Shkreli's spoliation was intentional. "An intent to deprive can be found either from a conscious act of destruction or a conscious dereliction of a known duty to preserve electronic data." *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2019 WL 6838672, at *5 (S.D.N.Y. Dec. 16, 2019) (citations and internal quotations omitted). Shkreli's "intent to deprive" is established by the fact that he allowed his company phone to be reset after his preservation duty was triggered. And Shkreli's "repeated invocation of [his] Fifth Amendment right when offered the opportunity to explain [his] actions" permits an inference that Shkreli had a contraband phone in prison and that he intentionally destroyed text and WhatsApp messages. *In re Gorsoan Ltd.*, 2020 WL 3172777, at *9 (S.D.N.Y. June 15, 2020); *see Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them"). Upon a finding of intent to deprive Plaintiffs of the information's use in litigation, the Court may "presume that the lost information was unfavorable" to Shkreli under Rule 37(e)(2)(A) or even "enter a default judgement" against Shkreli under Rule 37(e)(2)(C).

If the Court does not find the requisite intent to deprive, Plaintiffs are still entitled to relief under Rule 37(e)(1) because we are prejudiced by Shkreli's spoliation. Plaintiffs "need not establish that a smoking gun" message once existed but was irretrievably destroyed. *Karsch v. Blink Health Ltd.*, 2019 WL 2708125, at *21 (S.D.N.Y. June 20, 2019) (internal quotations omitted). Instead, it is "sufficient if the existing evidence plausibly 'suggests' that the spoliated ESI could support the moving party's case." *Id.* Discovery responses and testimony from Vyera, Mulleady, and Mithani show that Shkreli's missing messages include communications related to Daraprim.

**Requested relief**. Should the Court find spoliation under Rule 37(e)(2), Plaintiffs request the Court to presume that Shkreli: (1) was continuously involved in Vyera and Phoenixus's business from 2015 to present; (2) communicated with Vyera executives about company business from prison; and (3) engaged in the challenged conduct—including tightening the Daraprim distribution system and instructing Mulleady and Mithani to enter the exclusive contract with RL Fine—to restrain generic entry. Should the Court find spoliation under Rule 37(e)(1), Plaintiffs request an order precluding Shkreli from introducing any argument or evidence contrary to the presumptions reflected in the statements (1)-(3).

Sincerely,

*/s/ Markus H. Meier*
Assistant Director