# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA,<br><br>*Plaintiffs*,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC; and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br><br>*Defendants*. | Case No. 20-cv-00706 (DLC)<br><br>ECF Case |

### DEFENDANT MARTIN SHKRELI'S AMENDED ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, the local rules of the United States District Court for the Southern District of New York, and any other applicable rules or orders of the Court, Defendant Martin Shkreli, by and through his undersigned counsel, submits the following amended answers and objections to Plaintiffs' First Set of Interrogatories (collectively the "Interrogatories" and each, individually, an "Interrogatory"), dated May 1, 2020, as follows:

**INTERROGATORY NO. 2:**

Separately for Martin Shkreli, Kevin Mulleady, and any other current or former employee or board member of the Corporate Defendants identified on any Defendant's Initial Disclosures, identify each email account (whether personal or company issued), cell phone number (whether personal or company sponsored), social media account, and messaging account (e.g., WhatsApp) used for any communications relating to Daraprim or other Vyera or Phoenixus business.

**ANSWER:**

Mr. Shkreli objects to this Interrogatory because it exceeds the permissible scope of interrogatories as set forth in Local Rule 33.3(a), which limits interrogatories to "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." *See* S.D.N.Y. Local Rule 33.3(a). The requested information—email accounts, cell phone numbers, social media accounts, and messaging accounts—do not fit within any of those designated categories of allowable discovery. Mr. Shkreli further objects to this Interrogatory as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any party's claims or defenses, and is thus not proportional to the needs of the case. The gravamen of the claims is that the Vyera entered into allegedly anticompetitive agreements with respect to Daraprim. This Interrogatory purports to seek information related to "any communications relating to Daraprim *or other Vyera or Phoenixus business*." (emphasis added). The litigation relates solely to Daraprim, and conduct related to Daraprim, and thus communications relating to "other Vyera or Phoenixus business" are by definition irrelevant to the subject matter of the litigation, and thus, any such discovery inquiry is not proportional to the needs of the case. Mr. Shkreli further objects to this Interrogatory because it purports to seek information that is in the possession, custody, or control of the Corporate Defendants, Mr. Mulleady, and/or "any other current or former employee or board member of the Corporate Defendants identified on any Defendant's Initial Disclosures,"

14

but that is not within the possession, custody, or control of Mr. Shkreli. Accordingly, Mr. Shkreli would not have the authority or the ability to provide such information. Mr. Shkreli also objects to this Interrogatory as unduly burdensome insofar as it seeks information regarding individuals on "any Defendant's Initial Disclosures." To the extent any such individuals were identified in any other Defendant's initial disclosures, but not in Mr. Shkreli's initial disclosures, this Interrogatory should be directed to that Defendant.

**AMENDED ANSWER:**

Mr. Shkreli incorporates all of the objections set forth in his original Answer to this Interrogatory. Subject to and notwithstanding these objections, Mr. Shkreli answers as follows:

| Name | Email | Cellphone | Messaging Accounts |
|---|---|---|---|
| Scott Breakstone | ███ | ███ | ███ |
| Patrick Crutcher | ███ | ███ | ███ |
| Howard Dorfman | ███ | ███ | ███ |
| Tina Ghorban | ███ | ███ | ███ |
| Deanna Green | ███ | ███ | ███ |
| Jon Hass | ███ | ███ | ███ |
| Anne Kirby | ███ | ███ | |
| Chris Lau | ███ | ███ | ███ |
| Akeel Mithani | ███ | ███ | ███ |

15

| | | | |
|---|---|---|---|
| Kevin Mulleady | ██████ | ██ | ██ |
| Nick Pelliccione | ██████ | ██ | ██ |
| Nancy Retzlaff | ███ | ██ | ██ |
| Eliseo Salinas | ███ | ██ | ██ |
| Martin Shkreli | ████ | ██ | ██ |
| Michael Smith | ████ | ██ | ██ |
| Ron Tilles | ████ | ██ | ██ |
| Edwin Urrutia | ███ | | ██ |
| Jordan Walker | ███ | ██ | ██ |

In addition, from 2015 through 2017, Mr. Shkreli maintained a number of social media accounts at various times through which he communicated with the public at large (which may have included current or former employees or board members of the Corporate Defendants identified on Defendant's Initial Disclosures) on various topics, including the public's response to Turing's decision to raise the price of Daraprim. Mr. Shkreli held live-stream sessions through platforms such as Twitch, Discord, and YouTube. Mr. Shkreli also publicly posted to Twitter

16

(username: @MartinShkreli) and Facebook (username: Martin Shkreli) about Turing-related matters. Both of these accounts are deactivated and cannot be accessed by Mr. Shkreli or his agents. Mr. Shkreli did not use any of the aforementioned social media accounts for any other types of communications relating to Daraprim or other Vyera or Phoenixus business.

**INDIVIDUAL DEFENDANTS ONLY**

**INTERROGATORY NO. 3:**

For each company for which You have held an ownership interest equal to or greater than 1% at any time from October 1, 2014 to present, identify: (a) the name of the company; (b) a brief description of the company's business; (c) the date ranges You held an ownership interest equal to or greater than 1%; (d) Your peak ownership interest; (e) Your current ownership interest; and (f) whether You serve or served on the Board of Directors or hold or held any executive position(s) with the company.

**ANSWER:**

Mr. Shkreli objects to this Interrogatory because it exceeds the permissible scope of interrogatories as set forth in Local Rule 33.3(a), which limits interrogatories to "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." *See* S.D.N.Y. Local Rule 33.3(a). Mr. Shkreli's investments in companies do not fit within any of those designated categories of allowable discovery. Mr. Shkreli further objects to this Interrogatory as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any party's claims or defenses, and is thus not proportional to the needs of the case. The gravamen of the claims is that the Vyera entered into allegedly anticompetitive agreements with respect to Daraprim. This Interrogatory purports to seek information related to Mr. Shkreli's investments in companies that are wholly unrelated to Daraprim and the merits of this case. Mr. Shkreli also objects to this Interrogatory because it purports to obligate Mr. Shkreli to treat subparts of this Interrogatory as discrete inquiries, in