# Exhibit C



NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

*FIRM and AFFILIATE OFFICES*

CHRISTOPHER H. CASEY
DIRECT DIAL: +1 215 979 1155
PERSONAL FAX: +1 215 689 2194
*E-MAIL* CHCasey@duanemorris.com

*www.duanemorris.com*

June 16, 2020

**VIA ELECTRONIC MAIL**

James H. Weingarten, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
jweingarten@ftc.gov

> Re:   ***Federal Trade Commission, et al. v. Vyera Pharmaceuticals, LLC, et al.,***
> <u>Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.)</u>

Dear James:

    We write in response to your letter of June 11, 2020, concerning Defendant Martin Shkreli's responses and objections to Plaintiffs' discovery requests (the "Letter"), and our June 8, 2020 telephonic meet and confer concerning the same.

### 1.   Mr. Shkreli's Preservation of Documents

    The first section of your letter deals with questions relating to Mr. Shkreli's preservation obligations.

    Your description of the devices we have located that we believe contain relevant documents, and our imaging of them, is correct. You asked that we "describe what other steps, if any, were taken to preserve the information on these devices prior to your imaging them in April 2020." Letter at 1. As we explained on the call, Mr. Shkreli's brother and sister received these devices when Mr. Shkreli was incarcerated in September 2017. All information on the devices was preserved from that time until our vendor received them in April 2020.

    Your description of our understanding of the facts involving the company cell phone that was subject to a factory reset in or around 2016-2017 is also correct. We are unaware of any other facts involving this particular phone. If we become aware of any such facts, we will let you know.

DuaneMorris

James H. Weingarten, Esq.
June 16, 2020
Page 2

You state that we discussed on the call Mr. Shkreli's use of WhatsApp, and that you appreciate that Mr. Shkreli is "continuing to investigate whether [certain] communications are available from WhatsApp or are otherwise accessible," and ask that we advise you of the results of our efforts as soon as possible.  Letter, at 1.  We were surprised to read this part of your letter, as we do not recall discussing any WhatsApp messages during the meet and confer call. Nonetheless, we have collected the WhatsApp messages that are in Mr. Shkreli's possession, custody or control, and are reviewing them for responsiveness.

You state that you "expect Mr. Shkreli to comply with his obligations to preserve all responsive communications and to produce all non-privileged, responsive communications." Letter, at 2.  Your expectation that Mr. Shkreli comply with his preservation obligations is well-founded, as he is fully aware of, and has complied with, such obligations.  Although you state that "Defendants were on notice of the investigations into the conduct giving rise to this litigation well before 2017," Letter at 1, Mr. Shkreli was not on notice that he could be named as a defendant in a complaint arising from the FTC's investigation involving Vyera until late December 2019.  Prior to that time, although Mr. Shkreli was generally aware that there was an investigation involving Vyera, he had no awareness that litigation against the company could be reasonably anticipated, and certainly had no awareness that he could be named in any such litigation.  As you know, this is the first time the FTC has ever named an individual in a Section 2 monopolization case, and thus Mr. Shkreli had no reason to anticipate that he would be named in any complaint, even if he could have anticipated that one would be filed.  *See Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 409 (S.D.N.Y. 2010) (preservation obligations are triggered "when litigation is reasonably anticipated . . . and at least by the time the complaint [is] served") (internal citations and quotation marks omitted).  From late December 2019 until the vendor's receipt of the devices in April 2020, all information on the devices was preserved, as discussed above.

## 2. Mr. Shkreli's Responses and Objections to Plaintiffs' First Set of Requests for Production.

You state that you have "several overarching concerns" with Mr. Shkreli's Responses and Objections to Plaintiffs' First Set of Requests for Production.  We will address these concerns first, and then address the specific Responses & Objections to the RFPs.

First, you raise a concern about Mr. Shkreli's intention to begin production of documents only after the Court decides any discovery disputes submitted by this Friday, June 19.  Although you did not raise this issue with us on our meet and confer call, we believe this issue will be resolved in the normal course of events.  We expect that this week will be taken up with attempting to resolve the discovery issues that are the subject of this letter and the BOP production, and preparing our letter to the Court on any outstanding issues.  In addition, we still need to agree with you on search terms, and are willing to begin those discussions this week.  We also expect Judge Cote to rule quickly, perhaps even by early next week, on the discovery disputes that the parties



James H. Weingarten, Esq.
June 16, 2020
Page 3

raise in their respective letters, and that our production will commence thereafter (assuming we reach agreement on search terms).[1]

Second, as to the defined relevant time period, while we appreciate that we stated on the meet and confer call that we would revisit our position on the beginning date of August 1, 2015, you stated on the call that you would consider an alternative date later than October 1, 2014. Your letter does not include an alternative date, as we had expected. Nonetheless, in order to reach a compromise and to capture relevant documents concerning Vyera's acquisition of Daraprim, we propose a beginning date of March 1, 2015. Please let us know if Plaintiffs agree with this proposal. As to the end date, we appreciate your willingness to consider a reasonable proposal that would be tied to the collection date. We propose that the relevant time period end on April 28, 2020, the date that Mr. Shkreli's devices and email accounts were imaged. Please let us know if you agree to this proposal.

Third, we accept Plaintiffs' proposal to interpret the terms "discuss," "discussion," "regarding," and other similar terms as having the same meaning as the term "concerning" as defined in the Local Rules.

Fourth, we can confirm that Mr. Shkreli's objection to the term "Generic Daraprim" is not limiting the scope of any request for production.

<u>Request for Production No. 3</u>. We appreciate Plaintiffs' clarification of the term "monitor." Given Plaintiffs' definition of the term, Mr. Shkreli will withdraw his objection(s) to the vagueness of the term "monitor."

<u>Request for Production No. 5</u>. We appreciate Plaintiffs' definition of "not an authorized customer or class of trade" to mean "the customers and classes of trade that were not 'authorized' to receive Daraprim pursuant to any of the agreements referenced in the complaint." However, with this phrase so defined, this request would require a document reviewer to cross-check each agreement to determine whether a request to purchase Daraprim was made by a customer or class of trade authorized by the agreement. This is unduly burdensome. Further, it appears that any documents that may be responsive to subsection (c) would also be responsive to subsections (a) and (b) and would be produced. Please let us know if you are willing to revise paragraph (c) to cover only those documents that are not also responsive to paragraphs (a) or (b).

---

[1] Moreover, even if it were a practical concern, producing documents before the Court resolves any outstanding discovery disputes will result only in inefficiency, increased burden, and unnecessary costs. If we engage in a document review before the discovery disputes are resolved, we could have to re-review those same documents after resolution of the disputes—thus duplicating the cost and burden.

DuaneMorris

James H. Weingarten, Esq.
June 16, 2020
Page 4

Request for Production No. 7.  We appreciate Plaintiffs' compromise as to the scope of Request No. 7.  Mr. Shkreli agrees to Plaintiffs' proposal, with one exception.  Mr. Shkreli objects to subsection (c) because the phrase "potential generic pyrimethamine competitors" is too vague and would require a document reviewer to research every company referenced in a document to determine whether it ever had plans to develop a generic pyrimethamine.  Such a determination is unduly burdensome and not proportional to the needs of the case.  Please let us know whether Plaintiffs would consider revising subsection (c) of the proposed compromise so as to reduce this undue burden.

Request for Production No. 17.  Mr. Shkreli agrees to Plaintiffs' proposal, as long as our understanding that the reference to "the other entities" means Vyera and Phoenixus.  Please let us know if our understanding is accurate.

Request for Production No. 18.  Mr. Shkreli agrees to Plaintiffs' proposal.

Request for Production No. 19.  Mr. Shkreli agrees to produce documents sufficient to show the payments exceeding $5,000 from Vyera and Phoenixus to Mr. Shkreli, including salaries, bonuses, dividends, stock options or awards, and any other payment.  Mr. Shkreli will respond to Plaintiffs' proposal for Interrogatory No. 1 separately below.

Request for Production No. 20.  Mr. Shkreli agrees to Plaintiffs' proposal.

Request for Production No. 21.  Mr. Shkreli agrees to Plaintiffs' proposal, but will only produce documents from the relevant time period that the parties agree on.

Request for Production No. 23, 24, 25.  Mr. Shkreli agrees to Plaintiffs' proposal, but will only produce documents from the relevant time period that the parties agree on.

Request for Production No. 29.  Mr. Shkreli agrees to Plaintiffs' proposal.

### 3. Mr. Shkreli's Answers and Objections to Plaintiffs' First Set of Interrogatories

You state that you have "several overarching concerns" with Mr. Shkreli's Answers and Objections to Plaintiffs' First Set of Interrogatories.   We will address these concerns first, and then address the specific Answers & Objections to the Interrogatories.

First, Mr. Shkreli will not withhold information that is in his possession, custody or control, solely on the basis that it is also in the possession of or available to Mr. Shkreli's attorneys.

Second, Mr. Shkreli will provide all of the information required under the ESI Protocol for logging privilege claims.

DuaneMorris

James H. Weingarten, Esq.
June 16, 2020
Page 5

Third, Mr. Shkreli incorporates his proposal set forth above regarding the relevant time period.

Fourth, Mr. Shkreli agrees to Plaintiffs' proposal to use the Local Rule definition of "concerning" as stated above.

Interrogatory No. 1.  Mr. Shkreli continues to object to this Interrogatory for the reasons set forth in Mr. Shkreli's Answers & Objections to the First Set of Interrogatories, including but not limited to the fact that this Interrogatory is unduly burdensome, seeks information irrelevant to the merits of the case, and is outside the scope provided by the Local Rules.

Interrogatory No. 2.  Mr. Shkreli agrees to supplement his Answer to this Interrogatory, as discussed, and will endeavor to submit a supplemental response by the end of this week.

Interrogatory No. 6.  Mr. Shkreli continues to object to this Interrogatory for the reasons set forth in Mr. Shkreli's Answers & Objections to the First Set of Interrogatories, including but not limited to the fact that this Interrogatory is unduly burdensome, seeks information irrelevant to the merits of the case, and is outside the scope provided by the Local Rules.  Your proposed compromise, to limit the information requested to all pharmaceutical companies, does not meaningfully address these objections.

We are available to discuss further, and would appreciate your prompt response to this letter.

Sincerely,

*/s/ Christopher H. Casey*
Christopher H. Casey

CHC
cc: Plaintiffs' Counsel (via electronic mail)