# Exhibit H

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF NEW YORK,<br>STATE OF CALIFORNIA,<br>STATE OF ILLINOIS,<br>STATE OF NORTH CAROLINA,<br>STATE OF OHIO,<br>COMMONWEALTH OF PENNSYLVANIA,<br>and COMMONWEALTH OF VIRGINIA,<br><br>       Plaintiffs,<br><br>VYERA PHARMACEUTICALS, LLC,<br>PHOENIXUS AG,<br><br>MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br><br>   and<br><br>KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br>       Defendants. | Case No. 1:20-cv-00706-DLC |

**DEFENDANT KEVIN MULLEADY'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules for the Southern District of New York (the "Local Rules"), and any other applicable rules or orders (collectively with the Federal Rules and the Local Rules, the "Rules"), Defendant Kevin Mulleady ("Mr. Mulleady"), by and through his undersigned counsel, Kasowitz Benson Torres LLP, hereby amends his first amended responses and objections to plaintiffs the Federal Trade Commission, the State of New York, the State of California, the State of Illinois, the State of North Carolina, the State of Ohio, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia (collectively, the "Plaintiffs") First Set of

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER



**INTERROGATORY NO. 2:**

Separately for Martin Shkreli, Kevin Mulleady, and any other current or former employee or board member of the Corporate Defendants identified on any Defendant's Initial Disclosures, identify each email account (whether personal or company issued), cell phone number (whether personal or company sponsored), social media account, and messaging account (e.g., WhatsApp) used for any communications relating to Daraprim or other Vyera or Phoenixus business.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 2:**

Mr. Mulleady objects to Interrogatory No. 2 on the ground that it violates Local Rule 33.3(a), which states, in pertinent part, that "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . . ." Because Interrogatory No. 2 seeks information beyond that permitted under Local Rule 33.3(a), it is improperly propounded.

Mr. Mulleady further objects to Interrogatory No. 2 because it seeks information that is not relevant to any claim or defense in this matter, and is not proportional to the needs of the

---

[3] The consulting fees, and reimbursement, listed in the remaining portion of this chart were paid to The Stonecorner Group, LLC, for which Mr. Mulleady was the principal. The stock option grants listed in the remaining portion of this chart were granted to Mr. Mulleady directly.

12

**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

case. Specifically, Interrogatory No. 2 seeks information related to "communications relating to Daraprim or other Vyera or Phoenixus business," but the allegations in the Amended Complaint relate solely to Daraprim. Communications concerning unidentified and unalleged "Vyera or Phoenixus business" are legally irrelevant to any claim or defense in this matter, and discovery thereof is not proportional to the needs of the case.

Mr. Mulleady further objects to Interrogatory No. 2 to the extent that it purports to seek information that is not within Mr. Mulleady's possession, custody, or control, of which he has no knowledge, or which he has no ability to provide. Mr. Mulleady states that to the best of his knowledge, recollection, and understanding as of the date hereof, he did not use social media platforms to communicate with any individual regarding Daraprim or other Vyera or Phoenixus business. Accordingly, Mr. Mulleady will not be providing any information regarding social media accounts in response to Interrogatory 2.

Notwithstanding the foregoing objections, Mr. Mulleady provides the following information, which is comprised of contact information for the individuals referenced in Interrogatory 2, which is based on communications to which Mr. Mulleady was a party, and the information presently available to him after a reasonably diligent search for such information in the places where it would be reasonably likely to be found. For the avoidance of doubt, Mr. Mulleady's provision of this information is not intended nor should be construed as an admission that Mr. Mulleady actually used the means of communication identified in Interrogatory 2 (or any other means) to communicate with the individuals identified in Interrogatory 2 concerning any matter, relevant or otherwise.

| Name | Email Account(s) | Cellphone Number(s) | Messaging Account(s) |
|---|---|---|---|
| Scott Breakstone | [redacted] | [redacted] | |
| Patrick Crutcher | [redacted] | [redacted] | |

13

**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| Name | | | Notes |
|---|---|---|---|
| Howard Dorfman | ███ | ███ | |
| Tina Ghorban | | | |
| Deanna Green | ███ | ███ | |
| Jon Hass | | | |
| Anne Kirby | ███ | ███ | |
| Chris Lau | ███ | ███ | |
| Akeel Mithani | ███ | ███ | WhatsApp (Mr. Mulleady is currently unable to confirm the cell phone number used by Mr. Mithani to communicate via WhatsApp) |
| Kevin Mulleady | ███ | ███ | WhatsApp (Mr. Mulleady used the cell phone number identified herein in connection with his WhatsApp account) |
| Nick Pelliccione | ███ | ███ | |
| Nancy Retzlaff | | | |
| Eliseo Salinas | ███ | ███ | |
| Jens Schlegel | | | |
| Martin Shkreli | ███ | ███ | WhatsApp (Mr. Mulleady is currently unable to confirm the cell phone number used by Mr. Shkreli to communicate via WhatsApp) |
| Michael Smith | ███ | ███ | |
| Ron Tilles | ███ | ███ | |
| Edwin Urrutia | ███ | ███ | |
| Jordan Walker | ███ | ███ | |

### INTERROGATORY NO. 6:

For each company for which You have held an ownership interest equal to or greater than 1% at any time from October 1, 2014 to present, identify: (a) the name of the company; (b) a brief description of the company's business; (c) the date ranges You held an ownership interest equal to or greater than 1%; (d) Your peak ownership interest; (e) Your current ownership interest; and (f) whether You serve or served on the Board of Directors or hold or held any executive position(s) with the company.

### RESPONSE AND OBJECTION TO INTERROGATORY NO. 6: