# Morgan Lewis

**Steven A. Reed**
+1.215.963.5603
steven.reed@morganlewis.com

May 19, 2021

**VIA ECF**

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY  10007

**Re:**  *Federal Trade Commission v. Vyera Pharmaceuticals, LLC*, No. 1:20-cv-00706-DLC

Dear Judge Cote:

I write on behalf of Vyera Pharmaceuticals, LLC and Phoenixus AG (together, "Vyera") to request leave to file a motion for partial summary judgment with respect to (1) the Federal Trade Commission's ("FTC") claim for monetary equitable relief; and (2) the State Plaintiffs' claims for disgorgement with respect to sales outside their borders.  The individual defendants join in this request.

First, in a unanimous decision issued last month, the Supreme Court held that the FTC does not have the authority to seek equitable monetary relief under Section 13(b) of the FTC Act. *AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341, 1344 (2021).  Accordingly, as a matter of law, summary judgment should be entered for Defendants as to the FTC's request for equitable monetary relief in this case.[1]

Second, also as a matter of law, the State Plaintiffs' authority to seek equitable monetary relief—to the extent that they have that authority at all—is limited to claims for disgorgement of any "ill-gotten gains" with respect to sales within their borders.  In their May 14 letter motion, Plaintiffs asserted that the seven State Plaintiffs could pursue the same nationwide remedy that the FTC sought.  ECF No. 416, at 1 n.1 ("State Plaintiffs maintain claims for the total sum of Defendants' ill-gotten gains.").  The only case Plaintiffs cite for that proposition—an unreported case from a New York trial court, *Spitzer v. Coventry First LLC*, No. 0404620/2006, 2007 WL 2905486 (Sup. Ct. N.Y. Cty. Sept. 25, 2007)—does not support their position.[2]  To the contrary,

---

[1] In their May 14 letter motion seeking to strike a defense expert who will offer opinions relating to the calculation of equitable monetary relief, the FTC acknowledged the *AMG* decision but asserted that "Congress may restore the FTC's equitable monetary relief authority."  ECF No. 416, at 1 n.1.  Setting aside the fact that Congress cannot "restore" authority that the Supreme Court held had never existed, whether Congress might grant some new authority to the FTC in the future is both speculative and irrelevant.  The FTC lacks the authority to recover equitable monetary relief under Section 13(b) now, and thus should not be continuing to pursue it in this case.
[2] Plaintiffs cite no cases from any of the other six states.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA 19103      ☎ +1.215.963.5000
United States                       ✆ +1.215.963.5001

in *Coventry*, the court permitted the New York Attorney General to bring *parens patriae* claims on behalf of out-of-state residents only if the underlying transaction *occurred in New York*. *See* 2007 WL 2905486 (dismissing bid-rigging claims against defendant headquartered in Pennsylvania that purchases and securitizes life insurance policies, except for those claims stemming from defendant's purchases from New York sellers or brokers); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, No. 09-cv-1086, 2014 WL 5420926, at *6 (S.D.N.Y. Oct. 20, 2014), *aff'd*, 673 F. App'x 57 (2d Cir. 2016) (stating that the complaint in *Coventry* "was dismissed to the extent that the allegations did not involve New York policy transactions"). In interpreting the territorial reach of the New York Executive Law and the Donnelly Act, the two statutes invoked by the New York Attorney General in this case, the court in *Coventry* expressly relied on the decision of New York's highest court in *Goshen v. Mutual Life Insurance Co.*, 98 N.Y.2d 314 (2002). *Goshen* held that the "territorial reach" of a similar New York statute, General Business Law § 349, does *not* extend to cases where the challenged conduct "originat[ed]" or a scheme was "hatch[ed]" in New York, but the resulting transaction occurred outside of New York. *Id.* at 324. According to the Court of Appeals in *Goshen*, "the intent is to protect consumers in their transactions that take place in New York State," not "to police the out-of-state transactions of New York companies." *Id.* at 325. To hold otherwise "would lead to an unwarranted expansive reading of the statute . . . potentially leading to the nationwide, if not global application of" state law. *Id.* This would, in turn, "tread on the ability of other states to regulate their own markets and enforce their own consumer protection laws." *Id*.

Moreover, allowing individual states to seek disgorgement beyond their borders would expose Defendants to potentially overlapping and duplicative awards, contrary to long-standing equity jurisprudence as addressed most recently by the Supreme Court in *Liu v. SEC*, 140 S. Ct. 1936 (2020).

A decision on these two discreet legal issues as to which there is no genuine dispute of material fact has the potential to materially advance the resolution of this litigation, including potential settlement, and at the very least would streamline future proceedings in this case. Because Defendants' proposed motion would present purely questions of law, Defendants respectfully submit that there is no need to wait for the completion of expert discovery or a bench trial to resolve these issues.

Respectfully submitted,

Steven A. Reed


CC: All counsel of record