```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :    20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :         ORDER
STATE OF ILLINOIS, STATE OF NORTH        :
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In a letter of May 17, 2021, the plaintiffs moved to strike Justin McLean ("McLean") as an expert witness for the defendants. The defendants submitted a response letter on May 18.

The deadline for parties to identify experts providing opening reports was February 12. The plaintiffs disclosed four experts that would provide opening expert reports. The defendants did not serve any opening expert reports. The

deadline for parties to identify experts providing rebuttal reports -- including any witnesses on the "calculation" of equitable monetary relief -- was April 30. The defendants disclosed McLean as a rebuttal expert witness on April 30. The defendants' disclosure states that McLean will "opine on the financial condition of [corporate defendants], including without limitation the inability of those entities to pay a judgment while remaining a going concern."

The Second Circuit has "adopted a two-step burden-shifting framework for calculating equitable monetary relief. That framework requires a court to look first to the FTC to show that its calculations reasonably approximated the amount of the defendants' unjust gains' and then shift the burden to the defendants to show that those figures were inaccurate." Fed. Trade Comm'n v. Moses, 913 F.3d 297, 310 (2d Cir. 2019) (citation omitted).

McLean's report was due on February 12 since it does not take issue with the "calculation" of equitable monetary relief. It is hereby

ORDERED that the plaintiffs request to strike McLean is denied.

IT IS FURTHER ORDERED that the plaintiffs' proposed schedule for expert testimony regarding the corporate

defendants' ability to pay, to which the defendants have consented, is adopted.

Dated:   New York, New York
         May 19, 2021

                                    _____
                                              DENISE COTE
                                    United States District Judge