# Morgan Lewis

**Steven A. Reed**
+1.215.963.5603
steven.reed@morganlewis.com

May 21, 2021

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

**Re:** *Federal Trade Commission v. Vyera Pharmaceuticals, LLC* **(No. 20-cv-00706-DLC)**

Dear Judge Cote:

  I write on behalf of Vyera Pharmaceuticals, LLC and Phoenixus AG (together, "Vyera") to offer two brief points in response to Plaintiffs' letter motion for spoliation sanctions against Defendant Martin Shkreli.  *See* ECF No. 420.

  *First*, with regard to Mr. Shkreli's company-issued phone, Plaintiffs assert that this phone was "reset around 2016-2017" and that "neither Shkreli nor Vyera produced any messages from his company phone."  Plaintiffs, however, fail to provide additional relevant information, namely that (i) it is undisputed that Mr. Shkreli never returned that phone to Vyera, and (ii) as more fully set forth in Mr. Shkreli's letter to the Court, the forensic analyst that reviewed Mr. Shkreli's company-issued phone clarified that he could not confirm whether the phone had been reset, or whether Mr. Shkreli simply never used the phone in the first place.  *See Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 580 (S.D.N.Y. 2017) (prior to the imposition of sanctions for spoliation, "there is the obvious requirement that the evidence must have existed").

  *Second*, Plaintiffs' requested relief—an adverse inference under Federal Rule of Civil Procedure 37(e)(2) that Mr. Shkreli was "continuously involved" in Vyera's business from 2015 to present, communicated with Vyera executives about company business from prison, and "engaged in the challenged conduct . . . to restrain generic entry"—would directly and significantly harm Vyera's interests in this litigation, despite the fact that Vyera is not alleged to have engaged in wrongdoing in connection with the spoliation of evidence from Mr. Shkreli's phones.  *See Gurvey v. Fixzit Nat'l Install Servs., Inc.*, No. 06-cv-1779, 2011 WL 550628, at *5 (D.N.J. Feb. 8, 2011) ("[S]poliation inferences are only appropriately entered against the party that actually destroyed the evidence.").  Because an adverse inference is an "extreme sanction [that] should not be imposed lightly," *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 392 (S.D.N.Y. 2015), Vyera respectfully urges that, if the Court were to decide that Plaintiffs' motion against Mr. Shkreli has merit, any sanction imposed against Mr. Shkreli be narrowly tailored to avoid prejudicing Vyera.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA 19103
United States

T +1.215.963.5000
F +1.215.963.5001

Hon. Denise L. Cote
May 21, 2021
Page **2** of **2**

Respectfully submitted,

Steven A. Reed