# Morgan Lewis

**Steven A. Reed**
+1.215.963.5603
steven.reed@morganlewis.com

May 25, 2021

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

**Re:** *Federal Trade Commission v. Vyera Pharmaceuticals, LLC* **(No. 20-cv-00706-DLC)**

Dear Judge Cote:

      I write on behalf of Vyera Pharmaceuticals, LLC and Phoenixus AG, and with the consent of Kevin Mulleady and Martin Shkreli, who are represented separately (together, "Defendants"), respectfully to request that the Court set a briefing schedule for Defendants' forthcoming motion for partial summary judgment.  The parties met and conferred on this issue earlier today but were unable to reach agreement and are at impasse.

      As the Court will recall, on May 19, 2021 Defendants sought leave to file a motion for partial summary judgment with respect to two discrete legal issues: (1) the Federal Trade Commission's ("FTC") claim for equitable monetary relief; and (2) the State Plaintiffs' claims for disgorgement with respect to Daraprim sales outside their respective borders.  ECF No. 432.  Your Honor entered an order that same day directing the parties to "consult regarding a schedule for the motion."  ECF No. 434.  Defendants promptly proposed the following briefing schedule: they would move for partial summary judgment by May 28; Plaintiffs would file their opposition within fourteen (14) days; and Defendants would file their reply within seven (7) days.  That proposal is consistent with the default time periods for responses and replies set forth in Local Civil Rule 6.1(b) and allows ample time for the parties to address the discrete legal questions at issue.  Neither the State Plaintiffs nor the FTC have complied with the Court's order to negotiate a schedule for the motion, but rather seek to avoid the motion altogether.

      The State Plaintiffs rejected Defendants' proposal, at first citing the "compressed expert discovery period" and asserting that "Plaintiff States believe that [they] need to find a way to harmonize the schedule for the motion with the expert discovery schedule."  Rather than identify how much time they needed to prepare a response to Defendants' anticipated motion, they sought a meet and confer that they then delayed for days so that lawyers in the New York Attorney General's office could be "debriefed" prior to committing to a schedule.  During the meet and confer, the State Plaintiffs refused to consider a partial summary judgment briefing schedule at all, but instead insisted that the parties address the issues in their pretrial submissions in October.  The State Plaintiffs argued that the issues should not be substantively addressed prior to the close of expert discovery in August.  Plaintiffs, however, were unable to identify any

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA 19103    ☎ +1.215.963.5000
United States    📠 +1.215.963.5001

Hon. Denise L. Cote
May 25, 2021
Page **2** of **2**

factual questions that might arise in expert discovery that could possibly bear on the purely legal questions that Defendants intend to address in their motion, as described in our May 19, 2021 letter, and there are none.

The FTC likewise has refused to engage directly on a schedule for Defendants' motion. The FTC responded separately, acknowledging the Supreme Court's holding in *AMG Capital Management* and offering to stipulate to the dismissal of its claims for equitable monetary relief without prejudice to its ability to seek leave to reinstate its claim should Congress enact new legislation providing it the authority that it lacks now.  Defendants responded with the proposal that the FTC stipulate to partial summary judgment for Defendants with respect to the FTC's claim for monetary equitable relief, as there was no reason to stipulate to dismissal without prejudice or to speculate as to what motion the FTC might file should the law change at some time in the future when judgment is plainly required now under controlling Supreme Court precedent.  Defendants again requested that the FTC respond to their scheduling proposal if the FTC was unwilling to stipulate to partial summary judgment, but the FTC declined to do so.

Accordingly, Defendants respectfully request that the Court enter the following briefing schedule on Defendants' forthcoming motion for partial summary judgment:

- Deadline for Defendants to move for partial summary judgment: **on or before June 4, 2021**

- Deadline for Plaintiffs' opposition(s): **14 days following Defendants' motion**

- Deadline for Defendants' reply: **7 days following Plaintiffs' opposition(s)**

Respectfully submitted,

Steven A. Reed