

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

May 26, 2021

**By ECF Filing**

Hon. Denise Cote
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, No. 1:20-cv-00706 (DLC)
      Plaintiff States' Response & Opposition to Defendant Vyera's letter motion (ECF No. 442)

Dear Judge Cote,

The State Plaintiffs and Defendants have indeed reached an impasse. But we cannot agree with Vyera's characterization of the dispute or our good faith attempts to confer and compromise. Defendants sought leave to file a summary judgment motion (ECF No. 432) without prior consultation. The Court then ordered the parties to confer on scheduling (ECF No. 434). Defendants take these circumstances to mean that the Court has already rejected our proposed timetable and our reasoning. We respectfully submit that our proposal is eminently reasonable, is consistent with Your Honor's Individual Practices, preserves all parties' rights, and has not yet been heard.

To begin, the recent Supreme Court ruling concerning the FTC's authority under Section 13(b) of the federal FTC Act has no bearing on the issue pertaining to the Plaintiff States. *See AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021). The AMG decision is based on specific statutory language in the FTC Act. *Id*. at 1344. This language has no analog in state law.

Moreover, it is clear that regardless of the outcome of the Defendants' proposed motion, the Plaintiff States still will have the authority to seek, and the Court still will have the discretion to order, equitable monetary relief. Defendants only raise a question of scope. Their motion would not dispose of an entire claim, defense or proposed remedy.  Specifically, Defendants would have the Court make a new rule (of state law) that the Court's inherent discretion to order equitable monetary relief is somehow limited to purchases that can be specifically traced to one of the seven Plaintiff States – despite being contrary to existing law.  *New York v. Feldman*, 210 F. Supp. 2d 294, 303 (S.D.N.Y. 2002) ("courts have consistently held that ... the New York Attorney General [may] recover for non-residents injured by wrongdoing that occurred in New York.") (citing cases); *Matter of People v. Telehublink Corp.*, 301 A.D.2d 1006 (2003) (citing New York's "vital interest in 'securing an honest marketplace in which to transact business.'"); *People v. Ernst & Young LLP*, 114 A.D.3d 569 (1st Dep't 2014) ("source of the ill-gotten gains is 'immaterial.'")

Defendants' proposed motion again misapprehends the nature of the monetary remedy Plaintiff States are seeking, and how it is calculated.  The Court has already held that data regarding particular purchases are "irrelevant because plaintiffs intend to calculate equitable monetary relief by taking the amount of profits Defendants made in the real wor[ld] and subtracting the estimated amount of profits they would have made if they had faced generic competition at an earlier date."  ECF No. 172 (quoting Plaintiffs); *see also* ECF No. 229 ("plaintiffs in this action do not seek damages; they seek equitable monetary relief.  This they are allowed to do.")[1]

Because Defendants' proposed summary judgment motion will not dispose of a Plaintiff State claim or remedy, it is not urgent that it be briefed at this time.  Defendants' proposed schedule would require Plaintiff States to file their opposition briefs on June 18, overlapping with the preparation and submission of all of Plaintiffs' expert reply reports on June 29.  This would prejudice Plaintiff States, while the timetable we propose would not result in any prejudice to Defendants.  To the contrary, it would be prejudicial to deny Plaintiff States the opportunity to probe Defendants' experts, or offer our own expert testimony, to show that the geography of purchases is not relevant to the measure or calculation of ill-gotten gains.

The issue therefore could be addressed by a motion after the close of expert discovery, presumably in August.[2]  Alternatively, Plaintiff States respectfully submit that because the issue raised by Defendants is not dispositive, it might be most appropriate to address the matter in the proposed findings of fact, the proposed conclusions of law, and perhaps in motions *in limine,* which are due in October when the pre-trial order (PTO) is submitted.  ECF No. 409. And, since Defendants effectively seek a premature advisory opinion on a contested state law issue that may turn out to be unnecessary, principles of comity and efficiency support handling the issue in its normal, due course, rather than leapfrogging ahead.

---

[1] Indeed, the Court already has sufficient grounds to declare this the "law of the case" and order Defendants to desist from attempting to relitigate this issue again.  This would serve justice and streamline the case.  And, it would not require motions or further briefing.

[2] For example, the opening brief on August 13, opposition on August 27, and reply on September 3.

If the Court ultimately disagrees, Plaintiff States are prepared to respond on any reasonable timeline consistent with Rule 6.1(b), or as the Court may order. As a matter of efficiency, we would suggest that briefing of the issue concerning the State Plaintiffs should take place at the same time as, or after, the schedule that the Court may set in connection with the FTC – for practical reasons, even though issues are fundamentally unrelated.[3]

Respectfully submitted,

/s/ Jeremy Kasha_____
Jeremy R. Kasha
Assistant Attorney General
Antitrust Bureau

On behalf of New York and all Plaintiff States

cc: Counsel of Record (by ECF filing)

---

[3] FTC also opposes premature briefing, but suggests an opening brief on June 29, an opposition on July 13, and a reply on July 20, if the Court ultimately prefers to hear the matter sooner.