```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :   20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :   OPINION AND ORDER
STATE OF ILLINOIS, STATE OF NORTH        :
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Federal Trade Commission:
Markus H. Meier
Bradley S. Albert
Armine Black
Daniel W. Butrymowicz
Neal J. Perlman
J. Maren Schmidt
James H. Weingarten
Lauren Peay
Leah Hubinger
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3748

For plaintiff State of New York:
Letitia James
Christopher D'Ange
Elinor R. Hoffman
Saami Zain
Amy McFarlane
Jeremy Kasha
Bryan Bloom
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-8262

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3769

For plaintiff State of Ohio:
Beth Finnerty
Elizebeth M. Maag
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
(614) 466-4328

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-3000

For plaintiff State of North Carolina:
K.D. Sturgis
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division

```
114 West Edenton Street
Raleigh, NC 27603
(919) 716-6000
```

For plaintiff Commonwealth of Virginia:
Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendant Martin Shkreli:
Christopher H. Casey, Esq.
A.J. Rudowitz, Esq.
Jeffrey Pollack
Sarah O'Laughlin Kulik
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1155

For defendant Kevin Mulleady:
Albert Shemmy Mishaan
Kenneth R. David
Nicholas Rendino
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10023
(212) 506-1700


DENISE COTE, District Judge:

    In a letter of May 17, 2021, the plaintiffs seek sanctions under Rule 37(e) against defendant Martin Shkreli ("Shkreli") on the ground that Shkreli spoliated relevant messages on two mobile devices. Shkreli and Vyera responded in letters of May 21. For the reasons that follow, Shkreli's proposed sanctions are adopted, and Vyera is directed to submit a letter of

clarification regarding the completeness of its discovery production.

## Background

The events underlying this antitrust action are described in an Opinion of August 18, 2020, which is incorporated by reference.  See Fed. Trade Comm'n v. Vyera Pharms., LLC, 479 F.Supp.3d 31 (S.D.N.Y. 2020).  Briefly, Shkreli and defendant Kevin Mulleady ("Mulleady") launched Vyera Pharmaceuticals, LLC ("Vyera") in 2014.  In August 2015, Vyera acquired the U.S. rights to the branded drug Daraprim, which is used to treat toxoplasmosis.  The active pharmaceutical ingredient of Daraprim is pyrimethamine.  The plaintiffs' amended complaint alleges that Vyera entered into several anti-competitive agreements with companies, including exclusive supply agreements.  One such agreement was with RL Fine Chem ("RL Fine"), which Vyera entered in November 2017 after learning that RL Fine was preparing to seek FDA approval for the manufacture of pyrimethamine.

Shkreli received document hold notices in the fall of 2015.  The plaintiffs seek sanctions based on spoliation of "messages" from two different mobile devices: (1) Shkreli's company-issued iPhone ("Shkreli Phone") and (2) a contraband cell phone Shkreli used while in prison ("Prison Phone").

I.   Company-Issued Phone

Vyera issued Shkreli the Shkreli Phone, and Shkreli kept the Shkreli Phone after he left the company at the end of 2015. Shkreli's brother and sister took possession of the Shkreli Phone when Shkreli was incarcerated in September 2017.[1]  In April 2020, Shkreli's counsel sent the Shkreli Phone to an IT vendor to be forensically imaged.  In a letter of June 16, 2020, Shkreli's counsel notified the plaintiffs that the Shkreli Phone "was subject to a factory reset in or around 2016-2017."  A factory reset wipes all communications stored on the cell phone.

Neither Shkreli nor Vyera produced any messages from the Shkreli Phone during discovery.  Vyera has repeatedly represented that it automatically backs up to iCloud messages sent from company-issued cell phones.  No party has suggested that a factory reset of the Shkreli Phone had any impact on the iCloud storage of the phone's data.  In its response to the plaintiffs' motion for sanctions, counsel for Shkreli states: "although Vyera backed up its employees' phones, no messages sent to or from Mr. Shkreli's corporate phone have been produced by any party, suggesting that no relevant messages exist on that phone."

---

[1] Shkreli was convicted in the Eastern District of New York and sentenced on March 9, 2018 principally to a term of imprisonment of seven years.

5

II.  The Contraband Phone

Vyera executive Akeel Mithani has testified that he communicated with Shkreli about business development from the end of 2018 through February 2019, while Shkreli was incarcerated.  Shkreli sometimes used the WhatsApp application on the Prison Phone to communicate with Mithani.  Mithani testified that Shkreli -- who remains incarcerated -- still reaches out to him with business development suggestions.

Mulleady also produced in discovery two text messages that he received from Shkreli in October 2017, while Shkreli was incarcerated.  Vyera has informed the plaintiffs that it does not possess -- and likely cannot access -- WhatsApp messages exchanged between Mithani and Shkreli while Shkreli was in prison.  Shkreli was deposed on January 28, 2021.  When he was asked whether he had a cell phone in prison, he invoked his Fifth Amendment rights and declined to answer.

## Discussion

A party's "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 148 (2d Cir. 2008) (citation omitted).  "Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for

6

another's use as evidence in pending or reasonably foreseeable litigation." Id. (citation omitted).

Rule 37(e) governs the failure to preserve electronically stored information ("ESI"). Under Rule 37(e), a court may sanction a party for failure to preserve ESI "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Rule 37(e) provides two sanctions for spoliation.

Rule 37(e)(2) provides harsher sanctions, including drawing adverse inferences, giving adverse jury instructions, and entering a default judgment, but "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Rule 37(e)(2) was "designed to provide a uniform standard in federal court for use of these serious measures when addressing failure to preserve electronically stored information" and "rejects cases . . . that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." Id., advisory committee notes (2015).

Rule 37(e)(2) does not set out the standard by which a party seeking sanctions must prove "intent to deprive." In

7

general, a party seeking sanctions based on spoliation is required to meet a preponderance of the evidence standard.  See, e.g., Klipsch Grp., Inc. v. ePRO E-Com. Ltd., 880 F.3d 620, 628 (2d Cir. 2018).  Many district courts in this Circuit have required parties seeking sanctions under Rule 37(e)(2) to meet the "clear and convincing evidence" standard.  See, e.g., Perla Bursztein v. Best Buy Stores, L.P. & Best Buy Co., Inc., No. 20CV00076(AT)(KHP), 2021 WL 1961645, at *8 (S.D.N.Y. May 17, 2021); Fashion Exch. LLC v. Hybrid Promotions, LLC, No. 14-CV-1254 (SHS), 2021 WL 1172265, at *6 (S.D.N.Y. Mar. 29, 2021); Charlestown Cap. Advisors, LLC v. Acero Junction, Inc., 337 F.R.D. 47, 67 (S.D.N.Y. 2020); CAT3, LLC v. Black Lineage, Inc., 164 F. Supp. 3d 488, 499 (S.D.N.Y. 2016).

Rule 37(e)(1) allows, "upon finding prejudice to another party from loss of the information, [a court to] order measures no greater than necessary to cure the prejudice."  Fed. R. Civ. P. 37(e)(1).  The Advisory Committee Notes instruct that sanctions available under Rule 37(e)(1) include "forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument."  Id., advisory committee notes (2015). But "authority to order measures no greater than necessary to

cure prejudice does not require the court to adopt measures to cure every possible prejudicial effect. Much is entrusted to the court's discretion." Id.

The plaintiffs request sanctions under Rule 37(e)(2). Specifically, they ask the Court to presume that Shkreli:

> (1) was continuously involved in Vyera and Phoenixus's business from 2015 to present; (2) communicated with Vyera executives about company business from prison; and (3) engaged in the challenged conduct -- including tightening the Daraprim distribution system and instructing Mulleady and Mithani to enter the exclusive contract with RL Fine -- to restrain generic entry.

Alternatively, the plaintiffs request that the Court issue sanctions under Rule 37(e)(1) and "preclude[] Shkreli from introducing any argument or evidence contrary to the presumptions reflected in the statements (1)-(3)."

Shkreli argues that the plaintiffs have failed to prove that relevant communications existed and that they have failed to prove intentional spoliation. Shkreli also requests that, should the Court find that he engaged in spoliation, the Court preclude Shkreli from "introducing any argument or evidence contrary to the presumption that he communicated with Mr. Mulleady and Mr. Mithani about company business from prison."

The plaintiffs have failed to show that Vyera failed to preserve messages sent from the Shkreli Phone. Shkreli has testified that he "almost never" used the Shkreli Phone for

9

business.[2]  Although it is undisputed that the Shkreli Phone was subject to a factory reset in or around 2016-2017, Vyera has represented that it automatically backs up employee messages to iCloud.  No party has suggested that that back up would not include text messages Shkreli sent and received using the Shkreli Phone.  Counsel for Vyera will be required to confirm that an appropriate search has been conducted for these messages and that any relevant communications have been produced.

The plaintiffs have shown that Shkreli has used a Prison Phone to discuss highly relevant company business and that he knew in doing so that those communications should have been but would not be preserved.  Shkreli's use of the Prison Phone to discuss business development constitutes intentional spoliation and warrants sanctions.  The plaintiffs have been prejudiced by Shkreli's conduct because they do not have access to messages about Vyera that Shkreli sent and received while in prison.  In an exercise of discretion, however, this Court declines to impose the plaintiffs' proposed sanctions.  As a result, Shkreli's proposed sanction that he be precluded from introducing any argument or evidence contrary to the presumption

---

[2] The plaintiffs' motion does not seek sanctions for Shkreli's failure to preserve and produce in discovery any messages sent from a personal cell phone Shkreli used before he was incarcerated.

10

that he communicated with Mr. Mulleady and Mr. Mithani about company business from prison is adopted.

## Conclusion

Shkreli's proposed sanction is adopted.  Additionally, by **June 4, 2021 at noon**, Vyera shall submit a letter stating whether it has searched Vyera's iCloud backup for messages sent to and from the Shkreli Phone and produced any relevant messages.

Dated:   New York, New York
         June 1, 2021

_____
DENISE COTE
United States District Judge