```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :    20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :    OPINION AND ORDER
STATE OF ILLINOIS, STATE OF NORTH        :
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Federal Trade Commission:
Markus H. Meier
Bradley S. Albert
Armine Black
Daniel W. Butrymowicz
Neal J. Perlman
J. Maren Schmidt
James H. Weingarten
Lauren Peay
Leah Hubinger
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3748

For plaintiff State of New York:
Letitia James
Christopher D'Ange
Elinor R. Hoffman
Saami Zain
Amy McFarlane
Jeremy Kasha
Bryan Bloom
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-8262

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3769

For plaintiff State of Ohio:
Beth Finnerty
Elizebeth M. Maag
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
(614) 466-4328

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-3000

For plaintiff State of North Carolina:
K.D. Sturgis
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division

114 West Edenton Street
Raleigh, NC 27603
(919) 716-6000

For plaintiff Commonwealth of Virginia:
Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

Scott A. Stempel
William Cravens
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210
(617) 341-7700

DENISE COTE, District Judge:

In a letter of May 17, 2021, the plaintiffs seek sanctions under Rule 37(e) against defendants Vyera Pharmaceuticals, LLC and Phoenixas AG ("Vyera") on the ground that Vyera spoliated relevant communications of Akeel Mithani ("Mithani"), a Vyera executive and Phoenixas board member. Vyera responded in a letter of May 21. For the reasons that follow, Vyera's proposed sanctions are adopted.

## Background

The events underlying this antitrust action are described in an Opinion of August 18, 2020, which is incorporated by reference. See Fed. Trade Comm'n v. Vyera Pharms., LLC, 479 F.Supp.3d 31 (S.D.N.Y. 2020). Briefly, in August 2015, Vyera acquired the U.S. rights to the branded drug Daraprim, which is used to treat toxoplasmosis. The active pharmaceutical ingredient of Daraprim is pyrimethamine. The plaintiffs' amended complaint alleges that Vyera entered into several anti-competitive agreements with companies, including exclusive supply agreements. One such agreement was with RL Fine Chem ("RL Fine"), which Vyera entered in November 2017 after learning that RL Fine was preparing to seek FDA approval for the manufacture of pyrimethamine.

In 2017, Mithani became a board member of Phoenixus and a Vyera executive and began negotiating with RL Fine, often at the

4

direction of co-defendant Martin Shreli.  During the relevant time period, Vyera's company policy was to issue to employees iPhones that were automatically backed up through iCloud. Mithani, however, expressed a preference for a BlackBerry and was issued a Blackberry as his company-issued phone on or around November 18, 2017.  Unlike the iPhone, the BlackBerry has no systematic back up of text message communications.  Although Vyera has had an obligation to preserve relevant messages since September 2015, Vyera did not give Mithani a document hold notice until November 14, 2018.  Mithani returned his company-issued BlackBerry in April 2019.

The plaintiffs raised concerns about data collection from Mithani in October 2020.  On January 28, 2021, Mithani was deposed.  At his deposition, Mithani was asked, "[d]id you ever delete any texts regarding company business?"  Mithani answered: "None that I know of."  On February 18, the plaintiffs again inquired about the preservation of Mithani's text messages.  In a letter to the plaintiffs of April 30, counsel for Vyera stated: "Mithani has confirmed that he deleted texts on his company-issued mobile device, and his personal mobile device, which he also used for work, both before and after receiving the hold notice."  The letter of April 30 explained that after Mithani returned his BlackBerry to Vyera in April 2019, Vyera sent the BlackBerry to an electronic data company for forensic

5

analysis.  The electronic data company concluded that "no data could be retrieved from the Blackberry because it had been factory reset."  As a result, Vyera has not produced any text messages from Mithani's BlackBerry from November 2017 through April 2019.

## Discussion

A party's "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 148 (2d Cir. 2008) (citation omitted).  "Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  Id. (citation omitted).

Rule 37(e) governs the failure to preserve electronically stored information ("ESI").  Under Rule 37(e), a court may sanction a party for failure to preserve ESI "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."  Fed. R. Civ. P. 37(e).  Rule 37(e) provides two sanctions for spoliation.

Rule 37(e)(2) provides harsher sanctions, including drawing adverse inferences, giving adverse jury instructions, and entering a default judgment, but "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Rule 37(e)(2) was "designed to provide a uniform standard in federal court for use of these serious measures when addressing failure to preserve electronically stored information" and "rejects cases . . . that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." Id., advisory committee notes (2015).

Rule 37(e)(2) does not set out the standard by which a party seeking sanctions must prove "intent to deprive." In general, a party seeking sanctions based on spoliation is required to meet a preponderance of the evidence standard. See, e.g., Klipsch Grp., Inc. v. ePRO E-Com. Ltd., 880 F.3d 620, 628 (2d Cir. 2018). Many district courts in this Circuit have required parties seeking sanctions under Rule 37(e)(2) to meet the "clear and convincing evidence" standard. See, e.g., Perla Bursztein v. Best Buy Stores, L.P. & Best Buy Co., Inc., No. 20CV00076(AT)(KHP), 2021 WL 1961645, at *8 (S.D.N.Y. May 17, 2021); Fashion Exch. LLC v. Hybrid Promotions, LLC, No. 14-CV-1254 (SHS), 2021 WL 1172265, at *6 (S.D.N.Y. Mar. 29, 2021); Charlestown Cap. Advisors, LLC v. Acero Junction, Inc., 337

F.R.D. 47, 67 (S.D.N.Y. 2020); CAT3, LLC v. Black Lineage, Inc., 164 F. Supp. 3d 488, 499 (S.D.N.Y. 2016).

Rule 37(e)(1) allows, "upon finding prejudice to another party from loss of the information, [a court to] order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). The Advisory Committee Notes instruct that sanctions available under Rule 37(e)(1) include "forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument." Id., advisory committee notes (2015). But "authority to order measures no greater than necessary to cure prejudice does not require the court to adopt measures to cure every possible prejudicial effect. Much is entrusted to the court's discretion." Id.

> The plaintiffs request that the Court
>
> presume that the destroyed evidence would support the findings that Vyera engaged in the following conduct for the purpose of restraining generic entry and not for legitimate reasons: (1) entering into the RL Fine agreement; (2) entering into the data-blocking agreements; and (3) tightening Daraprim's closed distribution system.

In response, Vyera "concede[s] that Mr. Mithani's non-email communication production record is incomplete[.]" Vyera suggests that, to the extent a remedial measure is necessary,

8

the Court preclude Vyera from calling Mithani to testify in its defense or introducing into evidence documents authored by Mithani.

It is undisputed that Mithani lied in his deposition when he stated that he had not deleted any text messages regarding company business. Mithani deleted messages on his company-issued mobile device and his personal mobile device both before and after receiving the document hold notice. Vyera facilitated this loss of communications by providing Mithani with a BlackBerry device rather than the standard company-issued iPhone, which would have systematically backed up his messages. Finally, Vyera failed to provide Mithani with a hold notice until late 2018.

Vyera's conduct constitutes spoliation and warrants sanctions. The plaintiffs have been prejudiced by Vyera's conduct, and they have shown that Mithani acted intentionally to deprive them of information that could be used in this litigation. They have also shown that Vyera facilitated that intentional misconduct by not timely advising Mithani of his obligations to preserve his communications and by providing him with a BlackBerry in violation of its normal protocol. In an exercise of discretion, however, this Court declines to impose the plaintiffs' proposed sanctions. As a result, Vyera's proposed sanction that it be precluded from calling Mithani to

9

testify in its defense or introducing into evidence documents authored by Mithani is adopted. Should the plaintiffs offer Mithani's testimony or documents that he authored, the defendants will be limited by the doctrine of completeness in supplementing the record.

Dated:   New York, New York
         June 1, 2021

                            _____
                                   DENISE COTE
                            United States District Judge