UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF       :
NEW YORK, STATE OF CALIFORNIA, STATE     :
OF OHIO, COMMONWEALTH OF                 :        20cv00706 (DLC)
PENNSYLVANIA, STATE OF ILLINOIS,         :
STATE OF NORTH CAROLINA, and             :        OPINION AND ORDER
COMMONWEALTH OF VIRGINIA,                :
                                         :
                        Plaintiffs,      :
                                         :
              -v-                        :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY,                 :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC,                                     :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X

APPEARANCES:

For plaintiff Federal Trade Commission:
James H. Weingarten
Markus H. Meier
Amanda Triplett
Armine Black
Bradley S. Albert
Daniel W. Butrymowicz
J. Maren Schmidt
Lauren Peay
Leah Hubinger
Matthew B. Weprin
Neal J. Perlman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

For plaintiff State of New York:
Amy E. McFarlane
Jeremy R. Kasha
Elinor R. Hoffman
Saami Zain
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

For plaintiff State of Ohio:
Beth Ann Finnerty
Elizebeth M. Maag
Office of the Ohio Attorney General
150 E. Gay Street, 26th Floor
Columbus, OH 43215

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

For plaintiff State of North Carolina:
Jessica V. Sutton
Kip D. Sturgis
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603

For plaintiff Commonwealth of Virginia:
Sarah Oxenham Allen

Tyler Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

Scott A. Stempel
William S. D. Cravens
Melina R. Dimattio
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210
(617) 341-7700

Michael M. Elliott
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017

Michael L. Weiner
Dechert LLP (NYC)
1095 Avenue of the Americas
New York, NY 10036-6797

For defendant Martin Shkreli:
Christopher H. Casey
Andrew J. Rudowitz

Jeffrey S. Pollack
Sarah O'Laughlin Kulik
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

For defendant Kevin Mulleady:
Kenneth R. David
Albert Shemtov Mishaan
Nicholas Anthony Rendino
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019

DENISE COTE, District Judge:

Defendants Vyera Pharmaceuticals, LLC and its parent company Phoenixus, AG (together, "Vyera"), Martin Shkreli, and Kevin Mulleady have moved for partial summary judgment on the scope of the plaintiffs' claim for disgorgement. They contend that the seven State plaintiffs may only pursue such relief where the defendants' net profits are tied to sales that have victimized citizens of their States. The State plaintiffs have cross-moved for summary judgment and a preclusion order. For the following reasons, the defendants' motion is denied. The States' cross-motion is granted.

**Background**

Seven States[1] claim that the defendants in this antitrust litigation have abused the market for the pharmaceutical Daraprim.  The events underlying this action are described in an Opinion of August 18, 2020, which is incorporated by reference.  See Fed. Trade Comm'n v. Vyera Pharms., LLC, 479 F. Supp. 3d 31 (S.D.N.Y. 2020).

In brief, in August 2015, Vyera acquired the U.S. rights to the branded drug Daraprim, which is used to treat toxoplasmosis, a potentially fatal infection.  The day after acquiring the rights, Vyera raised the price of Daraprim from $17.50 per tablet to $750 per tablet.  The plaintiffs allege that Vyera and the individual defendants designed and implemented a comprehensive scheme to block lower-cost generic drug competition to Daraprim with the purpose of maintaining the drug's inflated price.  The alleged scheme involved Vyera entering into restrictive agreements with distributors and suppliers, as well as actions by Shkreli and Mulleady to originate and further this scheme.

The locus of the defendants' alleged wrongful activity was New York State.  The headquarters of Vyera Pharmaceuticals, LLC

---

[1]  The seven State plaintiffs are the States of New York, California, Ohio, Illinois, and North Carolina, and the Commonwealths of Pennsylvania and Virginia.

were and are located in New York State.  The distribution
agreements at issue were executed on defendants' behalf in New
York, as were the exclusive supply agreements that the
plaintiffs allege were integral to the scheme.

The seven States have sued in their parens patriae
capacity.  Parens patriae means literally "parent of the
country."  Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel.
Barez, 458 U.S. 592, 600 (1982) ("Snapp").  To have parens
patriae standing a State "must assert an injury to what has been
characterized as a quasi-sovereign interest."  Id. at 601.  A
State has a quasi-sovereign interest "in the health and well-
being -- both physical and economic -- of its residents in
general."  Id. at 607.  Parens patriae standing permits "a state
(in its capacity as a sovereign) to bring suit on behalf of its
citizens when it allege[s] injury to a sufficiently substantial
segment of its population, articulate[s] an interest apart from
the interests of particular private parties, and express[es] a
quasi-sovereign interest."  Lacewell v. Off. of Comptroller of
Currency, 999 F.3d 130, 142 n.13 (2d Cir. 2021) (citation
omitted); see also Purdue Pharma L.P. v. Kentucky, 704 F.3d 208,
215 (2d Cir. 2013).  In assessing whether such standing exists,
a relevant question is "whether the injury is one that the

State, if it could, would likely attempt to address through its sovereign lawmaking powers."  Snapp, 458 U.S. at 607.

In their Amended Complaint of April 14, 2020, all seven States explain in identical terms that they bring suit in their quasi-sovereign capacity.  New York proclaims, for example, that it "brings this action on behalf of the people of the State of New York to protect the state, its general economy, and its residents from Defendants' anticompetitive business practices." New York continues: "The Attorney General has authority under federal and state law to pursue an injunction and other equitable relief to prevent and remedy the harms caused by anticompetitive conduct."  All seven States also pray for "such equitable relief, including equitable monetary relief, as the Court finds necessary to redress and prevent recurrence of Defendants' violations of" federal and state antitrust laws.

In 2020, the seven States joined the Federal Trade Commission ("FTC") in bringing claims against Vyera and two of the companies' owners and executives, Shkreli and Mulleady.  The FTC brought claims under § 5(a) of the FTC Act, 15 U.S.C. § 45(a), seeking a permanent injunction pursuant to § 13(b) of the same Act, 15 U.S.C. § 53(b), and under §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, seeking a permanent injunction pursuant to § 16 of the Clayton Act, 15 U.S.C. § 26.  The States have

also brought identical claims under the Sherman Act and § 16 of
the Clayton Act as well as pursuant to their own state laws
barring unfair competition and restraint of trade.[2]  For example,
New York has sued under the New York Donnelly Act, N.Y. Gen.
Bus. Law § 340 et seq., and New York Executive Law, N.Y. Exec.
Law § 63(12).[3]

On March 30, 2021, the plaintiffs waived their right to
money damages and therefore their right to a jury trial.  What
remains is their claim for equitable relief, in particular a
claim for injunctive relief and disgorgement.[4]  Disgorgement is
frequently defined as "[r]estitution measured by the defendant's
wrongful gain."  Liu v. SEC, 140 S. Ct. 1936, 1943 (2020)

---

[2] All seven States sue under state antitrust statutes with the
exception of Pennsylvania, which sues under its common law
doctrine against restraints of trade.  On August 18, 2020, this
Court dismissed Pennsylvania's statutory claim under the
Pennsylvania Unfair Trade Practices and Consumer Protection Law,
73 P.S. §§ 201-1 et seq.

[3] The other five States pursuing statutory claims sue under the
California Cartwright Act, Cal. Bus. & Prof. Code § 16700, and
California Unfair Competition Law, Cal. Bus. & Prof. Code §
17200; Illinois Antitrust Act, Ill. Comp. Stat. 10/3(3); North
Carolina Unfair or Deceptive Practices Act, N.C. Gen. Stat. §
75-1 et seq.; Ohio Valentine Act, Ohio Rev. Code Ann. § 1331;
and Virginia Antitrust Act, Va. Code Ann. § 59.1 et seq.

[4] In the amended complaint, the State plaintiffs pray for
equitable monetary relief generally.  In their brief in
opposition to Vyera's motion, the States argue solely for
nationwide disgorgement.  Accordingly, the Court treats the
States' prayer for equitable monetary relief as a claim for
disgorgement and not any other form of equitable monetary
relief.

("Liu") (quoting Restatement (Third) of Restitution and Unjust
Enrichment § 51, cmt. a (Am. L. Inst. 2011)).  As the Court
observed in Liu, disgorgement is "a remedy tethered to a
wrongdoer's net unlawful profits" and "has been a mainstay of
equity courts."  Id.

On April 22, 2021, the Supreme Court held that § 13(b) of
the FTC Act does not authorize the FTC to seek equitable
monetary relief such as disgorgement.  AMG Cap. Mgmt., LLC v.
Fed. Trade Comm'n, 141 S. Ct. 1341, 1352 (2021) ("AMG").
Section 13(b) authorizes the FTC to obtain a "permanent
injunction" directly in federal court.  Id. at 1346.  The Court
in AMG held that this provision does not also authorize the FTC
to "obtain court-ordered monetary relief" in equity because the
language and structure of the FTC Act restrict the words
"permanent injunction" in § 13(b) to "relief that is
prospective, not retrospective."  Id. at 1347-48.  It observed
as well that an injunction "is not the same as an award of
equitable monetary relief."  Id. at 1347.  This Court
consequently granted on June 2, 2021, the FTC's motion for leave
to withdraw its prayer for equitable monetary relief.[5]

---

[5] The FTC has indicated that it may seek to reinstate its prayer
for equitable monetary relief in the event Congress passes
authorizing legislation.

The State plaintiffs apparently seek to maintain their claims for disgorgement under both the federal and state laws at issue here, that is, pursuant to §§ 1 and 2 of the Sherman Act, as authorized by § 16 of the Clayton Act, and pursuant to their respective state laws.[6]  Pursuant to those claims, they seek recovery of Vyera's net profits derived from the entirety of its U.S. Daraprim sales.

A bench trial is scheduled for December 14, 2021.  The pretrial order is due October 20.  The parties' cross-motions testing the geographic limits of the States' claim for disgorgement became fully submitted on September 3.

## Discussion

Vyera argues that the State plaintiffs lack parens patriae standing to obtain equitable monetary relief, including disgorgement, on behalf of those who are not citizens of their States.[7]  The States oppose the motion, cross-move for summary judgment on the same issue, and seek an order precluding Vyera

---

[6] Section 16 of the Clayton Act authorizes any person "to sue for and have injunctive relief . . . against threatened loss or damage by a violation of the antitrust laws."  15 U.S.C. § 26. The reasoning in AMG appears to preclude all of the plaintiffs from seeking disgorgement pursuant to § 16.

[7] The defendants also argue that Virginia's state antitrust statute precludes it from seeking disgorgement of profits from Daraprim sales on behalf of even Virginia citizens.  The decision in this Opinion allowing the plaintiff States to obtain nationwide relief makes it unnecessary to reach this issue.

from again contesting the scope of nationwide equitable monetary
relief in either pretrial or trial proceedings by declaring that
the location of Daraprim purchases is irrelevant to this case
and by prohibiting Vyera from introducing evidence with respect
to the location of such purchases at trial.  There are no
factual disputes material to these cross-motions for summary
judgment.

It is unnecessary to decide whether each of the seven
States' Attorneys General has authority to seek disgorgement of
Vyera's net profits when those profits are not tethered to the
purchase of Daraprim or the reimbursement of Daraprim purchased
by that State's citizens.  It is clear that the New York
Attorney General has such authority.  To the extent the
defendants violated either the federal or state statutes at
issue here, they did so from decisions made and contracts
executed in New York.

The New York Attorney General seeks through this action to
enforce the Donnelly Act.  The New York Donnelly Act declares
void as against public policy any "contract, agreement,
arrangement or combination" creating a "monopoly in the conduct
of any business, trade or commerce or in the furnishing of any
service in this state, [that] is or may be established or
maintained," or which restrains "[c]ompetition or the free

exercise of any activity in the conduct of any business, trade or commerce . . . in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 340(1) (McKinney 2012).

New York law permits the Attorney General to bring an action in equity to enforce the Donnelly Act.  Section 63(12) of the New York Executive Law generally empowers the New York State Attorney General to enforce violations of "persistent fraud or illegality in the carrying on, conducting or transaction of business," "in the name of the people of the state of New York" by applying

> to the supreme court of the state of New York . . .
> for an order enjoining the continuance of such
> business activity or of any fraudulent or illegal
> acts, directing restitution and damages . . . and the
> court may award the relief applied for or so much
> thereof as it may deem proper.

N.Y. Exec. Law § 63(12) (McKinney 2018).  It is well established that this grant of power to the Attorney General includes a grant of authority to enforce the Donnelly Act.  See, e.g., Am. Dental Co-op., Inc. v. Att'y Gen. of State of N.Y., 514 N.Y.S.2d 228, 232 (1st Dep't 1987).

Among the remedies that the Attorney General may obtain through a § 63(12) proceeding is disgorgement.  People ex rel. Schneiderman v. Greenberg, 27 N.Y.3d 490, 497 (2016) (construing the Executive Law in the context of an action for violation of the New York Martin Act, N.Y. Gen. Bus. Law §§ 352, 353).  In an

action under the Executive Law, "[d]isgorgement is distinct from the remedy of restitution because it focuses on the gain to the wrongdoer as opposed to the loss to the victim." People v. Ernst & Young, LLP, 980 N.Y.S.2d 456, 456 (1st Dep't 2014). "Accordingly, the remedy of disgorgement does not require a showing or allegation of direct losses to consumers or the public; the source of the ill-gotten gains is immaterial." Id.

When a defendant engages in conduct within the State prohibited by Executive Law § 63(12), the Attorney General is authorized to seek relief on behalf of out-of-state residents injured by the wrongdoing. People ex rel. Cuomo v. H & R Block, Inc., 870 N.Y.S.2d 315, 316 (1st Dep't 2009). The Attorney General has such broad authority in recognition of "New York's vital interest in securing an honest marketplace," which is threatened when a defendant uses "a New York business" to engage in its scheme. Id.; see also New York v. Feldman, 210 F. Supp. 2d 294, 303 (S.D.N.Y. 2002) (enforcing the Donnelly Act and the New York Deceptive Practices Act, N.Y. Gen. Bus. Law § 349); In re DeFelice, 77 B.R. 376, 380 (Bankr. D. Conn. 1987) (enforcing New York consumer fraud laws in a challenge to the dischargeability of New York's restitution claim); Spitzer v. Coventry First LLC, No. 0404620/2006, 2007 WL 2905486 (N.Y. Sup. Ct. Sep. 25, 2007), aff'd, 861 N.Y.S.2d 9, 10 (1st Dep't 2008)

(enforcing the Donnelly Act and the Martin Act); People ex rel. Spitzer v. Telehublink Corp., 756 N.Y.S.2d 285, 285 (3d Dep't 2003) (enforcing the federal Telemarketing Act, 15 U.S.C. § 6103(a), and the New York Deceptive Practices Act); State by Abrams v. Camera Warehouse, Inc., 496 N.Y.S.2d 659, 660 (N.Y. Sup. Ct. 1985) (enforcing N.Y. Gen. Bus. Law § 518); People by Vacco v. Lipsitz, 663 N.Y.S.2d 468, 474 (N.Y. Sup. Ct. 1997) (enforcing the New York Deceptive Practices and False Advertising Acts, N.Y. Gen. Bus. Law §§ 349, 350).

Accordingly, the New York Attorney General, should it succeed to proving a violation of the Donnelly Act and Executive Law stemming from Vyera's New York-based operations, may obtain disgorgement of Vyera's net profits attributable to the entirety of its U.S. sales.  As indicated above, a State's quasi-sovereign interest includes the control of economic activity within the State and the power to seek redress for illegality occurring within its borders.  See Snapp, 458 U.S. at 607.

Vyera makes several arguments in support of its motion. None of them calls into question the analysis set forth above.

Vyera relies on Goshen v. Mut. Life Ins. Co. of New York, 98 N.Y.2d 314, 324-25 (2002), for the proposition that the New York Consumer Protection Act, N.Y. Gen. Bus. Law § 349(a), and by analogy the Donnelly Act, cannot be enforced

extraterritorially.  Goshen is inapposite.  The claims in Goshen were brought not by the New York Attorney General acting pursuant to the Executive Law, but by consumers pursuant to § 349.  Id. at 321-22.

Vyera also contends that the disgorgement of its net profits when untethered to the victims within the seven States would constitute a penalty and violate the principle that equitable monetary relief must be connected to the harm experienced by victims.  See Liu, 140 S. Ct. at 1942.  This objection is easily addressed.  The States represent that, should they prevail, they will undertake to distribute the disgorged net profits to all victims wherever they reside.

Vyera next contends that nationwide disgorgement will expose the defendants to the "possibility of overlapping awards."  Any disgorgement ordered here or elsewhere would be awarded by a court sitting in equity.  The defendants would have an opportunity to be heard and to alert a court to the problem of duplicative recoveries.  Therefore, Vyera's concern is not an impediment to the plaintiff States pursuing through the December trial their request for nationwide relief.

Finally, Vyera points to the statement in New York v. Facebook, Inc., No. CV 20-3589 (JEB), 2021 WL 2643724 (D.D.C. June 28, 2021), that parens patriae standing reflects a state's

15

interest "in the well-being of its own populace." Id. at *8.
In Facebook, the court inter alia granted the defendant's motion
to dismiss an antitrust action brought by several States,
including New York, on the ground of laches. Id. at *1.  The
court's unremarkable statement of the doctrine of parens
patriae, on which Vyera relies, was not applied to limit the
scope of relief sought by the plaintiffs but to find, over
Facebook's objection, that the plaintiff States had standing.
Id. at *9.  Therefore, Facebook provides no basis for limiting
the scope of the disgorgement remedy sought by the plaintiff
States in this action.

## Conclusion

The defendants' motion for partial summary judgment on the
issue of the States' authority to seek nationwide equitable
monetary relief is denied.  The State plaintiffs' cross-motion
for partial summary judgment is granted.  A separate Order
grants the States' request regarding pretrial and trial
proceedings.

Dated:     New York, New York
           September 24, 2021

                                 _____
                                       DENISE COTE
                                 United States District Judge

16