

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | *FIRM and AFFILIATE OFFICES* | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | CHRISTOPHER H. CASEY | BOCA RATON |
| SAN FRANCISCO | DIRECT DIAL: +1 215 979 1155 | PITTSBURGH |
| SILICON VALLEY | PERSONAL FAX: +1 215 689 2194 | NEWARK |
| SAN DIEGO | E-MAIL  CHCasey@duanemorris.com | LAS VEGAS |
| LOS ANGELES | | CHERRY HILL |
| TAIWAN | *www.duanemorris.com* | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | | |

October 13, 2021

**VIA ECF**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.,* **Case No. 1:20-cv-706 (DLC)**

Dear Judge Cote:

I write on behalf of Martin Shkreli to request an adjournment of the current trial date in accordance with Section 1(E) of Your Honor's Individual Practices in Civil Cases. Trial is currently scheduled to begin on December 14, 2021, and this is Mr. Shkreli's first request for an adjournment of trial. Mr. Shkreli respectfully requests that the Court adjourn trial to a date no earlier than May 1, 2022.

Mr. Shkreli is currently participating in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Mr. Shkreli is currently on track to complete ▇▇▇▇▇▇ on time and receive ▇▇▇▇▇▇ benefit of release from prison one year early, resulting in his likely release from prison in April 2022. *See* Declaration of Joel A. Sickler ("Decl.") ¶ 15.[1] But if Mr. Shkreli attends the trial in December, his participation ▇▇▇▇▇▇▇▇ will be on hold for several months. The likely result is that he will not receive the early release benefit and will remain incarcerated until April 2023. If, on the other hand, Mr. Shkreli decides not to attend trial so as not to jeopardize his timely completion of ▇▇ ▇▇▇▇▇▇, he will be denied the opportunity to assist in his own defense. Thus, Mr. Shkreli faces a classic "Hobson's choice": either he loses the chance to be released from prison one year early, or he loses the ability to defend against an action that seeks to ban him from the pharmaceutical industry for life. Because the December trial date presents a "no-win" scenario for Mr. Shkreli, he seeks an adjournment of trial of several months until a date no earlier than May 1, 2022.[2]

---

[1] In support of Mr. Shkreli's Motion to Stay Discovery (ECF 317), prison consultant Jack T. Donson stated that the "best-case scenario" as of November 25, 2020, was that Mr. Shkreli would be released by September 14, 2021. ECF 319, ¶ 24. But various circumstances since late November 2020—in particular, Mr. Shkreli's ▇▇▇▇▇▇▇▇▇▇▇▇ because of COVID-19 restrictions and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇—prevented release before April 2022. Decl. ¶ 16.

[2] If plaintiffs were to seek, and the Court issued, a writ of habeas corpus for Mr. Shkreli to appear and testify in person, even if just for a day, the result would be the same: an extra year of incarceration. *See* Decl. ¶ 26.

DUANE MORRIS LLP

30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196        PHONE: +1 215 979 1000   FAX: +1 215 979 1020

The Honorable Denise L. Cote
October 13, 2021
Page 2

DuaneMorris

A motion for a continuance of trial is addressed to the district court's sound discretion. *See* 9 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2352 (4th ed. 2021). Courts in this District apply the "good cause" standard from Federal Rule of Civil Procedure 16(b)(4) to requests to adjourn a trial. *E. Profit Corp. Ltd. v. Strategic Vision US LLC*, 18-cv-2185, 2020 WL 6048158, at *2 (S.D.N.Y. Oct. 13, 2020); *see* Fed. R. Civ. P. 16(b)(4). Under the circumstances of this case, there is good cause to adjourn the trial.

If Mr. Shkreli attends the December trial, he risks significant prejudice in the form of an extra year in prison. His attendance will likely mean ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Decl. ¶¶ 12–26. Postponing the trial by several months until Mr. Shkreli is released from prison would avoid this result. Thus, holding the trial in December risks creating an unnecessary and avoidable deprivation of Mr. Shkreli's liberty that constitutes irreparable harm. *See United States v. Bogle*, 855 F.2d 707, 710–11 (11th Cir. 1988) ("[U]nnecessary deprivation of liberty clearly constitutes irreparable harm.").

If Mr. Shkreli does *not* attend the December trial, he will still suffer prejudice, in that he will be unable to aid his counsel in mounting a defense. This denies Mr. Shkreli his constitutional right of access to the courts and his counsel. *See Bellezza v. Holland*, No. 09 Civ. 8434, 2011 WL 2848141, at *4 (S.D.N.Y. July 12, 2011) ("It is well established that prisoners have a constitutional right to adequate, effective, and meaningful access to the courts.").

There will be no prejudice to plaintiffs if the Court adjourns the trial until, at the earliest, next May. There are now three generic companies with approved ANDAs, so there can be no argument that such a delay will harm competition in the market. Nor can there be any argument that evidence will be lost or that any witness' memory will fade during a brief five-month delay.

Nor can plaintiffs claim that Mr. Shkreli has not diligently pursued his rights. While Mr. Shkreli has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, it is only within the past month or so that it became clear ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Decl. ¶ 13. Two days after the Court issued an Order directing the parties to confer regarding Mr. Shkreli's attendance at trial (ECF 481), I contacted plaintiffs' counsel to schedule a meet and confer. Ex. A. Plaintiffs' counsel responded five days later and a call was scheduled, which took place on September 28. *Id.* On the September 28 call, I notified plaintiffs that we were looking into ▮▮▮▮▮▮▮▮▮▮. From September 28 until October 6, I spoke to various officials with the BOP and the Marshals Service, and Mr. Sickler, regarding the consequences of Mr. Shkreli's trial attendance. When it became clear that Mr. Shkreli could not attend trial without jeopardizing his one-year early release, I began preparing this motion.

For all these reasons, the Court should adjourn the trial to a date no earlier than May 1, 2022.[3]

---

[3] On October 12, 2021, I contacted counsel for the plaintiffs and asked whether plaintiffs consent to this motion. Plaintiffs' counsel responded that they do not consent for various reasons, including that a continuance would prejudice plaintiffs. *See* Ex. B.

DuaneMorris

The Honorable Denise L. Cote
October 13, 2021
Page 3

                                        Respectfully submitted,

                                        */s/ Christopher H. Casey*
                                        Christopher H. Casey

cc: All counsel of record (via ECF)