

| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | CHRISTOPHER H. CASEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1155 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2194 | LAS VEGAS |
| LOS ANGELES | *E-MAIL*  CHCasey@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | |
| AUSTIN | | ALLIANCES IN MEXICO |
| HANOI | | AND SRI LANKA |
| HO CHI MINH CITY | | |

November 3, 2021

*VIA ECF*

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

> **Re:** ***Federal Trade Commission, et. al. v. Vyera Pharmaceuticals, LLC, et al.,***
> **Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.)**

Dear Judge Cote:

I write on behalf of Martin Shkreli in response to the Court's October 29, 2021 Order (ECF 524) denying his letter motion to testify at trial via remote means (ECF 516). Mr. Shkreli respectfully informs the Court that for the reasons set forth in his motion, he does not intend to personally attend and testify at trial. As such, we will not be presenting the Court with a writ of *habeas corpus* on his behalf.

On November 1, 2021, in response to the Court's direction in the October 29 Order that they choose one of three options in the event that Mr. Shkreli declines to attend the trial, plaintiffs stated that they chose option 3, writing that "we will accept Shkreli's direct testimony in his affidavit and will 'cross-examine' him by designating portions of his earlier deposition testimony," and that "[c]onveniently, the Plaintiffs and Defendants have already submitted their deposition designations for Shkreli as part of the parties' proposed Joint Pretrial Order submitted to the Court on October 20, 2021." ECF 526.

Mr. Shkreli reserves the right, as set forth in the Court's October 29 Order, to identify—depending on what portions of his designated deposition testimony plaintiffs identify as cross-examination—those portions of his deposition testimony that will constitute his redirect examination at trial.

Plaintiffs' November 1, 2021 letter also requests leave to conduct a "short" deposition of Mr. Shkreli to "lay the foundation for the admissibility of certain documents if we are unable to resolve such issues pretrial." ECF 526. Mr. Shkreli opposes this request for the following reasons:

DuaneMorris

The Honorable Denise L. Cote
November 3, 2021
Page 2

First, the Court granted plaintiffs the opportunity to choose to conduct a *de bene esse* deposition of Mr. Shkreli (option 2), but plaintiffs declined that option. Accordingly, we respectfully suggest that the parties proceed pursuant to the framework established by option 3 of the Court's Order, as selected by plaintiffs.

Second, plaintiffs' request is vague. Plaintiffs do not even identify the documents purportedly at issue, *i.e.*, whether they are referring to the documents introduced at Mr. Shkreli's deposition or other documents. Nor do plaintiffs explain what they mean by a "short" deposition, or the scope of such a deposition. For example, plaintiffs do not explain how they intend to lay the foundation for the admissibility of a document without getting into questions regarding the substance of the document – in other words, without conducting a second substantive deposition of Mr. Shkreli. This would effectively allow plaintiffs to choose two of the Court's options rather than one.

Finally, any such deposition of Mr. Shkreli, no matter how "short," will likely have to be done remotely. Plaintiffs do not explain how they intend to ensure that the deposition they are seeking does not create the same issues that they professed to be concerned about in their opposition to Mr. Shkreli's motion for remote testimony.[1]

For all these reasons, Mr. Shkreli opposes plaintiffs' vague and unsupported request to conduct an additional deposition of him.

Respectfully submitted,

*/s/ Christopher H. Casey*
Christopher H. Casey

CHC

CC: All counsel (by ECF)

---

[1] *See* ECF 522 at 2 ("Despite Shkreli's representation to the contrary, his video deposition was not seamless. It took place over two days that each concluded at 2:00 p.m. due to BOP staffing restrictions. The parties had to confirm the dates of the deposition weeks before it was scheduled to allow BOP sufficient notice. Technological limitations required Plaintiffs to mail Shkreli exhibits in advance. Shkreli fails to address whether there will be any appropriate safeguards to mitigate these issues.").