```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :   20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :   OPINION AND ORDER
STATE OF ILLINOIS, STATE OF NORTH        :
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
          -v-                            :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Federal Trade Commission:
James H. Weingarten
Markus H. Meier
Bradley S. Albert
Amanda Triplett
Armine Black
Daniel W. Butrymowicz
J. Maren Schmidt
Lauren Peay
Leah Hubinger
Matthew B. Weprin
Neal J. Perlman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

For plaintiff State of New York:

```
Amy E. McFarlane
Jeremy R. Kasha
Elinor R. Hoffman
Saami Zain
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005

Bryan Lewis Bloom
Freshfields Bruckhaus Deringer US LLP
700 13th St. NW 10th fl.
Washington, DC 20005

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

For plaintiff State of Ohio:
Beth Finnerty
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

For plaintiff State of North Carolina:
K.D. Sturgis
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603

For plaintiff Commonwealth of Virginia:
```

Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Scott A. Stempel
William Cravens
Melina R. Dimattio
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210

Michael M. Elliott
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017

Michael L. Weiner
Dechert LLP (NYC)
1095 Avenue of the Americas
New York, NY 10036-6797

For defendant Martin Shkreli:
Christopher H. Casey
Andrew J. Rudowitz
Jeffrey S. Pollack
Sarah O'Laughlin Kulik
Duane Morris LLP

30 South 17th Street
Philadelphia, PA 19103

Sarah Fehm Stewart
Duane Morris, LLP (NJ)
One Riverfront Plaza, Suite 1800
Newark, NJ 07102-3889

For defendant Kevin Mulleady:
Kenneth R. David
Albert Shemtov Mishaan
Nicholas Anthony Rendino
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019

DENISE COTE, District Judge:

    Trial is scheduled to begin in this antitrust action on December 14, 2021. Defendant Martin Shkreli has moved to preclude the plaintiffs from offering evidence at trial regarding Retrophin, Inc., a pharmaceutical company that Shkreli founded in 2011. The motion is denied.

## Background

    The plaintiffs seek to prove at trial that Vyera Pharmaceuticals, LLC ("Vyera"), a pharmaceutical company that Shkreli founded in 2014, and the two individual defendants violated the antitrust laws through a scheme that involved, <u>inter alia</u>, purchasing an off-patent, single-source rare-disease drug, raising the price for the drug dramatically, and entering into agreements that effectively closed the distribution system of the drug and blocked competition by generic pharmaceuticals.

4

The plaintiffs seek to offer evidence that Shkreli pioneered this anticompetitive strategy at Retrophin, which applied the strategy to two drugs that Retrophin acquired and/or licensed: Chenodal and Thiola.  After Retrophin obtained control of those drugs it raised their prices by 400% and 2,000%, respectively.

In this lawsuit, the plaintiffs seek to hold Shkreli liable for violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; § 5(a) of the FTC Act, 15 U.S.C. § 45(a); and various state statutes.  They seek equitable monetary relief and an injunction banning Shkreli from the pharmaceutical industry.

## Discussion

The evidence regarding Shkreli's activities at Retrophin in connection with Chenodal and Thiola is admissible.  First, it is admissible as background evidence regarding the conspiracy alleged in the complaint.  Evidence of uncharged conduct is independently admissible and is "not evidence of other crimes, wrongs, or acts under Rule 404(b)" if that conduct arose out of the same series of transactions, is "inextricably intertwined" with the conduct at issue at trial, or is necessary "to complete the story" of the claimed offense at trial. United States v. Robinson, 702 F.3d 22, 37 (2d Cir. 2012).

It is also admissible under Rule 404(b) as evidence of motive, intent, plan, knowledge, and the absence of mistake. Fed. R. Evid. 404(b); United States v. Curley, 639 F.3d 50, 57

(2d Cir. 2011).  The conduct, as proffered by the plaintiffs, is sufficiently similar to the conduct at issue at trial to permit the inferences argued by the plaintiffs.  The probative value of the evidence is not outweighed by any unfair prejudice to Shkreli or any other concern identified by Rule 403.

Finally, if Shkreli is found liable, the evidence is relevant to the request for injunctive relief.  That request will require a determination of the extent to which the violation was an isolated occurrence and the degree of willfulness involved.  See S.E.C. v. Cavanagh, 155 F.3d 129, 135 (2d Cir. 1998)(listing the factors courts consider in assessing a prospective injunction).

In moving to preclude this evidence, Shkreli argues that the plaintiffs will not be able to prove that Retrophin actually impeded generic competition with either Chenodal or Thiola.  It is Shkreli's planning for and initiation of a similar anticompetitive scheme at Retrophin, assuming that the plaintiffs establish that plan and initiation, that is relevant to Shkreli's scienter while at Vyera, not whether the Retrophin scheme succeeded.  Shkreli argues as well that absent evidence of actual harm to competition, Shkreli's intent is irrelevant.  The plaintiffs seek to prove at trial both that Shkreli conspired to block generic competition with Vyera's drug

6

Daraprim and that he succeeded in doing so for a not inconsiderable period of time.

## Conclusion

Shkreli's October 20, 2021 motion to preclude evidence relating to Retrophin is denied.

Dated: New York, New York
November 5, 2021

                                                   _____
                                                      DENISE COTE
                                 United States District Judge