UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF OHIO, COMMONWEALTH OF PENNSYLVANIA, STATE OF ILLINOIS, STATE OF NORTH CAROLINA, and COMMONWEALTH OF VIRGINIA,

Plaintiffs,

-v-

VYERA PHARMACEUTICALS, LLC, AND PHOENIXUS AG, MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC, and KEVIN MULLEADY, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,

Defendants.

---

20cv00706 (DLC)

OPINION AND ORDER

APPEARANCES:

For plaintiff Federal Trade Commission:
James H. Weingarten
Markus H. Meier
Bradley S. Albert
Amanda Triplett
Armine Black
Daniel W. Butrymowicz
J. Maren Schmidt
Lauren Peay
Leah Hubinger
Matthew B. Weprin
Neal J. Perlman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

For plaintiff State of New York:

Amy E. McFarlane
Jeremy R. Kasha
Elinor R. Hoffman
Saami Zain
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005

Bryan Lewis Bloom
Freshfields Bruckhaus Deringer US LLP
700 13th St. NW 10th fl.
Washington, DC 20005

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

For plaintiff State of Ohio:
Beth Finnerty
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

For plaintiff State of North Carolina:
K.D. Sturgis
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603

For plaintiff Commonwealth of Virginia:

Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Scott A. Stempel
William Cravens
Melina R. Dimattio
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210

Michael M. Elliott
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017

Michael L. Weiner
Dechert LLP (NYC)
1095 Avenue of the Americas
New York, NY 10036-6797

For defendant Martin Shkreli:
Christopher H. Casey
Andrew J. Rudowitz
Jeffrey S. Pollack
Sarah O'Laughlin Kulik
Duane Morris LLP

30 South 17th Street
Philadelphia, PA 19103

Sarah Fehm Stewart
Duane Morris, LLP (NJ)
One Riverfront Plaza, Suite 1800
Newark, NJ 07102-3889

For defendant Kevin Mulleady:
Kenneth R. David
Albert Shemtov Mishaan
Nicholas Anthony Rendino
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019

DENISE COTE, District Judge:

Trial in this antitrust action is scheduled to begin on December 14, 2021. Defendants Martin Shkreli and Kevin Mulleady have moved to preclude statements made by current and former employees of Vyera Pharmaceuticals, LLC ("Vyera"). The plaintiffs oppose these motions as premature and as misstating the grounds on which these documents and testimony may be received.

This Opinion sets out some of the pertinent evidentiary standards. It also sets a schedule for the parties to advise each other more specifically of their disputes.

**Background**

At this trial, the plaintiffs will seek to prove that while at Vyera, Shkreli and Mulleady orchestrated a scheme to impede generic competition with Vyera's branded pharmaceutical

Daraprim. Shkreli founded Vyera and was CEO from October 2014 until December 2015. After his departure from Vyera in January 2016, Shrikeli remained Vyera's largest shareholder and his percentage of voting shares has ranged from 43.07% to 49.44%. The plaintiffs have pointed to evidence that Shkreli remained in control of Vyera's operations even after his incarceration in 2017. Mulleady was a managing director of Vyera from October 2014 to June 2016 and until mid-November 2020 was the Chairman of the Board of Directors of Phoenixus, Vyera's parent. Among the documents the plaintiffs seek to offer against the two individual defendants, as well as against Vyera, are documents from the board of directors, testimony from Vyera officers, and written communications between Vyera employees and Shkreli or Mulleady.

**Discussion**

Various federal rules may permit admission at trial of documents that are described generically in the defendants' motion. Those rules include the following.

Documents created by and for the Board of Directors of Vyera may be admissible at trial against all defendants as business records. The business records exception to the hearsay rule provides for the admissibility of:

> A record of an act, event, condition, opinion, or diagnosis if:

> (A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business . . . ;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification . . . ; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

"The purpose of the rule is to ensure that documents were not created for personal purposes or in anticipation of any litigation so that the creator of the document had no motive to falsify the record in question." United States v. Kaiser, 609 F.3d 556, 574 (2d Cir. 2010) (citation omitted). Rule 803(6) "favors" the admission of records created and maintained by businesses rather than their exclusion if the records have "any probative value at all." Id. (citation omitted); see Busher v. Barry, No. 14-CV-4322 (NSR), 2019 WL 6895281, at *7 (S.D.N.Y. Dec. 18, 2019)(finding board minutes admissible under the business records exception); Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc., No. 11-CV-6201 (DLC), 2015 WL 1137572, at *3 (S.D.N.Y. Mar. 13, 2015)(finding FHFA Sample Loan Files admissible under the business records exception).

Depositions taken of Vyera executives may be admissible against Shkreli and Mulleady, not just against Vyera, pursuant to Rule 32(a)(3) of the Federal Rules of Civil Procedure, assuming that the requirements imposed by Rule 32(a)(1) are also met. This Rule is liberally construed. 8A Charles Alan Wright & Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2145 (3d ed.).

Rule 32(a)(3) of the Federal Rules of Civil Procedure provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3). Rule 32(a)(1) requires that the party against whom the deposition will be offered must have been "present or represented at the taking of the deposition or had reasonable notice of it" and that the deposition must be "used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." Fed. R. Civ. P. 32(a)(1); see Klein v. Tabatchnick, 459 F. Supp. 707, 717 n.7 (S.D.N.Y. 1978)(approving use of the deposition of one adverse party against another adverse party).

Here, the plaintiffs are parties-opponent of the defendants. The plaintiffs identify three high-level employees -- Anne Kirby, the Executive VP of Commercial & Operations;

Averill Powers, the CEO and General Counsel; and Chris Lau, Director of Analytics and Business Intelligence -- as deponents whose testimony may be admitted at trial pursuant to Rule 32(a)(3). Notably, as already described, both Shkreli and Mulleady are defendants in this action for their alleged participation in an anticompetitive scheme executed through Vyera.

Under Rule 32(a)(4), the deposition of any deponent who is more than 100 miles from the place of trial may be admissible as testimony taken from an unavailable witness. Fed. R. Civ. P. 32(a)(4)(B). This assumes, again, that the other requirements imposed by Rule 32(a) have been met.

The statements of Vyera employees may also be admissible as non-hearsay statements by co-conspirators when offered by the plaintiffs. Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, such a statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To admit a statement under this Rule, the court must find: "(a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." United States v. Gupta, 747 F.3d 111, 123 (2d Cir. 2014)(citation omitted). To determine both the existence

of a conspiracy and membership in it, a court "must consider the circumstances surrounding the statement, as well as the contents of the alleged conspirator's statement itself." Id. (citation omitted).

Based on the evidence submitted with the Pretrial Order, the plaintiffs have carried their burden to establish the existence of a conspiracy to violate the antitrust laws and the membership of Shkreli and Mulleady in that conspiracy. A finding as to whether a statement at issue was itself made in furtherance of the conspiracy must be supported by "a preponderance of the evidence." Id. at 124.

Any statements made by a co-conspirator in furtherance of the conspiracy will be admissible against Shkreli and Mulleady unless they establish that they withdrew from the conspiracy and effectively communicated that withdrawal. The burden of establishing withdrawal is on the conspirator. United States v. Leslie, 658 F.3d 140, 143 (2d Cir. 2011)(per curiam). Proof of withdrawal requires affirmative action to disavow or defeat the purpose of the conspiracy.

> Mere cessation of the conspiratorial activity by the defendant is not sufficient to prove withdrawal. The defendant must also show that he performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators.

Id. (citation omitted).

In support of their motion, neither individual defendant has pointed to evidence of withdrawal. No longer holding a management or executive position in Vyera does not constitute evidence of withdrawal from the conspiracy. "Resignation from a criminal enterprise, standing alone, does not constitute withdrawal as a matter of law; more is required." United States v. Berger, 224 F.3d 107, 118 (2d Cir. 2000). Similarly, a conspirator's incarceration does not establish withdrawal or even create a presumption of withdrawal. Leslie, 658 F.3d at 143.

Statements made by Vyera employees may also be admissible at trial against Shkreli and Mulleady as non-hearsay statements pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence. Under that Rule, a statement by a party's agent or employee is admissible if made "on a matter within the scope of that relationship" and made while the relationship existed. Fed. R. Evid. 801(d)(2)(D). A corporate employee may be an agent of a corporate officer. 5 Margaret A. Berger & Jack B. Weinstein, Weinstein's Federal Evidence § 801.33 (2021); see United States v. Agne, 214 F.3d 47, 54-55 (1st Cir. 2000)(admitting testimony of employee against corporate officer). The statement must concern matters on which the employee had the authority to take action, to speak, or to participate. See United States v.

Lauersen, 348 F.3d 329, 340 (2d Cir. 2003) (citation omitted), as amended (Nov. 25, 2003), aff'd on reh'g, 362 F.3d 160 (2d Cir. 2004), cert. granted and vacated on other grounds, 543 U.S. 1097 (2005); United States v. Rioux, 97 F.3d 648, 660-61 (2d Cir. 1996); Pappas v. Middle Earth Condo. Ass'n, 963 F.2d 534, 537-38 (2d Cir. 1992). Rule 801(d)(2)(D) contains no limitation based on the seniority or status of the employee. See Rioux, 97 F.3d at 661. Instead, it is limited by the relationship between the statements to the employee's duties and the scope of those duties. Id.

Relying on Rule 801(d)(2)(D), the plaintiffs seek to offer the sworn testimony of six Vyera employees during the FTC's pre-complaint investigation, given while they were employed by Vyera. They are Michael Smith, Anne Kirby, Akeel Mithani, Kevin Mulleady, Nicholas Pelliccione, and Nancy Retzlaff. The defendants do not appear to oppose the admission of the testimony given by Smith. The plaintiffs intend to call Kirby, Mulleady, and Pelliccione as witnesses at trial. The defendants will therefore have an opportunity to explore with those witnesses any portion of their investigational testimony that the plaintiffs have offered into evidence. Therefore, this motion principally implicates the testimony given during the FTC investigation by Retzlaff and Mithani. Based on the evidence submitted with the pretrial order, Shkreli and Mulleady played

commanding roles in Vyera's affairs, particularly with respect to policy decisions regarding Daraprim. It would appear that statements by all six Vyera employees will be admissible against both individual defendants so long as they are statements made on matters within the scope of the employee's duties at Vyera.

To the extent either Shkreli or Mulleady believes that a statement offered by the plaintiffs that was made by a Vyera employee is inadmissible hearsay, the defendant shall identify that statement to the plaintiffs by November 24, 2021 and explain why it is not admissible pursuant to the guidance given in this Opinion and Order. The parties shall thereafter confer and bring to this Court's attention by December 1, up to ten exemplars of any remaining disputes. The plaintiffs and the defendants may each submit a memorandum no longer than five pages explaining their basis for arguing that the statement should or should not be admitted into evidence.

Dated: New York, New York
November 10, 2021

DENISE COTE
United States District Judge