

Eric M. Creizman
Direct T 212.209.4358  F 212.409.8385
ECreizman@atllp.com

*Denied to the extent the information relates to Daraprim or Vyera.*

*[signature]*
*11/12/21*

November 11, 2021

*By ECF*

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Federal Trade Commission v. Vyera Pharmaceuticals, LLC*
    Index No. 20-CV-706 (DLC) (SDNY)

Dear Judge Cote:

This firm represents non-party Optime Care, Inc. in the above-referenced matter. Optime Care is a specialty pharmacy, distribution, and patient management organization that provides comprehensive services with the objective of maximizing the therapeutic opportunities for patients with rare and orphan disorders. Optime Care is an authorized distributor of Daraprim for hospitals, government customers, and patients, and provides clinical and administrative pharmacy services for patients who are prescribed Daraprim for treatment.

## I. Relevant Factual Background

Optime Care has produced documents and deposition testimony during the course of discovery in this case pursuant to subpoenas issued by the parties. Certain of the information provided by Optime Care in discovery is highly sensitive, confidential, and proprietary to Optime Care. By the nature of its business, Optime Care has contractual relationships with pharmaceutical manufacturers, with hospitals, with third party payers, and others. The terms of

Hon. Denise L. Cote
November 11, 2021
Page 2

Optime Care's contracts with each of those parties, many of whom compete with each other, are carefully negotiated and highly confidential.[1]

Optime Care is particularly concerned about protecting its contractually negotiated terms relating to pricing, fees, profits, revenues, and other commercially sensitive terms that, if disclosed to the public, would leave Optime Care at a substantial competitive disadvantage. Accordingly, Optime Care previously has designated materials or portions of materials that it has produced in discovery as confidential or highly confidential in accordance with the Stipulated Protective Order entered in this case. (ECF No. 92).

On October 29, 2021, respective counsel for the parties separately emailed me on October 29, 2021 to provide notification of references to Optime Care and its Chief Executive Officer in its pretrial submissions as well as trial exhibits that were produced in discovery by Optime Care and their respective designations of the deposition testimony of Optime Care's Chief Executive Officer. Those parties supplemented that information in subsequent email communications. In response to those emails, Optime Care has identified portions of certain pretrial submissions, trial exhibits, and deposition designations that we propose be redacted and sealed from public access.

## II. Application to redact and seal certain commercially sensitive information contained in pretrial filings from public access.

Pursuant to the Court's Order dated October 13, 2021 (ECF No. 487), Optime Care proposes that certain limited portions of Plaintiff's Proposed Findings of Fact be redacted from the public record.[2] Optime Care has not been provided with that document, but rather only the descriptions of its references to Optime Care. Accordingly, we cannot provide the Court with the text of the proposed redactions. We have discussed the specific redactions, however, with Plaintiff's counsel and Plaintiff takes no position on Optime Care's application.

Specifically, Optime Care seeks to redact information in Plaintiff's submission about the contractual terms relating to Vyera's compensation of Optime Care for its sales of Daraprim, including how such compensation is calculated and the factors on which such compensation is based. The proposed redactions are limited in scope and are narrowly tailored to both protect Optime Care's carefully negotiated and commercially sensitive pricing and fee information while

---

[1] Furthermore, Optime Care must zealously safeguard patient information, and its productions in this case have reflected its efforts in that regard.

[2] Counsel for the parties have advised that non-parties will be afforded a separate process and opportunity to submit applications to redact and seal trial exhibits and deposition designations, or portions thereof, prior to trial in this case. Accordingly, Optime Care does not address its requests to redact portions of those documents in this letter submission.

Hon. Denise L. Cote
November 11, 2021
Page 3

preserving to the greatest extent possible the public's right of access to judicial documents.[3] *See, e.g., Raptor Trading Systems v. Beth*, 2020 WL 7066279, at (S.D.N.Y. Sept. 22, 2020) (granting proposed redaction of "information regarding the specific financial terms of the proposed sale" on the grounds that "Raptor's business interest in maintaining the confidentiality of . . . the details of the proposed sale" were "sufficient to rebut the common-law presumption of access"); *Hesse v. SunGard Sys. Intern.*, 2013 WL 174403, at *2-*3 (S.D.N.Y. Jan. 14, 2013) (granting defendant's motion to redact proprietary business information from public access, including "the company's billing rates and project pricing").

On the other hand, if the information at issue were disclosed to the public, Optime Care would likely suffer meaningful competitive harm. *See, e.g., Playtex Products, LLC v. Munchkin, Inc.* (S.D.N.Y, Mar. 29, 2016) (sealing statements in briefs and exhibits notwithstanding that they are "judicial documents" because "Plaintiffs would be competitively harmed if they were revealed" and the proposed redactions were narrowly tailored; for the same reasons, court sealed portions of defendant's summary judgment brief concerning "sales and costs information.").

### III. Conclusion

For the reasons set forth above, we respectfully request that the Court grant Optime Care's motion to redact the portions of Plaintiff's Findings of Fact described above.

We thank the Court for its consideration in this matter.

Respectfully submitted,

/s/ Eric M. Creizman
Eric M. Creizman

   cc:    All Counsel of Record (via ECF)

---

[3] Optime Care concedes that the Proposed Findings of Fact is a "judicial document." The authority cited in this letter brief, however, supports narrowly tailored redactions to protect commercially sensitive information that, if disclosed to the public, would be likely to cause the movant seeking redaction—and in this case, a non-party—substantial competitive harm.

ARMSTRONG TEASDALE LLP