```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :   20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :   OPINION AND ORDER
STATE OF ILLINOIS, STATE OF NORTH        :
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
          -v-                            :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X

APPEARANCES:

For plaintiff Federal Trade Commission:
James H. Weingarten
Markus H. Meier
Bradley S. Albert
Amanda Triplett
Armine Black
Daniel W. Butrymowicz
J. Maren Schmidt
Lauren Peay
Leah Hubinger
Matthew B. Weprin
Neal J. Perlman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

For plaintiff State of New York:
```

Amy E. McFarlane
Jeremy R. Kasha
Elinor R. Hoffman
Saami Zain
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005

Bryan Lewis Bloom
Freshfields Bruckhaus Deringer US LLP
700 13th St. NW 10th fl.
Washington, DC 20005

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

For plaintiff State of Ohio:
Beth Finnerty
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

For plaintiff State of North Carolina:
K.D. Sturgis
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603

For plaintiff Commonwealth of Virginia:

Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Scott A. Stempel
William Cravens
Melina R. Dimattio
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210

Michael M. Elliott
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017

Michael L. Weiner
Dechert LLP (NYC)
1095 Avenue of the Americas
New York, NY 10036-6797

For defendant Martin Shkreli:
Christopher H. Casey
Andrew J. Rudowitz
Jeffrey S. Pollack
Sarah O'Laughlin Kulik
Duane Morris LLP

30 South 17th Street
Philadelphia, PA 19103

Sarah Fehm Stewart
Duane Morris, LLP (NJ)
One Riverfront Plaza, Suite 1800
Newark, NJ 07102-3889

For defendant Kevin Mulleady:
Kenneth R. David
Albert Shemtov Mishaan
Nicholas Anthony Rendino
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019


DENISE COTE, District Judge:

Trial in this antitrust action is scheduled to begin on December 14, 2021.  Plaintiffs have moved to preclude certain deposition testimony which the Defendants seek to offer at trial, specifically Rule 30(b)(6) testimony from third-party deponents to the extent that the testimony is not based on the personal knowledge of the witness.  The motion is granted.

## Background

At this trial, the Plaintiffs will seek to prove that Vyera Pharmaceuticals, LLC and its parent company Phoenixus AG (together, "Vyera") and the two individual defendants violated the antitrust laws through a scheme that closed the distribution system of the Defendants' branded pharmaceutical Daraprim and blocked or delayed competition to Daraprim by generic pharmaceuticals.  Defendants argue, in part, that the challenged

conduct did not delay generic competition and that the Plaintiffs' proposed relevant market is improperly defined.  In support of their arguments, Defendants seek to offer Rule 30(b)(6) deposition testimony from several third-party corporate designees.  The Rule 30(b)(6) testimony includes, in part, discussions regarding the production of generic pyrimethamine, the active pharmaceutical ingredient ("API") of Daraprim, and the potential for compounded pyrimethamine to serve as an alternative to FDA-approved pyrimethamine.

## Discussion

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, during the discovery period "a party may name as the deponent a public or private corporation" and "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. . . .  The persons designated must testify about information known or reasonable available to the organization."  Fed. R. Civ. P. 30(b)(6).  Those testifying on behalf of the corporation must "be able to give complete, knowledgeable and binding answers."  Keepers, Inc. v. City of Milford, 807 F.3d 24, 32 (2d Cir. 2015)(citation omitted).  "[A]n organization's deposition testimony is binding in the sense that whatever its deponent says can be used against the organization."  Id. at 34.

Under Rule 32(a)(1)(B) of the Federal Rules of Civil Procedure, deposition testimony may be admitted against a party opponent at trial if it "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." Fed. R. Civ. Pro. 32(a)(1)(B).  The Federal Rules of Evidence provide that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Personal knowledge is "a foundational requirement for fact witness testimony and is premised on the common law belief that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact."  United States v. Cuti, 720 F.3d 453, 458 (2d Cir. 2013)(citation omitted).

This personal knowledge requirement extends to Rule 30(b)(6) trial testimony when the corporation that responded to the Rule 30(b)(6) subpoena is not a party at the trial.  As explained in an authoritative treatise, although a witness has testified as the representative of the corporation during a Rule 30(b)(6) deposition, the testimony is not admissible at trial without a "showing that the witness had personal knowledge of the matters discussed in the deposition."  8A Charles Alan

Wright & Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2143 n.1 (3d ed).

Here, Plaintiffs seek to exclude portions of Rule 30(b)(6) depositions taken of ten corporate designees that have been designated by the Defendants as trial testimony.[1] Unless the deponents were competent to testify about the matters discussed in the designations based on their personal knowledge, the designated portions must be stricken. The deposition testimony designated by the Defendants must be admissible under the Federal Rules of Evidence just as if the deponent were testifying in person at trial.[2]

The Defendants do not contend, as a general matter, that they established during the depositions that the witnesses had personal knowledge of the topics to which they testified as corporate representatives. It appears, based on the parties' motion papers, that the Defendants subpoenaed the witnesses as corporate representatives and made little or no attempt to identify which if any portions of the testimony they elicited

---

[1] The Plaintiffs have presented their objections to six of the ten depositions in an Appendix A to this motion and objected as well to the Defendants' designations of deposition testimony that are attached to the Pretrial Order.

[2] The Defendants used only a third of the hours allotted to them for depositions in this case. They have made no argument that they did not have a sufficient opportunity to obtain relevant testimony from witnesses with personal knowledge.

during the Rule 30(b)(6) deposition were based on the witness' personal knowledge. The Defendants, as proponents of the evidence bear the burden of showing its admissibility. It is their burden to establish that their designated third-party testimony is admissible as based on the witness' personal knowledge. Unless the Defendants can point to evidence that the deponent was testifying based on personal knowledge and not simply as the corporate designee for the deposition, the testimony must be stricken. And, the testimony must be stricken if it is unclear whether the witness had personal knowledge of the events the witness recited or the processes the witness described.

The Defendants oppose this motion with several arguments. They contend that certain testimony is admissible because the witness testified that she had reviewed the Rule 30(b)(6) topics and was prepared to testify to all of them. This is insufficient to establish that the witness is competent to testify as a trial witness on those topics.

The Defendants next contend that other admissible evidence supports a finding that the deponent was testifying from personal knowledge during the Rule 30(b)(6) deposition. While the Defendants should have established a witness' personal knowledge during the deposition, if the Defendants can point to other admissible evidence establishing that the witness was

personally involved in the events at issue such that it would be reasonable to conclude that the deposition testimony on the topic was given from that personal knowledge, the testimony may be admissible.  To the extent, however, that the Defendants seek to offer otherwise incompetent deposition testimony because the facts to which the deponent testified were confirmed by other admissible evidence, their application is denied.  The confirmatory evidence must show that the witness has personal knowledge.

Finally, the Defendants appear to argue that the testimony is admissible because the Defendants never advised the witnesses during their depositions that their testimony should be based solely on their Rule 30(b)(6) preparation and there is no reason to conclude from the deposition testimony itself that it was not based on personal knowledge.  This is insufficient to lay a foundation for the admissibility of the testimony.  As noted above, the burden is on the Defendants, as the proponents of the evidence, to establish that the proffered testimony is admissible as competent evidence based on personal knowledge.  In the absence of such a showing, admissibility will not be presumed and the testimony is precluded.

## Conclusion

Plaintiffs' October 20, 2021 motion to preclude Rule 30(b)(6) testimony proffered by the Defendants as not based on

9

personal knowledge is granted without prejudice to the Defendants making the following showing. By November 19, the Defendants must identify to the Plaintiffs their basis for contending that any of the designated Rule 30(b)(6) testimony of the ten witnesses to which the Plaintiffs have objected was based on personal knowledge. The parties shall thereafter confer and by December 2, provide the Court with at most ten exemplars representing any continuing dispute that they have on this issue.

Dated:   New York, New York
         November 15, 2021

                              _____
                                   DENISE COTE
                        United States District Judge