

Philip J. Morrow, Counsel
862.208.1809   PhilipMorrow@ck-litigation.com

November 15, 2021   The request to seal is granted.

**VIA ECF**
The Honorable Denise Cote                    Dated: November 15, 2021
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910                  DENISE COTE
New York, NY 10007                           United States District Judge

Re: *FTC, et al. v. Vyera Pharmaceuticals, LLC, et al.*, 1:20-cv-00706 (DLC)

Dear Judge Cote:

This firm represents non-party CaremarkPCS Health, L.L.C. ("Caremark").  We write in connection with the above-referenced case to submit this letter application, pursuant to the Court's October 13, 2021 Order (ECF No. 487),[1] respectfully requesting the Court's approval of the redaction of certain limited, non-public business information contained within the parties' pre-trial filings. For the reasons set forth below, we respectfully request that the Court grant Caremark's request for limited redaction of one document.  In further support of this letter-motion, Caremark relies on the Declaration of Daniel Fewkes (the "Fewkes Declaration"), filed herewith.

Caremark is a pharmacy benefits manager ("PBM").  PBMs compete with one other to secure the best prices for their customers, including through their contracts with pharmaceutical manufacturers and network pharmacies.   As a result, contracts between Caremark and manufacturers are heavily negotiated and are kept confidential as a matter of course.  Likewise, negotiated prices for specific drugs by Caremark and/or its clients are sensitive business information and considered highly confidential.  See Fewkes Declaration, ¶ 3.

Caremark produced documents and deposition testimony in this case pursuant to subpoenas.  Due to the competitive nature of Caremark's business, much of the material produced by Caremark was designated either "Confidential" or "Highly Confidential" under the Stipulated Protective Order in this case.  As a result, until now, it was protected from public disclosure.  It is our understanding that highly confidential pricing information will be disclosed to the public by virtue of Plaintiff's pretrial motions.  If this pricing information is made public, Caremark will suffer irreparable harm for the reasons explained above.  See Fewkes Declaration, ¶ 3.  At the same time, Caremark is aware of the need for trials to be as public as possible.  Caremark thus asks the

---

[1] The Court set a deadline of November 10, 2021, for parties and non-parties to file an application with the Court to redact materials from the parties' pretrial filings.  Caremark did not file an application before this deadline.  On November 12, 2021, Caremark filed a motion seeking an extension of time to file a letter-motion to redact certain information from the parties' pretrial filings.  See (ECF Nos. 575, 577, and 578). On November 15, 2021, the Court granted Caremark's motion and ordered Caremark to file any request to seal by November 16, 2021 (ECF No. 585).

ck-litigation.com      862.397.1796      One Newark Center          85 Broad Street
                       862.902.5458      1085 Raymond Blvd., 14th Floor   Suite 17031
                                         Newark, NJ 07102            New York, NY 10004
                                         *Preferred Mailing Address*

Court for limited redaction of the Plaintiff's pretrial motions in order to prevent public disclosure of highly sensitive information.  Specifically, Caremark requests that the following be precluded from publication:

- The specific amount of the rebate Vyera offered to Caremark referenced in the Jena Motion in Limine.

Caremark seeks only to shield those limited matters where disclosure would do it harm. Case law supports Caremark's request, particularly where (a) the information Caremark seeks to redact is narrowly tailored to specific financial terms, and (b) the risk of harm to Caremark that would be caused by the disclosure of this information far outweighs any presumption of public access to this information.  See Raptor Trading Sys. v. Beth, No. 16-CV-3430 (RA), 2020 U.S. Dist. LEXIS 173794, at *4 (S.D.N.Y. Sep. 22, 2020) (granting request to redact specific financial terms where Court found "[a party's] business interest in maintaining the confidentiality of the name of a potential third-party purchaser, as well as the details of the proposed sale, sufficient to rebut the common-law presumption of access."); see also In re Accent Delight Int'l, Ltd., No. 16-MC-125 (JMF), 2018 U.S. Dist. LEXIS 97673, at *21-22 (S.D.N.Y. June 11, 2018) ("the interests of the parties in preventing the public disclosure of private sales figures and communications are not insignificant.").

First, as demonstrated above, Caremark's request is narrowly tailored to the actual pricing information in the Plaintiff's pretrial motion.  Caremark thus respectfully request that this request be granted.  Second, because of the competitive nature of negotiations between PBMs and manufacturers, which benefits PBM clients, disclosure of the pricing information at issue would place Caremark at a real disadvantage in future negotiations, which hurts not only Caremark but it's clients.  See Fewkes Declaration, ¶ 3. For these reasons, the risk of harm to Caremark and its customers far outweighs the need for public access for this information.

Finally, counsel for Caremark has met and conferred with counsel for Plaintiffs and Defendants, who stated that they take no position regarding the instant request.

We very much appreciate the Court's consideration of this request and are available at the Court's convenience should Your Honor have any questions or require any additional information to fully consider it.

Respectfully submitted,

Philip J. Morrow, Counsel
Calcagni & Kanefsky LLP

cc:    All Counsel of Record (via ECF)