UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF OHIO, COMMONWEALTH OF PENNSYLVANIA, STATE OF ILLINOIS, STATE OF NORTH CAROLINA, and COMMONWEALTH OF VIRGINIA,

Plaintiffs,

-v-

VYERA PHARMACEUTICALS, LLC, AND PHOENIXUS AG, MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC, and KEVIN MULLEADY, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,

Defendants.

20cv00706 (DLC)

OPINION AND ORDER

APPEARANCES:

For plaintiff Federal Trade Commission:
James H. Weingarten
Markus H. Meier
Bradley S. Albert
Amanda Triplett
Armine Black
Daniel W. Butrymowicz
J. Maren Schmidt
Lauren Peay
Leah Hubinger
Matthew B. Weprin
Neal J. Perlman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

For plaintiff State of New York:

Amy E. McFarlane
Jeremy R. Kasha
Elinor R. Hoffman
Saami Zain
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005

Bryan Lewis Bloom
Freshfields Bruckhaus Deringer US LLP
700 13th St. NW 10th fl.
Washington, DC 20005

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

For plaintiff State of Ohio:
Beth Finnerty
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

For plaintiff State of North Carolina:
K.D. Sturgis
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603

For plaintiff Commonwealth of Virginia:

Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Scott A. Stempel
William Cravens
Melina R. Dimattio
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210

Michael M. Elliott
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017

Michael L. Weiner
Dechert LLP (NYC)
1095 Avenue of the Americas
New York, NY 10036-6797

For defendant Martin Shkreli:
Christopher H. Casey
Andrew J. Rudowitz
Jeffrey S. Pollack
Sarah O'Laughlin Kulik
Duane Morris LLP

30 South 17th Street
Philadelphia, PA 19103

Sarah Fehm Stewart
Duane Morris, LLP (NJ)
One Riverfront Plaza, Suite 1800
Newark, NJ 07102-3889

For defendant Kevin Mulleady:
Kenneth R. David
Albert Shemtov Mishaan
Nicholas Anthony Rendino
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019

DENISE COTE, District Judge:

Trial in this antitrust action is scheduled to begin on December 14, 2021. This Opinion addresses the motion of plaintiffs the United States Federal Trade Commission and seven States (collectively, "Plaintiffs") to exclude expert testimony to be offered at trial on behalf of defendants Vyera Pharmaceuticals, LLC, its parent company Phoenixus AG (together, "Vyera"), Martin Shkreli, and Kevin Mulleady (collectively, "Defendants") by Justin McLean. The motion is granted.

**Background**

Justin McLean is the Managing Principal of Analysis Group, Inc. He describes the areas of his expertise as including damages estimation, applied finance theory, and valuation.

McLean's affidavit of October 20, 2021 constitutes his direct testimony at trial.[1] In that affidavit, McLean opines that the corporate Defendants "do not project to have enough liquid assets (or assets that can become liquid in time) to pay" in the first quarter of 2022 the judgment that the Plaintiffs seek through this trial, that is, a judgment of between $53.1 and $64.6 million. He adds that requiring the payment of this sum in the first quarter of 2022 "may" compromise these Defendants' ability to continue operating as a going concern.

**Discussion**

There are several reasons that this testimony is inadmissible.[2] First and foremost, this testimony is not helpful to the trier of fact. Should the Defendants be found liable at trial, equitable monetary relief in the form of disgorgement may be awarded pursuant to the state law claims. See Fed. Trade Comm'n v. Vyera Pharms., LLC, No. 20CV00706 (DLC), 2021 WL 4392481, at *3 (S.D.N.Y. Sept. 24, 2021). Disgorgement is "a remedy tethered to a wrongdoer's net unlawful profits." Liu v.

---

[1] An Order of May 19, 2021 denied the Plaintiffs' request to strike McClean's expert report as untimely. That Order did not rule on the admissibility of McClean's testimony at trial, and the Defendants' suggestion to the contrary is rejected.

[2] The Defendants suggest that the Court may defer a decision on this motion. To the extent the Defendants suggest that the award of disgorgement will occur after a separate proceeding, they are in error. There has been no bifurcation at trial of the issues of liability and damages.

Sec. & Exch. Comm'n, 140 S. Ct. 1936, 1943 (2020). The amount of disgorgement ordered may not "exceed the gains made upon any business or investment, when both the receipts and payments are taken into the account." Id. at 1949-50 (quoting Rubber Co. v. Goodyear, 76 U.S. 788, 804 (1869)). "The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged." Sec. & Exch. Comm'n v. Contorinis, 743 F.3d 296, 301 (2d Cir. 2014) (citation omitted).

The Second Circuit applies a two-step framework for calculating equitable monetary relief. A plaintiff must first show that its calculations reasonably approximate the amount of the defendants' unjust gains, and then the defendants may show that those figures are inaccurate. Fed. Trade Comm'n v. Moses, 913 F.3d 297, 310 (2d Cir. 2019) (citation omitted). "If the disgorgement amount is generally reasonable, any risk of uncertainty about the amount falls on the wrongdoer whose illegal conduct created that uncertainty." Sec. & Exch. Comm'n v. Fowler, 6 F.4th 255, 267 (2d Cir. 2021) (citation omitted).

Here, the Defendants do not contest the accuracy of the Plaintiffs' calculation of Vyera's net profits.[3] Even if it were appropriate to consider Vyera's ability to pay in determining

[3] The Defendants do challenge, however, the reliability of certain assumptions on which those calculations rest.

the amount of disgorgement, McLean's testimony does not address that issue. He opines at most on its financial condition and ability to pay the judgment sought by the Plaintiffs in a single quarter of a single year. McLean does not opine on how much Vyera can pay in that quarter or at any other time.

Moreover, even if a defendant's ability to pay were properly considered, for instance, in setting a post-verdict schedule for any payment of disgorgement, that inquiry would not be limited to the first quarter of 2022. Therefore, even in that scenario McLean's testimony is both premature and of limited relevance.

Finally, as the Plaintiffs point out, McLean's testimony must be stricken in any event to the extent it presents opinions not described in his expert report. These include testimony about the monetization of a Ketamine asset.

## Conclusion

The Plaintiffs' October 20, 2021 motion to exclude the testimony of Justin Mclean is granted.

Dated: New York, New York
November 15, 2021

DENISE COTE
United States District Judge