```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :   20cv00706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :   MEMORANDUM OPINION
STATE OF ILLINOIS, STATE OF NORTH        :       AND ORDER
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
                    Plaintiffs,          :
            -v-                          :
                                         :
VYERA PHARMACEUTICALS, LLC, AND          :
PHOENIXUS AG, MARTIN SHKRELI,            :
individually, as an owner and former     :
director of Phoenixus AG and a former    :
executive of Vyera Pharmaceuticals,      :
LLC, and KEVIN MULLEADY, individually,   :
as an owner and former director of       :
Phoenixus AG and a former executive of   :
Vyera Pharmaceuticals, LLC,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Federal Trade Commission:
James H. Weingarten
Markus H. Meier
Bradley S. Albert
Amanda Triplett
Armine Black
Daniel W. Butrymowicz
J. Maren Schmidt
Lauren Peay
Leah Hubinger
Matthew B. Weprin
Neal J. Perlman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

For plaintiff State of New York:

Amy E. McFarlane
Jeremy R. Kasha
Elinor R. Hoffman
Saami Zain
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005

Bryan Lewis Bloom
Freshfields Bruckhaus Deringer US LLP
700 13th St. NW 10th fl.
Washington, DC 20005

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

For plaintiff State of Ohio:
Beth Ann Finnerty
Derek M. Whiddon
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215

For plaintiff Commonwealth of Pennsylvania:
Joseph Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

For plaintiff State of North Carolina:
K.D. Sturgis
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603

```
For plaintiff Commonwealth of Virginia:
Sarah Oxenham Allen
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendants Vyera Pharmaceuticals, LLC and Phoenixus AG:
Stacey Anne Mahoney
Sarah E. Hsu Wilbur
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Scott A. Stempel
William Cravens
Melina R. Dimattio
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Noah J. Kaufman
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02210

Michael M. Elliott
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017

Michael L. Weiner
Dechert LLP (NYC)
1095 Avenue of the Americas
New York, NY 10036-6797

For defendant Martin Shkreli:
Christopher H. Casey
Andrew J. Rudowitz
Jeffrey S. Pollack
Sarah O'Laughlin Kulik
```

James Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

Sarah Fehm Stewart
Duane Morris, LLP (NJ)
One Riverfront Plaza, Suite 1800
Newark, NJ 07102-3889

For defendant Kevin Mulleady:
Kenneth R. David
Marc E. Kasowitz
Albert Shemtov Mishaan
Nicholas Anthony Rendino
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019

DENISE COTE, District Judge:

The United States Federal Trade Commission and seven States (collectively, "Plaintiffs") have moved to strike portions of the expert testimony of John S. Russell offered on behalf of defendants Vyera Pharmaceuticals, LLC, its parent company Phoenixus AG (together, "Vyera"), Martin Shkreli, and Kevin Mulleady (collectively, "Defendants").  For the following reasons, the motion is granted.

Trial in this antitrust action is scheduled to commence on December 14, 2021.  The direct testimony of witnesses under the parties' control, including their experts, is being received by affidavit.  The parties exchanged those affidavits on October 20 and filed their Daubert motions on the same date.  This Opinion is the final in a series of Opinions addressing those motions.

Familiarity with the most recent such Opinion is presumed and its recitation of the legal standard is incorporated herein. Fed. Trade Comm'n v. Vyera Pharms., LLC, No. 20CV00706 (DLC), 2021 WL 5336949 (S.D.N.Y. Nov. 16, 2021).

In this motion, the Plaintiffs seek to strike the following paragraphs from the affidavit of defense expert John S. Russell: 11.iii, 11.vi, 66-92, and 125-144.  Their motion is granted.

## Background

Russell is the Managing Partner for ASDO Consulting Group. His firm provides consulting and advisory services to early stage and midsize life science companies, institutional investors, and healthcare data providers.

Russell holds an M.A. in microbiology.  He worked from 1973 to 1985 with Eli Lilly in sales, marketing and pricing; from 1985 to 1995, in marketing and sales at its subsidiary IVAC Corporation; and from 1996 to 2002, in marketing and sales at Otsuka America Pharmaceutical Inc.

Russell is offered as a rebuttal witness to Plaintiffs' experts Edward V. Conroy and James Bruno, who have testified respectively about defendant Vyera's Daraprim distribution system and supply agreements with API suppliers.  Russell identifies seven opinions he is prepared to offer at trial.  The

Plaintiffs challenge two of those seven opinions and those portions of his report associated with those two opinions.

The two opinions at issue are:[1]

1. There are numerous examples of procurement companies that were able to provide quotes, and when commissioned to do so, purchase Daraprim. Based on my review of this evidence, I conclude that Daraprim samples were available to generic manufacturers.

2. Generic manufacturers successfully found alternative sources for pyrimethamine. It is clear that pyrimethamine API was available, as Cerovene, Inva-Tech, Fera, Mylan, and Teva were able to acquire API.

The Plaintiffs seek to strike the paragraphs in the body of the affidavit that contain the support for these two opinions. Russell explains in those paragraphs that these opinions are based on his review of the evidence.[2] The paragraphs provide no independent expert analysis, but instead recite a chronology of the events at issue in this litigation which he believes are relevant.

## Discussion

The Plaintiffs contend that the Defendants have not shown that Russell is qualified to provide an expert opinion on the topic of RLD procurement or API sourcing. Additionally, they have moved to strike this material on the ground that it is

---

[1] These two opinions are stated, respectively, in paragraphs 11.iii and 11.vi of Russell's affidavit.

[2] These corresponding passages are, for example, paragraphs 70, 92, and 144.

6

simply a factual narrative untethered to any admissible expert opinion and improperly invades the province of the factfinder.

The Plaintiffs are correct. Each ground is an independent basis for striking the identified material.

In his deposition, Russell frankly admitted that he had no direct experience in either area at issue in these sections of his affidavit. During his work with pharmaceutical companies and in his current job as a consultant, he has never been involved in the acquisition of RLD. While he has had more experience with researching API manufacturers, that experience has been too limited and sporadic to qualify him as an expert in the evaluation of API supplier capabilities and the assessment of alternative API suppliers.

The body of his affidavit devoted to these topics is simply a summary of facts that the Defendants wish to argue are relevant to the decisions the fact finder must make at trial. This is not proper expert testimony.

In opposing this motion, the Defendants admit that Russell's report contains summaries of facts. They argue that those summaries should be accepted because they are relevant, they are helpful as a rebuttal of opinions offered by the Plaintiffs' experts, and they are summaries of "objective facts." None of these arguments succeeds. Unless facts provide context to or support for admissible expert opinions, they must

7

be stricken from an expert's testimony.  A naked recitation of facts usurps the role of the finder of fact, whether those facts are properly characterized as objective or not.

## Conclusion

The October 20, 2021 motion by the Plaintiffs to strike portions of the trial testimony of John S. Russell is granted.

Dated:   New York, New York
         November 18, 2021

                                   _____
                                      DENISE COTE
                             United States District Judge