```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
FEDERAL TRADE COMMISSION, STATE OF NEW    :
YORK, STATE OF CALIFORNIA, STATE OF       :   20cv00706 (DLC)
OHIO, COMMONWEALTH OF PENNSYLVANIA,       :
STATE OF ILLINOIS, STATE OF NORTH         :   ORDER
CAROLINA, and COMMONWEALTH OF             :
VIRGINIA,                                 :
                                          :
                    Plaintiffs,           :
                                          :
          -v-                             :
                                          :
VYERA PHARMACEUTICALS, LLC, AND           :
PHOENIXUS AG, MARTIN SHKRELI,             :
individually, as an owner and former      :
director of Phoenixus AG and a former     :
executive of Vyera Pharmaceuticals,       :
LLC, and KEVIN MULLEADY, individually,    :
as an owner and former director of        :
Phoenixus AG and a former executive of    :
Vyera Pharmaceuticals, LLC,               :
                                          :
                    Defendants.           :
----------------------------------------- X
```

DENISE COTE, District Judge:

Trial in this antitrust action is scheduled to begin on December 14, 2021. Direct testimony from witnesses under the control of the parties has been submitted by affidavit with the pretrial order, including the direct testimony of defendant Martin Shkreli. Shkreli, who is incarcerated, has decided not to attend the trial. The parties have or will designate portions of his deposition as constituting his cross-examination and redirect examination at trial.

As discussed at a conference on November 4, 2021, Shkreli

appeared to object to the admissibility of certain exhibits that the plaintiffs seek to offer at trial on the ground that they have not been properly authenticated, as required by Rule 901, Fed. R. Evid. The plaintiffs have requested permission to take another deposition of Shkreli prior to trial in order to authenticate any such documents. The parties met to determine whether they could reduce the number of documents to which Shkreli was objecting on the ground of authenticity. Any remaining dispute regarding authenticity was to be submitted to the Court in letters of November 23.

In a letter of November 23, defendant Martin Shkreli objects to the admissibility of seventeen documents that the plaintiffs seek to admit at trial. He objects, however, to the authenticity of only three of those documents (GX 1338, 5006, 5007). The plaintiffs support the admission of these documents in their letter of November 23.

"Authentication is governed by Federal Rule of Evidence 901, which requires only that 'the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" United States v. Ganias, 824 F.3d 199, 215 n.33 (2d Cir. 2016) (quoting Fed. R. Evid. 901(a)). "The bar for authentication of evidence is not particularly high, and proof of authentication may be direct or circumstantial." United States v. Al-Moayad, 545 F.3d 139, 172

2

(2d Cir. 2008) (citation omitted). "[T]his requirement is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." Ganias, 824 F.3d at 215 n.33 (citation omitted). "[T]he burden of authentication does not require the proponent of the evidence to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be. Rather, the standard for authentication, and hence for admissibility, is one of reasonable likelihood." Id. (citation omitted). It is hereby

ORDERED that the Court reserves decision on any objections presented by Shkreli other than his objections regarding authenticity.

IT IS FURTHER ORDERED that the objection to the admissibility of GX 5006 and 5007 on the ground that the plaintiffs have not shown they are authentic transcripts of Retrophin investor calls made while Shkreli was CEO of Retrophin is denied.

IT IS FURTHER ORDERED that the objection to the admissibility of GX 1338 on the ground that the plaintiffs have not shown that it is a text sent by Shkreli to co-defendant Mulleady is denied. The text chain begins with "its shkreli" and is sent from a number that Mulleady has identified as belonging to Shkreli.

SO ORDERED:

Dated:   New York, New York
         November 29, 2021

                                          _____
                                          DENISE COTE
                                          United States District Judge

4