IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA,<br><br>Plaintiffs,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC; and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br><br>Defendants. | Case No. 1:20-cv-00706-DLC |

**[Proposed] Joint Pretrial Order**

The Federal Trade Commission ("FTC"), State of New York, State of California, State of Illinois, State of North Carolina, State of Ohio, Commonwealth of Pennsylvania, and Commonwealth of Virginia (collectively, "State Plaintiffs," and, together with FTC, "Plaintiffs"), Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG (the "Company Defendants"), Defendant Martin Shkreli, and Defendant Kevin Mulleady (the "Individual Defendants," and collectively with the Company Defendants, "Defendants"), by their undersigned counsel, hereby jointly submit this Pretrial Order in accordance with the Court's Order dated April 1, 2021 (ECF No. 409) and the Court's Individual Practices in Civil Cases (effective April 1, 2021).

1.  **Trial Counsel**

    The following attorneys are trial counsel for the parties:

**Plaintiff Federal Trade Commission**

    Markus H. Meier, Assistant Director
    Bradley S. Albert, Deputy Assistant Director
    Armine Black
    Daniel W. Butrymowicz
    Leah Hubinger
    Lauren K. Peay
    Neal J. Perlman
    Maren Schmidt
    Amanda Triplett
    James H. Weingarten
    Matthew Weprin

    Federal Trade Commission
    600 Pennsylvania Avenue, NW
    Washington, DC 20580
    Tel: (202) 326-3759
    Fax: (202) 326-3384
    mmeier@ftc.gov
    balbert@ftc.gov
    ablack1@ftc.gov
    dbutrymowicz@ftc.gov
    lhubinger@ftc.gov
    lpeay@ftc.gov

    nperlman@ftc.gov
    mschmidt@ftc.gov
    atriplett@ftc.gov
    jweingarten@ftc.gov
    mweprin@ftc.gov

**Plaintiff State of New York**

    Elinor R. Hoffmann, Bureau Chief
    Amy McFarlane, Deputy Bureau Chief
    Jeremy Kasha, Assistant Attorney General
    Saami Zain, Assistant Attorney General
    Bryan Bloom, Assistant Attorney General

    Antitrust Bureau
    New York State Office of Attorney General
    28 Liberty Street
    New York, NY 10005
    Tel: (212) 416-8269
    Cell: (646) 361-3034
    Fax: (212) 416-6015
    Elinor.Hoffmann@ag.ny.gov
    Amy.McFarlane@ag.ny.gov
    Jeremy.Kasha@ag.ny.gov
    Saami.Zain@ag.ny.gov
    Bryan.Bloom@ag.ny.gov

**Plaintiff State of California**

    Michael D. Battaglia, Deputy Attorney General

    California Office of the Attorney General
    455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102
    Tel: (415) 510-4400
    Fax: (415) 703-5480
    Michael.Battaglia@doj.ca.gov

**Plaintiff State of Illinois**

    Richard S. Schultz, Assistant Attorney General

    Antitrust Bureau
    Office of the Illinois Attorney General
    100 W. Randolph Street
    Chicago, IL 60601

Tel: (872) 272-0996
Fax: (312) 814-4209
Richard.Schultz@ilag.gov

**Plaintiff State of North Carolina**

Jessica V. Sutton, Special Deputy Attorney General
K.D. Sturgis, Special Deputy Attorney General

North Carolina Department of Justice
114 W. Edenton Street, Raleigh, NC 27603
Tel: (919) 716-0998
Fax: (919) 716-6050
Jsutton2@ncdoj.gov
ksturgis@ncdoj.gov

**Plaintiff State of Ohio**

Beth A. Finnerty, Assistant Chief

Antitrust Section
Office of the Ohio Attorney General
30 E. Broad Street; 26th Floor
Columbus, Oh 43215
Tel: (614) 466-4328
Fax: (866) 471-2741
Beth.Finnerty@OhioAGO.gov

**Plaintiff Commonwealth of Pennsylvania**

Stephen M. Scannell, Deputy Attorney General
Joseph Betsko, Senior Deputy Attorney General
Tracy W. Wertz, Chief Deputy Attorney General

Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Tel: 717-787-4530
Cell: 717-497-3458
Fax: 717-787-1190
sscannell@attorneygeneral.gov
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

**Plaintiff Commonwealth of Virginia**

    Sarah Oxenham Allen, Senior Assistant Attorney General
    Tyler T. Henry, Assistant Attorney General

    Office of the Attorney General of Virginia
    202 North 9th Street
    Richmond, Virginia 23219
    Tel: (804) 786-6557
    Fax: (804) 786-0122
    SOAllen@oag.state.va.us
    THenry@oag.state.va.us

**Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG**

    Steven A. Reed (admitted *pro hac vice*)
    Melina R. DiMattio (admitted *pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
    1701 Market Street
    Philadelphia, PA 19103
    Tel: 215-963-5000
    Fax: 215-963-5001
    steven.reed@morganlewis.com

    Stacey Anne Mahoney
    Sarah E. Hsu Wilbur
    Nicholas Passaro
    MORGAN, LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, NY 10178
    Tel: 212-309-6000
    Fax: 212-309-6001
    stacey.mahoney@morganlewis.com
    sarah.wilbur@morganlewis.com
    nicholas.passaro@morganlewis.com

    Scott A. Stempel (admitted *pro hac vice*)
    William S. D. Cravens (admitted *pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
    1111 Pennsylvania Ave., NW
    Washington, DC 20004-2541
    Tel: 202-739-3000
    Fax: 202-739-3001
    william.cravens@morganlewis.com
    scott.stempel@morganlewis.com

Noah J. Kaufman (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02129
Tel: 617-341-7700
Fax: 617-341-7701
noah.kaufman@morganlewis.com

**Defendant Martin Shkreli**

Christopher H. Casey (admitted *pro hac vice*)
Jeffrey S. Pollack (admitted *pro hac vice*)
A.J. Rudowitz (admitted *pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1155
Fax: (215)689-2194
CHCasey@duanemorris.com

Sarah Fehm Stewart
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102-5429
Telephone: (973) 424-2061
Fax: (973) 556-1464
sfstewart@duanemorris.com

**Defendant Kevin Mulleady**

Marc E. Kasowitz
Kenneth R. David
Albert Shemmy Mishaan
Nicholas A. Rendino
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-1700
Fax. (212) 835-1800
MKasowitz@kasowitz.com
KDavid@kasowitz.com
AMishaan@kasowitz.com
NRendino@kasowitz.com

**2.    Jurisdiction**

**Plaintiffs:**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under federal law, 28 U.S.C. § 1337(a) (statutes regulating commerce and trade) and 28 U.S.C. § 1345 (federal government plaintiff), as well as under the principles of supplemental jurisdiction codified in 28 U.S.C. § 1367(a).

**Defendants:**

Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

**3.    Claims and Defenses**

**PLAINTIFFS**

*Claims*

**Plaintiffs' Summary of Claims:**

All Plaintiffs' claims remain to be tried:

1.    Defendants' multi-faceted scheme to prevent competition to Daraprim constitutes unlawful monopoly maintenance.[1]

2.    Defendant Martin Shkreli is individually liable for this multi-faceted scheme based on his participation in, and direction of, the violation and his authority to control the corporation.[2]

---

[1] Section 2 of the Sherman, 15 U.S.C. § 2, Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), New York's Donnelly Act, New York Business Law § 340 *et seq.*, Illinois Antitrust Act, 740 ILCS 10/1 *et seq.*, North Carolina Unfair or Deceptive Act, N.C. Gen. Stat. § 75-1 *et seq.*, Ohio's Valentine Act, codified in Ohio Rev. Code § 1331, and the Virginia Antitrust Act, Virginia Code § 59.1-9.6.

[2] Section 2 of the Sherman Act, 15 U.S.C. § 2, Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), New York's Donnelly Act, New York Business Law § 340 *et seq.*, Illinois Antitrust Act, 740

3. Defendant Kevin Mulleady is individually liable for this multi-faceted scheme based on his participation in, and direction of, the violation and his authority to control the corporation.[3]

4. Defendants' agreements with distributors, hospitals, and other downstream purchasers barring them from reselling Daraprim to potential generic competitors constitute unreasonable restraints of trade.[4]

5. Defendants' exclusive pyrimethamine API contracts with Fukuzyu and RL Fine constitute unreasonable restraints of trade.[5]

---

ILCS 10/1 *et seq*., North Carolina Unfair or Deceptive Act, N.C. Gen. Stat. § 75-1 *et seq.*, Ohio's Valentine Act, codified in Ohio Rev. Code § 1331, and the Virginia Antitrust Act, Virginia Code § 59.1-9.6.

[3] Section 2 of the Sherman Act, 15 U.S.C. § 2, Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), New York's Donnelly Act, New York Business Law § 340 *et seq.*, Illinois Antitrust Act, 740 ILCS 10/1 *et seq*., North Carolina Unfair or Deceptive Act, N.C. Gen. Stat. § 75-1 *et seq.*, Ohio's Valentine Act, codified in Ohio Rev. Code § 1331, and the Virginia Antitrust Act, Virginia Code § 59.1-9.6.

[4] Section 1 of the Sherman Act, 15 U.S.C. § 1, unfair methods of competition in competition in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), New York's Donnelly Act, New York Business Law § 340 *et seq.*, California's Cartwright Act, California Business and Professions Code § 16700 *et seq*., California's Unfair Competition Act, California Business and Professions Code § 17200 *et seq.*, Illinois Antitrust Act, 740 ILCS 10/1 *et seq*., North Carolina Unfair or Deceptive Act, N.C. Gen. Stat. § 75-1 *et seq.*, Ohio's Valentine Act, codified in Ohio Rev. Code § 1331, Pennsylvania's Common Law Doctrine Against Restraint of Trade, and the Virginia Antitrust Act, Virginia Code § 59.1-9.5.

[5] Section 1 of the Sherman Act, 15 U.S.C. § 1, unfair methods of competition in competition in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), New York's Donnelly Act, New York Business Law § 340 *et seq.*, California's Cartwright Act, California Business and Professions Code § 16700 *et seq*., California's Unfair Competition Act, California Business and Professions Code § 17200 *et seq.*, Illinois Antitrust Act, 740 ILCS 10/1 *et seq*., North Carolina Unfair or Deceptive Act, N.C. Gen. Stat. § 75-1 *et seq.*, Ohio's Valentine Act, codified in Ohio Rev. Code § 1331, Pennsylvania's Common Law Doctrine Against Restraint of Trade, and the Virginia Antitrust Act, Virginia Code § 59.1-9.5.

6. Defendants' repeated and persistent illegal acts in violation of Sections 1 and 2 of the Sherman Act and section 340 *et seq.* of the Donnelly Act constitute a violation of § 63(12) of New York's Executive Law.

The following claim is not to be tried:

1. The Court dismissed Plaintiff Commonwealth of Pennsylvania's previously asserted claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (ECF 229).

All Plaintiffs maintain the following prayers for relief:

1. Issue a declaratory judgment that Defendants' course of conduct and agreements in restraint of trade violate federal and state law.[6]

2. Permanently enjoin Defendants from continuing their course of conduct and from engaging in similar and related conduct in the future.

3. Permanently enjoin Shkreli and Mulleady from owning in part or whole or working for a company engaged in the pharmaceutical industry.

---

[6] Section 2 of the Sherman Act, 15 U.S.C. § 2; Section 1 of the Sherman Act, 15 U.S.C. § 1; ; Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); New York's Donnelly Act, N.Y. GBL § 340 *et seq.*; New York's Executive Law, N.Y. § 63(12); California's Cartwright Act, CA Bus & Prof Code § 16700 *et seq.*, and California's Unfair Competition Act, CA Bus & Prof Code § 17200 *et seq.*; Illinois Antitrust Act, 740 ILCS 10/1 *et seq.*; North Carolina Unfair or Deceptive Practices Act, N.C. Gen. Stat. § 75-1 *et seq.*; Ohio's Valentine Act; Ohio Revised Code Chapter 1331; Pennsylvania's Common Law Doctrine against Restraints of Trade; and Virginia Antitrust Act, Virginia Code § 59.1-9.1 *et seq.*

8

<u>The State Plaintiffs maintain the following prayers for relief:</u>

1. Such other equitable relief, including equitable monetary relief, as the Court finds necessary to redress and deter recurrence of Defendants' violations of federal and state law.[7]

2. An award of reasonable attorneys' fees and costs to the State Plaintiffs.

<u>Dropped prayers for relief:</u>

1. The Court dismissed the FTC's request for equitable monetary relief (ECF 453).

2. The State Plaintiffs withdrew their request for civil penalties/forfeitures (ECF 408).

***Plaintiffs' Response to Defendants' Summary of Defenses***

<u>Defenses previously struck</u>: The following defenses asserted by Corporate Defendants and Shkreli in their answers to the Amended Complaint were struck (ECF 365) and are not to be tried:

1. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged that Vyera or Shkreli is presently engaged in ongoing violations of law, as required by, *inter alia*, Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), and New York Executive Law Section 63(12), N.Y. Exec. Law § 63(12). (Corporate Defendants' Fourth Affirmative Defense (ECF 254); Shkreli's Fourth Affirmative Defense (ECF 259)).

---

[7] Section 1 of the Sherman Act; Section 2 of the Sherman Act; New York's Donnelly Act, New York Executive Law § 63(12); California's Cartwright Act, Ca Bus & Prof Code § 16700 *et seq*.; California's Unfair Competition Act, CA Bus & Prof Code § 17200; Illinois Antitrust Act, 740 ILCS 10/1 *et seq*.; North Carolina Unfair or Deceptive Practices Act, N.C. Gen. Stat. § 75-1 *et seq*.; Ohio's Valentine Act, Ohio Rev. Code Chapter 1331; Pennsylvania Common Law Doctrine against Restraints of Trade; and Virginia Antitrust Act, Virginia Code § 59.1-9.1 *et seq.*

2. Plaintiffs' claims are barred, in whole or in part, because Mr. Shkreli did not enter into or sign any agreements with any distributors, hospitals, other downstream purchasers, or any API suppliers. (Shkreli's Thirteenth Affirmative Defense).

3. Plaintiffs' claims are barred, in whole or in part, because Mr. Shkreli, as an individual, does not possess any market power or monopoly power. (Shkreli's Fifteenth Affirmative Defense).

Defenses dropped by Defendants: Defendants appear to no longer assert the following defenses previously asserted in their respective Answers to the Amended Complaint and, therefore, they are not to be tried:

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches. (Corporate Defendants' Second Affirmative Defense; Shkreli's Second Affirmative Defense; Mulleady's Thirteenth Affirmative Defense (ECF 257)).

2. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not direct purchasers of Daraprim, and have not suffered any antitrust injury. (Shkreli's Fourteenth Affirmative Defense; Mulleady's Ninth Affirmative Defense).

3. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert them. (Shkreli's Nineteenth Affirmative Defense; Mulleady's Second Affirmative Defense).

4. Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct was justified, privileged, and/or not improper. (Shkreli's Twenty-First Affirmative Defense; Mulleady's Eighth Affirmative Defense).

**DEFENDANTS**

**Defendants' Summary of Claims:**

Defendants identify the following claims brought by Plaintiffs under federal and state law that remain to be tried:

- Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) [Count I of Amended Complaint (ECF No. 87)];

- Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) [Counts II and III of Amended Complaint];

- New York's Donnelly Act, New York Gen. Bus. Law § 340 *et seq.*, and New York Executive Law § 63(12) [Counts IV.A and IV.B, respectively, of Amended Complaint];

- California's Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq.*, and California's Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 *et seq.* [Counts V.A and V.B, respectively, of Amended Complaint];

- Illinois Antitrust Act, 740 ILCS 10/1 *et seq.* [Count VI of Amended Complaint];

- North Carolina Unfair or Deceptive Practices Act, N.C. Gen. Stat. § 75-1 *et seq.* [Count VII of Amended Complaint];

- Ohio's Valentine Act, Ohio Rev. Code Chapter 1331 *et seq.* [Count VIII of Amended Complaint];

- Pennsylvania's Common Law Doctrine Against Restraints of Trade [Count IX.B of Amended Complaint]; and

- Virginia Antitrust Act, Virginia Code § 59.1-9.1 *et seq.* [Count X of Amended Complaint].

Plaintiffs' claim under the Pennsylvania Unfair Trade Practices and Consumer Protection

Law [Count IX.A of the Amended Complaint] was previously dismissed. (ECF No. 229.)

Plaintiffs request the following relief:

- Declaratory relief for the FTC and the State Plaintiffs (Amended Complaint, Prayer for Relief ¶¶ 1-12);

- Injunctive relief for the FTC and the State Plaintiffs (*id.* ¶¶ 13-15);

- Equitable monetary relief (*id.* ¶¶ 16-17) for only the State Plaintiffs. The Court dismissed FTC's request for equitable monetary relief. (ECF No. 453); and

- Reasonable attorneys' fees and costs for only the State Plaintiffs (Amended Complaint, Prayer for Relief ¶ 18).

The State Plaintiffs withdrew with prejudice their request for civil penalties/forfeitures. (ECF No. 408.)

**Defendants' Summary of Defenses:**

The following defenses remain to be tried:

- As to each defendant, whether Plaintiffs carried their burden to prove each element of their claims;

- As to each defendant, whether Plaintiffs properly defined the relevant product market as consisting of "FDA-approved pyrimethamine products";

- As to each defendant, whether Plaintiffs carried their burden to prove that the challenged conduct caused a substantial anticompetitive effect that harmed consumers;

- As to each defendant, whether Plaintiffs proved that the challenged conduct resulted in substantial foreclosure of the market for pyrimethamine API;

- As to each defendant, whether Plaintiffs proved that Defendants violated a duty to

12

- deal;
- As to each defendant, whether Plaintiffs proved that Defendants engaged in concerted anticompetitive conduct;
- As to each defendant, whether the conduct challenged by Plaintiffs has a procompetitive justification that outweighs any alleged anticompetitive harm;
- As to the Individual Defendants, whether Plaintiffs carried their burden of proving that the Individual Defendants can be held liable for any alleged anticompetitive conduct;
- As to each defendant, whether Plaintiffs carried their burden of proving that they are entitled to equitable monetary relief, and the amount of such relief; and
- As to each defendant, whether Plaintiffs have demonstrated that an injunction is permitted or needed to remedy ongoing or threatened anticompetitive conduct that is likely to reoccur.

4. **Estimated Trial Length**

Plaintiffs estimate they will require 29 hours of trial time. Defendants estimate they will require 35 hours of trial time.

Assuming that the Court's schedule allows for approximately five and half hours of testimony per day, the requested total trial time would require between 11 and 13 trial days, not including openings and closings.

The case is to be tried without a jury.

5. **Trial by a Magistrate Judge**

The parties do not consent to trial by a magistrate judge.

6. **Stipulations of Fact and Law**

The stipulations of fact and law agreed to by all parties are set forth in Attachment A.

7. **Trial Witnesses**

Plaintiffs' trial witnesses and a brief summary of the substance of each witness's testimony are set forth in Attachment B-1. Defendants' trial witnesses and a brief summary of the substance of each witness's testimony are set forth in Attachment B-2. The witness lists indicate whether each witness will testify live or by deposition.

8. **Deposition Designations**

Plaintiffs' designations of testimony to be offered in their case in chief are listed in Attachment C-1. Defendants' designations of testimony to be offered in their case in chief are listed in Attachment C-2. The designation lists also include counter-designations and objections made by other parties.

9. **Trial Exhibits**

Plaintiffs' exhibits to be offered in their case in chief are listed in Attachment D-1. Defendants' exhibits to be offered in their case in chief are listed in Attachment D-2. The lists of exhibits indicate exhibits to which no party objects on the grounds of authenticity with one star and exhibits to which no party objects on any ground with two stars.

IT IS SO ORDERED this _____ day of _____, 2021.

_____
Denise Cote
UNITED STATES DISTRICT JUDGE

Respectfully submitted and agreed,

ON BEHALF OF THE **FEDERAL TRADE COMMISSION**

*/s/ Markus H. Meier*

Markus H. Meier
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Tel: (202) 326-3759
mmeier@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

ON BEHALF OF **PLAINTIFF STATE OF NEW YORK**

*/s/ Elinor R. Hoffmann*

Elinor R. Hoffmann
Chief, Antitrust Bureau
Bryan Bloom
Jeremy R. Kasha
Amy McFarlane
Saami Zain
Office of the New York Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for Plaintiff State of New York*

ON BEHALF OF **PLAINTIFF STATE OF CALIFORNIA**

*/s/ Michael D. Battaglia*

Michael D. Battaglia
Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3769
michael.battaglia@doj.ca.gov

*Counsel for Plaintiff State of California*

ON BEHALF OF **PLAINTIFF STATE OF ILLINOIS**

*/s/ Richard S. Schultz*

Richard S. Schultz
Assistant Attorney General
Antitrust Bureau
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
Tel: (872) 272-0996
Richard.Schultz@ilag.gov

*Counsel for Plaintiff State of Illinois*

ON BEHALF OF **PLAINTIFF STATE OF NORTH CAROLINA**

*/s/ Jessica V. Sutton*

Jessica V. Sutton
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603
Tel: (919) 716-0998
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

ON BEHALF OF **PLAINTIFF STATE OF OHIO**

<u>/s/ Beth A. Finnerty</u>

Beth A. Finnerty
Assistant Chief, Antitrust Section
Office of the Attorney General of Ohio
30 E. Broad Street, 26th Floor
Columbus, OH 43215
Tel: (614) 466-4328
Beth.Finnerty@OhioAGO.gov

*Counsel for Plaintiff State of Ohio*


ON BEHALF OF **PLAINTIFF COMMONWEALTH OF PENNSYLVANIA**

<u>/s/ Joseph S. Betsko</u>

Joseph S. Betsko
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Antitrust Section
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*


ON BEHALF OF **PLAINTIFF COMMONWEALTH OF VIRGINIA**

<u>/s/ Tyler T. Henry</u>

Tyler T. Henry
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, VA 23219
thenry@oag.state.va.us

*Counsel for Plaintiff Commonwealth of Virginia*

ON BEHALF OF **VYERA PHARMACEUTICALS, LLC** and **PHOENIXUS AG**

/s/ Steven A. Reed

Steven A. Reed (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5603
steven.reed@morganlewis.com

*Counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*


ON BEHALF OF **MARTIN SHKRELI**

/s/ Christopher H. Casey

Christopher H. Casey (admitted *pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1155
CHCasey@duanemorris.com

*Counsel for Defendant Martin Shkreli*


ON BEHALF OF **KEVIN MULLEADY**

/s/ Kenneth R. David

Kenneth R. David
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1893
kdavid@kasowitz.com

*Counsel for Defendant Kevin Mulleady*