**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION, et al.,

     Plaintiffs,

     v.

VYERA PHARMACEUTICALS, LLC, et al.,

     Defendants.

Case No. 1:20-cv-00706-DLC

**Plaintiffs' Response to Defendants' Pretrial Memoranda of Law**

Pursuant to the Court's Individual Practices in Civil Cases, Plaintiffs submit this response to address two unanticipated arguments in Defendants' pretrial memoranda of law. First, Defendants incorrectly claim that Plaintiffs must prove a hub-and-spoke conspiracy among Vyera's distributors or suppliers to prevail on our Section 1 claims. Second, Defendants Martin Shkreli and Kevin Mulleady (the "Individual Defendants") improperly re-raise arguments that the Court has previously denied and struck.

## ARGUMENT

**I.     Defendants erroneously apply hub-and-spoke conspiracy requirements to Plaintiffs' Section 1 claims**

In addition to erroneously arguing that Section 1 requires Plaintiffs to prove "a shared anticompetitive intent" between Vyera and its distributors and suppliers, Defendants now assert that Plaintiffs must prove "an anticompetitive agreement among the distributors to prevent generic competitors from acquiring product samples, or among the API suppliers to substantially foreclose generic competitors from acquiring a supply of pyrimethamine API." Defs.' Mem. Addressing Questions of Law Expected to Arise at Trial ("Defs.' Mem.") 45-46. In other words, Defendants attempt to recast Plaintiffs' vertical restraints case as a hub-and-spoke conspiracy case. This argument misconstrues Plaintiffs' Section 1 claims and Section 1 law.

"Agreements within the scope of § 1 may be either horizontal, *i.e.*, agreements between competitors at the same level of the market structure, or vertical, *i.e.*, combinations of persons at different levels of the market structure, e.g., manufacturers and distributors." *United States v. Am. Express Co.*, 838 F.3d 179, 194 (2d Cir. 2016) (brackets and internal quotation marks omitted). Hub-and-spoke "arrangements consist of *both* vertical agreements between the hub and each spoke and a horizontal agreement among the spokes." *United States v. Apple, Inc.*, 791 F.3d 290, 314 (2d Cir. 2015) (quoting VI Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶

1

1402c (3d ed. 2010)). In addition to proving the existence of vertical agreements, the plaintiff in a hub-and-spoke case "must also prove the existence of a 'rim' to the wheel in the form of an agreement among the horizontal competitors." *Apple*, 791 F.3d at 314 n.15.

But this is not a hub-and-spoke conspiracy case. Plaintiffs do not claim a *horizontal* conspiracy among Vyera's distributors or API suppliers. Instead, Plaintiffs' Section 1 claims challenge only Vyera's *vertical* agreements with its counterparties. Section 1 challenges to these types of vertical agreements are widely recognized. *See, e.g.*, *Geneva Pharms. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 508 (2d Cir. 2004) (exclusive agreement between pharmaceutical company and one supplier "itself satisfies the § 1 requirement of coordinated action"); *Oreck Corp. v. Whirlpool Corp.*, 579 F.2d 126, 131 (2d Cir. 1978) (en banc) ("The present case, involving as it does an alleged agreement between a single manufacturer and a single dealer, is, in essence, an exclusive distributorship controversy, and the 'group boycott' doctrine, is, therefore, not applicable.").

Defendants' hub-and-spoke argument is yet another effort to blur the "distinction between a Section 1 conspiracy claim, which requires proof of a common purpose to differentiate independent action from concerted action, and a Section 1 contract claim, which does not require such a showing because the existence of the contract itself demonstrates concerted action." *Merced Irrigation Dist. v. Barclays Bank PLC*, 165 F. Supp. 3d 122, 139 (S.D.N.Y. 2016) (discussing *Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81 (S.D.N.Y. 1995)). The cases Defendants cite—such as *Apple* and *Merced*—all involved alleged agreements beyond what the parties put into writing. In *Merced*, for example, the court required a separate meeting of the minds because the only express agreements were a series of financial trades "with unidentified counterparties" acting "independently to buy or sell electricity" that did

not, "by [their] terms, create[] an anti-competitive effect." *Merced*, 165 F. Supp. 3d at 139. In this case, the challenged restrictions are memorialized in express written agreements that by their terms create the relevant anticompetitive effect of preventing generic companies from purchasing necessary inputs.[1] *See id.* at 138 (observing that a "meeting of minds may be shown by a contract that eliminates competition").

## II.    The Individual Defendants re-assert arguments the Court has rejected and stricken

Despite multiple adverse rulings from this Court, the Individual Defendants once again argue they cannot be liable for the challenged conduct because they do not personally possess monopoly power and did not enter the challenged agreements in their personal capacities. The Court first rejected these identical arguments in its motion to dismiss decision, holding that Plaintiffs need not show that Shkreli or Mulleady "as individuals, conspired with Vyera's distributors or suppliers for purposes of the plaintiffs' § 1 claim, or that they, as individuals, possessed monopoly power for purposes of the plaintiffs' § 2 claim." Opinion and Order on Motions to Dismiss, Aug. 18, 2020 (ECF 229) 36.

After Shkreli asserted the same arguments as defenses in his answer, the Court rejected them a second time and granted Plaintiffs' motion to strike them. The Court explained that "to succeed at trial, the plaintiffs need not prove that Shkreli signed any agreements with any distributors or that he personally possessed any market power." Order and Opinion on Motion to Strike, Dec. 28, 2020 (ECF 365) 10. The Court further stated that plaintiffs "will be prejudiced if these affirmative defenses are not stricken" because "the defendants improperly seek to add to

---

[1] Most of Vyera's distribution restrictions are memorialized in its formal written contracts. Vyera and the distributors also agreed to additional restrictions in subsequent emails. All of these agreements are memorialized in writing. *See* FOF ¶¶ 58-83.

the plaintiffs' burden at trial and to narrow the grounds on which the defendants may be found liable." *Id.* at 8.

Despite these earlier rulings, Shkreli and Mulleady now assert the same arguments again in their pretrial briefs. Shkreli argues that "Plaintiffs' Section 2 claims against Mr. Shkreli fail because Mr. Shkreli does not possess monopoly power" and that "there can be no unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement between Mr. Shkreli and any other person." Def. Martin Shkreli's Pretrial Mem. of Law 15, 19 (internal quotation marks omitted). Mulleady likewise argues that "Plaintiffs cannot prove their Section 2 claim against Mr. Mulleady because they cannot present any evidence that he personally possessed monopoly power," and that "Plaintiffs must introduce direct or circumstantial evidence that reasonably tends to prove that Mr. Mulleady had a conscious commitment to a common scheme with each of Vyera's API distributors and API suppliers." Def. Kevin Mulleady's Pretrial Mem. of Law 12, 22 (internal quotation marks omitted). The Court should summarily reject these arguments as barred by law of the case. *See In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation.").[2]

---

[2] The re-assertion of these twice-rejected arguments appears inconsistent with counsels' Rule 11 obligation to have a good faith belief that "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." Fed. R. Civ. P. 11(b)(2); *see also Dimitri Enterprises, Inc. v. Scottsdale Ins. Co.*, No. 20-CV-7966 (JSR), 2021 WL 2650508, at *2 (S.D.N.Y. June 24, 2021) (finding that plaintiff's counsel violated Rule 11(b)(2) by bringing claims identical to those that had already been dismissed because it "knew or should have known that the [new] claims . . . were likewise subject to dismissal"). While counsel note the Court's earlier decisions, they do not ask for reconsideration nor offer anything that would justify reconsideration. *See Henderson v. Metropolitan Bank & Trust Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (a motion for reconsideration "is appropriate where the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" (internal quotation marks omitted)).

Dated: October 27, 2021                  Respectfully Submitted,

                                         */s/ Markus H. Meier*
                                         Markus H. Meier
                                         Bradley S. Albert
                                         Armine Black
                                         Daniel W. Butrymowicz
                                         Leah P. Hubinger
                                         Lauren Peay
                                         Neal J. Perlman
                                         J. Maren Schmidt
                                         James H. Weingarten
                                         Amanda Triplett
                                         Matthew Weprin

                                         Federal Trade Commission
                                         600 Pennsylvania Avenue, NW
                                         Washington, DC 20580
                                         Tel: (202) 326-3748
                                         MMEIER@ftc.gov

                                         *Counsel for Plaintiff Federal Trade Commission*


                                         */s/ Elinor R. Hoffmann*
                                         Elinor R. Hoffmann
                                         Chief, Antitrust Bureau
                                         Bryan Bloom
                                         Jeremy R. Kasha
                                         Amy McFarlane
                                         Saami Zain

                                         Office of the New York Attorney General
                                         28 Liberty Street
                                         New York, NY 10005
                                         Tel: (212) 416-8269
                                         elinor.hoffmann@ag.ny.gov

                                         *Counsel for Plaintiff State of New York*

/s/ Michael D. Battaglia
Michael D. Battaglia
Deputy Attorney General

Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3769
michael.battaglia@doj.ca.gov

*Counsel for Plaintiff State of California*


/s/ Richard S. Schultz
Richard S. Schultz
Assistant Attorney General
Antitrust Bureau

Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
Tel: (872) 272-0996
Richard.Schultz@ilag.gov

*Counsel for Plaintiff State of Illinois*


/s/ Jessica V. Sutton
Jessica V. Sutton
Special Deputy Attorney General

North Carolina Department of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603
Tel: (919) 716-0998
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

_/s/ Beth A. Finnerty_
Beth A. Finnerty
Assistant Chief, Antitrust Section

Office of the Attorney General of Ohio
30 E. Broad Street, 26th Floor
Columbus, OH 43215
Tel: (614) 466-4328
Beth.Finnerty@OhioAGO.gov

_Counsel for Plaintiff State of Ohio_


_/s/ Joseph S. Betsko_
Joseph S. Betsko
Senior Deputy Attorney General

Pennsylvania Office of Attorney General
Antitrust Section
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov

_Counsel for Plaintiff Commonwealth of Pennsylvania_


_/s/ Tyler T. Henry_
Tyler T. Henry
Assistant Attorney General

Office of the Attorney General of Virginia
202 North 9th Street
Richmond, VA 23219
thenry@oag.state.va.us


_Counsel for Plaintiff Commonwealth of Virginia_

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 27, 2021, I served a true and correct copy of the

foregoing **Plaintiffs' Response to Defendants' Pretrial Memoranda of Law** on all counsel of

record in this action via electronic mail.


Dated: October 27, 2021                          */s/ J. Maren Schmidt*
                                                 J. Maren Schmidt
                                                 Federal Trade Commission
                                                 600 Pennsylvania Avenue, NW
                                                 Washington, DC 20580
                                                 Work: (202) 326-3084
                                                 Cell: (202) 657-9928
                                                 mschmidt@ftc.gov

                                                 *Counsel for Plaintiff Federal Trade Commission*