IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA<br><br>                            Plaintiffs,<br><br>         v.<br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals, AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br><br>                            Defendants. | Case No.: 1:20-cv-00706-DLC |

**Joint Motion for Entry of Stipulated Order for Permanent Injunction**

Plaintiffs Federal Trade Commission ("FTC), by its designated attorneys, and the states and commonwealths of New York, California, Illinois, North Carolina, Ohio, Pennsylvania, and Virginia (collectively the "Plaintiff States"), by and through their Attorneys General (collectively "Plaintiffs") and Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG,  and Kevin Mulleady (collectively "Settling Defendants"), by their respective attorneys, respectfully move this Court to enter the accompanying Stipulated Order for Permanent Injunction and Equitable Monetary Relief ("Stipulated Order"). Entry of the Stipulated Order will end the litigation against the Settling Defendants. The litigation will proceed against Defendant Martin Shkreli. A copy of the

Stipulated Order is attached as Exhibit A. As grounds for this request, the parties state as follows:

1. On April 16, 2021, Plaintiffs filed an Amended Complaint against the Settling Defendants and Mr. Shkreli, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 16 of the Clayton Act, 15 U.S.C § 26, Section 342 of the New York General Business Law, Section 63(12) of the New York Executive Law, Sections 16700 *et seq.*, 17200 *et seq.* of the California Business and Professions Code, Section 7 of the Illinois Antitrust Act, 740 ILCS 10/1 *et seq.*, North Carolina Unfair or Deceptive Practices Act, N.C. Gen. Stat. §75-1 *et seq.*, Chapter 1331and Section 109.81 of the Ohio Revised Code, Pennsylvania, Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* and Common Law Doctrine against Restraints of Trade proceeding under 71 P.S. § 732-204 (c) and the Virginia Antitrust Act, Virginia Code §59.1-9.1 *et seq.*, alleging unfair methods of competition, monopolization, and agreements in restraint of trade to prevent generic competition to Daraprim, an anti-parasitic used to treat toxoplasmosis.

2. The Settling Defendants deny the allegations and claims against them in the Amended Complaint, and that Plaintiffs are entitled to any relief sought therein.

3. In their Amended Complaint, Plaintiffs seek a permanent injunction to prevent the continuation of the conduct at issue and to prevent similar and related conduct in the future and to prevent Defendants Shkreli and Mulleady (the "Individual Defendants") from owning in part or whole, or working for, a pharmaceutical company. The State Plaintiffs also seek equitable monetary relief under Section 342 of the New York General Business Law, Section 63(12) of the New York Executive Law, Sections 16700 *et seq.*, 17200 *et seq.* of the California Business and Professions Code, Section 7 of the Illinois Antitrust Act, 740 ILCS 10/1 *et seq.*, North Carolina

Unfair or Deceptive Practices Act, N.C. Gen. Stat. §75-1 *et seq.*, Chapter 1331and Section 109.81 of the Ohio Revised Code, Pennsylvania, Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* and Common Law Doctrine against Restraints of Trade proceeding under 71 P.S. § 732-204 (c) and the Virginia Antitrust Act, Virginia Code §59.1-9.1 *et seq*.

4. The Settling Defendants have reached a settlement with Plaintiffs. In doing so, the Settling Defendants admit only the facts necessary to establish the personal and subject matter jurisdiction of the Court in this matter.

5. The Settling Defendants agree to be bound by the terms of the Stipulated Order upon its entry by the Court.

6. The Stipulated Order applies for a period of 10 years and provides for the parties to bear their respective costs in this action.

7. The Stipulated Order includes injunctive relief in the form of conduct prohibitions that prevent the Corporate Defendants from engaging in conduct similar to that challenged in the Amended Complaint for a period of 10 years, as set forth in Section II.A.

8. The Stipulated Order also includes (a) injunctive relief in the form of conduct prohibitions that prevent Mr. Mulleady (or any company owned or controlled by him) from engaging in conduct similar to that challenged in the Amended Complaint for a period of 10 years, as set forth in Section II.F; and (b) injunctive relief that bans, restrains, and enjoins Mr. Mulleady from participating in various activities relating to, exercising control over, and serving as an officer or director of, any pharmaceutical company, and from acquiring, holding, or voting more than 8% of any pharmaceutical company, with two exceptions, for a period of 7 years, as set forth in Section II.C and D of the Stipulated Order.

9. The Stipulated Order also provides for the following equitable monetary relief payable to the Plaintiff States:

- The Corporate Defendants shall pay a guaranteed amount of $10 million upfront and up to $30 million more in contingent payments over 10 years as set forth in Paragraphs V.A-G of the Stipulated Order;

- A suspended judgment of $250,000 is entered against Mr. Mulleady that is payable only after a final, unappealable court ruling that he has violated the Order, as set forth in Paragraph V.H. of the Stipulated Order.

10. By December 6, 2021, all Plaintiffs and the Settling Defendants had signed the Stipulated Order. On December 7, 2021, the Commission voted 4-0 to accept the proposed Stipulated Order. On December 6, 2021, the Attorneys General of all Plaintiff States accepted the proposed Stipulated Order. All Plaintiffs and the Settling Defendants jointly request that the Court enter the attached Stipulated Order and place it on the public record, thereby bringing this litigation to an end as to the Settling Defendants, and retain jurisdiction for the purposes of construction, modification, and enforcement of the Proposed Order.

Respectfully submitted,

*/s/ Markus H. Meier*
Markus H. Meier
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Tel: (202) 326-3759
mmeier@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

/s/ Elinor R. Hoffmann
Elinor R. Hoffmann
Chief, Antitrust Bureau
Office of the New York Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for Plaintiff State of New York*

/s/ Michael D. Battaglia
Michael D. Battaglia
Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3769
michael.battaglia@doj.ca.gov

*Counsel for Plaintiff State of California*

/s/ Richard S. Schultz
Richard S. Schultz
Assistant Attorney General
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
Tel: (312) 814-3000
rschultz@ilag.gov

*Counsel for Plaintiff State of Illinois*

/s/ K.D. Sturgis
K.D. Sturgis
Special Deputy Attorney General
Jessica V. Sutton
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603
Tel: (919) 716-6000
ksturgis@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

*/s/ Beth A. Finnerty*
Beth A. Finnerty
Assistant Chief, Antitrust Section
Derek M. Whiddon
Assistant Attorney General
Ohio Attorney General
30 E. Broad Street, 26th Floor
Columbus, OH 43215
Tel: (614) 466-4328
beth.finnerty@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

*/s/ Joseph S. Betsko*
Joseph S. Betsko
Senior Deputy Attorney General
Stephen M. Scannell
Deputy Attorney General
Pennsylvania Office of Attorney General
Antitrust Section
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

*/s/ Tyler T. Henry*
Tyler T. Henry
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
thenry@oag.state.va.us

*Counsel for Plaintiff Commonwealth of Virginia*

*/s/ Steven A. Reed*
Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103
Tel: (215) 963-5603
steven.reed@morganlewis.com

*Counsel for Defendants Phoenixus AG and Vyera Pharmaceuticals, LLC*

6

*/s/ Kenneth R. David*
Kenneth R. David
1633 Broadway
New York, NY 10019
Tel: (212) 506-1893
kdavid@kasowitz.com
Kasowitz Benson Torres LLP

*Counsel for Defendant Kevin Mulleady*

*/s/ Kenneth R. David*
Kenneth R. David
1633 Broadway
New York, NY 10019
Tel: (212) 506-1893
kdavid@kasowitz.com
Kasowitz Benson Torres LLP

*Counsel for Defendant Kevin Mulleady*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I have electronically filed a true and correct copy of the **Joint Motion for Entry of Stipulated Order for Permanent Injunction** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

Dated: December 7, 2021

*/s/ Maren Haneberg*
Maren Haneberg
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Work: (202) 326-3084
Cell: (202) 657-9928
mhaneberg@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*