UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF OHIO, COMMONWEALTH OF PENNSYLVANIA, STATE OF ILLINOIS, STATE OF NORTH CAROLINA, and COMMONWEALTH OF VIRGINIA,

Plaintiffs,

v. 20 CV 706 (DLC)

VYERA PHARMACEUTICALS, LLC, AND PHOENIXUS AG, MARTIN SHKRELI, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC, and KEVIN MULLEADY, individually, as an owner and former director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,

Defendants.

Conference
(via Telephone)

------------------------------x

New York, N.Y.
November 16, 2021
4:00 p.m.

Before:

HON. DENISE COTE,

District Judge

APPEARANCES

MARKUS H. MEIER
Attorney for Plaintiff Federal Trade Commission

LETITIA JAMES, Attorney General of The State of New York
BY: ELINOR R. HOFFMAN

ROB BONTA, Attorney General of the State of California
BY: MICHAEL D. BATTAGLIA

DAVE YOST, Attorney General of the State of Ohio
BY: BETH ANN FINNERTY

KWAME RAOUL, Attorney General of the State of Illinois
BY: RICHARD S. SCHULTZ

JOSH STEIN, Attorney General of the State of North Carolina
BY: KIP D. STURGIS

MORGAN LEWIS & BOCKIUS LLP
Attorneys for Defendants Vyera Pharmaceuticals, LLC
and Phoenixus AG
BY: STACEY ANNE MAHONEY

DUANE MORRIS LLP
Attorneys for Defendant Martin Shkreli
BY: CHRISTOPHER H. CASEY
JEFFREY S. POLLACK
ANDREW J. RUDOWITZ

KASOWITZ BENSON TORRES LLP
Attorneys for Defendant Kevin Mulleady
BY: KENNETH R. DAVID
NICHOLAS A. RENDINO
ALBERT SHEMTOV MISHAAN

GREENBERG TRAURIG, LLP
Attorneys for Movant Dr. Reddys Laboratories
BY: ERIC D. WONG

(Case called)

MR. MEIER: Good afternoon, your Honor, it's Markus Meier on behalf of the Federal Trade Commission.

THE COURT: Thank you. I know that many of the states are participating as well.

Let me go to the defendants. Who is speaking on behalf of the companies Vyera and Phoenixus?

MS. MAHONEY: Good afternoon, your Honor. This is Stacey Ann Mahoney from Morgan Lewis & Bockius on behalf of Vyera and Phoenixus.

THE COURT: Thank you.

For Mr. Shkreli.

MR. CASEY: Good afternoon, your Honor, Christopher Casey from Duane Morris. I'll be speaking on behalf of Mr. Shkreli.

THE COURT: Thank you.

For defendant Mulleady.

MR. DAVID: Good afternoon, your Honor. This is Kenneth David from Kasowitz Benson Torres. I'll be speaking on behalf of Mr. Mulleady.

THE COURT: Thank so much. Thank you, everyone, for making yourselves available on such short notice.

I received letters of November 15 and 16 related to the issue of whether the two individual defendants in this action may receive in full and unredacted form the direct

testimony affidavits of each of the plaintiff's witnesses.

I have reviewed some of the orders that I think touch on these issues and are the context for this application. But let me just assure everyone that any defendant who participates in this trial will have an opportunity to have access to all of the trial evidence. The issues of when and how that will happen we can decide closer to the trial date. But the ultimate issue of access is not one that you need to worry yourself about. Any defendant who proceeds to trial, obviously, has a right to see the evidence presented against the defendant at that trial.

The orders that I think are most relevant to this dispute include the protective order that was entered in this case last year on consent of the parties and it includes, as I understand it, in terms of relevance to this dispute, a provision in section -- I think it is 4(d) that did not allow the individual defendants access to material produced during discovery in this action that was labeled highly confidential unless it had been produced by the corporate defendant. If I have that wrong, I know counsel will correct me.

As we got closer to trial, there have been other orders that have been issued managing the process for preparing trial documents. This is a nonjury trial. As a result, the parties have submitted much of their trial evidence, indeed all of their direct evidence or evidence in chief, when they have

control over that evidence with the pretrial order in October. And they have agreed and consented to a process to give third parties an opportunity to designate material as confidential or highly confidential and allow redactions from materials filed in the public record.

I refer to the letter I received on October 13, which I endorsed on October 13, again on the parties' consent and joint request that set out a schedule of November 10 for any nonparty or party seeking redaction to make that request to the Court, and then a procedure to be followed thereafter of giving the parties five business days to file redacted versions of their pretrial papers following my ruling.

I think that means that the pretrial materials will be filed this coming Monday, November 29. Is that right, Mr. Meier?

MR. MEIER: Yes, your Honor. I believe that's correct, your Honor.

THE COURT: Good.

Then, more recently, I received, again at the joint request of the parties and with their consent, an application on November 12 which provided a mechanism and schedule for nonparties to request the sealing of the courtroom during the trial, if they could make the appropriate showing, and I approved that request on November 12. So that has its own schedule and may or may not have some impact on the current

application.

One of the things that hasn't been and won't be filed in the public record next Monday are the parties' affidavits. I am going to suggest that we file those affidavits in appropriately redacted form on our first trial day of December 14. They constitute the direct testimony of the witnesses and, therefore, on December 14 we had have the first witness taking the stand, and I don't see any reason not to file on ECF at that time the direct testimony of the witnesses.

Is that agreeable, Mr. Meier?

MR. MEIER: Yes, your Honor.

THE COURT: Let me just see if there is agreement from the defendant as well.

Ms. Mahoney, is there agreement?

MS. MAHONEY: Yes, your Honor. On the 14th, that makes sense, to the company defendants.

THE COURT: Mr. Casey?

MR. CASEY: Yes, your Honor.

THE COURT: And Mr. David?

MR. DAVID: Yes, your Honor. That's fine.

THE COURT: Good.

This coming Monday then, lots of the submissions that have been made to me will be filed on the public record in redacted form pursuant to the orders that I have entered. If anyone wishes to get access to redacted material, of course

they can make application to me, and I will review those applications in due course.

I'm not sure that we have a dispute that's ripe, but there was an intensity in the correspondence that suggested to me that I should do what I could to give assurance to the parties promptly. As you may be able to tell, I'm trying to give you as many rulings on your outstanding motions as I can before the Thanksgiving break, assuming that counsel would prefer to spend next week with their families, as opposed to in trial preparation, and then will return from their Thanksgiving break to finish their preparations for trial hopefully with all of my rulings in hand.

Since this dispute was brought to my attention by counsel for Mr. Mulleady, let me give you a chance to speak first, Mr. David.

MR. DAVID: Thank you, your Honor. This is Kenneth David on behalf of Mr. Mulleady.

Thank you for scheduling the conference and doing so quickly so that we can address what we think is a very important issue for our client.

Your Honor, we see this as a straightforward and simple point, that the materials that have been submitted already are trial evidence. At least that's what's going to be offered as evidence at trial.

And we believe that, consistent with what your Honor

said earlier, given that Mr. Mulleady is an individual defendant, it's his right to see the evidence that's being put forward against him and to be able to use that evidence in defense of his case.

As your Honor also pointed out, we have, of course, fully complied with the protective order that has prohibited Mr. Mulleady from seeing anything to date designated as highly confidential from any party other than the corporate defendants. Therefore, he has not seen a lot of the evidence that has been offered against him, and we think it's his right to be able to. Now that we are at trial and we are past discovery, that it's his right to be able to see that evidence.

The protective order, your Honor, doesn't have a specific provision about what access the individual defendants will have at trial, and the process that was put in place that your Honor mentioned to give the third parties notice to seal the courtroom or not doesn't contemplate whether or not Mr. Mulleady would have access, and we think that that process that was entered -- and we joined that process for the sealing of the courtroom. We think that process would delay things too much for resolution of the issue with respect to Mr. Mulleady's access.

To be clear, of course, your Honor, we are not taking any position about whether any of this information should be publicly disclosed. We are not seeking that access. The third

parties have an interest that they of course are making clear to your Honor in their filings about sealing and potentially sealing the courtroom.

We are just asking for access for Mr. Mulleady to prepare for the trial in this action that's been brought against him individually. We don't think that there was a process in place already to address that, your Honor. This is not an issue of designation and whether or not documents have been designated properly.

It's our position, and we think it's correct under the law, that whether a document has been designated, properly or not, as highly confidential under the protective order, that Mr. Mulleady is entitled to see it at trial. As I noted, discovery is over and this is now a trial and his due process rights at trial trump any confidentiality concerns concerning any of that information.

Of course your Honor can issue any order concerning issue or disclosure and providing appropriate limitations on that. We are not seeking to be able to use this information for any other purpose other than trial preparation and preparing the defense for Mr. Mulleady.

The last thing I'll say, your Honor, I don't think notice to third parties is necessary here for two reasons. One, it will certainly delay things and prejudice Mr. Mulleady's preparation for trial and his defense and, two,

more importantly, no matter what the third parties submit to your Honor concerning sealing or the confidentiality and the sensitivity of their documents, none of that will trump Mr. Mulleady's right and due process rights to see the evidence against him.

Therefore, we think it is imperative that he get access to that information now and not have to go through a notice procedure and not wait until day one of trial so that he can prepare for trial and prepare his defense and aid us as we do that for him. That's why we put in the letter now, your Honor, because there is no process set in place for this to date, and we think it's imperative that he get access as soon as possible.

THE COURT: I am going to deny your application to the extent that you ask for him to have access now to third-party highly confidential material or material that has been designated as such.

Again, as we get closer to trial, and the trial is just weeks away, December 14, I could imagine a situation in which he would be able to view any such material produced by third parties that is highly confidential in counsel's office, not taking notes, not being able to take copies, but being able to look at it with counsel and discuss it with counsel, perhaps on December 13.

He has obviously had access to all the corporate

information, which is the most pertinent in terms of what he knew and what he did and what counsel need explanations for from him. That would be important to have him familiar with to prepare for any cross-examination he might face.

But I again assure you, should he go to trial and be present in the courtroom, he will have access to all the information, and I urge you to prepare an appropriate order that would restrict his access in appropriate ways but give him an opportunity to look, under supervision of counsel, at anything that you think you'd like to show him. But I don't think we need to address that now. That can wait.

Is there any other party that wishes to be heard with respect to this issue?

MR. CASEY: Your Honor, Christopher Casey on behalf of Mr. Shkreli.

As the Court knows, we sent a letter to the Court joining in Mr. Mulleady's motion. To the extent that Mr. Mulleady was seeking immediate access to documents designated highly confidential, should I assume, your Honor, that your ruling on that issue extends to Mr. Shkreli's motion as well?

THE COURT: Certainly he is not going to be given greater access than Mr. Mulleady. Mr. Shkreli has chosen not to attend the trial, so he has no right to obtain access in the same way that Mr. Mulleady would. He has absented himself from

the trial, his choice entirely. But he stands on a different footing. I haven't heard at any point that his defense has been hampered in any way by counsel's inability to share with him highly confidential information obtained from third parties.

If counsel believe they can make that showing and can suggest a procedure in which they can consult with him in person about specific documents or information that has been classified as highly confidential information from third parties, I'd be happy to take that application and consider it.

Thank you. If I don't speak to you again, I wish everyone a Happy Thanksgiving and a joyful time with your families and also a safe one. Thank you so much.

(Adjourned)