# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA, | |
| *Plaintiffs*, | Case No. 1:20-cv-00706-DLC |
| v. | ECF Case |
| MARTIN SHKRELI, | |
| *Defendant*. | |

**PLAINTIFF STATES' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS UNDER SECTION 16 OF THE CLAYTON ACT**

## **<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ..................................................... 6

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................... 6

ARGUMENT ..................................................................... 8

I.   THE PLAINTIFF STATES ARE "PERSONS" UNDER THE CLAYTON ACT. ................ 9

II.   THE CLAYTON ACT REQUIRES THAT A PREVAILING PARTY RECOVER ITS

REASONABLE ATTORNEYS' FEES AND COSTS. ......................................... 9

III.   THE FEES REQUESTED ARE REASONABLE ........................................ 10

A.   The Hours Requested Are Reasonable ........................................ 11

B.   The Hourly Rates Requested Are Reasonable ................................. 15

IV.   PLAINTIFF STATES DO NOT SEEK COSTS ....................................... 18

CONCLUSION .................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) .......................................................................... 14

*Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp.,* 2008 WL 4833025, at *8 (S.D.N.Y. Nov. 3, 2008) ............................................................... 12

*Berrian v. City of New York*, 2014 WL 6604641, at *3 (S.D.N.Y. Nov. 21, 2014) ...................... 9

*Blum v. Stenson*, 465 U.S. 886, 895 (1984) ................................................................ 9, 14

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 605 (2001)) ............................................................................ 8

*California v. American Stores*, 495 U.S. 271 (1990) ...................................................... 8

*Eaton Partners, LLC v. Azimuth Cap. Mgmt. IV, Ltd.,* 2021 WL 4392174, at *8 (S.D.N.Y. Sept. 23, 2021) ................................................................................ 13

*Fleisig v. ED&F Man Cap. Markets, Inc.*, No. 19CV8217 (DLC), 2021 WL 4459120, at *2 (S.D.N.Y. Sept. 29, 2021) ......................................................................... 9, 14

*G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.,* 894 F. Supp. 2d 415, 438 (S.D.N.Y. 2012).. 12

*Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) ................................................ 14

*Hawaii v. Standard Oil Co.*, 405 U.S. 251 (1972) .......................................................... 8

*In re Credit Default Swaps Antitrust Litig.*, No. 13MD2476 (DLC), 2016 WL 2731524, at *18 (S.D.N.Y. Apr. 26, 2016) ........................................................................... 16

*Kahlil v. Original Old Homestead Rest., Inc.,* 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009) ......... 12

*Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) ........................................ 9, 14

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ..................................................................................... 9

*N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148, 1154 (2d Cir. 1983)....... 9

*New York v. Deutsche Telekom AG*, 439 F. Supp. 3d 179 (S.D.N.Y. 2020) ............................... 16

*NLRB v. Local 3, Int'l Bhd. of Elec. Workers*, 471 F.3d 399, 407 (2d Cir. 2006) ...................... 15

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) ................................................ 9

*Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017)......................................................... 9, 10

*Rossbach v. Montefiore Med. Ctr.*, No. 19CV5758 (DLC), 2021 WL 4940306, at *1 (S.D.N.Y. Oct. 22, 2021)........................................................................................................ 9, 14

*Stanczyk v. City of New York,* 752 F.3d 273, 284 (2d Cir. 2014) ................................................ 9

*State of Illinois v. Sangamo Const. Co.*, 657 F.2d 855, 858 (7th Cir. 1981) ................................ 8

*U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474 (S.D.N.Y.), *aff'd*, 887 F.2d 408 (2d Cir. 1989) ................................................................................................ 14

*U.S. v. Aetna, Inc.*, No. 1:16-cv-01494-JDB (D.D.C. July 21, 2016).......................................... 16

*U.S. v. Apple, Inc., et al.*, 952 F. Supp.2d 638 (S.D.N.Y 2013) .................................................. 16

*U.S. v. US Airways Group*, 38 F. Supp.3d 69 (D.D.C. 2013) ...................................................... 16

*Union of Needletrades, Indus. & Textile Employees v. INS*, 336 F.3d 200, 207 (2d Cir. 2003) .... 8

*Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Ltd. Liab. Co.,* 665 F.Supp.2d 434, 437 (S.D.N.Y.2009)........................................................................ 16

*United States v. Kirksey*, 639 F. Supp. 634, 637 (S.D.N.Y. 1986) ............................................. 15

*Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir. 1995).................................................................................................................... 14

*We Shall Overcome Found. v. Richmond Org., Inc.*, 330 F. Supp. 3d 960, 973 (S.D.N.Y. 2018) .................................................................................................................... 10, 13

**Statutes**

15 U.S.C. § 15 ................................................................................................... 14

15 U.S.C. § 26 ...................................................................................... 5, 7, 8, 17

15 U.S.C. §§ 1-2 ................................................................................................. 5

**Rules**

Fed. R. Civ. P. 54 ............................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiffs, Commonwealth of Pennsylvania, State of Illinois, State of Ohio, and State of California (the "Plaintiff States"), by and through their undersigned counsel, submit the following Memorandum in Support of their Motion for Attorneys' Fees and Costs Under Section 16 of the Clayton Act, 15 U.S.C § 26 and Rule 54 of the Federal Rules of Civil Procedure.

The Plaintiff States joined this action on April 14, 2020 and brought claims for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, and their respective state laws. ECF 87. The Plaintiff States' have spent a tremendous amount of time over the past two years litigating this action. As this Court has recognized, the Plaintiff States have "substantially prevailed" under Section 16 of the Clayton Act, 15 U.S.C. § 26, and are entitled to receive reasonable attorneys' fees for their efforts in obtaining a judgment against Defendant Shkreli. As prevailing plaintiffs, the Plaintiff States submit this Memorandum in Support of Plaintiff States' Motion for Attorneys' Fees in accordance with this Court's Order dated February 4, 2022. ECF 876.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

As detailed in the attached declarations and charts explaining the time spent litigating by attorneys for the Plaintiff States, they have spent a substantial amount of time prosecuting the case against Defendant Shkreli. Due to the nature of this case and the defenses raised by Defendant Shkreli, all of the time spent and detailed in the declarations was justified and necessary to obtain the judgment against Defendant Shkreli.

For example, rather than simply filing an answer to the Amended Complaint, Defendant Shkreli filed a motion to dismiss the claims. ECF 127. The filing required the Plaintiff States to research and prepare a response which led this Court to substantially deny the motion to dismiss.

6

Moreover, Defendant Shkreli also joined the other Defendants in filing a motion for partial summary judgment – which focused solely on the States' authority for nationwide disgorgement. Again, the Court found in favor of the Plaintiff States' and denied Defendants' Motion for Partial Summary Judgment. ECF 482. While Defendant Shkreli was entitled to file these motions, the filing required the Plaintiff States' attorneys to prepare and file responses to the motions.

Moreover, discovery in this matter required a substantial amount of Plaintiff States' attorneys' time. There were numerous meet-and-confer discussions because of Defendant Shkreli's resistance to provide documentation. Also, there was a voluminous document production which required a substantial amount of attorney time to review. Defendant Shkreli also joined a number of subpoena requests for more than 40 depositions of fact witnesses that required the Plaintiff States' attorneys' time to prepare for and defend. For example, Defendant Shkreli's counsel subpoenaed testimony from third-party corporations for documents and testimony, some of which were defended by Plaintiff States' attorneys. Discovery also involved numerous motions, including a motion directed solely at the States to compel state agency discovery. ECF 172. The Plaintiff States also had four expert witnesses which required attorney time to assist in drafting reports, prepare for depositions, assist with drafting direct testimony and prepare for testimony at trial. Defendant Shkreli had two expert witnesses which had to be deposed prior to trial. Additionally, Defendant Shkreli brought motions to stay discovery (ECF 313) and for adjournment of the trial date (ECF 489), each of which required attorney time and effort on Plaintiffs' side.

Prior to trial, Defendant Shkreli brought several motions *in limine,* all of which were litigated in the weeks leading up to trial. ECF 529, ECF 633, ECF 639. While several were brought jointly, Defendant Shkreli brought two motions *in limine* on his own behalf. *See* ECF

7

656 (motion to exclude Retrophin evidence) and ECF 658 (motion to exclude certain exhibits and testimony). Each of these motions caused the Plaintiff States' attorneys to expend time researching, drafting and filing responses to the filings.

The trial against Defendant Shkreli lasted six days. Eleven fact witnesses and four expert witnesses testified on behalf of the Plaintiffs, and two experts testified on behalf of Defendant Shkreli. Preparing these witnesses for trial, along with preparing direct testimony affidavits, involved substantial time and effort by all involved, including the Plaintiff States' attorneys joining in this Motion for Attorneys' Fees and Costs. Several of these attorneys were involved in trial in-person, including preparing witnesses and reviewing documents following the Court's hearing on third-party motions to seal. Others were involved remotely and provided meaningful contributions to the Plaintiffs' efforts and ultimately, success. *See generally* ECF 865.

Following trial, on January 14, 2022 the Court issued an opinion finding Defendant Shkreli liable on all counts, including under the Sherman Act and each respective state law. *Id*. The Court also issued a permanent injunction against Defendant Shkreli that bans him from involvement in the pharmaceutical industry for life. ECF 876.

## ARGUMENT

As this Court has recognized, Section 16 of the Clayton Act provides that "any person . . . shall be entitled to sue for and have injunctive relief . . . against threatened loss or damage by a violation of the antitrust laws," including a violation of the Sherman Act. 15 U.S.C. § 26. Further, Section 16 mandates that, "[i]n any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff." *Id.*

The Plaintiff States brought this action against Martin Shkreli under Section 16 of the

Clayton Act. Amended Complaint, ECF 87 at *2, 74. The Plaintiff States specifically requested an award of reasonable attorneys' fees and costs in the Amended Complaint. *Id.* at Prayer for Relief ¶ 18. The Plaintiff States therefore respectfully request this Court order Defendant Shkreli to pay the Plaintiff States' attorneys' fees and costs associated with this action.

## I.   THE PLAINTIFF STATES ARE "PERSONS" UNDER THE CLAYTON ACT.

The United States Supreme Court has made clear that State Attorneys General qualify as a "person" under the Clayton Act "whether it sues in its proprietary capacity or as *parens patriae*." *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 260-261 (1972); *State of Illinois v. Sangamo Const. Co.*, 657 F.2d 855, 858 (7th Cir. 1981); *California v. American Stores*, 495 U.S. 271 (1990) (upholding injunctive relief awarded to the State of California in a merger challenge brought under Section 16 of the Clayton Act).

## II.   THE CLAYTON ACT REQUIRES THAT A PREVAILING PARTY RECOVER ITS REASONABLE ATTORNEYS' FEES AND COSTS.

A plaintiff who substantially prevails in a suit under Section 16 of the Clayton Act must be awarded the costs of suit, including reasonable attorneys' fees. 15 U.S.C. § 26. A party has "substantially prevailed" for the purpose of awarding attorney's fees when it has benefitted from a "judicially sanctioned change in the legal relationship of the parties." *Union of Needletrades, Indus. & Textile Employees v. INS*, 336 F.3d 200, 207 (2d Cir. 2003) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)). Such a change in the legal relationship of the parties includes a judgment on the merits. *See Buckhannon,* 532 U.S. at 604. Here Plaintiffs have substantially prevailed under 15 U.S.C § 26 as this Court issued an order finding Defendant Shkreli "liable on each of the claims presented in this action." ECF 865.

### III.    THE FEES REQUESTED ARE REASONABLE

The Supreme Court and the Second Circuit have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010); *Stanczyk v. City of New York,* 752 F.3d 273, 284 (2d Cir. 2014). *See also Berrian v. City of New York*, 2014 WL 6604641, at *3 (S.D.N.Y. Nov. 21, 2014) (Cote, J.); *Fleisig v. ED&F Man Cap. Markets, Inc.,* 2021 WL 4459120, at *2 (S.D.N.Y. Sept. 29, 2021) (Cote, J.).

Calculating the lodestar requires "determining a reasonable hourly rate by considering all pertinent factors . . . and then multiplying that rate by the number of hours reasonably expended to determine the presumptively reasonable fee." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019); *Rossbach v. Montefiore Med. Ctr.*, No. 19CV5758 (DLC), 2021 WL 4940306, at *1 (S.D.N.Y. Oct. 22, 2021). The reasonable hourly rate is one "in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *Fleisig v. ED&F Man Cap. Markets, Inc.*, No. 19CV8217 (DLC), 2021 WL 4459120, at *2 (S.D.N.Y. Sept. 29, 2021).

To permit calculation of the lodestar, "attorneys are required to keep and submit contemporaneous records with their fee applications, absent unusual circumstances outside the attorney's control." *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017); *Rossbach v. Montefiore Med. Ctr.*, No. 19CV5758 (DLC), 2021 WL 4940306, at *1 (S.D.N.Y. Oct. 22, 2021). The contemporaneous billing records must document the date, the hours expended, and the nature of the work done. *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136,

1148, 1154 (2d Cir. 1983).

### A.  The Hours Requested Are Reasonable

The Plaintiff States have submitted billing records, organized by state, that include the hours expended and sufficient explanation of the nature of the work done by each attorney on this litigation. The Plaintiff States have only sought recovery for hours and records kept contemporaneously throughout this litigation. In the event the records were not kept adequately, these records were specifically excluded.

The entries provided should be found reasonable based on their substantive descriptions. The standard, ultimately, is whether the time records submitted permit "a meaningful review of the hours requested." *Restivo*, 846 F.3d at 591. In the context of the total number of hours expended in this complex case, there are inevitably bound to be some time entries that may not be drafted with an ideal amount of clarity, and the Court should award fees so long as they are "sufficiently detailed as to review the hours[.]" *We Shall Overcome Found. v. Richmond Org., Inc.*, 330 F. Supp. 3d 960, 973 (S.D.N.Y. 2018). Each Plaintiff State will naturally differ in their processes for recording time, but each equally provides sufficient clarity and explanation to accurately understand the nature of the work involved. The Plaintiff States have provided detailed narratives of hours expended throughout the litigation, including the names and descriptions of each time keeper, hourly rate, and total amounts billed. While the Plaintiff States believe the records are sufficiently clear and detailed, some names of deponents or third-party individuals were not included to protect their identity, but should the Court request further information related to any of the attorneys or individuals identified the Plaintiff States can provide such clarity.

The attorneys joining in this Motion were active participants throughout the litigation,

and added substantial value the entire duration. Much of the billing related to responding to the Motion to Dismiss and Motion for Partial Summary Judgment involved state-specific issues, which required these attorneys to be primarily and actively involved in the successful outcomes. More significantly, this case involved a voluminous factual record that required hundreds of hours reviewing and analyzing documents, listening to Defendant Shkreli's conversations recorded by the Bureau of Prisons, handling discovery, resolving discovery disputes, as well as assisting with, taking and defending over forty depositions of fact witnesses. Additionally, expert discovery in this matter was equally extensive. The Plaintiff States were active in working with experts on case determinative issues, including market definition, FDA process, supply agreements, restrictions on the distribution of Daraprim to generic manufacturers and the appropriate amount of disgorgement. The attorneys spent hundreds of hours working with experts, preparing and reviewing expert reports, expert rebuttal reports, preparing experts for depositions and trial, preparing direct testimony affidavits, successfully defending motions *in limine* brought by Defendants to exclude expert testimony – and successfully bringing motions *in limine* against Defendants' experts.

This litigation was extensive, and while only lasting a little under two years, required an extensive amount of attorney time. Among other things, the attorneys' billing as part of this Motion handled the following State-specific areas:

- Successfully opposing Defendant Shkreli's Motion to Dismiss, ECF 127.

- Successfully opposing Defendants Joint Motion for Partial Summary Judgment on the scope of disgorgement, ECF 482.

- Successfully opposing Defendants Motion to Compel State Agency Discovery, ECF 172

- Plaintiff States' Pretrial Memorandum, ECF 665.

The value of this work is noteworthy. Following our Co-Plaintiff Federal Trade Commission's stipulation to dismiss its claim for equitable monetary relief, the Plaintiff States were relied on to maintain this claim and successful opposition to the Motion for Partial Summary Judgment was crucially important. The Plaintiff States also were successful in opposing Defendant Shkreli's Motion to Dismiss the Amended Complaint based on State Law violations.

Each attorney joining in this Motion carefully reviewed their own billing records, and those of others in their offices, to ensure non-duplicative entries. The Plaintiff States have submitted records for time spent prior to commencement of the Amended Complaint in performing due diligence necessary to gain their client's approval and drafting components of the Amended Complaint under Federal and State laws. Courts in this District have also typically found time spent working on an action prior to the filing of the complaint is reasonable. *Kahlil v. Original Old Homestead Rest., Inc.,* 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009) ("Courts in this circuit typically award attorneys' fees for pre-filing preparations."); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.,* 894 F. Supp. 2d 415, 438 (S.D.N.Y. 2012) (finding time spent arranging co-counsel relationship, reviewing case and drafting complaint to be proper); *Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp.,* 2008 WL 4833025, at *8 (S.D.N.Y. Nov. 3, 2008) (awarding fees for work done in advance of commencing of suit). It is necessary for each Plaintiff to engage in its own processes and work in order to join an action, as was the case here. While processes may differ, it is reasonable for each Plaintiff to perform the diligence it reasonably understands to be necessary to effectively represent their client and litigate this case.

It is also reasonable for multiple attorneys to be involved in depositions, particularly in

complex multistate actions enforcing the antitrust laws, where each state is sovereign and must diligently represent its client – the individual State. This Court has found it reasonable for multiple attorneys to attend the same deposition or to work on motion papers in a copyright action of lesser complexity. *We Shall Overcome Found. v. Richmond Org., Inc*., 330 F. Supp. 3d 960, 973 (S.D.N.Y. 2018). Multiple attorneys submitting billing records today may overlap among the several states, but with the exception of settlement negotiation and mediations, no Plaintiff State is submitting records for multiple attorneys within a state being involved in the same activity, be it a deposition, court appearance, or even meetings and calls with its co-plaintiffs where multiple attorneys from that state were not actively involved or necessary to the issues addressed.

As mentioned above, the Plaintiff States included time spent on joint settlement negotiations and mediations as part of this motion, and maintain that it is reasonable to do so. When this issue was in front of the Court very recently, Judge Ramos allowed the prevailing party to recover fees related to communications with its client and opposing counsel concerning settlement. The Court found that "[plaintiff] was the prevailing party with respect to the entire litigation, and thus the Court will not sever Eaton's work for settlement negotiations." *Eaton Partners, LLC v. Azimuth Cap. Mgmt. IV, Ltd.*, 2021 WL 4392478, at *8 (S.D.N.Y. Sept. 23, 2021). The Plaintiff States seek recovery for time spent on unsuccessful settlement negotiations jointly because finding agreement with Defendant Shkreli was an integral part of these negotiations. No attorney submitting time as part of this request included time devoted solely to the Corporate Defendants or Defendant Mulleady (the "Settling Defendants"). No attorney seeks recovery for time spent related to the settlement with the Settling Defendants, or effectuating such settlement. The time related to settlement included as part of this Motion is justified and

reasonable. The negotiations with Defendant Shkreli, while unsuccessful, involved much diligence and good faith by all sides, and rewarding such time encourages continuing meaningful attempts to work toward settlement in future cases.

Additionally, the inclusion of costs associated with the preparation of this fee application are reasonable and should be awarded. *Rossbach v. Montefiore Med. Ctr.*, No. 19CV5758 (DLC), 2021 WL 4940306, at *3 (S.D.N.Y. Oct. 22, 2021) (citing *Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir. 1995)). *See also U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474 (S.D.N.Y.), *aff'd*, 887 F.2d 408 (2d Cir. 1989) (awarding prevailing plaintiff attorney fees for time spent in preparing attorney fee petition in case under Clayton Act §4, 15 U.S.C. § 15).

### B.  The Hourly Rates Requested Are Reasonable

The reasonable hourly rate used for determining attorneys' fees is the rate a paying client would be willing to pay, bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019). To determine whether an hourly rate is reasonable, courts compare it to prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)); *Fleisig v. ED&F Man Cap. Markets, Inc.*, No. 19CV8217 (DLC), 2021 WL 4459120, at *2 (S.D.N.Y. Sept. 29, 2021). The court should consider the prevailing community's rates in the district in which it sits for the reasonableness of counsels' rates. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).

The hourly rates sought by the Plaintiff States' attorneys are very reasonable and

consistent with the rates of the Southern District of New York for cases of similar complexity. Government attorneys ordinary do not charge an hourly rate. In seeking a fee award, however, case law fully supports the Plaintiff States using an hourly rate comparable to private practice attorneys. *See NLRB v. Local 3, Int'l Bhd. of Elec. Workers*, 471 F.3d 399, 407 (2d Cir. 2006) ("district courts in this Circuit generally employ market rates to calculate awards of government attorneys' fees."); *United States v. Kirksey*, 639 F. Supp. 634, 637 (S.D.N.Y. 1986) (the hourly rate properly charged for the time of a government attorney is the "amount to which attorneys of like skill in the area would typically be entitled for a given type of work on the basis of an hourly rate of compensation.").

The Plaintiff States propose the following hourly rates for the government attorneys who billed time to this matter:

| | | |
|---|---|---|
| a. | Blake Harrop (State of Illinois) | $731 |
| b. | Richard Schultz (State of Illinois) | $731 |
| c. | Jennifer Pratt (State of Ohio) | $726 |
| d. | Beth Finnerty (State of Ohio) | $713 |
| e. | Tracy Wertz (Commonwealth of Pennsylvania) | $713 |
| f. | Joseph Betsko (Commonwealth of Pennsylvania) | $686 |
| g. | Michael Battaglia (State of California) | $621 |
| h. | Elizabeth Maag (State of Ohio) | $578 |
| i. | Stephen Scannell (Commonwealth of Pennsylvania) | $439 |
| j. | Derek Whiddon (State of Ohio) | $426 |

The Plaintiff States believe these rates are entirely reasonable in light of the rates charged by comparable lawyers practicing before this Court. To be sure, this was not a simple case. The

complexity and nature of this antitrust action lend further support for finding the requested fees are reasonable. Defense Counsel were experienced and well-regarded antitrust litigators, and the Plaintiff States were led by similarly experienced antitrust attorneys who represent the Plaintiff States in complex antitrust cases throughout the country. These attorneys routinely coordinate and bring cases with the Federal Trade Commission, the United States Department of Justice and other State Attorneys General. *See e.g., U.S. v. Apple, Inc., et al.*, 952 F. Supp.2d 638 (S.D.N.Y 2013); *New York v. Deutsche Telekom AG*, 439 F. Supp. 3d 179 (S.D.N.Y. 2020); *U.S. v. Aetna, Inc.*, No. 1:16-cv-01494-JDB (D.D.C. July 21, 2016); *U.S. v. US Airways Group*, 38 F. Supp.3d 69 (D.D.C. 2013). Finding these rates reasonable increases the viability of pursing cases of this magnitude and complexity, despite all the resource constraints and cases competing for time and attention for State Attorneys General. It is imperative for State Attorneys General to continue to engage in antitrust litigation, when necessary and allocate resources to enforcing the antitrust laws, which "address issues that go to the heart of our economy." *In re Credit Default Swaps Antitrust Litig.*, No. 13MD2476 (DLC), 2016 WL 2731524, at *18 (S.D.N.Y. Apr. 26, 2016)**.** Some of the States' here are dependent upon attorneys' fee awards to fund our litigation efforts and seek to enable "fairness and transparency of our marketplace[s]." *Id.*

Moreover, these rates are in line with the prevailing rates of this District more generally as well, without consideration of the complex issues presented. This Court has found rates of $1,000 per hour for senior partners to be reasonable. *Fleisig v. ED&F Man Cap. Markets, Inc.*, No. 19CV8217 (DLC), 2021 WL 4459120, at *3 (S.D.N.Y. Sept. 29, 2021). Other courts in the Southern District have approved fees in the range of $500 to $800 per hour for experienced law partners. *See e.g., Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Ltd. Liab. Co.,* 665 F.Supp.2d 434, 437 (S.D.N.Y.2009) ($735 for partner). The experienced attorneys

involved here are all within the range approved in the Southern District – with maximum hourly rate at $731 based on the number of years that the attorneys practiced law. *See* R. Schultz Decl.

Additionally, This Court found rates of $400 per hour for junior associates to be reasonable. *Fleisig v. ED&F Man Cap. Markets, Inc.*, No. 19CV8217 (DLC), 2021 WL 4459120, at *3 (S.D.N.Y. Sept. 29, 2021). Two junior attorneys have included time as part of this petition at hourly rates between $439 (S. Scannell Decl.) and $426 (D. Whiddon Decl.). These attorneys were active in assisting throughout the case. Due to the limited resources of States' Attorneys General, relative to law firms, it is common for more junior attorneys to take on complex tasks earlier in their careers. As detailed in Exhibit A, both of these attorneys were active in assisting in responding to discovery motions, Defendant's Motion to Dismiss, ECF 127, and Motion for Partial Summary Judgment, ECF 459, and preparing expert witnesses for depositions and trial. The rates utilized reflect the complex tasks and legal arguments both were involved in throughout this litigation.

Accordingly, the Plaintiff States respectfully requests that the Court find its hours expended in this matter and its hourly rates to be reasonable, and grant its motion for an award of fees in the amount of $2,209,045.23.

## IV.    PLAINTIFF STATES DO NOT SEEK COSTS

As stated previously, Section 16 of the Clayton Act mandates that, "[i]n any action under this section in which the plaintiff substantially prevails, the court shall *award the cost of suit*, including a reasonable attorney's fee, to such plaintiff." 15 U.S.C. § 26 (emphasis added). The Plaintiff States as prevailing parties under Section 16 of the Clayton Act are entitled to their "cost of suit." However, in further support of the reasonableness of this Motion, the Plaintiff States exercise discretion in not seeking the "costs of suit." Because these costs, in some cases,

18

were shared with other government Plaintiffs which have not joined in this Motion, the Plaintiff

States do not wish to subject Defendant Shkreli to paying these costs.

## CONCLUSION

Based on the foregoing, the Plaintiff States respectfully requests that the Court grant its

motion and award to the Plaintiff States' reasonable attorneys' fees in the amount of

$2,209,045.23. The Plaintiff States also respectfully requests that the Court supplement the

aforementioned fees and costs with any additional fees and costs incurred on behalf of the

Plaintiff States in submitting this Motion to the Court.

Dated: March 7, 2021                           Respectfully submitted,

FOR PLAINTIFF STATE OF CALIFORNIA

*/s/ Michael D. Battaglia*
Michael D. Battaglia
Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3769
 Fax: (415) 703-5480
 Michael.Battaglia@doj.ca.gov

*Counsel for Plaintiff State of California*


FOR PLAINTIFF STATE OF ILLINOIS

*/s/ Richard S. Schultz*
Richard S. Schultz
Assistant Attorney General
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601
Tel: (312) 814-3000
Fax: (312) 814-4902
rschultz@atg.state.il.us

*Counsel for Plaintiff State of Illinois*


FOR THE PLAINTIFF STATE OF OHIO

BETH A. FINNERTY
Assistant Section Chief

*/s/ Derek Whiddon*
Assistant Attorney General
Office of the Ohio Attorney General
Antitrust Section
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: 614.466.4328
beth.finnerty@OhioAGO.gov
derek.whiddon@OhioAGO.gov

*Counsel for Plaintiff State of Ohio*

20

FOR PLAINTIFF COMMONWEALTH OF
PENNSYLVANIA

*/s/ Joseph S. Betsko*
Joseph S. Betsko
Senior Deputy Attorney General
Stephen M. Scannell
Deputy Attorney General
Pennsylvania Office of Attorney General
Antitrust Section
Strawberry Square, 14th Floor
Harrisburg, PA 17120
jbetsko@attorneygeneral.gov
sscannell@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2022, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.


Dated: March 7, 2022              /s/ *Stephen M. Scannell*
                                  Stephen M. Scannell
                                  Pennsylvania Office of Attorney General
                                  14th Floor, Strawberry Square
                                  Harrisburg, PA 17120
                                  (717) 787-4530
                                  (717) 787-1190 (fax)
                                  sscannell@attorneygeneral.gov
                                  *Counsel for Commonwealth of Pennsylvania*