IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA, <br><br> Plaintiffs, <br> v. <br> VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC <br><br> Defendants. | Case No. 1:20-cv-00706-DLC |

**DEFENDANT MARTIN SHKRELI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY EXECUTION OF MONETARY JUDGMENT PENDING APPEAL**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT.........................................................................................................................1

    A. Legal Standard for Staying Execution of a Judgment ............................................ 1

    B. Mr. Shkreli's Shares in Phoenixus Are Adequate "Other Security" Under Rule 62(b) ................................................................................................................ 2

III. CONCLUSION......................................................................................................................3

## **TABLE OF AUTHORITIES**

**Cases**

*Georgiev v. Adsad*, LLC, No. 19-CV-122, 2021 WL 3159853 (S.D.N.Y. June 21, 2021) ................................................................................................................................. 2

*Petroleos de Veneuzuela S.A. v. MUFG Union Bank, N.A.*, 495 F. Supp. 3d 257 (S.D.N.Y. 2020) ..................................................................................................................... 2

*Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 19 Civ. 10023, 2020 WL 7711522 (S.D.N.Y. Dec. 29, 2020) ......................................................................... 1-3

**Rules**

Federal Rule of Civil Procedure 62(a) ................................................................................................. 1

Federal Rule of Civil Procedure 62(b) ............................................................................................ 1-4

ii

**I.      INTRODUCTION**

On February 4, 2022, the Court issued its Order for Permanent Injunction and Equitable Monetary Relief (ECF 876). Part III of the Order (the "monetary judgment") directs Defendant Martin Shkreli to pay the Plaintiff States $64.6 million, subject to a setoff of up to $40 million equal to the equitable monetary relief paid by the Corporate Defendants to the Plaintiff States by December 6, 2031. ECF 876. The monetary judgment is currently stayed until March 7, 2022, pursuant to Federal Rule of Civil Procedure 62(a). Mr. Shkreli is unable to provide a bond, but is prepared to post "other security" in the form of his shares in Phoenixus AG. This Court has previously held that shares of stock in a company may constitute "other security" under Rule 62(b). Accordingly, Mr. Shkreli respectfully moves the Court for an additional stay of execution of the monetary judgment pursuant to Federal Rule of Civil Procedure 62(b).[1]

**II.     ARGUMENT**

  **A.     Legal Standard for Staying Execution of a Judgment**

Federal Rule of Civil Procedure 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Rule 62(b) has "explicit flexibility," and a party has "the opportunity to post security in a form other than a bond." *Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 19 Civ. 10023, 2020 WL 7711522, at *1-2 (S.D.N.Y. Dec. 29, 2020) (quoting *Deutsche Nat'l Trust Co. v. Cornish*, 759 F. App'x 503, 509 (7th Cir. 2019)). "Assuming the Court approves the bond or other security provided, the party is entitled to a stay as a matter

---

[1] Contemporaneously with the filing of this motion, Mr. Shkreli is filing a separate motion to stay the permanent injunction portion of the Judgment.

of right." *Georgiev v. Adsad*, LLC, No. 19-CV-122, 2021 WL 3159853, at *1 (S.D.N.Y. June 21, 2021) (citing *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009)).

### B. Mr. Shkreli's Shares in Phoenixus Are Adequate "Other Security" Under Rule 62(b)

The Court should allow Mr. Shkreli to pledge his company stock in Phoenixus AG ("Phoenixus") as "other security" to stay execution of the monetary judgment pursuant to Rule 62(b). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Ex. A, Declaration of Martin Shkreli ¶¶ 4-5 ("Shkreli Decl."). Mr. Shkreli's Phoenixus shares are currently held by a receiver appointed in *Koestler v. Shkreli*, 16-cv-7175 (S.D.N.Y. July 23, 2021). (*See Koestler* case, ECF 98). As the Court is aware, the receiver is attempting to sell the shares to satisfy a judgment for the plaintiff in that case. Once the receiver satisfies the plaintiff's judgment, any remaining shares will be returned to Mr. Shkreli. Contemporaneously with the filing of this motion, Mr. Shkreli is filing a motion in the *Koestler* case seeking leave of court for permission to post those Phoenixus shares that remain after the *Koestler* plaintiff's judgment is satisfied as "other security" in this case under Rule 62(b).

Shares in a privately-held company qualify as "other security" sufficient to stay execution of a judgment. *See Petroleos de Venezuela S.A.*, 19 Civ. 10023, 2020 WL 7711522, at *2 (holding that shares in CITGO were an acceptable security under Rule 62(b) entitling the party to a stay of execution). Rule 62(b) is flexible, and a party seeking a stay can post security in a form other than a bond so long as it "provide[s] the [judgment creditor] with adequate security." *Id.* The *Petroleos* court had previously held that the defendants were entitled to a judgment of $1,683,764,500 and to a forced sale of plaintiff's shares in CITGO, a privately-held company. *Petroleos de Veneuzuela S.A. v. MUFG Union Bank, N.A.*, 495 F. Supp. 3d 257, 293 (S.D.N.Y. 2020). Plaintiff moved to stay execution of the judgment pending its appeal under Rule 62(b) and asked to post its shares in

CITGO as "other security." *Petroleos*, 2020 WL 7711522, at *1. The court held that plaintiff was entitled to a stay pending resolution of its appeal because plaintiff agreed to maintain those shares in CITGO "in their current form for the duration of the appeal." *Id.* at *2. The company stock, the court held, was sufficient under Rule 62(b) to secure defendants' judgment against plaintiff. *Id.*

Because shares in a company are an acceptable form of "other security," the Court should allow Mr. Shkreli to post those Phoenixus shares in his name that remain after the *Koestler* plaintiff's judgment is satisfied, to stay execution of the monetary judgment here. ██████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████ As in *Petroleos*, Mr. Shkreli agrees to maintain the Phoenixus shares in their current form by not attempting to sell or otherwise dispose of them for the duration of his appeal. Shkreli Decl. ¶ 6. Therefore, the Court should accept the Phoenixus shares as "other security" and stay execution of the monetary judgment under Federal Rule of Civil Procedure 62(b). Allowing Mr. Shkreli to post his shares and obtain a stay under Rule 62(b) will allow him to pursue an appeal in the Second Circuit without impairing the ability of Plaintiffs to collect on the monetary judgment, if it should be upheld on appeal.

### III. CONCLUSION

For all of the foregoing reasons, the Court should allow Mr. Shkreli to post those Phoenixus shares in his name that remain after the *Koestler* plaintiff's judgment is satisfied, and stay execution of the monetary judgment under Federal Rule of Civil Procedure 62(b).

Dated: March 7, 2022               Respectfully submitted,

                                        By:   */s/ Christopher H. Casey*
                                                  Christopher H. Casey, Esq. (admitted *pro hac vice*)
                                                  Jeffrey S. Pollack, Esq. (admitted *pro hac vice*)
                                                  A.J. Rudowitz, Esq. (admitted *pro hac vice*)
                                                  DUANE MORRIS LLP
                                                  30 South 17th Street
                                                  Philadelphia, PA  19103-4196
                                                  Telephone: (215) 979-1155/1974
                                                  Fax: (215) 689-2194
                                                  *Attorneys for Defendant Martin Shkreli*

## **CERTIFICATE OF SERVICE**

I certify that on March 7, 2022 a copy of the foregoing Memorandum of Law in Support of Defendant Martin Shkreli's Motion to Stay Execution of Monetary Judgment Pending Appeal was served upon all counsel of record in this matter using the Court's CM/ECF system.

/s/Andrew J. Rudowitz