```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FEDERAL TRADE COMMISSION, STATE OF NEW   :    20cv706 (DLC)
YORK, STATE OF CALIFORNIA, STATE OF      :
OHIO, COMMONWEALTH OF PENNSYLVANIA,      :    MEMORANDUM OPINION
STATE OF ILLINOIS, STATE OF NORTH        :       AND ORDER
CAROLINA, and COMMONWEALTH OF            :
VIRGINIA,                                :
                                         :
               Plaintiffs,               :
         -v-                             :
                                         :
MARTIN SHKRELI,                          :
                                         :
               Defendant.                :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Federal Trade Commission:
Markus H. Meier
Bradley S. Albert
Armine Black
Daniel W. Butrymowicz
J. Maren Haneberg
Leah Hubinger
Lauren Peay
Neal J. Perlman
James H. Weingarten
Amanda Triplett
Matthew B. Weprin
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

For plaintiff State of New York:
Elinor R. Hoffmann
Bryan Bloom
Jeremy R. Kasha
Amy E. McFarlane
Saami Zain
Office of the New York Attorney General
Antitrust Bureau
28 Liberty Street, 20th Floor

New York, NY 10005

For plaintiff State of California:
Michael D. Battaglia
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

For plaintiff State of Illinois:
Richard S. Schultz
Office of the Attorney General of Illinois
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

For plaintiff State of North Carolina:
Jessica V. Sutton
North Carolina Dept. of Justice
Consumer Protection Division
114 West Edenton Street
Raleigh, NC 27603

For plaintiff State of Ohio:
Beth A. Finnerty
Office of the Ohio Attorney General
150 E. Gay Street, 22nd Floor
Columbus, OH 43215

For plaintiff Commonwealth of Pennsylvania:
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

For plaintiff Commonwealth of Virginia:
Tyler T. Henry
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

For defendant Martin Shkreli:
Christopher H. Casey
Jeffrey S. Pollack
Andrew J. Rudowitz
Sarah Fehm Stewart
Sean P. McConnell
J. Manly Parks
Duane Morris LLP

30 South 17th Street
Philadelphia, PA 19103

DENISE COTE, District Judge:

On February 4, 2022, following a bench trial, a judgment in the amount of $64.6 million in equitable monetary relief, subject to a setoff of up to $40 million, was entered against defendant Martin Shkreli ("Shkreli") in favor of the seven plaintiff States.[1] FTC v. Shkreli, No. 20CV00706 (DLC), 2022 WL 336973 (S.D.N.Y. Feb. 4, 2022). Pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, execution on that monetary judgment was stayed for 30 days. On the 30th day, which fell on March 7, Shkreli filed a motion to further stay execution on the judgment pending the outcome of any appeal he may file and the posting of purported "other security" in lieu of filing of a supersedeas bond. The motion became fully submitted on March 16. For the following reasons, Shkreli's motion is denied.[2]

---

[1] The seven state plaintiffs are the States of New York, California, Ohio, Illinois, and North Carolina, and the Commonwealths of Pennsylvania and Virginia.

[2] In his reply, Shkreli requests that any denial of his motion be without prejudice so that, in the event he recovers any shares in Phoenixus AG in the future, he may renew his application for a stay of enforcement proceedings. Any party may make any motion allowed by the Federal Rules of Civil Procedure, which is brought in good faith, at any time without prior approval of a court.

Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b).[3] The Second Circuit has explained that the

> purpose of the rule is to <u>ensure that the prevailing party will recover in full</u>, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. A district court therefore may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment.

<u>In re Nassau County Strip Search Cases</u>, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (citation omitted) (emphasis added). A court may consider the following non-exclusive factors in determining whether to waive the <u>supersedeas</u> bond requirement under Rule 62:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

<u>Id.</u> at 417–18 (citation omitted).

---

[3] In 2018, the Advisory Committee amended and revised the subdivisions of former Rule 62. The Committee moved the <u>supersedeas</u> bond provisions of former Rule 62(d) to Rule 62(b), making "explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62, 2018 Amendments.

4

Shkreli moves to stay enforcement of the monetary judgment pending appeal, offering only his remainder interest in shares of Phoenixus AG as substitute for a bond.  These shares are currently held by a receiver appointed in Koestler v. Shkreli, 16CV07175, to satisfy the judgment against Shkreli in that unrelated civil case.  In Koestler, the plaintiff seeks to collect on a judgment in the amount of $2,614,930 that the plaintiff obtained against Shkreli in 2017.  Shkreli argues that shares of a company's stock can constitute "other security" within the meaning of Rule 62(b), and that he should therefore be allowed to post as substitute for a bond any shares left over after the Koestler judgment is satisfied.

Shkreli's proposed bond is insufficient to "ensure that the prevailing party will recover in full."  In re Naussau County Strip Search Cases, 783 F.3d at 417.  Phoenixus AG is a private company, and it is not clear what the market value of its shares is or even when that value will be determined.  It is even unclear whether the sale of the shares will be sufficient to satisfy the judgment obtained by the plaintiff in Koestler. Even if a private company's stock may, under some circumstances, provide an appropriate substitute for a bond under Rule 62(b), Shkreli's future interest in any shares that may remain after the Koestler judgment is satisfied is entirely speculative and

provides no assurance that the plaintiffs here will be able to collect on their judgment after success on appeal.

Shkreli also argues that he should be allowed to post his Phoenixus AG shares as a substitute for a bond because he has no other significant assets that could be used to post a bond or satisfy the judgment against him.  This argument, however, cuts against his request, as it effectively concedes the second, third, and fourth Nassau County factors.  Courts in this district have often held that such financial difficulties weigh heavily against issuance of a stay without bond.  See, e.g., Frye v. Lagerstrom, No. 15CV05348 (NRB), 2018 WL 4935805, at *4 (S.D.N.Y. Oct. 10, 2018).

## Conclusion

The defendant's March 7, 2022 motion to stay the execution of the monetary judgment pending appeal is denied.

Dated:    New York, New York
          March 17, 2022

                                    _____
                                         DENISE COTE
                                    United States District Judge