UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF OHIO, COMMONWEALTH OF PENNSYLVANIA, STATE OF ILLINOIS, STATE OF NORTH CAROLINA, and COMMONWEALTH OF VIRGINIA,

Plaintiffs,

-v-

MARTIN SHKRELI,

Defendant.

20cv706 (DLC)

ORDER

DENISE COTE, District Judge:

The States of California, Ohio, and Illinois, and the Commonwealth of Pennsylvania (the "Moving States") seek to recover pursuant to § 16 of the Clayton Act roughly $2.2 million in attorney's fees following the entry of an injunction against the defendant Martin Shkreli for his violation of the federal antitrust laws. The motion is granted in part.

**Background**

The events underlying this action are described in the Findings of Fact and Conclusions of Law of January 14, 2022, filed following a non-jury trial. It is incorporated by reference (the "Opinion"). FTC v. Shkreli, No. 20CV00706 (DLC), 2022 WL 135026, at *1-30 (S.D.N.Y. Jan. 14, 2022) ("Shkreli I").

After a lengthy investigation, on January 27, 2020, the Federal Trade Commission ("FTC") and the State of New York commenced this antitrust enforcement action against Shkreli and others. As of March 30, 2021, the plaintiffs waived their right to money damages and sought only declaratory, injunctive, and equitable monetary relief.

On April 14, 2020, six more States, including the Moving States, joined the suit.[1] The plaintiffs filed an Amended Complaint, petitioning for relief

> pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), Section 16 of the Clayton Act, 15 U.S.C § 2, [and each State's antitrust laws] . . . for a permanent injunction and other equitable relief, including equitable monetary relief, against Defendants . . . to undo and prevent their anticompetitive conduct and unfair methods of competition.

The Amended Complaint's Prayer for Relief also sought, among other things, a permanent injunction pursuant to § 13(b) of the FTC Act and § 16 of the Clayton Act.

Only Shkreli proceeded to trial. A bench trial was held between December 14 and 22, 2021. On January 14, 2022, this Court entered Findings of Fact and Conclusions of Law holding Shkreli individually liable for violations of the following antitrust laws: §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-

[1] The other two state plaintiffs are the State of North Carolina and the Commonwealth of Virginia.

2, § 5(a) of the FTC Act, 15 U.S.C. § 45(a), and each plaintiff States' laws against restraint of trade. Shkreli I, 2022 WL 135026, at *35. The Opinion ordered that Shkreli be banned for life from participation in the pharmaceutical industry (the "Injunction"). Id. at *44-46. On February 4, a final judgment entered the Injunction and permitted the States to seek attorney's fees within 30 days. FTC v. Shkreli, No. 20CV00706 (DLC), 2022 WL 336973 (S.D.N.Y. Feb. 4, 2022).

On March 7, the Moving States filed a motion to recover attorney's fees pursuant to § 16 of the Clayton Act, 15 U.S.C § 26, and Fed. R. Civ. P. 54. Shkreli opposes the motion. The motion became fully submitted on April 11.

**Discussion**

The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Peter v. Nantkwest, Inc., 140 S. Ct. 365, 370 (2019) (citation omitted). In order to overcome this presumption, the party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Shkreli opposes the Moving States' motion on two grounds. He challenges the Moving States' entitlement to fees under the Clayton Act and argues that the sum requested is unreasonable.

I. Section 16 of the Clayton Act

It is undisputed that § 16 of the Clayton Act permits each of the State plaintiffs to seek injunctive relief in response to Shkreli's conduct and that the Amended Complaint sought injunctive relief pursuant to that provision of the law. Shkreli argues, however, that the Moving States are not entitled to attorney's fees because the plaintiffs did not refer to § 16 in their proposed conclusions of law filed in advance of trial and because the Opinion did not mention § 16.

Section 16 of the Clayton Act permits "any person" to obtain injunctive relief "against threatened loss or damage by a violation of the antitrust laws." 15 U.S.C. § 26. A state suing in its parens patriae capacity qualifies as a "person" under this section. See Hawaii v. Standard Oil Co. of Cal., 405 U.S. 251, 261 (1972); see also FTC v. Vyera Pharms., LLC, No. 20CV00706 (DLC), 2021 WL 4392481, at *1 (S.D.N.Y. Sept. 24, 2021).

Section 16 provides that in "any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee,

to such plaintiff." 15 U.S.C. § 26 (emphasis added).[2] A plaintiff substantially prevails when the lawsuit results in a "judicially sanctioned change in the legal relationship of the parties." CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 422 (2016) (citation omitted).

The plaintiffs, including the Moving States, obtained a final judgment and the Injunction. There is no question that they substantially prevailed at trial and that there is a judicially sanctioned change in the relationship between the plaintiffs and Shkreli. Shkreli does not suggest otherwise. Accordingly, the Moving States are entitled to an award of attorneys' fees pursuant to § 16.

Shkreli argues that § 16 cannot provide a basis for an award of fees because it was not mentioned in the Opinion. What was in dispute at trial was whether the plaintiffs carried their burden of proof to show that Shkreli violated §§ 1 and 2 of the Sherman Act, not whether the plaintiff States were authorized by § 16 to bring suit for those violations. The absence of a reference to § 16 in the Opinion is of absolutely no moment. The Injunction itself specifically refers to § 16 of the Clayton Act as one of the bases for the Injunction.

[2] Section 13(b) of the FTC Act, which authorizes the FTC to obtain injunctive relief against the violation of any law it enforces, including violations of the Sherman Act, does not contain a fee-shifting provision. 15 U.S.C. § 53(b).

Shkreli next argues that the legal standard the Court applied in the Opinion to determine that an Injunction was warranted differs from that required by § 16. That argument also fails. In making this argument, Shkreli refers to cases describing the proof required to obtain a preliminary injunction in merger cases. These cases are inapposite.

II. Reasonable Attorney's Fees

Section 16 of the Clayton Act limits the prevailing plaintiff's award to a "reasonable attorney's fee." 15 U.S.C. § 26. The lodestar approach is "the guiding light of our fee-shifting jurisprudence." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010). The lodestar method involves "determining a reasonable hourly rate by considering all pertinent factors . . . and then multiplying that rate by the number of hours reasonably expended to determine the presumptively reasonable fee." Lilly v. City of New York, 934 F.3d 222, 230 (2d Cir. 2019). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

The Supreme Court has instructed that fee disputes "should not result in a second major litigation." Fox v. Vice, 563 U.S. 826, 838 (2011) (citation omitted). This is because "[t]he

essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." Id. As a result, "trial courts may take into account their overall sense of a suit" in assessing fees, "and may use estimates in calculating and allocating an attorney's time." Id.

The Moving States have provided a calculation of attorneys' fees based on the lodestar method and assert that method produces an attorneys' fee award of $2,208,565.03.[3] Shkreli does not object to the hourly rates in this calculation; he does object to the number of hours.

In this litigation, most of the legal work for the plaintiffs was performed by the FTC and the State of New York and not the Moving States. The FTC and the State of New York were the parties involved in the underlying investigations and were the parties who initiated this lawsuit. The Moving States agree that they are not entitled to be reimbursed for any work that they performed that is duplicative of that performed by the FTC or the State of New York.

Any plaintiff who joined the litigation is entitled nonetheless to be reimbursed for the legal work associated with the decision to join the litigation, with monitoring its

[3] The Moving States initially sought $2,209,045.23 and revised that figure down by $480.20 following the correction of a typographical error in a time entry.

progress, with deciding whether to join in any particular application to the Court, and with weighing in on the ultimate resolution of the litigation. It will be assumed for purposes of addressing this motion, that that amounts to compensation for approximately 50 hours of work per Moving State.

The Moving States are also entitled to be compensated for any particular tasks for the plaintiffs which were assigned to them. Those tasks might include assembling, reviewing, and producing discovery materials from their jurisdiction, taking or defending a deposition, or drafting a brief or letter to be submitted on behalf of the plaintiffs.

The declarations submitted by the Moving States do not identify any specific task that they were assigned to perform on behalf of the plaintiffs. The time records that the Moving States have submitted reflect particular tasks performed by individual counsel, but without the context that would permit the evaluation needed for reimbursement. Accordingly, the Moving States will be permitted to supplement their request.

## Conclusion

The Moving States will be given an opportunity to submit supplemental declarations that describe any particular tasks for which they contend they are entitled to be compensated and a revised lodestar calculation. The Clerk of Court shall mail a

copy of this Order to Martin Shkreli and note service on the docket.

Dated: New York, New York
April 26, 2022

DENISE COTE
United States District Judge