IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION; STATE
OF NEW YORK; STATE OF CALIFORNIA;
STATE OF ILLINOIS; STATE OF NORTH
CAROLINA; STATE OF OHIO;
COMMONWEALTH OF PENNSYLVANIA;
and COMMONWEALTH OF VIRGINIA,

                      Plaintiffs,

v.

VYERA PHARMACEUTICALS, LLC;
PHOENIXUS AG; MARTIN SHKRELI,
individually, as an owner and former
director of Phoenixus AG and a former
executive of Vyera Pharmaceuticals, LLC;
and KEVIN MULLEADY, individually, as
an owner and former director of Phoenixus
AG and a former executive of Vyera
Pharmaceuticals, LLC,

                      Defendants.

Case No. 1:20-cv-00706-DLC

**Plaintiffs' Memorandum of Law in Support of Motion for an Order to Show Cause Why Defendant Shkreli Should Not Be Found in Civil Contempt for Violating the Court's February 4, 2022 Order**

This Court banned Defendant Martin Shkreli "for life from directly or indirectly participating in any manner in the pharmaceutical industry" and ordered him to pay up to $64.6 million in equitable monetary relief. The Court's Order includes reporting and access-to-information provisions to enable Plaintiffs to monitor and assess Shkreli's compliance with the Order. Because of concerns with Shkreli's nonpayment of the monetary judgment and news of Shkreli's formation of the new company "Druglike, Inc.," which claims to be involved in "early-stage drug discovery," Plaintiffs invoked these provisions on October 13, 2022. Specifically, Plaintiffs requested a supplemental Compliance Report, access to Shkreli's relevant documents,

and an interview with Shkreli. Since then, Plaintiffs have diligently tried, without success, to obtain the requested documents and information.

Shkreli has flouted the Court's Order and Plaintiffs' efforts to monitor and assess his compliance with the Order. Plaintiffs ask the Court to issue an order to show cause why Shkreli should not be found in civil contempt and ordered to fully comply with Plaintiffs' October 13, 2022 compliance requests under the Order as follows: (1) submit a complete supplemental Compliance Report with all requested documentation within 10 days of the Court's decision; (2) provide Plaintiffs access to all requested documents (or copies thereof) within 14 days of the Court's decision; and (3) sit for an interview within 21 days of the Court's decision on the topics requested at a date and time agreed to by Plaintiffs.

## I.     Factual Background

### A.  The Order

On January 14, 2022, following a full trial on the merits, this Court issued an opinion and order finding that Shkreli had violated federal and state antitrust laws through his scheme to block generic competition for the life-saving drug Daraprim, for which he raised the price by 4,000% (ECF No. 865).

On February 4, 2022, the Court issued an Order for Permanent Injunction and Equitable Monetary Relief (ECF No. 876) ("the Order"). The Order bans and enjoins Shkreli for life "from directly or indirectly participating in any manner in the pharmaceutical industry." Order § II. The Order also directs Shkreli to pay the Plaintiff States up to $64.6 million within 30 days of entry of the Order (meaning by March 6, 2022).[1] Order ¶¶ III.A-B.

---

[1] Up to $40 million of the $64.6 million judgment is subject to a setoff equal to the equitable monetary relief paid by the Corporate Defendants by December 6, 2031, pursuant to the Stipulated Order for Permanent Injunction and Equitable Monetary Relief entered December 7, 2021 (ECF No.754). Order ¶ III.A.

To ensure Shkreli's compliance, the Order requires Shkreli to provide compliance reports (§ IV) and access to information, interviews, and documents (§ V). Under Section IV, Shkreli is required to provide verified written Compliance Reports at regular intervals (within 60 days of entry of the Order and then annually thereafter) and "[a]t such other times as the [Federal Trade] Commission or a Plaintiff State may require." Order ¶ IV.A. In each Compliance Report, Shkreli must "set forth in detail the manner and form in which he intends to comply, has complied and is complying with the Order" (Order ¶ IV.A) and provide a verified written statement that "he is not directly or indirectly participating in any manner in the pharmaceutical industry."[2] Order ¶ IV.B.1. If Shkreli has not satisfied the monetary judgment, he must also submit a copy of his "most recent tax return, a full and complete accounting of all [his] assets, and a full and complete accounting of all assets that [he] has transferred, sold or otherwise disposed of during the 12 month period preceding the submission of the Compliance Report." Order ¶ IV.B.3

Under Section V of the Order, for "purposes of determining or securing compliance with this Order, including payment of the monetary judgment," Shkreli, upon five days' notice, must: (1) "Make himself available for interview, in the presence of counsel, by a duly authorized representative of the Commission or a Designated State Representative"; and (2) "Provide to any duly authorized representative of the Commission or a Designated State Representative, during business hours and in the presence of counsel, access to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in [] Shkreli's possession or control that relate to compliance with this Order." Order § V.

---

[2] The verified statement and lifetime ban are subject to a "Qualified Employment" exception, in which he can provide written notice of his intent to accept an employment offer and accept the employment offer if, after 20 working days, no Plaintiff objects. Order ¶¶ II.G, IV.B.1.

## B. Concerns about Shkreli's compliance with the Order

Less than a year after this Court issued its Order, Shkreli may be violating the Order's terms in at least two significant ways. First, Shkreli has not fulfilled the Order's directive to pay the monetary judgment by March 6, 2022. In fact, to date he has paid nothing toward the judgment, and has made no efforts to comply with this provision of the Order. Plaintiffs understand that Shkreli is also defendant to a judgment creditor action pending in this Court, *Koestler v. Shkreli*, No. 16-cv-7175, and that Shkreli's known significant assets, including his ownership stake in Phoenixus LLP, are currently in receivership to satisfy that judgment. Plaintiffs expect, however, that Shkreli's finances may have improved since his release from prison in May 2022[3] and his release from a halfway house in September 2022.[4]

Second, on July 25, 2022, Shkreli announced the formation of a new company, Druglike, Inc., that appears to be involved in the pharmaceutical industry. The company's press release describes Druglike as "a Web3 drug discovery software platform co-founded by Martin Shkreli." Ex. A at 1. Shkreli explained that "'[w]e started Druglike because in our experience, traditional drug discovery software is too difficult and expensive to use. . . . Druglike will remove barriers to early-stage drug discovery, increase innovation and allow a broader group of contributors to share the rewards.'" *Id*. Shkreli proclaimed that "'[w]e will disrupt the economics of the drug business by allowing a wide pool of innovators and contributors, rather than only pharmaceutical giants, to profit from drug discovery.'" *Id*. According to the press release, the Druglike platform will operate using $MSI, a cryptocurrency token. *Id.* The website for the $MSI token states that "MSI's first project is Druglike, a Decentralized Science (DeSci) Silico Web3 Platform

---

[3] Rina Torchinsky, "'Pharma Bro' Martin Shkreli has been released from prison," NPR (May 19, 2022), https://www.npr.org/2022/05/19/1100019063/pharma-bro-martin-shkreli-been-released-from-prison.

[4] Dana Kennedy & Brad Hamilton, "Martin Shkreli out of prison, trying to start a rap career," New York Post (Sept. 24, 2022), https://nypost.com/2022/09/24/martin-shkreli-out-of-prison-trying-to-start-rap-career/.

democratizing access to the early stages of pharmaceutical drug discovery, funding of future pharmaceuticals, and intellectual property rights." (Ex. B at 1).

### C. Efforts to invoke the Order's compliance provisions

To assess whether Shkreli's involvement with Druglike violates Section II of the Order (the lifetime pharmaceutical industry ban) and whether his failure to pay any portion of monetary judgment violates Section III of the Order, Plaintiffs invoked the Order's compliance and access-to-information provisions to obtain relevant information and documents.

On October 13, 2022, Plaintiffs sent Shkreli[5] a letter via email notifying him that, under the compliance and access-to-information provisions of the Order, he must: (1) provide a supplemental Compliance Report[6] by November 4, 2022; (2) provide access to all relevant documents and records in his control by November 14, 2022; and (3) sit for an interview on November 16, 2022. (Ex. C ¶¶ 2-3 (Declaration of Christine Tasso); Ex. C-1 at 3-4). For the access-to-documents and interview requirements, Plaintiffs offered Shkreli the alternative option to provide written responses and documents sufficient to support his responses by November 4, 2022. (Ex. C ¶ 4; Ex. C-1 at 7). Shkreli immediately replied via email acknowledging his receipt and stating his intent to respond. (Ex. C ¶ 5; Ex. C-2 at 6-7).

But to date, Shkreli has not provided the supplemental Compliance Report, or any other material requested in the October 13th letter, despite Plaintiffs' diligent efforts to obtain his compliance. Shkreli did not provide the supplemental Compliance Report by the given deadline

---

[5] Prior to contacting Shkreli directly, Plaintiffs confirmed that Shkreli was no longer represented by his trial counsel and that his appellate counsel only represents him in his appeal to the Second Circuit.

[6] On April 5, 2022, Shkreli submitted a Compliance Report. This report did not mention Druglike or provide information regarding how Shkreli planned to comply with the Order's monetary judgement. Because the compliance report contains sensitive personal information, including his social security number, Plaintiffs have not included it with this filing, but will make the report available to the Court upon request.

of November 4, 2022 (Ex. C ¶ 6), and on November 7, 2022, after Plaintiffs inquired about the missed deadline via email, Shkreli replied that he was "[s]orry for the delay!" and would attend the "interview on the 16th with counsel." (Ex. C ¶ 8; Ex. C-2 at 5). Plaintiffs then reiterated that Shkreli was also required to provide a supplemental Compliance Report and the location of the documents for inspection and asked him to identify his counsel. (Ex. C ¶ 9; Ex. C-2 at 4). Later that day, Shkreli replied that he would email the relevant documents, informing Plaintiffs that there were not "too many." (Ex. C ¶ 10; Ex. C-2 at 3). In response, Plaintiffs extended the deadline for the supplemental Compliance Report to November 9, 2022.[7] (Ex. C ¶ 11; Ex. C-2 at 2).

On November 8, 2022, Shkreli requested another extension (Ex. C ¶ 13; Ex. C-5 at 1), and on November 9, 2022, Shkreli identified Brianne Murphy of Murphy Group CNY[8] as his counsel.[9] (Ex. C ¶ 14; Ex. C-2 at 1). Plaintiffs replied by acknowledging Ms. Murphy as Shkreli's counsel and again extending the deadline for the supplemental Compliance Report to November 15, 2022. (Ex. C ¶ 15; Ex. C-2 at 1).

On November 15, 2022, Shkreli once again failed to submit a supplemental Compliance Report or even acknowledge the deadline in any way. (Ex. C ¶ 17). On November 17, 2022, Plaintiffs called Ms. Murphy and, at her request, agreed to extend the deadline for the supplemental Compliance Report yet again to December 2, 2022. (Ex. C ¶¶ 18-19; Ex. C-6 at 1).

---

[7] At Shkreli's request, Plaintiffs also yet again explained the requirements for the supplemental Compliance Report. (Ex. C ¶¶ 10-11; Ex. C-2 at 2-3).

[8] Ms. Murphy also represents Shkreli before this Court in *Koestler v. Shkreli*. Notice of Appearance by Brianne Elise Murphy on Behalf of Martin Shkreli, Case No. 16-cv-7175, Dkt. 51 (Mar. 19, 2021).

[9] In the same November 9, 2022 email identifying Ms. Murphy as his counsel, Shkreli included what he represented as his "SUPPLEMENTAL COMPLIANCE REPORT." (Ex. C ¶ 14; Ex. C-2 at 1-2). The email, however, did not satisfy the requirements for a supplemental Compliance Report (Ex. C ¶ 14), and Ms. Murphy asked Plaintiffs to "disregard" Shkreli's email containing the purported supplemental Compliance Report. (Ex. C ¶ 16; Ex. C-6 at 3).

6

On the third extended deadline of December 2, 2022, Shkreli once again failed to provide the required supplemental Compliance Report or to acknowledge the deadline in any way. (Ex. C ¶ 20). Plaintiffs left a voicemail for Ms. Murphy on December 5, 2022, but have not received any response. (Ex. C ¶¶ 21-22).

## II. Argument

### A. Clear and convincing evidence establishes that Shkreli has violated the Court's Order by failing to abide with its compliance requirements

The Court has "'the inherent power'" to hold Shkreli in civil contempt to enforce compliance with its Order. *Cordius Trust v. Kummerfield*, No. 99-cv-3200, 2009 WL 3416235, at *5 (S.D.N.Y. Oct. 23, 2009) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981)). Having adjudicated the merits, the Court "retains jurisdiction over supplementary proceedings to effectuate enforcement of its judgments." *Cordius* Trust, 2009 WL 3416235 at *7 (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)); *Covanta Onondaga Ltd v. Onondaga Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003)). The Court need not find the violation to be willful to hold Shkreli in contempt. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys.*, 369 F.3d 645, 655 (2d Cir. 2004); *Cordius Trust*, 2009 WL 3416235 at *6 (quoting same).

A federal district court may hold a party in civil contempt for failing to comply with an order if: (1) the order is clear and unambiguous; (2) the proof of the party's noncompliance is clear and unambiguous; and (3) the party "has not diligently attempted to comply in a reasonable manner." *Latino Officers Ass'n of New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009); *Cordius Trust*, 2009 WL 3416235 at *6 (quoting same). "In the context of civil contempt, the clear and convincing standard requires 'a quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred.'" *Cordius Trust*, 2009 WL 3416235 at *6 (quoting

*Levin v. Tiber Holding Co.*, 277 F.3d 243, 250 (2d Cir. 2002)). All three elements are easily met here.

First, the Court's February 4th Order is clear and unambiguous. The Court issued the Order after a full trial on the merits and upon consideration of significant additional briefing by Plaintiffs and Shkreli on the Order's terms. The Order clearly requires Shkreli (1) to provide a complete Compliance Report at both regular intervals and at other times as required by Plaintiffs and (2) with five days' notice, make himself available for an interview and provide access to relevant materials. Shkreli has not questioned or challenged the clarity of these provisions. Based on Shkreli's nonpayment—and complete lack of effort to pay any part—of the monetary judgment and the serious Order compliance questions raised by the launch of Druglike and the $MSI cryptocurrency, Plaintiffs requested that Shkreli provide a supplemental Compliance Report and information for the "purposes of determining or securing compliance with this Order, including payment of the monetary judgment." Order § V, ¶ IV.A.3.

Second, Shkreli's noncompliance is also clear and unambiguous: Shkreli has not submitted a supplemental Compliance Report, provided access to relevant documents, or made himself available for an interview.

Finally, Shkreli has not attempted—much less "diligently," as Second Circuit law requires—to comply with the Order in a reasonable manner. Plaintiffs have courteously extended compliance deadlines numerous times, but Shkreli has failed to meet them. Shkreli ignored the most recent deadline extension and failed to respond to Plaintiffs' recent efforts to secure compliance.

**B.  Sanctions are necessary to secure Shkreli's compliance with the Court's Order**

Civil contempt sanctions serve the purpose of securing future compliance with the court's orders. *Cordius Trust*, 2009 WL 3416235 at *6 (quoting *Paramedics*, 369 F.3d at 657). "Where the contempt sanction is coercive, a district court has 'broad discretion to design a remedy that will bring about compliance.'" *Cordius Trust*, 2009 WL 3416235 at *6 (quoting *Paramedics*, 369 F.3d at 657).

In addition to the requested order to show cause, Plaintiffs ask the Court to sanction Shkreli for violating the Court's February 4th Order and order him to: (1) submit a complete supplemental Compliance Report with all necessary documentation within 10 days of the Court's decision; (2) provide Plaintiffs access to all relevant documents or copies of all relevant documents previously requested by Plaintiffs in their October 13, 2022 letter within 14 days of the Court's decision; and (3) sit for an interview at a date mutually agreeable by Plaintiffs within 21 days of the Court's decision.

Dated: January 20, 2023

Respectfully submitted,

/s/ Markus H. Meier
Markus H. Meier
Maribeth Petrizzi
Susan Huber
Christine Tasso
Danielle M. Sims
Bradley S. Albert
Maren Haneberg

Federal Trade Commission
600 Pennsylvania Ave. N.W.
Washington, D.C. 20580
Tel: (202) 326-3759
mmeier@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

/s/ Elinor R. Hoffmann
Elinor R. Hoffmann
Amy MacFarlane
Saami Zain

New York State  
Office of the Attorney General  
28 Liberty St.  
New York, N.Y., 10005  
Tel: (212) 416-8269

elinor.hoffmann@ag.ny.gov

*Counsel for State of New York on Behalf of State Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I served a true and correct copy of the foregoing Plaintiffs' Motion for an Order to Show Cause Why Defendant Martin Shkreli Should Not Be Held in Civil Contempt for Violating the Court's February 4, 2022 Order and accompanying Memorandum of Law on all counsel of record in this action via ECF and on Brianne Murphy via certified mail.

Dated: January 20, 2023

/s/ *Maren Haneberg*
Maren Haneberg
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
(202) 326-3084
mhaneberg@ftc.gov