**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION; STATE
OF NEW YORK; STATE OF CALIFORNIA;
STATE OF ILLINOIS; STATE OF NORTH
CAROLINA; STATE OF OHIO;
COMMONWEALTH OF PENNSYLVANIA;
and COMMONWEALTH OF VIRGINIA,

Plaintiffs,

v.

VYERA PHARMACEUTICALS, LLC;
PHOENIXUS AG; MARTIN SHKRELI,
individually, as an owner and former
director of Phoenixus AG and a former
executive of Vyera Pharmaceuticals, LLC;
and KEVIN MULLEADY, individually, as
an owner and former director of Phoenixus
AG and a former executive of Vyera
Pharmaceuticals, LLC,

Defendants.

Case No. 1:20-cv-00706-DLC

**Declaration of Christine Tasso in Support of Plaintiffs' Motion to Hold Defendant Martin
Shkreli in Contempt and Sanction Shkreli for Violating the Court's
February 4, 2022 Order**

Christine Tasso, pursuant to 28 USC § 1746, declare as follows:

1.      I am an attorney at the Federal Trade Commission in the Bureau of Competition's

Compliance Division, where I monitor Defendant Martin Shkreli's compliance with the Court's

February 4, 2022, Order for Permanent Injunction and Equitable Monetary Relief (Dkt. No. 876)

("the Order").

2.      On October 13, 2022, I sent Defendant Shkreli a letter via email requesting that he

provide a supplemental Compliance Report by November 4, 2022, in accordance with Paragraph

IV.A of the Order. I also attached a copy of the Order. Exhibit C-1 is a true and correct copy of this email and letter.

3.      The October 13th letter also advised Defendant Shkreli that, in accordance with Section V of the Order, he must (a) make documents and materials available to Plaintiffs for inspection and copying on November 14, 2022, and (b) sit for an interview on November 16, 2022, regarding (i) whether his involvement with Druglike violates the Order's lifetime pharmaceutical ban and (ii) his failure to pay any of the equitable monetary relief as ordered. (Ex. C-1 at 3-4).

4.      In the October 13th letter, Plaintiffs also offered to forgo the interview and open access to documents for the time being if, by November 4, 2022, Defendant Shkreli provided "(1) verified written responses fully addressing the issued identified [in the letter] and (2) a copy of all supporting documentation." (Ex. C-1 at 7).

5.      Defendant Shkreli replied to my communication via email on October 13, 2022, acknowledging receipt of my letter, and stating: "I will be responding and trust my answers and supporting documentation (to the extent I am able to provide them) will assuage any concerns you may have." (Ex. C-2 at 6-7). Exhibit C-2 is a true and correct copy of this email, as well as additional emails between Defendant Shkreli and me dating from October 13 to November 9, 2022.

6.      Defendant Shkreli did not provide the supplemental Compliance Report by the deadline of November 4, 2022.

7.      On November 7, 2022, I emailed Defendant Shkreli, notifying him that his failure to submit a supplemental Compliance Report by the November 4th deadline was a violation of Paragraph IV.A of the Court's Order. I further stated that Plaintiffs intended to proceed with

2

obtaining access to all relevant records on November 14, 2022, and to interview Defendant

Shkreli on the identified issues on November 16, 2022. I noted that he was entitled to have

counsel present at the interview and asked him to inform us if he retains counsel in this matter. I

attached Plaintiffs' October 13th letter to my email. Exhibit C-3 is a true and correct copy of this

email and letter.

8.      On the same day (November 7, 2022) Defendant Shkreli replied to my email

described in Paragraph 7 above, stating "Sorry for the delay! I will see you on the 16th.  I will

bring counsel." (Ex. C-2 at 5).

9.      I replied to Defendant Shkreli's November 7, 2022, email described in Paragraph

8 above and informed him that, in addition to the interview, he was required to provide a

supplemental Compliance Report and the location where we would have access to the relevant

documents. Finally, I requested that he identify counsel and anyone else that would be attending

the interview with him. (Ex. C-2 at 4).

10.     Later that same day (November 7, 2022), Defendant Shkreli replied to my email

described in Paragraph 9 above, stating "I will email you the relevant documents/records by

November 14th. There are not too many." (Ex. C-2 at 3). Despite the clear instructions in

Plaintiffs' original October 13th letter, Defendant Shkreli also asked "[w]hat goes into the

supplemental Compliance Report?" (Ex. C-2 at 3).

11.     On November 8, 2022, I replied to Defendant Shkreli via email, stating that he

must submit his supplemental Compliance Report by 5:00 pm EST on November 9, 2022

(extended from the original deadline of November 4, 2022). (Ex. C-2 at 2). I again detailed what

he must include in the supplemental Compliance Report and attached Plaintiffs' October 13th

letter. (Ex. C-2 at 2-3). I reiterated that, under Paragraph V.B of the Order, Plaintiffs would

require "copies or access to 'all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents' in [his] possession or control that relate to compliance with the Order." (Ex. C-2 at 3). Finally, I recommended that Defendant Shkreli seek legal counsel if he still did not understand the requirements for the supplemental Compliance Report. (Ex. C-2 at 3).

12.     Defendant Shkreli replied on November 8, 2022, to thank me for the instructions and informed us that joining him for the interview would be "either Brianne Murphy or Kimo Peluso or both." (Ex. C-4 at 1). Exhibit C-4 is a true and correct copy of this email and preceding email communications between Defendant Shkreli and me.

13.     Later that same day (November 8, 2022), Defendant Shkreli emailed me that he had "been advised by counsel to ask for an extension for filing the Supplemental Compliance Report" until November 15, 2022. (Ex. C-5 at 1). He also stated that he "anticipate[d] my attorneys will reach out as well," but he did not identify his counsel. (Ex. C-5 at 1). Exhibit C-5 is a true and correct copy of this email and preceding email communications between Defendant Shkreli and me.

14.     On November 9, 2022, Defendant Shkreli notified Plaintiffs via email that he would be represented by Brianne Murphy going forward. He also stated that he didn't "really know how to prepare" the supplemental Compliance Report and thus needed the extension. (Ex. C-2 at 1). Defendant Shkreli, however, included in the text of the email what he represented as his "SUPPLEMENTAL COMPLIANCE REPORT" in lieu of the extension. (Ex. C-2 at 1-2). The November 9, 2022, email from Defendant Shkreli did not satisfy the requirements for a supplemental Compliance Report.

15.     On November 9, 2022, I replied to Defendant Shkreli via email (and copying his counsel) that Plaintiffs agreed to extend the deadline for Defendant Shkreli's supplemental Compliance Report to November 15, 2022, as he had requested. (Ex. C-2 at 1). I also notified him that, now that he was represented by counsel, moving forward all Plaintiff communications would be directed to Ms. Murphy. (Ex. C-2 at 1).

16.     On November 9, 2022, Ms. Murphy emailed me asking that Plaintiffs "disregard" Defendant Shkreli's earlier email purporting to include a supplemental Compliance Report "other than the fact that he is represented by his counsel…." (Ex. C-6 at 3). Exhibit C-6 is a true and correct copy of this email as well as previous communications between Defendant Shkreli and me.

17.     Defendant Shkreli did not provide a supplemental Compliance Report by the extended deadline of November 15, 2022.

18.     On November 17, 2022, I reached Ms. Murphy by phone, and we discussed yet another extension of the deadline to December 2, 2022. I also asked her about availability for an interview the week of December 12, 2022.

19.     On November 17, 2022, I emailed Ms. Murphy copies of Plaintiffs' October 13th letter and the Court's Order. (Ex. C-6). I noted that we had not received the supplemental Compliance Report that was due on November 15, 2022. I informed Ms. Murphy that "[b]ecause you have only recently been brought on to the matter, we are extending the due date for the supplemental Compliance Report to December 2, 2022." (Ex. C-6 at 1). I again asked for Defendant Shkreli's availability for an interview the week of December 12, 2022. (Ex. C-6 at 1). Exhibit C-6 is a true and correct copy of this email and the attached letter and Order.

20.     Defendant Shkreli did not submit a supplemental Compliance Report by the further extended deadline of December 2, 2022, and Ms. Murphy never responded with Defendant Shkreli's availability for an interview.

21.     On December 5, 2022, I left a voicemail for Ms. Murphy, asking her to return my call.

22.     To date, I have not heard back from Ms. Murphy, and Defendant Shkreli has not submitted a supplemental Compliance Report.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on January 20, 2023               */s/ Christine Tasso*_____
                                            Christine Tasso

# Exhibit C-1

**Haneberg, Maren**

---

| | |
|---|---|
| **From:** | Tasso, Christine |
| **Sent:** | Thursday, October 13, 2022 5:45 PM |
| **To:** | martin@martinshkreli.com |
| **Cc:** | Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; 'Zain, Saami'; Quyen D. Toland; Michael.Goldsmith@doj.ca.gov; Schultz, Richard; Beth Finnerty; Derek Whiddon; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T.; Petrizzi, Maribeth; Huber, Susan; Sims, Danielle; Meier, Markus H.; Albert, Bradley Scott; Guy, Stephanie; Haneberg, Maren |
| **Subject:** | FTC v Shkreli (1:20-cv-00706-DLC): Order compliance |
| **Attachments:** | 876, 2022.02.04 Order for Permanent Injunction & EMR.pdf; 2022.10.13 Plaintiffs' ltr to Shkreli.pdf |

Dear Mr. Shkreli,

Please see the attached letter regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief in the matter of Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.).

Regards,

Christine Tasso
Federal Trade Commission
Bureau of Competition
400 7th Street, SW
Washington, DC 20024
Phone: (202) 326-2232
Email: ctasso@ftc.gov

 

UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
BUREAU OF COMPETITION

STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL
DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

October 13, 2022

**Via Electronic Mail**

Martin Shkreli
martin@martinshkreli.com
(917) 397-0473

Re:    **Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.)**

Dear Mr. Shkreli:

We currently have two serious concerns regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief ("Order") in the above-referenced matter. We have conferred with Sher Tremonte LLP and Duane Morris LLP and have been informed that neither represents you regarding your compliance obligations. Accordingly, we have sent this letter directly to you. If you retain counsel to represent you in this matter, please let us know and we will provide them with a copy of this letter.

First, Section III of the Order required you to pay at least $24.6 million to the Plaintiff States within 30 days of entry of the Order—i.e., by March 5, 2022. To date, you have neither made any payments towards the judgment, nor have you contacted any Plaintiff State to request or negotiate a payment plan.

Second, Section II of the Order bars you for life from "directly or indirectly participating in any manner in the pharmaceutical industry." Nonetheless, within months of being released from federal prison, we understand that you co-founded Druglike (a.k.a. "Drug Like, Inc."), which is described in its July 25, 2022, press release as "a Web3 drug discovery software platform" that has the "ability to revolutionize drug discovery."

The Order contains provisions that require you to provide information so that we may assess whether you are complying with its terms. We are invoking those provisions now. A copy of the Order, which includes the definitions of terms used herein, is attached.

Exhibit C-1 Page 2 of 17

Martin Shkreli
October 13, 2022
Page 2 of 7

### Compliance Reporting Requirement

Paragraph IV.A of the Order provides that you shall submit Compliance Reports at specified times as well as "[a]t such other times as the Commission or a Plaintiff State may require." We require that you provide a supplemental Compliance Report **by November 4, 2022**. The supplemental Compliance Report must set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order.[1] Please see Section IV of the Order for instructions.

In the supplemental Compliance Report, you must:

1. Set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order, as required by Paragraph IV.A, given your involvement in Druglike and failure to pay the equitable monetary relief required by the Order.

2. Provide a verified statement, as required by Paragraph IV.B.1, that your involvement with Druglike does not constitute "directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G." If you cannot attest that your involvement with Druglike does not violate the Order, you must state so in your supplemental Compliance Report, immediately cease and desist all involvement with Druglike, and provide written verification that you have terminated your involvement with Druglike.

3. Provide the financial information required by Paragraph IV.B.3, which requires you to provide the following information for the 12 months preceding your submission of the supplemental Compliance Report:

   a. Your most recent tax return (which we believe should be more recent than the 2015 tax return you provided in April; if 2015 is your most recent tax return, please explain why);

   b. A full and complete accounting of all your assets, including but not limited to: retirement accounts, such as 401K accounts or annuities; electronic currencies, such as Bitcoin or Martin Shkreli Inu ("MSI"); and real or valuable personal property; and

   c. A full and complete accounting of all assets you have transferred, sold, or otherwise disposed of.

---

[1] Your initial Compliance Report from April 5, 2022, failed to satisfy this requirement.

Exhibit C-1 Page 3 of 17

Martin Shkreli
October 13, 2022
Page 3 of 7

### Access to Information

Section V of the Order provides that you must provide access to information "for purposes of determining or securing compliance with this Order." Specifically, upon five days' notice, you must make yourself "available for interview, in the presence of counsel, by a duly authorized representative of the Commission or a Designated State Representative." In addition, you must provide access to "records and documents" in your "possession or control that relate to compliance with this Order."

We hereby provide the required notice that, on November 14, 2022, we will require access to all records and documents in your possession or control, and on November 16, at a time and location to be determined, we intend to interview you regarding the following two topics:

1. Whether your involvement in Druglike violates the Order; and

2. Your failure to pay any of the $64.6 million in disgorgement you were ordered to pay by March 5, 2022.

More specifically, we will interview you and seek access to records and documents regarding the following:

1. Your role with Druglike, including the start date for your involvement with the company and any titles you currently hold or have held previously.

2. Your Ownership Interest in Druglike, including the amount of equity, debt and shares you hold, your percentage of total ownership, and any agreements and contractual relationships you have with Druglike.

3. All financial investments you have made in Druglike to date and the source of the capital used to make such investments, as well as any investment(s) you have committed to make in the future.

4. Each source of funding to date for Druglike and the amount thereof.

5. All co-owners of Druglike, including the name and contact information of each, any ownership or capitalization charts, and all contracts related to the capitalization and ownership of the company.

6. Any plan(s) Druglike has to become a publicly traded company and any role you expect to have with Druglike should the company become publicly traded.

7. All products and services that Druglike currently offers or plans to offer in the future.

Exhibit C-1 Page 4 of 17

Martin Shkreli
October 13, 2022
Page 4 of 7

8. The current status and anticipated timing of Druglike's future plans for providing products and services, including hiring of employees, fundraising, and release of the Druglike platform for use.

9. Whether you believe Druglike is participating or will participate in the pharmaceutical industry, either directly or indirectly, and the reasons for your belief.

10. Whether Druglike is participating or will participate in any industry other than the pharmaceutical industry and, if so, identify which industries.

11. Whether you believe that Druglike is a Pharmaceutical Company as that term is defined by the Order and the reasons for your belief.

12. Whether you believe Druglike is or will be participating in or directing the research, Development, manufacture, commercialization, distribution, marketing, importation, or sale of a Drug Product or active pharmaceutical ingredient and the reasons for your belief.

13. Whether you believe that Druglike has or will have any involvement in any preclinical or clinical research and development activities related to a Drug Product, including discovery or identification of a new chemical entity, and the reasons for your belief.

14. Druglike's marketing and strategic plans and competitive analyses.

15. All companies or entities other than Druglike that offer a drug discovery software platform.

16. How Druglike is generating and expects to generate revenue, including its current and anticipated fee structure and the types of currency (including MSI), and rights (including royalty rights) that are or will be required for the use of Druglike.

17. What rights, if any, Druglike will have in any drug product, target, or compound drug identified through Druglike's software.

18. A description of the MSI cryptocurrency, when this cryptocurrency was or will be launched, how initial MSI tokens were or will be minted, whether the MSI cryptocurrency had or will have an Initial Coin Offering ("ICO"), and any founding stakeholders for the chain who received or are set to receive the initial MSI tokens.

19. A description of how (if at all) the MSI cryptocurrency implements the scheme described in the "Druglike: Applications of Proof-of-Optimization in Democratized Drug Discovery" whitepaper, and any plans for implementing that scheme.

Exhibit C-1 Page 5 of 17

Martin Shkreli
October 13, 2022
Page 5 of 7

20. To the extent the MSI cryptocurrency implements the Proof of Optimization scheme described in the "Druglike: Applications of Proof-of-Optimization in Democratized Drug Discovery" whitepaper, identify any participants who are either purchasing optimizations or computing them.

21. Whether any MSI tokens have been minted to date, the quantity and price of any MSI tokens you have sold to date, and any arrangements regarding the future minting and sale of MSI tokens.

22. Whether you believe that Druglike is a Qualified Employment engagement as defined by the Order and the reasons for your belief.

23. Your federal and state tax returns for tax years 2016 to present, including whether you did not file federal and/state tax returns in any year(s) and why.

24. The amount of any payments or refunds you have received from the IRS in the last five years, as well as whether you believe you are due any additional payments or refunds from the IRS based on any of your tax returns within the last 10 years, the amount(s) you believe you are due, and the reason(s) for your belief.

25. The amount of any tax payments or refunds you have received from the State of New York in the last five years, as well as whether you believe you are due any additional payments or refunds from the State of New York based on any of your tax returns within the last 10 years, the amount(s) you believe you are due, and the reason(s) for your belief.

26. The conditions under which you can call in payment on the convertible note you hold in Prospero Pharmaceuticals, the current value of the convertible note that you hold in Prospero Pharmaceuticals, and the basis for that determination.

27. Your claim of selling or disposing of your $150,000 investment in Prospero Pharmaceuticals on December 31, 2015, as a "worthless investment" on your 2015 tax return Form 8949, including whether this "worthless" $150,000 investment is different from the $150,000 investment in Prospero that you now identify as a convertible note.

28. A description of the financial terms of the settlement reached with Retrophin, including any amount paid directly to you, any amount paid to an entity that you own, any amount paid to Kang Haggerty or any other Person on your behalf, and any amount you have received from Kang Haggerty or any other Person as part of that settlement; and whether any funds from your settlement with Retrophin remain with Kang Haggerty, the amount of any such funds, and your access to those funds.

29. All sources of income and financial support you have received since leaving prison in May 2022.

Exhibit C-1 Page 6 of 17

Martin Shkreli
October 13, 2022
Page 6 of 7

30. All financial obligations you have incurred since leaving prison in May 2022 and how you have met, or plan to meet, those financial obligations.

31. The financial terms under which you have retained Sher Tremonte LLP or any attorneys from Sher Tremonte LLP to represent you in your appeal of *Federal Trade Commission v. Vyera Pharmaceuticals, LLC*, No. 22-728, to the Second Circuit, including the source(s) of any funds being used or planned to be used to pay Sher Tremonte LLC for this representation.

32. For each work of art you own (in whole or in part) that is currently being displayed or held at an office of Phoenixus or Vyera or any other entity, a description of the artwork, identification of the artist, and an approximate value of the artwork.

33. Whether you received or believe you are entitled to receive any proceeds from the U.S. government's 2021 sale of the Wu Tang Clang album *Once Upon a Time in Shaolin* and, if so, the amount you have received or believe you are entitled to receive.

We are willing to forgo the interview and open access to your records and documents at this time if, **by November 4, 2022,** you provide (1) verified written responses fully addressing the issues identified above and (2) a copy of all supporting documentation. If you do not provide verified written responses fully addressing the issues identified above or fail to provide the required documentation, we will proceed with the inspection of records and documents on November 14, 2022, and the interview on November 16, 2022, as planned.

Section 6(f) of the Federal Trade Commission Act provides for confidential treatment of any trade secret or any commercial or financial information that is privileged or confidential. In addition, section 21(c) of the FTC Act provides that, except in certain circumstances enumerated in sections 6(f) and 21 of the FTC Act, the Commission may not, without giving ten days' written notice of its intention to do so, disclose any document marked "confidential" by the submitting party. If you desire confidential treatment for any portions of your supplemental Compliance Report or documents submitted with the report or in response to the information requests, clearly mark each relevant portion and document "confidential," state why it is confidential, describe the harm that disclosing the portion or information would cause, and provide any other reason justifying confidential treatment for the portion or document. If you do not make the necessary showing that a portion or document is entitled to confidential treatment, it may result in public disclosure of the portion or document.

Since the Commission and Plaintiff States are investigating your compliance with the Order, cease, and instruct all Druglike co-founders and employees to cease, all document destruction activities with respect to information relevant to the requests in this letter. This includes computer files, electronic correspondence, social media and website postings, and all other written, recorded, and graphic material of every kind, including texts. Destruction of

Exhibit C-1 Page 7 of 17

Martin Shkreli
October 13, 2022
Page 7 of 7

relevant documents or other material and assets may violate 18 U.S.C. § 1505, which makes it unlawful to influence, obstruct, or impede the due and proper administration of law.

       As noted above, you must provide the requested supplemental Compliance Report on or before November 4, 2022. Please contact Christine Tasso at ctasso@ftc.gov with any questions.

Sincerely,


*/s/ Maribeth Petrizzi*
Maribeth Petrizzi
Susan Huber
Christine Tasso
Markus H. Meier
Bradley S. Albert
Maren Haneberg

Federal Trade Commission
600 Pennsylvania Ave. N.W.
Washington, D.C. 20580
Tel: (202) 326-2564
mpetrizzi@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

*/s/ Elinor R. Hoffmann*
Elinor R. Hoffmann
Amy MacFarlane
Saami Zain

New York State
Office of the Attorney General
28 Liberty St.
New York, N.Y., 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for State of New York on Behalf of State Plaintiffs*

Exhibit C-1 Page 8 of 17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA<br><br>                       Plaintiffs,<br><br>    v.<br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals, AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC,<br><br>                      Defendants. | **20cv00706 (DLC)** |

## ORDER FOR PERMANENT INJUNCTION
## AND EQUITABLE MONETARY RELIEF

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission"), by its designated

attorneys, and the states or commonwealths of New York, California, Illinois, North Carolina,

Ohio, Pennsylvania, and Virginia (collectively "Plaintiff States"), by and through their

Attorneys General, pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C.

§ 53(b), Section 16 of the Clayton Act, 15 U.S.C § 26, Section 342 of the New York General

<p style="text-align:center;">1</p>

Exhibit C-1 Page 9 of 17

Business Law, Section 63(12) of the New York Executive Law, Sections 16700 *et seq.* and

17200 *et seq.* of the California Business and Professions Code, Section 7 of the Illinois Antitrust

Act, 740 ILCS 10/1 *et seq.*, North Carolina Unfair or Deceptive Practices Act, N.C. Gen. Stat.

§75-1 *et seq.*, Chapter 1331and Section 109.81 of the Ohio Revised Code, Pennsylvania Unfair

Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* and Common Law

Doctrine against Restraints of Trade proceeding under 71 P.S. §732-204 (c) and the Virginia

Antitrust Act, Virginia Code §59.1-9.1 *et seq.*, filed their Amended Complaint for Permanent

Injunctive and Other Equitable Relief against Defendants Vyera Pharmaceuticals, LLC

("Vyera"), Phoenixus AG ("Phoenixus"), Martin Shkreli, and Kevin Mulleady to remedy and

prevent their anticompetitive conduct and unfair methods of competition in or affecting

commerce in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, Section 5(a) of

the Federal Trade Commission Act, 15 U.S.C. § 45(a), and state law.  This Order is entered

against Defendant Martin Shkreli pursuant to the Opinion and Order issued by this Court on

January 14, 2022, and today's Order and Opinion.

## I. DEFINITIONS

**IT IS ORDERED** that, as used in this Order, the following definitions shall apply:

A.    "Defendant Shkreli" means Defendant Martin Shkreli, an individual defendant.
        Defendant Shkreli is the founder of Phoenixus AG and Vyera Pharmaceuticals, LLC.

B.    "Commission" means the United States Federal Trade Commission.

C.    "Plaintiff States" mean the states or commonwealths of New York, California, Illinois,
        North Carolina, Ohio, Pennsylvania, and Virginia.

D.    "Corporate Defendants" mean Defendants Vyera Pharmaceuticals LLC and Phoenixus
        AG.

Exhibit C-1 Page 10 of 17

E.  "Designated State Representatives" mean the following named individuals or another representative identified by each respective Plaintiff State:

1.  Elinor R. Hoffmann, Chief, Antitrust Bureau, Office of the New York State Attorney General, 28 Liberty Street, New York, NY 10005, elinor.hoffmann@ag.ny.gov;

2.  Michael D. Battaglia, Deputy Attorney General, California Department of Justice, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102, michael.battaglia@doj.ca.gov;

3.  Richard S. Schultz, Assistant Attorney General, Antitrust Bureau, Office of the Illinois Attorney General, 100 West Randolph Street, Chicago, IL 60601, richard.schultz@ilag.gov;

4.  Jessica V. Sutton, Special Deputy Attorney General, Consumer Protection Division, North Carolina Department of Justice, 114 West Edenton Street, Raleigh, NC 27603, jsutton2@ncdoj.gov;

5.  Beth A. Finnerty, Assistant Chief, Antitrust Section, Office of the Ohio Attorney General, 30 East Broad Street, 26th Floor, Columbus, OH 43215, Beth.Finnerty@ohioAGO.gov;

6.  Joseph S. Betsko, Senior Deputy Attorney General, Pennsylvania Office of Attorney General, Strawberry Square, Harrisburg, PA 17120, jbetsko@attorneygeneral.gov; and

7.  Tyler T. Henry, Assistant Attorney General, Office of the Attorney General of Virginia, 202 North Ninth Street, Richmond, VA 23219, thenry@oag.state.va.us.

F.  "API" means any active pharmaceutical ingredient that is used in the manufacture of a Drug Product.

G.  "Development" means all preclinical and clinical research and development activities related to a Drug Product, including discovery or identification of a new chemical entity, test method development, all studies for the safety and efficacy of a Drug Product, toxicology studies, bioequivalence and bioavailability studies, pharmaceutical formulation, process development, manufacturing scale-up, development-stage manufacturing, quality assurance/quality control development, stability testing, statistical analysis and report writing, for the purpose of obtaining any and all FDA Authorizations, licenses, approvals, or registrations necessary for the manufacture, use, storage, import, export, transport, promotion, marketing, and sale of a Drug Product, and regulatory affairs related to the foregoing.

H.  "Drug Product" means any product that is subject to an FDA Authorization, or any product that is regulated through an over-the-counter drug monograph.

3

Exhibit C-1 Page 11 of 17

I.  "Entity" means any partnership, joint venture, firm, corporation, association, trust, unincorporated organization, or other business or government entity, and any subsidiaries, divisions, groups, or affiliates thereof.

J.  "FDA" means the United States Food and Drug Administration.

K.  "FDA Authorization" means any of the following applications:

1.  An application filed or to be filed with the FDA pursuant to 21 C.F.R. Part 314 et seq., including "New Drug Application" ("NDA"), "Abbreviated New Drug Application" ("ANDA"), or "Supplemental New Drug Application" ("SNDA"), and all supplements, amendments, and revisions thereto, any preparatory work, registration dossier, drafts and data necessary for the preparation thereof, and all correspondence between the holder and the FDA related thereto;

2.  An "Investigational New Drug Application" ("IND") filed or to be filed with the FDA pursuant to 21 C.F.R. Part 312, and all supplements, amendments, and revisions thereto, any preparatory work, registration dossier, drafts and data necessary for the preparation thereof, and all correspondence between the holder and the FDA related thereto; or

3.  A Biologic License Application ("BLA") filed or to be filed with the FDA pursuant to 21 C.F.R. 601.2, et seq., and Section 351 of the Public Health Service Act, and any NDA deemed to be a BLA by the FDA, and all supplements, amendments, revisions thereto, any preparatory work, drafts and data necessary for the preparation thereof, and all correspondence between the holder and the FDA related thereto.

L.  "Ownership Interest" means any voting or non-voting stock, share capital, or equity in an Entity.  Ownership Interest shall not include any unexercised options or other unexercised instruments that are convertible into any voting or non-voting stock.

M.  "Pharmaceutical Company" means any Entity engaged in the research, Development, manufacture, commercialization, or marketing of any Drug Product or API.

N.  "Qualified Employment" means an employment or a consulting engagement that:

1.  is with a Pharmaceutical Company that is not primarily involved in the research, Development, manufacture, commercialization, or marketing of Drug Products or APIs and whose gross revenues from this activity accounts for less than 10% of the total gross revenues of the Pharmaceutical Company, and

2.  does not violate Paragraph II.A of this Order.

## II.  PERMANENT INJUNCTION

**IT IS FURTHER ORDERED** that Defendant Shkreli is hereby banned and enjoined for life from directly or indirectly participating in any manner in the pharmaceutical industry, including by:

A.      Participating in or directing the research, Development, manufacture, commercialization, distribution, marketing, importation, or sale of a Drug Product or API, whether through compensated or uncompensated employment, consulting, advising, board membership, or otherwise;

B.      Participating in the formulation, determination, or direction of any business decisions of any Pharmaceutical Company;

C.      Acquiring or holding an Ownership Interest in a Pharmaceutical Company (other than indirectly through a mutual fund, exchange-traded fund, or other diversified, investment vehicle that is not specifically focused on Pharmaceutical Companies),

*Provided, however*, Defendant Shkreli may retain an Ownership Interest in securities that are under the control of the receiver appointed in *Koestler v. Shkreli*, 1:16cv7175 (S.D.N.Y.) until the earlier of (a) the sale of the securities by the receiver or (b) 180 days after the receiver returns the securities to Defendant Shkreli so long as Defendant Shkreli does not exercise any rights as owner of the securities, including voting rights, while the securities are under the control of the receiver or under the control of Defendant Shkreli;

D.      Taking any action to directly or indirectly influence or control the management or business of any Pharmaceutical Company; Shkreli's public statements about a Pharmaceutical Company will be deemed an action taken to influence or control the management or business of any Pharmaceutical Company if Shkreli intended the statement to have that effect or if a reasonable person would conclude that the statement has that effect;

E.      Serving on, nominating, or otherwise seeking or obtaining representation on the board of directors of a Pharmaceutical Company; or

F.      Obtaining, holding, or exercising any voting or other shareholder rights in a Pharmaceutical Company, including rights assigned to Defendant Shkreli by an Entity or individual, including rights assigned in connection with Shkreli's transfer of Ownership Interest in a Pharmaceutical Company to the Entity or individual.

G.      Defendant Shkreli may submit a notice of his intent to accept Qualified Employment ("Notice") to the Commission and each of the Designated State Representatives by submitting the Notice electronically to the Secretary of the Commission at ElectronicFilings@ftc.gov, the Compliance Division of the Commission at

bccompliance@ftc.gov, and the Designated State Representatives at the email addresses provided in Paragraph I.E of the Order. The Notice must include a written offer of Qualified Employment, and a verified statement describing the scope and nature of the Qualified Employment and the date on which Defendant Shkreli seeks to accept such Qualified Employment. Any Plaintiff that receives a Notice complying with the requirements of this Paragraph II.G and does not, within 20 working days after receiving the Notice, inform Defendant Shkreli in writing that it objects to Defendant Shkreli accepting the Qualified Employment because such Qualified Employment involves participation in the pharmaceutical industry, is barred from filing an action for contempt against Defendant Shkreli on the basis that the Qualified Employment violates Paragraph II.B or Paragraph II.D of this Order.

## III. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of $64.6 million is entered in favor of Plaintiff States against Defendant Shkreli, provided that up to $40 million of the judgment is subject to a setoff equal to the equitable monetary relief paid by the Corporate Defendants to the Plaintiff States on or before December 6, 2031 pursuant to the Stipulated Order for Permanent Injunction and Equitable Monetary Relief entered in this matter on December 7, 2021.

B.  Defendant Shkreli is ordered to pay to the Plaintiff States $64.6 million within 30 days of entry of this Order by electronic fund transfer in accordance with the instructions provided by the Plaintiff States, provided that this payment shall be reduced by an amount equal to the equitable monetary relief already paid by Corporate Defendants to the Plaintiff States.

C.  Except as required by Paragraph III.D below, Plaintiff States shall deposit the monetary judgment paid by Defendant Shkreli into a fund administered by Plaintiff New York or its designee ("Equitable Relief Fund"). The Equitable Relief Fund shall be used for equitable relief, including consumer redress and other equitable relief Plaintiff States determine to be reasonably related to Defendant Shkreli's violative practices and injury, any attendant expenses for the administration and distribution of such funds by the Plaintiff States, and repayment of out-of-pocket expenses incurred by the Plaintiff States in this litigation. Any money remaining in the Equitable Relief Fund after such distributions shall be deposited by the Plaintiff States as disgorgement to be used consistently with their respective state laws, including the funding of future antitrust enforcement. Any interest earned on amounts deposited into the Equitable Relief Fund will remain in, and become a part of, that fund.

D.  All payments received from Defendant Shkreli that exceed $24.6 million shall be held in a separate escrow account administered by Plaintiff New York. Plaintiff New York shall refund to Defendant Shkreli monies from the escrow account sufficient to offset the

Exhibit C-1 Page 14 of 17

amount of equitable monetary relief paid by the Corporate Defendants in this matter.  On December 6, 2022 and annually thereafter until December 5, 2031, Plaintiff New York shall refund to Defendant Shkreli monies from the escrow account equal to the amount of equitable monetary relief paid by the Corporate Defendants to the Plaintiff States during the preceding year, less any attendant expenses for the administration and distribution of such funds and repayment of out-of-pocket expenses.  All monies remaining in the escrow account on December 7, 2031 shall be deposited into the Equitable Relief Fund.

E.      Defendant Shkreli relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets except as explicitly permitted in Paragraph III.D of this Order.  For avoidance of doubt, nothing in this Order shall interfere with any right to appeal from or to move to stay the Court's Order that may otherwise exist.

F.      Defendant Shkreli has no right to challenge any actions that Plaintiff States, or their representatives, may take pursuant to this Equitable Monetary Relief Section of the Order.

## IV. COMPLIANCE REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that:

A.      Defendant Shkreli shall submit to the Commission and to each of the Designated State Representatives verified written reports ("Compliance Reports") setting forth in detail the manner and form in which he intends to comply, has complied, and is complying with this Order, in accordance with the following:

1.      Within 60 days of the entry of this Order;

2.      One year after the entry of this Order, and annually thereafter until the later of 10 years or payment of the monetary judgment ordered herein; and

3.      At such other times as the Commission or a Plaintiff State may require.

B.      Each Compliance Report shall contain:

1.      A verified statement by Defendant Shkreli that he is not directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G of this Order;

2.      Each Qualified Employment engagement that Defendant Shkreli has accepted and the following information about the Qualified Employment:

a)      the Entity or individual for whom Defendant Shkreli performed or is performing the Qualified Employment and the name, position, phone number and email address for Defendant Shkreli's primary contact with the Entity or individual,

7

Exhibit C-1 Page 15 of 17

b)     the starting and ending date of the Qualified Employment,

c)     a description of the Qualified Employment, and

d)     a verified statement that Defendant Shkreli is not and has not violated Paragraphs II.A and II.C in performing the Qualified Employment; and

3.     If Defendant Shkreli has not fully satisfied the monetary judgment ordered by this Court, a copy of Defendant Shkreli's most recent tax return, a full and complete accounting of all Defendant Shkreli's assets, and a full and complete accounting of all assets that Shkreli has transferred, sold or otherwise disposed of during the 12 month period preceding the submission of the Compliance Report.

C.     Defendant Shkreli shall submit each Compliance Report to the Commission and each of the Designated State Representatives by submitting the report electronically to the Secretary of the Commission at ElectronicFilings@ftc.gov, the Compliance Division of the Commission at bccompliance@ftc.gov, and the Designated State Representatives at the email addresses provided in Paragraph I.E of the Order.

## V.  ACCESS TO INFORMATION

**IT IS FURTHER ORDERED** that, for purposes of determining or securing compliance with this Order, including payment of the monetary judgment, upon 5 days' notice, Defendant Shkreli shall:

A.     Make himself available for interview, in the presence of counsel, by a duly authorized representative of the Commission or a Designated State Representative; and

B.     Provide to any duly authorized representative of the Commission or a Designated State Representative, during business hours and in the presence of counsel, access to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in Defendant Shkreli's possession or control that relate to compliance with this Order.

## VI. ATTORNEYS' FEES AND COSTS

**IT IS FURTHER ORDERED** that Plaintiff States may seek attorneys' fees, costs, and related nontaxable expenses in this matter.  Any application for attorneys' fees, costs, and related nontaxable expenses must be filed by motion within 30 days of the entry of this Order.

8

Exhibit C-1 Page 16 of 17

## VII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Order.

SO ORDERED THIS _____4th_____ day of _____February_____, _2022_.

_____
The Honorable Denise Cote

9

Exhibit C-1 Page 17 of 17

Exhibit C-2

**Haneberg, Maren**

| | |
|---|---|
| **From:** | Tasso, Christine |
| **Sent:** | Wednesday, November 9, 2022 4:44 PM |
| **To:** | Martin Shkreli; brianne@industrielaw.com; kpeluso@shertremonte.com |
| **Cc:** | Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami; Quyen D. Toland; Michael.Goldsmith@doj.ca.gov; Schultz, Richard; Beth Finnerty; Derek Whiddon; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T.; Petrizzi, Maribeth; Huber, Susan; Sims, Danielle; Meier, Markus H.; Albert, Bradley Scott; Guy, Stephanie; Haneberg, Maren |
| **Subject:** | RE: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance |

Mr. Shkreli,

We agree to extend the deadline for your supplemental Compliance Report until November 15, 2022.  Now that you are represented by counsel, moving forward all of our communications regarding this matter will be directed to Brianne Murphy.

Regards,

Christine

Christine Tasso
Federal Trade Commission
Bureau of Competition
400 7th Street, SW
Washington, DC 20024
Phone: (202) 326-2232
Email: ctasso@ftc.gov

---

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Wednesday, November 9, 2022 3:04 PM
**To:** Tasso, Christine <ctasso@ftc.gov>; brianne@industrielaw.com; kpeluso@shertremonte.com
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Dear All,

I have conferred with my attorneys and we've agreed Brianne Murphy should be the point person for this. Her phone # is 347-524-1415. I can try to cobble together this supplemental Compliance report, but I don't really know how to prepare it. I need counsel's help. Therefore, I am asking for an extension. In lieu of that, here is my report:

SUPPLEMENTAL COMPLIANCE REPORT:

1. I have complied and will continue to comply with the Order. Druglike is not in any way, shape or form a pharmaceutical company. It is not even close to the outer bounds of what is described in the order. It is patently ridiculous to even consider it as within the scope of the order. Nevertheless, we are happy to answer questions to satisfy your curiosity. I have not been involved in any pharmaceutical company that has any relationship to any IND or NDA, or in any other way. Regarding monetary relief, it is my understanding that Dr. Koestler currently has a lien on all of my substantial assets. I do not have substantial assets other than the Phoenixus AG shares.

2. Druglike does not constitute directly or indirectly participating in the pharmaceutical industry.

3. a. I do not have a more recent tax return. We are preparing a 2016 tax return. I just got out of jail.

b. There has been no change to the financial assets I have previously disclosed. The principal asset I have is the shares of Phoenixus AG, which are worth quite a lot, and is where I invested the bulk of my assets prior to this litigation. Other than that I have minimal cash ($<1,000 total) in two bank accounts. I have no cryptocurrency accounts or cryptocurrency assets. MSI tokens are owned by Druglike, which I have no ownership in. I have no real or valuable personal property.

c. I have not transferred, sold or disposed of any of my assets in a material way. The Phoenixus shares are the only material asset I have and they are still owned by me and controlled by the Receiver.

The electronic signature below represents the equivalent of my 'wet' signature. I wrote this email around 3:00pm on 11/9/2022.

Thank You,

/s/ Martin Shkreli
Martin Shkreli

On Tue, Nov 8, 2022 at 2:35 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Mr. Shkreli,

By 5:00 pm EST on Wednesday, November 9, you are required to submit the supplemental Compliance Report.  The instructions for the supplemental Compliance Report are set forth in our October 13, 2022 letter (attached).  You must verify the supplemental Compliance Report in the same manner you signed your April 5, 2022 Compliance Report and include a statement that, pursuant to 28 U.S.C. § 1746, you certify under penalty of perjury under the laws of the United States of America that the information contained in the supplemental Compliance Report is true and correct.

In the supplemental Compliance Report, you must:

1. Set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order, as required by Paragraph IV.A, given your involvement in Druglike and failure to pay the equitable monetary relief required by the Order.

2. Provide a verified statement, as required by Paragraph IV.B.1, that your involvement with Druglike does not constitute "directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G." If you cannot attest that your involvement with Druglike does not violate the Order, you must state so in your supplemental Compliance Report, immediately cease and desist all involvement with Druglike, and provide written verification that you have terminated your involvement with Druglike.

Exhibit C-2 Page 2 of 7

3.  Provide the financial information required by Paragraph IV.B.3, which requires you to provide the following information for the 12 months preceding your submission of the supplemental Compliance Report:

    a.  Your most recent tax return (which we believe should be more recent than the 2015 tax return you provided in April; if 2015 is your most recent tax return, please explain why);

    b.  A full and complete accounting of all your assets, including but not limited to: retirement accounts, such as 401K accounts or annuities; electronic currencies, such as Bitcoin or Martin Shkreli Inu ("MSI"); and real or valuable personal property; and

    c.  A full and complete accounting of all assets you have transferred, sold, or otherwise disposed of.

Additionally, under Paragraph V.B of the Order, by November 14, 2022, you are required to provide copies or access to "all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents" in your possession or control that relate to compliance with the Order.

Finally, if you do not understand the requirements for the supplemental Compliance Report, we recommend that you contact legal counsel. If you have already retained legal counsel, please let me know who is representing you so that we may communicate with them directly.

Regards,

Christine Tasso

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Monday, November 7, 2022 9:10 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

I will email you the relevant documents/records by November 14th. There are not too many.

What goes into the supplemental Compliance Report?

Thanks for your help!

Martin Shkreli


On Mon, Nov 7, 2022 at 8:10 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Mr. Shkreli:


In addition to the interview, you are required by the Order to: (1) provide a supplemental Compliance Report and (2) provide an address where, on November 14, we will have access to all documents relating to your compliance with the Order.  By 5:00 pm EST on Wednesday, November 9, please provide the supplemental Compliance Report and identify the location where we will have access to the necessary records on November 14. If you do not adequately respond by that time, we will seek relief from the court.


Finally, please identify counsel and anyone else who will be accompanying you on November 16 for security purposes at least three days in advance of the meeting.


Regards,


Christine


Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7<sup>th</sup> Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

Exhibit C-2 Page 4 of 7

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Monday, November 7, 2022 1:33 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioag.gov>; Derek Whiddon <Derek.Whiddon@ohioag.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Sorry for the delay!

I will see you on the 16th. I will bring counsel.

Martin Shkreli

On Mon, Nov 7, 2022 at 10:54 AM Tasso, Christine <ctasso@ftc.gov> wrote:

Dear Mr. Shkreli,

We have not received the supplemental Compliance Report due on November 4, 2022 that was requested in our October 13, 2022 letter to you (attached) pursuant to the Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.) ("Order").  This is a violation of Paragraph IV.A. of the Order.  Additionally, you did not provide responses to the topics related to your compliance with the Order outlined in the October 13, 2022 letter.  Consequently, on November 14, 2022, we require access to all records and documents in your possession or control related to the topics outlined in the October 13, 2022 letter and intend to interview you on November 16, 2022 for purposes of determining compliance with the Order.

1.      Provide the address where we will have access on November 14, 2022 to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in your possession or control that relate to compliance with the Order.

2.      The interview will take place at 9:00 am on November 16, 2022 at the New York State Office of the Attorney General, 28 Liberty Street, New York, NY 10005. When you arrive at the building, please inform security that you are here to see Saami Zain, Assistant Attorney General, 212-416-6360.  Please confirm that you intend to attend the interview as required by Section V of the Order.

Under the terms of the Order, you have the right to have counsel present at the document and record inspection and the interview.  If you retain counsel to represent you in this matter, please let us know.

Regards,

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

---

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Thursday, October 13, 2022 6:04 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

To all,

I have received your email. I will be responding and trust my answers and accompanying documentation (to the extent I am able to provide them) will assuage any concerns you may have.

Martin Shkreli

On Thu, Oct 13, 2022 at 5:44 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Dear Mr. Shkreli,

Please see the attached letter regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief in the matter of Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.).

Regards,

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

Exhibit C-2 Page 7 of 7

Exhibit C-3

## Haneberg, Maren

| | |
|---|---|
| **From:** | Tasso, Christine |
| **Sent:** | Monday, November 7, 2022 10:54 AM |
| **To:** | Martin Shkreli |
| **Cc:** | Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami; Quyen D. Toland; Michael.Goldsmith@doj.ca.gov; Schultz, Richard; Beth Finnerty; Derek Whiddon; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T.; Petrizzi, Maribeth; Huber, Susan; Sims, Danielle; Meier, Markus H.; Albert, Bradley Scott; Guy, Stephanie; Haneberg, Maren |
| **Subject:** | RE: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance |
| **Attachments:** | 2022.10.13 Plaintiffs' ltr to Shkreli.pdf |

Dear Mr. Shkreli,

We have not received the supplemental Compliance Report due on November 4, 2022 that was requested in our October 13, 2022 letter to you (attached) pursuant to the Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.) ("Order").  This is a violation of Paragraph IV.A. of the Order.  Additionally, you did not provide responses to the topics related to your compliance with the Order outlined in the October 13, 2022 letter.  Consequently, on November 14, 2022, we require access to all records and documents in your possession or control related to the topics outlined in the October 13, 2022 letter and intend to interview you on November 16, 2022 for purposes of determining compliance with the Order.

1.      Provide the address where we will have access on November 14, 2022 to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in your possession or control that relate to compliance with the Order.

2.      The interview will take place at 9:00 am on November 16, 2022 at the New York State Office of the Attorney General, 28 Liberty Street, New York, NY 10005. When you arrive at the building, please inform security that you are here to see Saami Zain, Assistant Attorney General, 212-416-6360.  Please confirm that you intend to attend the interview as required by Section V of the Order.

Under the terms of the Order, you have the right to have counsel present at the document and record inspection and the interview.  If you retain counsel to represent you in this matter, please let us know.

Regards,

Christine Tasso
Federal Trade Commission
Bureau of Competition
400 7th Street, SW
Washington, DC 20024
Phone: (202) 326-2232
Email: ctasso@ftc.gov

---

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Thursday, October 13, 2022 6:04 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth

Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

To all,

I have received your email. I will be responding and trust my answers and accompanying documentation (to the extent I am able to provide them) will assuage any concerns you may have.

Martin Shkreli

On Thu, Oct 13, 2022 at 5:44 PM Tasso, Christine <ctasso@ftc.gov> wrote:

> Dear Mr. Shkreli,
>
>
> Please see the attached letter regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief in the matter of Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.).
>
>
>
> Regards,
>
>
> Christine Tasso
>
> Federal Trade Commission
>
> Bureau of Competition
>
> 400 7th Street, SW
>
> Washington, DC 20024
>
> Phone: (202) 326-2232
>
> Email: ctasso@ftc.gov



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
BUREAU OF COMPETITION



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

October 13, 2022

**Via Electronic Mail**

Martin Shkreli
martin@martinshkreli.com
(917) 397-0473

  **Re:** **Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.)**

Dear Mr. Shkreli:

  We currently have two serious concerns regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief ("Order") in the above-referenced matter. We have conferred with Sher Tremonte LLP and Duane Morris LLP and have been informed that neither represents you regarding your compliance obligations. Accordingly, we have sent this letter directly to you. If you retain counsel to represent you in this matter, please let us know and we will provide them with a copy of this letter.

  First, Section III of the Order required you to pay at least $24.6 million to the Plaintiff States within 30 days of entry of the Order—i.e., by March 5, 2022. To date, you have neither made any payments towards the judgment, nor have you contacted any Plaintiff State to request or negotiate a payment plan.

  Second, Section II of the Order bars you for life from "directly or indirectly participating in any manner in the pharmaceutical industry." Nonetheless, within months of being released from federal prison, we understand that you co-founded Druglike (a.k.a. "Drug Like, Inc."), which is described in its July 25, 2022, press release as "a Web3 drug discovery software platform" that has the "ability to revolutionize drug discovery."

  The Order contains provisions that require you to provide information so that we may assess whether you are complying with its terms. We are invoking those provisions now. A copy of the Order, which includes the definitions of terms used herein, is attached.

Exhibit C-3 Page 3 of 9

Martin Shkreli
October 13, 2022
Page 2 of 7

**Compliance Reporting Requirement**

Paragraph IV.A of the Order provides that you shall submit Compliance Reports at specified times as well as "[a]t such other times as the Commission or a Plaintiff State may require." We require that you provide a supplemental Compliance Report **by November 4, 2022**. The supplemental Compliance Report must set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order.[1] Please see Section IV of the Order for instructions.

In the supplemental Compliance Report, you must:

1. Set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order, as required by Paragraph IV.A, given your involvement in Druglike and failure to pay the equitable monetary relief required by the Order.

2. Provide a verified statement, as required by Paragraph IV.B.1, that your involvement with Druglike does not constitute "directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G." If you cannot attest that your involvement with Druglike does not violate the Order, you must state so in your supplemental Compliance Report, immediately cease and desist all involvement with Druglike, and provide written verification that you have terminated your involvement with Druglike.

3. Provide the financial information required by Paragraph IV.B.3, which requires you to provide the following information for the 12 months preceding your submission of the supplemental Compliance Report:

    a. Your most recent tax return (which we believe should be more recent than the 2015 tax return you provided in April; if 2015 is your most recent tax return, please explain why);

    b. A full and complete accounting of all your assets, including but not limited to: retirement accounts, such as 401K accounts or annuities; electronic currencies, such as Bitcoin or Martin Shkreli Inu ("MSI"); and real or valuable personal property; and

    c. A full and complete accounting of all assets you have transferred, sold, or otherwise disposed of.

---

[1] Your initial Compliance Report from April 5, 2022, failed to satisfy this requirement.

Exhibit C-3 Page 4 of 9

Martin Shkreli
October 13, 2022
Page 3 of 7

### Access to Information

Section V of the Order provides that you must provide access to information "for purposes of determining or securing compliance with this Order." Specifically, upon five days' notice, you must make yourself "available for interview, in the presence of counsel, by a duly authorized representative of the Commission or a Designated State Representative." In addition, you must provide access to "records and documents" in your "possession or control that relate to compliance with this Order."

We hereby provide the required notice that, on November 14, 2022, we will require access to all records and documents in your possession or control, and on November 16, at a time and location to be determined, we intend to interview you regarding the following two topics:

1. Whether your involvement in Druglike violates the Order; and

2. Your failure to pay any of the $64.6 million in disgorgement you were ordered to pay by March 5, 2022.

More specifically, we will interview you and seek access to records and documents regarding the following:

1. Your role with Druglike, including the start date for your involvement with the company and any titles you currently hold or have held previously.

2. Your Ownership Interest in Druglike, including the amount of equity, debt and shares you hold, your percentage of total ownership, and any agreements and contractual relationships you have with Druglike.

3. All financial investments you have made in Druglike to date and the source of the capital used to make such investments, as well as any investment(s) you have committed to make in the future.

4. Each source of funding to date for Druglike and the amount thereof.

5. All co-owners of Druglike, including the name and contact information of each, any ownership or capitalization charts, and all contracts related to the capitalization and ownership of the company.

6. Any plan(s) Druglike has to become a publicly traded company and any role you expect to have with Druglike should the company become publicly traded.

7. All products and services that Druglike currently offers or plans to offer in the future.

Exhibit C-3 Page 5 of 9

Martin Shkreli
October 13, 2022
Page 4 of 7

8. The current status and anticipated timing of Druglike's future plans for providing products and services, including hiring of employees, fundraising, and release of the Druglike platform for use.

9. Whether you believe Druglike is participating or will participate in the pharmaceutical industry, either directly or indirectly, and the reasons for your belief.

10. Whether Druglike is participating or will participate in any industry other than the pharmaceutical industry and, if so, identify which industries.

11. Whether you believe that Druglike is a Pharmaceutical Company as that term is defined by the Order and the reasons for your belief.

12. Whether you believe Druglike is or will be participating in or directing the research, Development, manufacture, commercialization, distribution, marketing, importation, or sale of a Drug Product or active pharmaceutical ingredient and the reasons for your belief.

13. Whether you believe that Druglike has or will have any involvement in any preclinical or clinical research and development activities related to a Drug Product, including discovery or identification of a new chemical entity, and the reasons for your belief.

14. Druglike's marketing and strategic plans and competitive analyses.

15. All companies or entities other than Druglike that offer a drug discovery software platform.

16. How Druglike is generating and expects to generate revenue, including its current and anticipated fee structure and the types of currency (including MSI), and rights (including royalty rights) that are or will be required for the use of Druglike.

17. What rights, if any, Druglike will have in any drug product, target, or compound drug identified through Druglike's software.

18. A description of the MSI cryptocurrency, when this cryptocurrency was or will be launched, how initial MSI tokens were or will be minted, whether the MSI cryptocurrency had or will have an Initial Coin Offering ("ICO"), and any founding stakeholders for the chain who received or are set to receive the initial MSI tokens.

19. A description of how (if at all) the MSI cryptocurrency implements the scheme described in the "Druglike: Applications of Proof-of-Optimization in Democratized Drug Discovery" whitepaper, and any plans for implementing that scheme.

Exhibit C-3 Page 6 of 9

Martin Shkreli
October 13, 2022
Page 5 of 7

20. To the extent the MSI cryptocurrency implements the Proof of Optimization scheme described in the "Druglike: Applications of Proof-of-Optimization in Democratized Drug Discovery" whitepaper, identify any participants who are either purchasing optimizations or computing them.

21. Whether any MSI tokens have been minted to date, the quantity and price of any MSI tokens you have sold to date, and any arrangements regarding the future minting and sale of MSI tokens.

22. Whether you believe that Druglike is a Qualified Employment engagement as defined by the Order and the reasons for your belief.

23. Your federal and state tax returns for tax years 2016 to present, including whether you did not file federal and/state tax returns in any year(s) and why.

24. The amount of any payments or refunds you have received from the IRS in the last five years, as well as whether you believe you are due any additional payments or refunds from the IRS based on any of your tax returns within the last 10 years, the amount(s) you believe you are due, and the reason(s) for your belief.

25. The amount of any tax payments or refunds you have received from the State of New York in the last five years, as well as whether you believe you are due any additional payments or refunds from the State of New York based on any of your tax returns within the last 10 years, the amount(s) you believe you are due, and the reason(s) for your belief.

26. The conditions under which you can call in payment on the convertible note you hold in Prospero Pharmaceuticals, the current value of the convertible note that you hold in Prospero Pharmaceuticals, and the basis for that determination.

27. Your claim of selling or disposing of your $150,000 investment in Prospero Pharmaceuticals on December 31, 2015, as a "worthless investment" on your 2015 tax return Form 8949, including whether this "worthless" $150,000 investment is different from the $150,000 investment in Prospero that you now identify as a convertible note.

28. A description of the financial terms of the settlement reached with Retrophin, including any amount paid directly to you, any amount paid to an entity that you own, any amount paid to Kang Haggerty or any other Person on your behalf, and any amount you have received from Kang Haggerty or any other Person as part of that settlement; and whether any funds from your settlement with Retrophin remain with Kang Haggerty, the amount of any such funds, and your access to those funds.

29. All sources of income and financial support you have received since leaving prison in May 2022.

Exhibit C-3 Page 7 of 9

Martin Shkreli
October 13, 2022
Page 6 of 7

30. All financial obligations you have incurred since leaving prison in May 2022 and how you have met, or plan to meet, those financial obligations.

31. The financial terms under which you have retained Sher Tremonte LLP or any attorneys from Sher Tremonte LLP to represent you in your appeal of *Federal Trade Commission v. Vyera Pharmaceuticals, LLC*, No. 22-728, to the Second Circuit, including the source(s) of any funds being used or planned to be used to pay Sher Tremonte LLC for this representation.

32. For each work of art you own (in whole or in part) that is currently being displayed or held at an office of Phoenixus or Vyera or any other entity, a description of the artwork, identification of the artist, and an approximate value of the artwork.

33. Whether you received or believe you are entitled to receive any proceeds from the U.S. government's 2021 sale of the Wu Tang Clang album *Once Upon a Time in Shaolin* and, if so, the amount you have received or believe you are entitled to receive.

We are willing to forgo the interview and open access to your records and documents at this time if, **by November 4, 2022,** you provide (1) verified written responses fully addressing the issues identified above and (2) a copy of all supporting documentation. If you do not provide verified written responses fully addressing the issues identified above or fail to provide the required documentation, we will proceed with the inspection of records and documents on November 14, 2022, and the interview on November 16, 2022, as planned.

Section 6(f) of the Federal Trade Commission Act provides for confidential treatment of any trade secret or any commercial or financial information that is privileged or confidential. In addition, section 21(c) of the FTC Act provides that, except in certain circumstances enumerated in sections 6(f) and 21 of the FTC Act, the Commission may not, without giving ten days' written notice of its intention to do so, disclose any document marked "confidential" by the submitting party. If you desire confidential treatment for any portions of your supplemental Compliance Report or documents submitted with the report or in response to the information requests, clearly mark each relevant portion and document "confidential," state why it is confidential, describe the harm that disclosing the portion or information would cause, and provide any other reason justifying confidential treatment for the portion or document. If you do not make the necessary showing that a portion or document is entitled to confidential treatment, it may result in public disclosure of the portion or document.

Since the Commission and Plaintiff States are investigating your compliance with the Order, cease, and instruct all Druglike co-founders and employees to cease, all document destruction activities with respect to information relevant to the requests in this letter. This includes computer files, electronic correspondence, social media and website postings, and all other written, recorded, and graphic material of every kind, including texts. Destruction of

Exhibit C-3 Page 8 of 9

Martin Shkreli
October 13, 2022
Page 7 of 7

relevant documents or other material and assets may violate 18 U.S.C. § 1505, which makes it unlawful to influence, obstruct, or impede the due and proper administration of law.

As noted above, you must provide the requested supplemental Compliance Report on or before November 4, 2022. Please contact Christine Tasso at ctasso@ftc.gov with any questions.

Sincerely,


*/s/ Maribeth Petrizzi*
Maribeth Petrizzi
Susan Huber
Christine Tasso
Markus H. Meier
Bradley S. Albert
Maren Haneberg

Federal Trade Commission
600 Pennsylvania Ave. N.W.
Washington, D.C. 20580
Tel: (202) 326-2564
mpetrizzi@ftc.gov

*Counsel for Plaintiff Federal Trade
Commission*

*/s/ Elinor R. Hoffmann*
Elinor R. Hoffmann
Amy MacFarlane
Saami Zain

New York State
Office of the Attorney General
28 Liberty St.
New York, N.Y., 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for State of New York on Behalf of
State Plaintiffs*

Exhibit C-3 Page 9 of 9

Exhibit C-4

**Haneberg, Maren**

| | |
|---|---|
| **From:** | Martin Shkreli <martin@martinshkreli.com> |
| **Sent:** | Tuesday, November 8, 2022 3:11 PM |
| **To:** | Tasso, Christine |
| **Cc:** | Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami; Quyen D. Toland; Michael.Goldsmith@doj.ca.gov; Schultz, Richard; Beth Finnerty; Derek Whiddon; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T.; Petrizzi, Maribeth; Huber, Susan; Sims, Danielle; Meier, Markus H.; Albert, Bradley Scott; Guy, Stephanie; Haneberg, Maren |
| **Subject:** | Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance |

Cool, thank you! I will prepare that and sorry for asking when the instructions are right in the document. Joining me for the meeting will be either Brianne Murphy or Kimo Peluso or both.

Martin Shkreli

On Tue, Nov 8, 2022 at 2:35 PM Tasso, Christine <ctasso@ftc.gov> wrote:

> Mr. Shkreli,
>
> By 5:00 pm EST on Wednesday, November 9, you are required to submit the supplemental Compliance Report.  The instructions for the supplemental Compliance Report are set forth in our October 13, 2022 letter (attached).  You must verify the supplemental Compliance Report in the same manner you signed your April 5, 2022 Compliance Report and include a statement that, pursuant to 28 U.S.C. § 1746, you certify under penalty of perjury under the laws of the United States of America that the information contained in the supplemental Compliance Report is true and correct.
>
> In the supplemental Compliance Report, you must:
>
> 1. Set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order, as required by Paragraph IV.A, given your involvement in Druglike and failure to pay the equitable monetary relief required by the Order.
> 2. Provide a verified statement, as required by Paragraph IV.B.1, that your involvement with Druglike does not constitute "directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G." If you cannot attest that your involvement with Druglike does not violate the Order, you must state so in your supplemental Compliance Report, immediately cease and desist all involvement with Druglike, and provide written verification that you have terminated your involvement with Druglike.
> 3. Provide the financial information required by Paragraph IV.B.3, which requires you to provide the following information for the 12 months preceding your submission of the supplemental Compliance Report:
>    a. Your most recent tax return (which we believe should be more recent than the 2015 tax return you provided in April; if 2015 is your most recent tax return, please explain why);

1

Exhibit C-4 Page 1 of 6

    b.  A full and complete accounting of all your assets, including but not limited to: retirement accounts, such as 401K accounts or annuities; electronic currencies, such as Bitcoin or Martin Shkreli Inu ("MSI"); and real or valuable personal property; and

    c.  A full and complete accounting of all assets you have transferred, sold, or otherwise disposed of.


       Additionally, under Paragraph V.B of the Order, by November 14, 2022, you are required to provide copies or access to "all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents" in your possession or control that relate to compliance with the Order.


       Finally, if you do not understand the requirements for the supplemental Compliance Report, we recommend that you contact legal counsel. If you have already retained legal counsel, please let me know who is representing you so that we may communicate with them directly.


Regards,


Christine Tasso


---

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Monday, November 7, 2022 9:10 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance


I will email you the relevant documents/records by November 14th. There are not too many.

What goes into the supplemental Compliance Report?


Thanks for your help!

Exhibit C-4 Page 2 of 6

Martin Shkreli

On Mon, Nov 7, 2022 at 8:10 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Mr. Shkreli:

In addition to the interview, you are required by the Order to: (1) provide a supplemental Compliance Report and (2) provide an address where, on November 14, we will have access to all documents relating to your compliance with the Order.  By 5:00 pm EST on Wednesday, November 9, please provide the supplemental Compliance Report and identify the location where we will have access to the necessary records on November 14. If you do not adequately respond by that time, we will seek relief from the court.

Finally, please identify counsel and anyone else who will be accompanying you on November 16 for security purposes at least three days in advance of the meeting.

Regards,

Christine

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Monday, November 7, 2022 1:33 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland

<[Quyen.Toland@doj.ca.gov](mailto:Quyen.Toland@doj.ca.gov)>; [Michael.Goldsmith@doj.ca.gov](mailto:Michael.Goldsmith@doj.ca.gov); Schultz, Richard <[Richard.Schultz@ilag.gov](mailto:Richard.Schultz@ilag.gov)>; Beth Finnerty <[beth.finnerty@ohioago.gov](mailto:beth.finnerty@ohioago.gov)>; Derek Whiddon <[Derek.Whiddon@ohioago.gov](mailto:Derek.Whiddon@ohioago.gov)>; [Jsutton2@ncdoj.gov](mailto:Jsutton2@ncdoj.gov); [twertz@attorneygeneral.gov](mailto:twertz@attorneygeneral.gov); [jbetsko@attorneygeneral.gov](mailto:jbetsko@attorneygeneral.gov); Henry, Tyler T. <[thenry@oag.state.va.us](mailto:thenry@oag.state.va.us)>; Petrizzi, Maribeth <[mpetrizzi@ftc.gov](mailto:mpetrizzi@ftc.gov)>; Huber, Susan <[SHUBER@ftc.gov](mailto:SHUBER@ftc.gov)>; Sims, Danielle <[dsims1@ftc.gov](mailto:dsims1@ftc.gov)>; Meier, Markus H. <[MMEIER@ftc.gov](mailto:MMEIER@ftc.gov)>; Albert, Bradley Scott <[BALBERT@ftc.gov](mailto:BALBERT@ftc.gov)>; Guy, Stephanie <[sguy@ftc.gov](mailto:sguy@ftc.gov)>; Haneberg, Maren <[mhaneberg@ftc.gov](mailto:mhaneberg@ftc.gov)>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Sorry for the delay!

I will see you on the 16th. I will bring counsel.

Martin Shkreli

On Mon, Nov 7, 2022 at 10:54 AM Tasso, Christine <[ctasso@ftc.gov](mailto:ctasso@ftc.gov)> wrote:

Dear Mr. Shkreli,

We have not received the supplemental Compliance Report due on November 4, 2022 that was requested in our October 13, 2022 letter to you (attached) pursuant to the Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.) ("Order").  This is a violation of Paragraph IV.A. of the Order.  Additionally, you did not provide responses to the topics related to your compliance with the Order outlined in the October 13, 2022 letter.  Consequently, on November 14, 2022, we require access to all records and documents in your possession or control related to the topics outlined in the October 13, 2022 letter and intend to interview you on November 16, 2022 for purposes of determining compliance with the Order.

1.      Provide the address where we will have access on November 14, 2022 to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in your possession or control that relate to compliance with the Order.

2.      The interview will take place at 9:00 am on November 16, 2022 at the New York State Office of the Attorney General, 28 Liberty Street, New York, NY 10005. When you arrive at the building, please inform security that you are here to see Saami Zain, Assistant Attorney General, 212-416-6360.  Please confirm that you intend to attend the interview as required by Section V of the Order.

Under the terms of the Order, you have the right to have counsel present at the document and record inspection and the interview.  If you retain counsel to represent you in this matter, please let us know.

Regards,

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

---

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Thursday, October 13, 2022 6:04 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

To all,

I have received your email. I will be responding and trust my answers and accompanying documentation (to the extent I am able to provide them) will assuage any concerns you may have.

Martin Shkreli

On Thu, Oct 13, 2022 at 5:44 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Dear Mr. Shkreli,

Please see the attached letter regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief in the matter of Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.).

Regards,

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

Exhibit C-5

**Haneberg, Maren**

| | |
|---|---|
| **From:** | Martin Shkreli <martin@martinshkreli.com> |
| **Sent:** | Tuesday, November 8, 2022 4:41 PM |
| **To:** | Tasso, Christine; Martin Shkreli |
| **Cc:** | Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami; Quyen D. Toland; Michael.Goldsmith@doj.ca.gov; Schultz, Richard; Beth Finnerty; Derek Whiddon; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T.; Petrizzi, Maribeth; Huber, Susan; Sims, Danielle; Meier, Markus H.; Albert, Bradley Scott; Guy, Stephanie; Haneberg, Maren |
| **Subject:** | Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance |

Hi Everyone,

I have been advised by counsel to ask for an extension for the filing of the Supplemental Compliance Report. We're asking for an extension of one week: 11/15/2022. I anticipate my attorneys will reach out as well.

Thank You,
Martin Shkreli

On Mon, Nov 7, 2022 at 10:54 AM Tasso, Christine <ctasso@ftc.gov> wrote:

Dear Mr. Shkreli,

We have not received the supplemental Compliance Report due on November 4, 2022 that was requested in our October 13, 2022 letter to you (attached) pursuant to the Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.) ("Order").  This is a violation of Paragraph IV.A. of the Order.  Additionally, you did not provide responses to the topics related to your compliance with the Order outlined in the October 13, 2022 letter.  Consequently, on November 14, 2022, we require access to all records and documents in your possession or control related to the topics outlined in the October 13, 2022 letter and intend to interview you on November 16, 2022 for purposes of determining compliance with the Order.

1.      Provide the address where we will have access on November 14, 2022 to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in your possession or control that relate to compliance with the Order.

2.      The interview will take place at 9:00 am on November 16, 2022 at the New York State Office of the Attorney General, 28 Liberty Street, New York, NY 10005. When you arrive at the building, please inform security that you are here to see Saami Zain, Assistant Attorney General, 212-416-6360.  Please confirm that you intend to attend the interview as required by Section V of the Order.

Under the terms of the Order, you have the right to have counsel present at the document and record inspection and the interview.  If you retain counsel to represent you in this matter, please let us know.


Regards,


Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7<sup>th</sup> Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

---

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Thursday, October 13, 2022 6:04 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance


To all,


I have received your email. I will be responding and trust my answers and accompanying documentation (to the extent I am able to provide them) will assuage any concerns you may have.


Martin Shkreli

On Thu, Oct 13, 2022 at 5:44 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Dear Mr. Shkreli,

Please see the attached letter regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief in the matter of Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.).

Regards,

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

Exhibit C-6

## Haneberg, Maren

| | |
|---|---|
| **From:** | Tasso, Christine |
| **Sent:** | Thursday, November 17, 2022 3:33 PM |
| **To:** | Brianne Murphy |
| **Cc:** | Martin Shkreli; kpeluso@shertremonte.com; Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami; Quyen D. Toland; Michael.Goldsmith@doj.ca.gov; Schultz, Richard; Beth Finnerty; Derek Whiddon; jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T.; Petrizzi, Maribeth; Huber, Susan; Sims, Danielle; Meier, Markus H.; Albert, Bradley Scott; Guy, Stephanie; Haneberg, Maren |
| **Subject:** | RE: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance |
| **Attachments:** | 2022.10.13 Plaintiffs' ltr to Shkreli.pdf; 876, 2022.02.04 Order for Permanent Injunction & EMR.pdf |

Dear Brianne,

Following up on our discussion this morning, please find the attached letter sent to Mr. Shkreli on October 13, 2022 regarding his compliance with the Order for Permanent Injunction and Equitable Monetary Relief in the matter of Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.).  We have not received the supplemental Compliance Report due on November 15, 2022 that was requested in the letter.  In addition, we need to finalize the dates for (1) the inspection or production of documents regarding Mr. Shkreli's compliance with the Order and (2) the interview of Mr. Shkreli.

Because you have only recently been brought on to the matter, we are extending the due date for the supplemental Compliance Report to December 2, 2022.  Please also advise as to your availability for an interview of Mr. Shkreli the week of December 12th.

Regards,

Christine

Christine Tasso
Federal Trade Commission
Bureau of Competition
400 7th Street, SW
Washington, DC 20024
Phone: (202) 326-2232
Email: ctasso@ftc.gov

---

**From:** Tasso, Christine
**Sent:** Tuesday, November 15, 2022 11:59 AM
**To:** Brianne Murphy <brianne@industrielaw.com>
**Cc:** Martin Shkreli <martin@martinshkreli.com>; kpeluso@shertremonte.com; Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren

&lt;mhaneberg@ftc.gov&gt;
**Subject:** RE: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Hi Brianne,

Can you please confirm whether November 30 or December 6 is the preferred date for the interview of Mr. Shkreli?

Thank you,

Christine Tasso

---

**From:** Brianne Murphy &lt;brianne@industrielaw.com&gt;
**Sent:** Friday, November 11, 2022 6:03 AM
**To:** Tasso, Christine &lt;ctasso@ftc.gov&gt;
**Cc:** Martin Shkreli &lt;martin@martinshkreli.com&gt;; kpeluso@shertremonte.com; Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami &lt;Saami.Zain@ag.ny.gov&gt;; Quyen D. Toland &lt;Quyen.Toland@doj.ca.gov&gt;; Michael.Goldsmith@doj.ca.gov; Schultz, Richard &lt;Richard.Schultz@ilag.gov&gt;; Beth Finnerty &lt;beth.finnerty@ohioago.gov&gt;; Derek Whiddon &lt;Derek.Whiddon@ohioago.gov&gt;; jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. &lt;thenry@oag.state.va.us&gt;; Petrizzi, Maribeth &lt;mpetrizzi@ftc.gov&gt;; Huber, Susan &lt;SHUBER@ftc.gov&gt;; Sims, Danielle &lt;dsims1@ftc.gov&gt;; Meier, Markus H. &lt;MMEIER@ftc.gov&gt;; Albert, Bradley Scott &lt;BALBERT@ftc.gov&gt;; Guy, Stephanie &lt;sguy@ftc.gov&gt;; Haneberg, Maren &lt;mhaneberg@ftc.gov&gt;
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

I will need to ask him but I'm inclined to say November 30 (because I have two depositions to schedule by the end of the month plus the Thanksgiving holiday). I'll check with him and get back to you.

Sent from my iPhone

> On Nov 10, 2022, at 5:06 PM, Tasso, Christine &lt;ctasso@ftc.gov&gt; wrote:
>
> Dear Brianne,
>
> Given the extension on the due date for the supplementary Compliance Report to November 15, we are rescheduling the interview with Mr. Shkreli from November 16 to either November 30 or December 6.  Please advise on your preferred date by 5pm on November 14.
>
> Regards,
>
> Christine

---

**From:** Tasso, Christine
**Sent:** Wednesday, November 9, 2022 5:34 PM
**To:** Brianne Murphy &lt;brianne@industrielaw.com&gt;; Martin Shkreli &lt;martin@martinshkreli.com&gt;
**Cc:** kpeluso@shertremonte.com; Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami &lt;Saami.Zain@ag.ny.gov&gt;; Quyen D. Toland &lt;Quyen.Toland@doj.ca.gov&gt;; Michael.Goldsmith@doj.ca.gov; Schultz, Richard &lt;Richard.Schultz@ilag.gov&gt;; Beth Finnerty &lt;beth.finnerty@ohioago.gov&gt;; Derek Whiddon &lt;Derek.Whiddon@ohioago.gov&gt;; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. &lt;thenry@oag.state.va.us&gt;;

Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle
<dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>;
Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** RE: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Hi Brianne,

I would like my colleague, Maren Haneberg, to join me on the call.  Looking at our calendars, we have
availability at 9:30, between 11 and 1, and at 2pm tomorrow.

Regards,

Christine

---

**From:** Brianne Murphy <brianne@industrielaw.com>
**Sent:** Wednesday, November 9, 2022 4:48 PM
**To:** Martin Shkreli <martin@martinshkreli.com>
**Cc:** Tasso, Christine <ctasso@ftc.gov>; kpeluso@shertremonte.com; Elinor.Hoffmann@ag.ny.gov;
Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland
<Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard
<Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon
<Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov;
jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth
<mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier,
Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie
<sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Dear All -

Thank you for your patience.  Please disregard Mr. Shkreli's last email other than the fact that he is
represented by counsel and should not be addressing us absent counsel.   Chrtistine, would you have
some time to connect tomorrow? Thanks, Brianne

On Wed, Nov 9, 2022 at 3:04 PM Martin Shkreli <martin@martinshkreli.com> wrote:

Dear All,

I have conferred with my attorneys and we've agreed Brianne Murphy should be the point person for
this. Her phone # is 347-524-1415. I can try to cobble together this supplemental Compliance report,
but I don't really know how to prepare it. I need counsel's help. Therefore, I am asking for an extension.
In lieu of that, here is my report:

SUPPLEMENTAL COMPLIANCE REPORT:
1. I have complied and will continue to comply with the Order. Druglike is not in any way, shape or
form a pharmaceutical company. It is not even close to the outer bounds of what is described in the
order. It is patently ridiculous to even consider it as within the scope of the order. Nevertheless, we are
happy to answer questions to satisfy your curiosity. I have not been involved in any pharmaceutical
company that has any relationship to any IND or NDA, or in any other way. Regarding monetary relief,
it is my understanding that Dr. Koestler currently has a lien on all of my substantial assets. I do not have
substantial assets other than the Phoenixus AG shares.
2. Druglike does not constitute directly or indirectly participating in the pharmaceutical industry.
3. a. I do not have a more recent tax return. We are preparing a 2016 tax return. I just got out of jail.

b. There has been no change to the financial assets I have previously disclosed. The principal asset I have is the shares of Phoenixus AG, which are worth quite a lot, and is where I invested the bulk of my assets prior to this litigation. Other than that I have minimal cash ($<1,000 total) in two bank accounts. I have no cryptocurrency accounts or cryptocurrency assets. MSI tokens are owned by Druglike, which I have no ownership in. I have no real or valuable personal property.

c. I have not transferred, sold or disposed of any of my assets in a material way. The Phoenixus shares are the only material asset I have and they are still owned by me and controlled by the Receiver.

The electronic signature below represents the equivalent of my 'wet' signature. I wrote this email around 3:00pm on 11/9/2022.

Thank You,

/s/ Martin Shkreli
Martin Shkreli

On Tue, Nov 8, 2022 at 2:35 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Mr. Shkreli,


By 5:00 pm EST on Wednesday, November 9, you are required to submit the supplemental Compliance Report.  The instructions for the supplemental Compliance Report are set forth in our October 13, 2022 letter (attached).  You must verify the supplemental Compliance Report in the same manner you signed your April 5, 2022 Compliance Report and include a statement that, pursuant to 28 U.S.C. § 1746, you certify under penalty of perjury under the laws of the United States of America that the information contained in the supplemental Compliance Report is true and correct.


In the supplemental Compliance Report, you must:


1. Set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order, as required by Paragraph IV.A, given your involvement in Druglike and failure to pay the equitable monetary relief required by the Order.
2. Provide a verified statement, as required by Paragraph IV.B.1, that your involvement with Druglike does not constitute "directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G." If you cannot attest that your involvement with Druglike does not violate the Order, you must state so in your supplemental Compliance Report, immediately cease and desist all involvement with Druglike, and provide written verification that you have terminated your involvement with Druglike.
3. Provide the financial information required by Paragraph IV.B.3, which requires you to provide the following information for the 12 months preceding your submission of the supplemental Compliance Report:
    1. Your most recent tax return (which we believe should be more recent than the 2015 tax return you provided in April; if 2015 is your most recent tax return, please explain why);

2. A full and complete accounting of all your assets, including but not limited to: retirement accounts, such as 401K accounts or annuities; electronic currencies, such as Bitcoin or Martin Shkreli Inu ("MSI"); and real or valuable personal property; and

3. A full and complete accounting of all assets you have transferred, sold, or otherwise disposed of.

Additionally, under Paragraph V.B of the Order, by November 14, 2022, you are required to provide copies or access to "all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents" in your possession or control that relate to compliance with the Order.

Finally, if you do not understand the requirements for the supplemental Compliance Report, we recommend that you contact legal counsel. If you have already retained legal counsel, please let me know who is representing you so that we may communicate with them directly.

Regards,

Christine Tasso

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Monday, November 7, 2022 9:10 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

I will email you the relevant documents/records by November 14th. There are not too many.

What goes into the supplemental Compliance Report?

Thanks for your help!

Martin Shkreli

On Mon, Nov 7, 2022 at 8:10 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Mr. Shkreli:

In addition to the interview, you are required by the Order to: (1) provide a supplemental Compliance Report and (2) provide an address where, on November 14, we will have access to all documents relating to your compliance with the Order.  By 5:00 pm EST on Wednesday, November 9, please provide the supplemental Compliance Report and identify the location where we will have access to the necessary records on November 14. If you do not adequately respond by that time, we will seek relief from the court.

Finally, please identify counsel and anyone else who will be accompanying you on November 16 for security purposes at least three days in advance of the meeting.

Regards,

Christine

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Monday, November 7, 2022 1:33 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Sorry for the delay!

I will see you on the 16th. I will bring counsel.

Martin Shkreli

On Mon, Nov 7, 2022 at 10:54 AM Tasso, Christine <ctasso@ftc.gov> wrote:

Dear Mr. Shkreli,

We have not received the supplemental Compliance Report due on November 4, 2022 that was requested in our October 13, 2022 letter to you (attached) pursuant to the Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.) ("Order"). This is a violation of Paragraph IV.A of the Order. Additionally, you did not provide responses to the topics related to your compliance with the Order outlined in the October 13, 2022 letter. Consequently, on November 14, 2022, we require access to all records and documents in your possession or control related to the topics outlined in the October 13, 2022 letter and intend to interview you on November 16, 2022 for purposes of determining compliance with the Order.

1.      Provide the address where we will have access on November 14, 2022 to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in your possession or control that relate to compliance with the Order.

2.      The interview will take place at 9:00 am on November 16, 2022 at the New York State Office of the Attorney General, 28 Liberty Street, New York, NY 10005. When you arrive at the building, please inform security that you are here to see Saami Zain, Assistant Attorney General, 212-416-6360.  Please confirm that you intend to attend the interview as required by Section V of the Order.

Under the terms of the Order, you have the right to have counsel present at the document and record inspection and the interview.  If you retain counsel to represent you in this matter, please let us know.

Regards,

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

---

**From:** Martin Shkreli <martin@martinshkreli.com>
**Sent:** Thursday, October 13, 2022 6:04 PM
**To:** Tasso, Christine <ctasso@ftc.gov>
**Cc:** Elinor.Hoffmann@ag.ny.gov; Amy.McFarlane@ag.ny.gov; Zain, Saami <Saami.Zain@ag.ny.gov>; Quyen D. Toland <Quyen.Toland@doj.ca.gov>; Michael.Goldsmith@doj.ca.gov; Schultz, Richard <Richard.Schultz@ilag.gov>; Beth Finnerty <beth.finnerty@ohioago.gov>; Derek Whiddon <Derek.Whiddon@ohioago.gov>; Jsutton2@ncdoj.gov; twertz@attorneygeneral.gov; jbetsko@attorneygeneral.gov; Henry, Tyler T. <thenry@oag.state.va.us>; Petrizzi, Maribeth <mpetrizzi@ftc.gov>; Huber, Susan <SHUBER@ftc.gov>; Sims, Danielle <dsims1@ftc.gov>; Meier, Markus H. <MMEIER@ftc.gov>; Albert, Bradley Scott <BALBERT@ftc.gov>; Guy, Stephanie <sguy@ftc.gov>; Haneberg, Maren <mhaneberg@ftc.gov>
**Subject:** Re: FTC v Shkreli (1:20-cv-00706-DLC): Order compliance

Exhibit C-6 Page 8 of 26

To all,

I have received your email. I will be responding and trust my answers and accompanying documentation (to the extent I am able to provide them) will assuage any concerns you may have.

Martin Shkreli

On Thu, Oct 13, 2022 at 5:44 PM Tasso, Christine <ctasso@ftc.gov> wrote:

Dear Mr. Shkreli,

Please see the attached letter regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief in the matter of Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.).

Regards,

Christine Tasso

Federal Trade Commission

Bureau of Competition

400 7th Street, SW

Washington, DC 20024

Phone: (202) 326-2232

Email: ctasso@ftc.gov

--
**Brianne E. Murphy** | Murphy Group CNY, PLLC
New York, Syracuse & Washington, DC
T: 347.524.1415
brianne@industrielaw.com

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended

recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

Exhibit C-6 Page 10 of 26

## IN THE UNITED STATES DISTRICT COURT
## FOR THE FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION; STATE
OF NEW YORK; STATE OF CALIFORNIA;
STATE OF ILLINOIS; STATE OF NORTH
CAROLINA; STATE OF OHIO;
COMMONWEALTH OF PENNSYLVANIA;
and COMMONWEALTH OF VIRGINIA

                Plaintiffs,

     v.

VYERA PHARMACEUTICALS, LLC;
PHOENIXUS AG; MARTIN SHKRELI,
individually, as an owner and former officer of
Vyera Pharmaceuticals, LLC and
Phoenixus AG (formerly known as Turing
Pharmaceuticals, LLC and Turing
Pharmaceuticals, AG); and KEVIN
MULLEADY, individually, as an owner and
director of Phoenixus AG and a former
executive of Vyera Pharmaceuticals, LLC,

                Defendants.

20cv00706 (DLC)

## ORDER FOR PERMANENT INJUNCTION
## AND EQUITABLE MONETARY RELIEF

     Plaintiffs, the Federal Trade Commission ("FTC" or "Commission"), by its designated

attorneys, and the states or commonwealths of New York, California, Illinois, North Carolina,

Ohio, Pennsylvania, and Virginia (collectively "Plaintiff States"), by and through their

Attorneys General, pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C.

§ 53(b), Section 16 of the Clayton Act, 15 U.S.C § 26, Section 342 of the New York General

1

Exhibit C-6 Page 11 of 26

Business Law, Section 63(12) of the New York Executive Law, Sections 16700 *et seq.* and

17200 *et seq.* of the California Business and Professions Code, Section 7 of the Illinois Antitrust

Act, 740 ILCS 10/1 *et seq.*, North Carolina Unfair or Deceptive Practices Act, N.C. Gen. Stat.

§75-1 *et seq.*, Chapter 1331and Section 109.81 of the Ohio Revised Code, Pennsylvania Unfair

Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* and Common Law

Doctrine against Restraints of Trade proceeding under 71 P.S. §732-204 (c) and the Virginia

Antitrust Act, Virginia Code §59.1-9.1 *et seq.*, filed their Amended Complaint for Permanent

Injunctive and Other Equitable Relief against Defendants Vyera Pharmaceuticals, LLC

("Vyera"), Phoenixus AG ("Phoenixus"), Martin Shkreli, and Kevin Mulleady to remedy and

prevent their anticompetitive conduct and unfair methods of competition in or affecting

commerce in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, Section 5(a) of

the Federal Trade Commission Act, 15 U.S.C. § 45(a), and state law.  This Order is entered

against Defendant Martin Shkreli pursuant to the Opinion and Order issued by this Court on

January 14, 2022, and today's Order and Opinion.

## I. DEFINITIONS

**IT IS ORDERED** that, as used in this Order, the following definitions shall apply:

A.     "Defendant Shkreli" means Defendant Martin Shkreli, an individual defendant.
       Defendant Shkreli is the founder of Phoenixus AG and Vyera Pharmaceuticals, LLC.

B.     "Commission" means the United States Federal Trade Commission.

C.     "Plaintiff States" mean the states or commonwealths of New York, California, Illinois,
       North Carolina, Ohio, Pennsylvania, and Virginia.

D.     "Corporate Defendants" mean Defendants Vyera Pharmaceuticals LLC and Phoenixus
       AG.

Exhibit C-6 Page 12 of 26

E.    "Designated State Representatives" mean the following named individuals or another representative identified by each respective Plaintiff State:

1.    Elinor R. Hoffmann, Chief, Antitrust Bureau, Office of the New York State Attorney General, 28 Liberty Street, New York, NY 10005, elinor.hoffmann@ag.ny.gov;

2.    Michael D. Battaglia, Deputy Attorney General, California Department of Justice, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102, michael.battaglia@doj.ca.gov;

3.    Richard S. Schultz, Assistant Attorney General, Antitrust Bureau, Office of the Illinois Attorney General, 100 West Randolph Street, Chicago, IL 60601, richard.schultz@ilag.gov;

4.    Jessica V. Sutton, Special Deputy Attorney General, Consumer Protection Division, North Carolina Department of Justice, 114 West Edenton Street, Raleigh, NC 27603, jsutton2@ncdoj.gov;

5.    Beth A. Finnerty, Assistant Chief, Antitrust Section, Office of the Ohio Attorney General, 30 East Broad Street, 26th Floor, Columbus, OH 43215, Beth.Finnerty@ohioAGO.gov;

6.    Joseph S. Betsko, Senior Deputy Attorney General, Pennsylvania Office of Attorney General, Strawberry Square, Harrisburg, PA 17120, jbetsko@attorneygeneral.gov; and

7.    Tyler T. Henry, Assistant Attorney General, Office of the Attorney General of Virginia, 202 North Ninth Street, Richmond, VA 23219, thenry@oag.state.va.us.

F.    "API" means any active pharmaceutical ingredient that is used in the manufacture of a Drug Product.

G.    "Development" means all preclinical and clinical research and development activities related to a Drug Product, including discovery or identification of a new chemical entity, test method development, all studies for the safety and efficacy of a Drug Product, toxicology studies, bioequivalence and bioavailability studies, pharmaceutical formulation, process development, manufacturing scale-up, development-stage manufacturing, quality assurance/quality control development, stability testing, statistical analysis and report writing, for the purpose of obtaining any and all FDA Authorizations, licenses, approvals, or registrations necessary for the manufacture, use, storage, import, export, transport, promotion, marketing, and sale of a Drug Product, and regulatory affairs related to the foregoing.

H.    "Drug Product" means any product that is subject to an FDA Authorization, or any product that is regulated through an over-the-counter drug monograph.

3

Exhibit C-6 Page 13 of 26

I.    "Entity" means any partnership, joint venture, firm, corporation, association, trust, unincorporated organization, or other business or government entity, and any subsidiaries, divisions, groups, or affiliates thereof.

J.    "FDA" means the United States Food and Drug Administration.

K.    "FDA Authorization" means any of the following applications:

1.    An application filed or to be filed with the FDA pursuant to 21 C.F.R. Part 314 et seq., including "New Drug Application" ("NDA"), "Abbreviated New Drug Application" ("ANDA"), or "Supplemental New Drug Application" ("SNDA"), and all supplements, amendments, and revisions thereto, any preparatory work, registration dossier, drafts and data necessary for the preparation thereof, and all correspondence between the holder and the FDA related thereto;

2.    An "Investigational New Drug Application" ("IND") filed or to be filed with the FDA pursuant to 21 C.F.R. Part 312, and all supplements, amendments, and revisions thereto, any preparatory work, registration dossier, drafts and data necessary for the preparation thereof, and all correspondence between the holder and the FDA related thereto; or

3.    A Biologic License Application ("BLA") filed or to be filed with the FDA pursuant to 21 C.F.R. 601.2, et seq., and Section 351 of the Public Health Service Act, and any NDA deemed to be a BLA by the FDA, and all supplements, amendments, revisions thereto, any preparatory work, drafts and data necessary for the preparation thereof, and all correspondence between the holder and the FDA related thereto.

L.    "Ownership Interest" means any voting or non-voting stock, share capital, or equity in an Entity.  Ownership Interest shall not include any unexercised options or other unexercised instruments that are convertible into any voting or non-voting stock.

M.    "Pharmaceutical Company" means any Entity engaged in the research, Development, manufacture, commercialization, or marketing of any Drug Product or API.

N.    "Qualified Employment" means an employment or a consulting engagement that:

1.    is with a Pharmaceutical Company that is not primarily involved in the research, Development, manufacture, commercialization, or marketing of Drug Products or APIs and whose gross revenues from this activity accounts for less than 10% of the total gross revenues of the Pharmaceutical Company, and

2.    does not violate Paragraph II.A of this Order.

4

Exhibit C-6 Page 14 of 26

## II.  PERMANENT INJUNCTION

**IT IS FURTHER ORDERED** that Defendant Shkreli is hereby banned and enjoined for life from directly or indirectly participating in any manner in the pharmaceutical industry, including by:

A.      Participating in or directing the research, Development, manufacture, commercialization, distribution, marketing, importation, or sale of a Drug Product or API, whether through compensated or uncompensated employment, consulting, advising, board membership, or otherwise;

B.      Participating in the formulation, determination, or direction of any business decisions of any Pharmaceutical Company;

C.      Acquiring or holding an Ownership Interest in a Pharmaceutical Company (other than indirectly through a mutual fund, exchange-traded fund, or other diversified, investment vehicle that is not specifically focused on Pharmaceutical Companies),

*Provided, however*, Defendant Shkreli may retain an Ownership Interest in securities that are under the control of the receiver appointed in *Koestler v. Shkreli*, 1:16cv7175 (S.D.N.Y.) until the earlier of (a) the sale of the securities by the receiver or (b) 180 days after the receiver returns the securities to Defendant Shkreli so long as Defendant Shkreli does not exercise any rights as owner of the securities, including voting rights, while the securities are under the control of the receiver or under the control of Defendant Shkreli;

D.      Taking any action to directly or indirectly influence or control the management or business of any Pharmaceutical Company; Shkreli's public statements about a Pharmaceutical Company will be deemed an action taken to influence or control the management or business of any Pharmaceutical Company if Shkreli intended the statement to have that effect or if a reasonable person would conclude that the statement has that effect;

E.      Serving on, nominating, or otherwise seeking or obtaining representation on the board of directors of a Pharmaceutical Company; or

F.      Obtaining, holding, or exercising any voting or other shareholder rights in a Pharmaceutical Company, including rights assigned to Defendant Shkreli by an Entity or individual, including rights assigned in connection with Shkreli's transfer of Ownership Interest in a Pharmaceutical Company to the Entity or individual.

G.      Defendant Shkreli may submit a notice of his intent to accept Qualified Employment ("Notice") to the Commission and each of the Designated State Representatives by submitting the Notice electronically to the Secretary of the Commission at ElectronicFilings@ftc.gov, the Compliance Division of the Commission at

bccompliance@ftc.gov, and the Designated State Representatives at the email addresses provided in Paragraph I.E of the Order. The Notice must include a written offer of Qualified Employment, and a verified statement describing the scope and nature of the Qualified Employment and the date on which Defendant Shkreli seeks to accept such Qualified Employment. Any Plaintiff that receives a Notice complying with the requirements of this Paragraph II.G and does not, within 20 working days after receiving the Notice, inform Defendant Shkreli in writing that it objects to Defendant Shkreli accepting the Qualified Employment because such Qualified Employment involves participation in the pharmaceutical industry, is barred from filing an action for contempt against Defendant Shkreli on the basis that the Qualified Employment violates Paragraph II.B or Paragraph II.D of this Order.

## III. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of $64.6 million is entered in favor of Plaintiff States against Defendant Shkreli, provided that up to $40 million of the judgment is subject to a setoff equal to the equitable monetary relief paid by the Corporate Defendants to the Plaintiff States on or before December 6, 2031 pursuant to the Stipulated Order for Permanent Injunction and Equitable Monetary Relief entered in this matter on December 7, 2021.

B.    Defendant Shkreli is ordered to pay to the Plaintiff States $64.6 million within 30 days of entry of this Order by electronic fund transfer in accordance with the instructions provided by the Plaintiff States, provided that this payment shall be reduced by an amount equal to the equitable monetary relief already paid by Corporate Defendants to the Plaintiff States.

C.    Except as required by Paragraph III.D below, Plaintiff States shall deposit the monetary judgment paid by Defendant Shkreli into a fund administered by Plaintiff New York or its designee ("Equitable Relief Fund"). The Equitable Relief Fund shall be used for equitable relief, including consumer redress and other equitable relief Plaintiff States determine to be reasonably related to Defendant Shkreli's violative practices and injury, any attendant expenses for the administration and distribution of such funds by the Plaintiff States, and repayment of out-of-pocket expenses incurred by the Plaintiff States in this litigation. Any money remaining in the Equitable Relief Fund after such distributions shall be deposited by the Plaintiff States as disgorgement to be used consistently with their respective state laws, including the funding of future antitrust enforcement. Any interest earned on amounts deposited into the Equitable Relief Fund will remain in, and become a part of, that fund.

D.    All payments received from Defendant Shkreli that exceed $24.6 million shall be held in a separate escrow account administered by Plaintiff New York. Plaintiff New York shall refund to Defendant Shkreli monies from the escrow account sufficient to offset the

amount of equitable monetary relief paid by the Corporate Defendants in this matter. On December 6, 2022 and annually thereafter until December 5, 2031, Plaintiff New York shall refund to Defendant Shkreli monies from the escrow account equal to the amount of equitable monetary relief paid by the Corporate Defendants to the Plaintiff States during the preceding year, less any attendant expenses for the administration and distribution of such funds and repayment of out-of-pocket expenses. All monies remaining in the escrow account on December 7, 2031 shall be deposited into the Equitable Relief Fund.

E.      Defendant Shkreli relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets except as explicitly permitted in Paragraph III.D of this Order. For avoidance of doubt, nothing in this Order shall interfere with any right to appeal from or to move to stay the Court's Order that may otherwise exist.

F.      Defendant Shkreli has no right to challenge any actions that Plaintiff States, or their representatives, may take pursuant to this Equitable Monetary Relief Section of the Order.

## IV. COMPLIANCE REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that:

A.      Defendant Shkreli shall submit to the Commission and to each of the Designated State Representatives verified written reports ("Compliance Reports") setting forth in detail the manner and form in which he intends to comply, has complied, and is complying with this Order, in accordance with the following:

1.      Within 60 days of the entry of this Order;

2.      One year after the entry of this Order, and annually thereafter until the later of 10 years or payment of the monetary judgment ordered herein; and

3.      At such other times as the Commission or a Plaintiff State may require.

B.      Each Compliance Report shall contain:

1.      A verified statement by Defendant Shkreli that he is not directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G of this Order;

2.      Each Qualified Employment engagement that Defendant Shkreli has accepted and the following information about the Qualified Employment:

a)      the Entity or individual for whom Defendant Shkreli performed or is performing the Qualified Employment and the name, position, phone number and email address for Defendant Shkreli's primary contact with the Entity or individual,

7

Exhibit C-6 Page 17 of 26

b) the starting and ending date of the Qualified Employment,

c) a description of the Qualified Employment, and

d) a verified statement that Defendant Shkreli is not and has not violated Paragraphs II.A and II.C in performing the Qualified Employment; and

3. If Defendant Shkreli has not fully satisfied the monetary judgment ordered by this Court, a copy of Defendant Shkreli's most recent tax return, a full and complete accounting of all Defendant Shkreli's assets, and a full and complete accounting of all assets that Shkreli has transferred, sold or otherwise disposed of during the 12 month period preceding the submission of the Compliance Report.

C. Defendant Shkreli shall submit each Compliance Report to the Commission and each of the Designated State Representatives by submitting the report electronically to the Secretary of the Commission at ElectronicFilings@ftc.gov, the Compliance Division of the Commission at bccompliance@ftc.gov, and the Designated State Representatives at the email addresses provided in Paragraph I.E of the Order.

## V. ACCESS TO INFORMATION

**IT IS FURTHER ORDERED** that, for purposes of determining or securing compliance with this Order, including payment of the monetary judgment, upon 5 days' notice, Defendant Shkreli shall:

A. Make himself available for interview, in the presence of counsel, by a duly authorized representative of the Commission or a Designated State Representative; and

B. Provide to any duly authorized representative of the Commission or a Designated State Representative, during business hours and in the presence of counsel, access to inspect and copy all books, ledgers, accounts, correspondence, memoranda, tax returns, financial statements and all other records and documents in Defendant Shkreli's possession or control that relate to compliance with this Order.

## VI. ATTORNEYS' FEES AND COSTS

**IT IS FURTHER ORDERED** that Plaintiff States may seek attorneys' fees, costs, and related nontaxable expenses in this matter. Any application for attorneys' fees, costs, and related nontaxable expenses must be filed by motion within 30 days of the entry of this Order.

Exhibit C-6 Page 18 of 26

## VII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Order.


SO ORDERED THIS _____4th_____ day of _____February_____, 2022.

_____
The Honorable Denise Cote

9

Exhibit C-6 Page 19 of 26




UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
BUREAU OF COMPETITION

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

October 13, 2022

**Via Electronic Mail**

Martin Shkreli
martin@martinshkreli.com
(917) 397-0473

> Re: **Order for Permanent Injunction and Equitable Monetary Relief (February 4, 2022), Federal Trade Commission, et al., v. Vyera Pharmaceuticals, LLC, et al., Case No. 1:20-cv-00706 (DLC) (S.D.N.Y.)**

Dear Mr. Shkreli:

We currently have two serious concerns regarding your compliance with the Order for Permanent Injunction and Equitable Monetary Relief ("Order") in the above-referenced matter. We have conferred with Sher Tremonte LLP and Duane Morris LLP and have been informed that neither represents you regarding your compliance obligations. Accordingly, we have sent this letter directly to you. If you retain counsel to represent you in this matter, please let us know and we will provide them with a copy of this letter.

First, Section III of the Order required you to pay at least $24.6 million to the Plaintiff States within 30 days of entry of the Order—i.e., by March 5, 2022. To date, you have neither made any payments towards the judgment, nor have you contacted any Plaintiff State to request or negotiate a payment plan.

Second, Section II of the Order bars you for life from "directly or indirectly participating in any manner in the pharmaceutical industry." Nonetheless, within months of being released from federal prison, we understand that you co-founded Druglike (a.k.a. "Drug Like, Inc."), which is described in its July 25, 2022, press release as "a Web3 drug discovery software platform" that has the "ability to revolutionize drug discovery."

The Order contains provisions that require you to provide information so that we may assess whether you are complying with its terms. We are invoking those provisions now. A copy of the Order, which includes the definitions of terms used herein, is attached.

Exhibit C-6 Page 20 of 26

Martin Shkreli
October 13, 2022
Page 2 of 7

### Compliance Reporting Requirement

Paragraph IV.A of the Order provides that you shall submit Compliance Reports at specified times as well as "[a]t such other times as the Commission or a Plaintiff State may require." We require that you provide a supplemental Compliance Report **by November 4, 2022**. The supplemental Compliance Report must set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order.[1] Please see Section IV of the Order for instructions.

In the supplemental Compliance Report, you must:

1. Set forth in detail the manner and form in which you intend to comply, have complied, and are complying with this Order, as required by Paragraph IV.A, given your involvement in Druglike and failure to pay the equitable monetary relief required by the Order.

2. Provide a verified statement, as required by Paragraph IV.B.1, that your involvement with Druglike does not constitute "directly or indirectly participating in any manner in the pharmaceutical industry, except as permitted by Paragraph II.G." If you cannot attest that your involvement with Druglike does not violate the Order, you must state so in your supplemental Compliance Report, immediately cease and desist all involvement with Druglike, and provide written verification that you have terminated your involvement with Druglike.

3. Provide the financial information required by Paragraph IV.B.3, which requires you to provide the following information for the 12 months preceding your submission of the supplemental Compliance Report:

   a. Your most recent tax return (which we believe should be more recent than the 2015 tax return you provided in April; if 2015 is your most recent tax return, please explain why);

   b. A full and complete accounting of all your assets, including but not limited to: retirement accounts, such as 401K accounts or annuities; electronic currencies, such as Bitcoin or Martin Shkreli Inu ("MSI"); and real or valuable personal property; and

   c. A full and complete accounting of all assets you have transferred, sold, or otherwise disposed of.

---

[1] Your initial Compliance Report from April 5, 2022, failed to satisfy this requirement.

Exhibit C-6 Page 21 of 26

Martin Shkreli
October 13, 2022
Page 3 of 7

### Access to Information

Section V of the Order provides that you must provide access to information "for purposes of determining or securing compliance with this Order." Specifically, upon five days' notice, you must make yourself "available for interview, in the presence of counsel, by a duly authorized representative of the Commission or a Designated State Representative." In addition, you must provide access to "records and documents" in your "possession or control that relate to compliance with this Order."

We hereby provide the required notice that, on November 14, 2022, we will require access to all records and documents in your possession or control, and on November 16, at a time and location to be determined, we intend to interview you regarding the following two topics:

1. Whether your involvement in Druglike violates the Order; and

2. Your failure to pay any of the $64.6 million in disgorgement you were ordered to pay by March 5, 2022.

More specifically, we will interview you and seek access to records and documents regarding the following:

1. Your role with Druglike, including the start date for your involvement with the company and any titles you currently hold or have held previously.

2. Your Ownership Interest in Druglike, including the amount of equity, debt and shares you hold, your percentage of total ownership, and any agreements and contractual relationships you have with Druglike.

3. All financial investments you have made in Druglike to date and the source of the capital used to make such investments, as well as any investment(s) you have committed to make in the future.

4. Each source of funding to date for Druglike and the amount thereof.

5. All co-owners of Druglike, including the name and contact information of each, any ownership or capitalization charts, and all contracts related to the capitalization and ownership of the company.

6. Any plan(s) Druglike has to become a publicly traded company and any role you expect to have with Druglike should the company become publicly traded.

7. All products and services that Druglike currently offers or plans to offer in the future.

Exhibit C-6 Page 22 of 26

Martin Shkreli
October 13, 2022
Page 4 of 7

8. The current status and anticipated timing of Druglike's future plans for providing products and services, including hiring of employees, fundraising, and release of the Druglike platform for use.

9. Whether you believe Druglike is participating or will participate in the pharmaceutical industry, either directly or indirectly, and the reasons for your belief.

10. Whether Druglike is participating or will participate in any industry other than the pharmaceutical industry and, if so, identify which industries.

11. Whether you believe that Druglike is a Pharmaceutical Company as that term is defined by the Order and the reasons for your belief.

12. Whether you believe Druglike is or will be participating in or directing the research, Development, manufacture, commercialization, distribution, marketing, importation, or sale of a Drug Product or active pharmaceutical ingredient and the reasons for your belief.

13. Whether you believe that Druglike has or will have any involvement in any preclinical or clinical research and development activities related to a Drug Product, including discovery or identification of a new chemical entity, and the reasons for your belief.

14. Druglike's marketing and strategic plans and competitive analyses.

15. All companies or entities other than Druglike that offer a drug discovery software platform.

16. How Druglike is generating and expects to generate revenue, including its current and anticipated fee structure and the types of currency (including MSI), and rights (including royalty rights) that are or will be required for the use of Druglike.

17. What rights, if any, Druglike will have in any drug product, target, or compound drug identified through Druglike's software.

18. A description of the MSI cryptocurrency, when this cryptocurrency was or will be launched, how initial MSI tokens were or will be minted, whether the MSI cryptocurrency had or will have an Initial Coin Offering ("ICO"), and any founding stakeholders for the chain who received or are set to receive the initial MSI tokens.

19. A description of how (if at all) the MSI cryptocurrency implements the scheme described in the "Druglike: Applications of Proof-of-Optimization in Democratized Drug Discovery" whitepaper, and any plans for implementing that scheme.

Exhibit C-6 Page 23 of 26

Martin Shkreli
October 13, 2022
Page 5 of 7

20. To the extent the MSI cryptocurrency implements the Proof of Optimization scheme described in the "Druglike: Applications of Proof-of-Optimization in Democratized Drug Discovery" whitepaper, identify any participants who are either purchasing optimizations or computing them.

21. Whether any MSI tokens have been minted to date, the quantity and price of any MSI tokens you have sold to date, and any arrangements regarding the future minting and sale of MSI tokens.

22. Whether you believe that Druglike is a Qualified Employment engagement as defined by the Order and the reasons for your belief.

23. Your federal and state tax returns for tax years 2016 to present, including whether you did not file federal and/state tax returns in any year(s) and why.

24. The amount of any payments or refunds you have received from the IRS in the last five years, as well as whether you believe you are due any additional payments or refunds from the IRS based on any of your tax returns within the last 10 years, the amount(s) you believe you are due, and the reason(s) for your belief.

25. The amount of any tax payments or refunds you have received from the State of New York in the last five years, as well as whether you believe you are due any additional payments or refunds from the State of New York based on any of your tax returns within the last 10 years, the amount(s) you believe you are due, and the reason(s) for your belief.

26. The conditions under which you can call in payment on the convertible note you hold in Prospero Pharmaceuticals, the current value of the convertible note that you hold in Prospero Pharmaceuticals, and the basis for that determination.

27. Your claim of selling or disposing of your $150,000 investment in Prospero Pharmaceuticals on December 31, 2015, as a "worthless investment" on your 2015 tax return Form 8949, including whether this "worthless" $150,000 investment is different from the $150,000 investment in Prospero that you now identify as a convertible note.

28. A description of the financial terms of the settlement reached with Retrophin, including any amount paid directly to you, any amount paid to an entity that you own, any amount paid to Kang Haggerty or any other Person on your behalf, and any amount you have received from Kang Haggerty or any other Person as part of that settlement; and whether any funds from your settlement with Retrophin remain with Kang Haggerty, the amount of any such funds, and your access to those funds.

29. All sources of income and financial support you have received since leaving prison in May 2022.

Exhibit C-6 Page 24 of 26

Martin Shkreli
October 13, 2022
Page 6 of 7

30. All financial obligations you have incurred since leaving prison in May 2022 and how you have met, or plan to meet, those financial obligations.

31. The financial terms under which you have retained Sher Tremonte LLP or any attorneys from Sher Tremonte LLP to represent you in your appeal of *Federal Trade Commission v. Vyera Pharmaceuticals, LLC*, No. 22-728, to the Second Circuit, including the source(s) of any funds being used or planned to be used to pay Sher Tremonte LLC for this representation.

32. For each work of art you own (in whole or in part) that is currently being displayed or held at an office of Phoenixus or Vyera or any other entity, a description of the artwork, identification of the artist, and an approximate value of the artwork.

33. Whether you received or believe you are entitled to receive any proceeds from the U.S. government's 2021 sale of the Wu Tang Clang album *Once Upon a Time in Shaolin* and, if so, the amount you have received or believe you are entitled to receive.

We are willing to forgo the interview and open access to your records and documents at this time if, **by November 4, 2022,** you provide (1) verified written responses fully addressing the issues identified above and (2) a copy of all supporting documentation. If you do not provide verified written responses fully addressing the issues identified above or fail to provide the required documentation, we will proceed with the inspection of records and documents on November 14, 2022, and the interview on November 16, 2022, as planned.

Section 6(f) of the Federal Trade Commission Act provides for confidential treatment of any trade secret or any commercial or financial information that is privileged or confidential. In addition, section 21(c) of the FTC Act provides that, except in certain circumstances enumerated in sections 6(f) and 21 of the FTC Act, the Commission may not, without giving ten days' written notice of its intention to do so, disclose any document marked "confidential" by the submitting party. If you desire confidential treatment for any portions of your supplemental Compliance Report or documents submitted with the report or in response to the information requests, clearly mark each relevant portion and document "confidential," state why it is confidential, describe the harm that disclosing the portion or information would cause, and provide any other reason justifying confidential treatment for the portion or document. If you do not make the necessary showing that a portion or document is entitled to confidential treatment, it may result in public disclosure of the portion or document.

Since the Commission and Plaintiff States are investigating your compliance with the Order, cease, and instruct all Druglike co-founders and employees to cease, all document destruction activities with respect to information relevant to the requests in this letter. This includes computer files, electronic correspondence, social media and website postings, and all other written, recorded, and graphic material of every kind, including texts. Destruction of

Exhibit C-6 Page 25 of 26

Martin Shkreli
October 13, 2022
Page 7 of 7

relevant documents or other material and assets may violate 18 U.S.C. § 1505, which makes it unlawful to influence, obstruct, or impede the due and proper administration of law.

As noted above, you must provide the requested supplemental Compliance Report on or before November 4, 2022. Please contact Christine Tasso at ctasso@ftc.gov with any questions.

Sincerely,


*/s/ Maribeth Petrizzi*
Maribeth Petrizzi
Susan Huber
Christine Tasso
Markus H. Meier
Bradley S. Albert
Maren Haneberg

Federal Trade Commission
600 Pennsylvania Ave. N.W.
Washington, D.C. 20580
Tel: (202) 326-2564
mpetrizzi@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

*/s/ Elinor R. Hoffmann*
Elinor R. Hoffmann
Amy MacFarlane
Saami Zain

New York State
Office of the Attorney General
28 Liberty St.
New York, N.Y., 10005
Tel: (212) 416-8269
elinor.hoffmann@ag.ny.gov

*Counsel for State of New York on Behalf of State Plaintiffs*

Exhibit C-6 Page 26 of 26