

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy*
T: (347) 524-1415
E: brianne@industrielaw.com
*Admitted in New York and Washington, DC

February 10, 2023

*Via ECF*
Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

> **Re:**   *FTC et.al. v. VYERA PHARMACEUTICALS, LLC et. al.,* **No. 1:20-cv-00706-DLC**

Dear Judge Cote:

I write in Opposition to Plaintiffs' Motion for an Order to Show Cause Why Defendant Shkreli should not be held in Civil Contempt for Violating the Court's February 4, 2022, Order.

As more fully outlined in the attached exhibits – the February 10, 2023, Declaration of Brianne Murphy and the February 9, 2023, Affidavit of Martin Shkreli – the timeline and communications between the parties are undisputed as represented in Plaintiffs' motion. Moreover, the legal precedent cited by Plaintiffs and this Court's jurisdiction in this matter is also undisputed. However, Plaintiffs have failed to meet their burden of proof to establish that: (1) the order was clear and unambiguous, (2) defendant did not, in fact, comply with the order, with clear and convincing evidence of noncompliance, and (3) defendant did not diligently attempt to comply with the order in a reasonable manner. *See e.g., Latino Officers Ass'n City of N.Y., Inc. v. City of New York*, 558 F.3d 159, 164 (2d. Cir. 2009). In affirming SDNY's denial of Plaintiffs motion for a contempt order the Court notes: "we underscore that it is the moving party--in this case the plaintiffs--who bears the burden of establishing the three factors set forth in *King v. Allied Vision, Ltd.*, 65 F.3d at 1058. Accordingly, the relevant inquiry is not whether defendants adequately rebutted plaintiffs' evidence, but rather, whether plaintiffs' evidence alone was adequate to establish that (1) the order was clear and unambiguous, (2) defendants did not, in fact, comply with the order (and the evidence of the noncompliance must be clear and convincing), and (3) defendants did not diligently attempt to comply with the order in a reasonable manner." *Id*.

In *Latino Officers Ass'n,* the Court further highlights Plaintiffs' burden of proof due to the severity of a contempt order stating "we note that a contempt order is a 'potent weapon,' *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76, (1967), that is inappropriate if 'there is a fair ground of doubt as to the wrongfulness of the defendant's conduct,' *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885). 'A contempt order is warranted only where *the moving party* establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict.' *King v. Allied Vision, Ltd*., 65 F.3d 1051, 1058 (2d Cir. 1995) (*emphasis added*). Specifically, the "*movant* must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."

Defendant disputes the adequacy of Plaintiffs' evidence to each of the three prongs.

Prong 1: Plaintiffs contend that the Court's February 4th Order is Clear and Unambiguous as it requires Defendant to provide information and compliance reports at regular intervals and at other times as requested by Plaintiffs. However, the Order does not describe the manner or means by which Mr. Shkreli is required to provide this information. By their own admission and exhibits, Mr. Shkreli did not simply ignore Plaintiffs' requests. Rather he responded as best he could and repeatedly requested guidance on how Plaintiffs required this information. He provided his responses in a substance, form, and format that Plaintiffs unilaterally deemed unacceptable without providing a form or sufficient guidance for Mr. Shkreli to satisfy their request, who they knew at the time was unrepresented by counsel. Moreover, as noted in my declaration (and their motion documents), the April 2022 compliance report filed by Mr. Shkreli's Trial Counsel, Chris Casey of Duane Morris, likewise did not satisfy Plaintiffs' expectations of this requirement. That a licensed, experienced attorney's compliance report failed to comply with the Plaintiffs' expectations and/or disclosure requirements further evidences the ambiguity and lack of clarity in the Order. The disconnect between the Plaintiffs' and Mr. Shkreli's understanding of the Order renders it inherently unclear and ambiguous.[1]

Prong 2: Given the ambiguity regarding the form and substance of the required disclosure and the communications between the Parties, Plaintiffs have failed to show by clear and convincing evidence that Mr. Shkreli failed to comply with the Order. Mr. Shkreli believed, and still believes that his early November 2022 responses and candid, open communications with Ms. Tasso from the FTC were compliant. He further thought and expressed that his explanation should assuage any concerns about Druglike.

Prong 3: Even if the Court finds that Plaintiffs' evidence of noncompliance meets the clear and convincing burden, Mr. Shkreli and I have made diligent efforts to comply in a reasonable manner. Prior to my representation, Mr. Shkreli repeatedly attempted to communicate with Plaintiffs and provide them with the required and requested information. As evidenced by the amount and format of the information Mr. Shkreli has provided to the Plaintiffs since their January 20, 2023, filing, but for my personal medical emergency, I would have ensured Mr. Shkreli's timely compliance and maintained communication with Plaintiffs' representatives. One unanswered voicemail cannot be the sole evidence supporting a finding that Defendant has not made diligent efforts to comply. Moreover, had Plaintiffs diligently engaged in a meet-and-confer process, good faith negotiations, or even extended me the professional courtesy of a reminder, this motion could have been avoided.

Respectfully submitted,
/s/ Brianne E. Murphy

cc       All counsel of record (via ECF)

---

[1] While the Order defines Pharmaceutical Company it does not define "Pharmaceutical Industry," creating further ambiguity regarding compliance. The purported impetus for Plaintiffs' information request was the formation of Druglike, which Mr. Shkreli repeatedly and unequivocally answered is a software company rather than a Pharmaceutical Company – which remained unsatisfactory to Plaintiffs based on unfounded speculation and unsubstantiated news reports.