**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA, | | |
| | Plaintiffs, | Case No. 1:20-cv-00706-DLC |
| v. | | |
| VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC | | |
| | Defendants. | |

I, Martin Shkreli, being duly sworn, deposes and says:

1. I am a defendant in the above-captioned matter and write this affidavit in opposition to Plaintiffs' Motion for an Order to Show Cause concerning my compliance with the Court's February 4, 2022, Order for Permanent Injunction and Equitable Monetary Relief (Dkt. No. 876) ("the Order").

2. On October 13, 2022, I received a letter via email requesting that I provide a supplemental Compliance Report from the FTC requiring that I (a) make documents and materials available to Plaintiffs for inspection and copying on November 14, 2022, and (b) sit for an

interview on November 16, 2022, regarding (i) whether my involvement with Druglike violates the Order's lifetime pharmaceutical ban and (ii) my failure to pay any of the equitable monetary relief as ordered. According to the Plaintiffs' motion, this request was prompted by the assumption that my finances have improved since my release from prison in May 2022 and subsequent release from a halfway house in September of 2022 in addition to an announcement I made concerning a new company, Druglike, that Plaintiff described as "appear[ing] to be involved in the pharmaceutical industry." See Plaintiffs' Memorandum of Law, §I ¶ B, Page. 4. These assumptions were based on a handful of unsubstantiated newspaper articles and marketing materials from Druglike. These assumptions are likewise unsubstantiated and factually unfounded.

3. I responded that same day, October 13, 2022, acknowledging receipt of the letter. I was not represented by Counsel in this matter, a point which Plaintiffs acknowledge. See Plaintiffs' Memorandum of Law, §I ¶ C, Page. 5, FN 5. I do not believe I fully appreciated the breadth of the request or the requirements to comply, but I did so promptly and in good faith.

4. As evidenced by my November 9, 2022, email, I believed that my role in Druglike, and its formation was not a violation of the Order, or more specifically, a violation of the lifetime ban from the pharmaceutical industry.

5. On November 9, 2022, I notified Plaintiffs via email that my attorney, Brianne Murphy, would serve as a liaison to the FTC to facilitate compliance with the February 4, 2022, Order. In addition, I submitted to the Plaintiffs a substantive response addressing their concerns and questions regarding Druglike and the Order. I believed this was sufficient and transparent. In my email, I candidly responded to the Plaintiffs' questions, including disclosing my assets and the status of my tax returns and informing Plaintiffs that Druglike

is not a pharmaceutical company nor part of the pharmaceutical industry but is rather a software company.

6.   I understand that on November 17, 2022, the FTC emailed Ms. Murphy copies of Plaintiffs' October 13th letter and the Court's Order, followed by a voicemail on December 5, 2022. As more fully outlined in Ms. Murphy's affidavit, due to a sudden illness and hospitalization in December, Ms. Murphy was unable to comply with this request promptly and does not recall receiving the December 5, 2023, voicemail. I only learned of her illness and hospitalization on or about January 20, 2023, in conjunction with Plaintiffs' filing of this Order to Show Cause.

7.   Since its issuance, I have complied with the Order as extensively as possible and in good faith. As of the filing of this document, I have provided the FTC with a supplementary compliance report outlining my status regarding both the particulars about Druglike and my financial situation, which support my compliance with the Order. I have additionally provided the Plaintiffs with detailed responses and documents related to their October 13, 2022, letter.

8.   For the Court's situational awareness, I have provided Plaintiffs with the below information under penalty of perjury as of February 7, 2023.

9.   I am not directly or indirectly participating in any manner in the pharmaceutical industry or with a Pharmaceutical Company, as defined in the Order, regarding Druglike:

   a.   I do not have, nor have I ever had, an Ownership interest in Druglike Inc. I am neither an Officer nor a Director of Druglike, which I believe has been legally dissolved. I am an employee and Co-Founder of DL Software (the "Company"). I hope to receive salary upon the successful financing of the Company, which has

yet to occur to date. Prior to starting Druglike and DL Software, the team involved sought legal counsel from Horizons Law as to my role, and counsel was aware of above referenced February 4, 2022, Order. In an effort to ensure compliance with the Order, the legal team, Officers, and Directors have segregated duties, information, and decisions from my involvement in Druglike and DL Software, even though neither is a Pharmaceutical Company. As such, I have limited documents and access to Company records. I provided the relevant documents in my possession to Plaintiffs on or about February 7, 2023, subject to the protective order in this matter.

b.   Druglike, and its successor, DL Software are or were software companies creating professional software for chemists and physicists. Neither is a Pharmaceutical Company nor engaged in the research, Development, manufacture, commercialization, or marketing of any Drug Product or API. Neither has any intention to ever research, Develop or market a prescription drug. Druglike's product is exclusively intangible software. Druglike's product is a calculator-like tool for scientific researchers to calculate the relative affinity and energetic cost of bonding two molecules.[1]

c.   I have not accepted any Qualified Employment engagement.

10. Plaintiffs have my most recent tax return as provided with my April 5, 2022, First Compliance Report, and I provided detailed information regarding the existence and

---

[1] Druglike is a software tool much like a recipe builder on a website that allows users to enter and store their own recipes and calculate the nutritional value and per serving cost of the recipe. It does not, and cannot tell a user the how the various ingredients will impact the flavor or popularity of the recipe.  A recipe building software does not research, develop, manufacture, commercialize or market specific foods, recipes or restaurants and the measured outcomes are entirely driven by the users' data entry and preferences. Like such recipe building applications, Druglike offers no influence or preference on the outcomes but merely calculates the information sought by the user.

whereabouts of my assets. Plaintiffs acknowledge that "… Shkreli's known significant assets, including his ownership stake in Phoenixus LLP, are currently in receivership…" See Plaintiffs' Memorandum of Law, §I ¶ B, Page. 4.

11. Further, I identified all of my existing assets, which remain the same as those identified in my April 2022 Compliance Report.

12. The Supplementary Compliance Report submitted to Plaintiffs on or about February 7, 2023, provides more detail and backup documentation in a different format than my email responses provided in November 2022; however, the substantive answers remain consistent and truthful. I provided that information in a timely fashion, absent counsel in a good faith effort to comply. As noted by their brief, once I learned this was not to their satisfaction – I requested guidance from Plaintiffs on what was needed to satisfy their request and sought counsel to assist me in my response. While I may have fallen short of their expectations as to timing and format, it was not because I was "flouting" the Order or obfuscating the truth – but rather attempting in earnest and good faith to transparently comply without guidance or instructions on how to do so.

13. While I have been so far unable to satisfy the monetary portion of the Order, I intend to

fully comply with the Order and will continue to provide the information as requested by

the Plaintiffs.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and
correct.

Dated: February 9, 2023
     New York, New York

                   Respectfully submitted,

                   /s_____
                   Martin Shkreli