IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NORTH CAROLINA; STATE OF OHIO; COMMONWEALTH OF PENNSYLVANIA; and COMMONWEALTH OF VIRGINIA, <br><br>　　　　　　　　Plaintiffs, <br>　　v. <br><br>VYERA PHARMACEUTICALS, LLC; PHOENIXUS AG; MARTIN SHKRELI, individually, as an owner and former officer of Vyera Pharmaceuticals, LLC and Phoenixus AG (formerly known as Turing Pharmaceuticals, LLC and Turing Pharmaceuticals AG); and KEVIN MULLEADY, individually, as an owner and director of Phoenixus AG and a former executive of Vyera Pharmaceuticals, LLC <br><br>　　　　　　　　Defendants. | Case No. 1:20-cv-00706-DLC |

**Declaration of Brianne Murphy in Opposition to Plaintiffs' Motion to Hold Defendant Martin Shkreli in Civil Contempt**

Brianne Murphy, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am the Managing Member of Murphy Group CNY, PLLC (hereinafter "Murphy Group"). I am licensed and in good standing to practice law in the State of New York and Washington, DC.

2. I make this declaration in Opposition to Plaintiffs' Motion to Hold Defendant Martin Shkreli in Civil Contempt. This declaration is made based on personal knowledge of the facts and circumstances surrounding the instant matter.

3. As an initial matter, I am not, nor have I ever been Defendant Shkreli's attorney of record in the above-captioned matter, and I expressly stated the same to any and all representatives of the FTC, as I was unfamiliar with the underlying trial and matter. I am, however, his attorney on an unrelated matter, as all of the Parties are aware.

4. I am willing to stipulate to and not dispute the content and timing of the communications between Christine Tasso and me as represented in the January 20, 2023, Declaration of Christine Tasso. However, I do not recall receiving and failing to respond to a voicemail from Ms. Tasso on or about December 5, 2022.

5. I learned about this compliance issue on or about November 9, 2022, via email from Defendant Shkreli and agreed to help facilitate his compliance with the request of the Plaintiffs. All of my actions to date have been in good faith and with an intention to comply, but for unforeseen medical issues.

6. Between November 9, 2022, and November 17, 2022, I spoke with and/or emailed with Plaintiffs via their representatives approximately three or four times in an effort to schedule Mr. Shkreli's deposition in New York and understand what was needed to respond to the Supplementary Compliance Report. I noted to Plaintiffs my current caseload and already scheduled depositions. I requested an extension to familiarize myself with this matter and more fully understand what Plaintiffs' requested to satisfy the requirements of the Supplementary Report. On November 17, 2022, Plaintiffs agreed to an extension until December 2, 2022, to provide the Supplementary Compliance report and to schedule Mr. Shkreli's deposition.

7. On or about Thanksgiving Day, 2022 (November 24, 2022), I began exhibiting symptoms and a flare-up of my preexisting autoimmune disease and hormone issue. Historically, these flare up have resolved relatively quickly with homecare and rest and have not required medical intervention. Unfortunately, by the first week in December 2022, my symptoms had worsened to the point of debilitating exhaustion and required hospitalization.

8. After a series of doctors' appointments, tests, and imaging, on or about December 13, 2022, I was emergently admitted to the hospital for continued testing and monitoring. Upon admission to the hospital, I was informed that in addition to my underlying conditions and newly discovered complications, I also tested positive for COVID-19.

9. Upon discharge, I went home to rest and quarantine until December 24, 2022, with weekly testing and follow up appointments.

10. In the midst of this personal health crisis, on or about December 5, 2022, Ms. Tasso stated that she left me a voicemail that I did not respond to. I do not dispute that she left the voicemail, though, predictably, I have no recollection of such a message. In fact, I was rather surprised to learn about this unreturned voicemail from December 5, 2022, in her January 20, 2023, Motion for an Order to Show Cause.

11. In the six weeks between the missed voicemail and Plaintiffs' filing of the Motion for an Order to Show Cause, Plaintiffs did not extend the professional courtesy of a follow-up call or email advising me or Mr. Shkreli of their intention to seek judicial intervention and a civil contempt order. We were given no opportunity to meet-and-confer or negotiate in good faith a feasible time and place to comply; however, now that Plaintiffs have filed their Motion, we have begun to do so.

12. Since receiving the January 20, 2023, filing, I have spoken and/or emailed with Plaintiffs' representatives to: (1) ascertain what specifically they require for compliance and the completeness of what Mr. Shkreli had previously provided; (2) apologize and inform them of the reason for my delayed response; (3) request potential dates to schedule Mr. Shkreli's deposition. In response, I have learned in sum and substance: (1) what is inadequate by their standards[1], though no guidance on the format or substance of what would be sufficient was provided; (2) of their intention to seek Mr. Shkreli's compliance with their request pursuant to court order (whether stipulated or adjudicated) regardless of the content and/or quality of the information and documents we have provided since January 20, 2023, rendering much of their Motion moot; (3) that they will need time logistically to facilitate Defendant Shkreli's deposition, but have yet to engage in scheduling.

13. Given the six-week delay *over the holidays* between my failure to respond to one voicemail and their filing, Plaintiffs had ample time to resolve this misunderstanding prior to seeking judicial intervention to avoid wasting judicial resources or further burdening the court docket, which is the very purpose of the meet-and-confer process. By failing to do so, while they may not have violated the letter of the Your Honor's Individual Practices and Local Rules, as this is not technically a discovery dispute, had they even attempted to meet-and-confer with counsel in that timeframe, would have obviated the need for Plaintiffs' motion and prevented the Parties from squandering this Court's time. This is evidenced by the current status of the previously outstanding and/or incomplete compliance report, documents, and responses to Plaintiffs' requests for information. As of the signing of this declaration, Defendant Shkreli and I have provided Plaintiffs with the requisite responses, information, and documents within his possession in the less than three weeks since learning about Plaintiffs' Motion.

14. Seeking sanctions and an Order finding Defendant Shkreli in civil contempt because I, as his counsel, failed to return one phone call seems disproportionate and grossly unfair. Even assuming *arguendo* that I had not had a personal medical issue and had simply missed one voicemail in the holiday bustle, such an outcome in light of Plaintiffs' silence on the matter and timeframe would be punitive to Defendant Shkreli. Mr. Shkreli attempted in good faith to comply with Plaintiffs' requests for information, however inartful his emails were and format notwithstanding. Upon realizing these responses were insufficient to satisfy Plaintiffs he sought clarification from Plaintiffs and identified counsel to assist him in facilitating his responses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 10, 2023

Respectfully submitted,

/s/
Brianne Murphy (BM- 4697645)

---

[1] They noted that the first Compliance Report provided by Defendant Shkreli's trial counsel in April 2022 was inadequate by their standards but failed to articulate what it specifically was lacking. Prior to this Defendant Shkreli believed that the responses and information he was sharing with Plaintiffs was sufficient and compliant.