

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy*
T: (347) 524-1415
E: brianne@industrielaw.com
*Admitted in New York and Washington, DC

March 19, 2023

*Via ECF*
Honorable Denise L. Cote,
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

  **Re:**   ***Thomas Koestler v. Martin Shkreli,*** No. 16-cv-7175-DLC (*"Koestler SDNY Matter"*)
     ***FTC et.al. v. Vyera et. al.,*** No. 1:20-cv-00706-DLC **("*FTC Matter*")**

Dear Judge Cote:

I write on behalf of Martin Shkreli, the Judgment Debtor and Defendant in the above-captioned cases in opposition to the Letter Motion filed by Judgment Creditor Thomas Koestler on March 17, 2023, seeking an order or subpoena: (1) allowing Judgment Creditor via counsel, together with the Receiver appointed in the Koestler SDNY Matter to: attend Plaintiff FTC's deposition of Mr. Shkreli scheduled for March 21, 2023[1] (the "Scheduled Deposition") and (2) directing Mr. Shkreli to provide Dr. Koestler with "*a copy of all disclosure Mr. Shkreli has made and will make to the FTC and State Attorneys General*" in connection with the FTC Matter. *Emphasis added.* Judgement Debtor respectfully request that Your Honor deny this entreaty in its entirety.

On October 12, 2021, this Court via conference addressed discovery disputes between the parties. Your Honor indicated that information relevant to the judgment enforcement would be concrete assets available for recovery and liquidation in 2021 (and thereafter). (See October 12, 2021, Transcript P. 36, line 18 - P. 43, line 12; ECF 174, 176.) Even so, Dr. Koestler zealously[2] demanded extraneous information dating back to 2016 from Mr. Shkreli and countless third-parties, forcing repeated judicial intervention limiting his onerous requests. See e.g. ECFs 128, 136, 144, 174.

NY CPLR Article 52 governs recovery and enforcement of a monetary judgment and Dr. Koestler has availed himself of every such recourse. He has issued dozens of information subpoenas and restraining notices; moved to appoint Receiver, Derek C. Abbott (EFC. 120); and engaged in motion practice and litigation.[3] CPLR Article 52 does not entitle Dr. Koestler to the confidential and highly sensitive irrelevant information provided to the Plaintiffs in the FTC Matter, as the FTC's authority extends beyond that provided by the CPLR to a judgment creditor. Your Honor's February 4, 2022, Order in the FTC Matter (the "Order and Injunction") included a permanent

---

[1] Judgment-Creditor notes in his letter motion that the Plaintiffs and Receiver have no objection to this request with certain conditions, which are incorporated herein by reference.
[2] See ECF 144, describing Petitioner's approach as "unduly burdensome and vexatious" stating that Petitioner's counsel would "likely continue to unduly burden it in this debt collection action" absent the court's guidance.
[3] See e.g. *Koestler v. Shkreli et al*., Index No. 531434/2021, including specious actions against agents and associates of Mr. Shkreli in their personal and professional capacities whose identities were discovered via CPLR 52 requests.

injunction preventing Mr. Shkreli from participation in the pharmaceutical industry and a monetary judgment. The Order and Injunction provides Plaintiffs in the FTC Matter enforcement and discovery authority to ensure Mr. Shkreli's compliance requiring him to submit extensive and detailed information upon request beyond the scope of collection of a monetary judgment. In his March 17, 2023 Letter Motion, Dr. Koestler failed to cite a single fact, legal argument or precedent justifying his attendance at the Scheduled Deposition or his entitlement to the information sought. The breadth of the FTC Plaintiffs' inquiries is evidenced by its October 13, 2022 letter to Mr. Shkreli outlining thirty-three (33) topics pertaining to compliance with the Order and Injunction. Twenty (20) issue areas relate specifically to Druglike and affiliated entities (collectively "Company"). See ECF 922-3 Exhibit C-1. Thirteen (13) questions pertain to assets and information *already disclosed to Dr. Koestler's counsel and/or Mr. Abbott*. The information sought by the Scheduled Deposition largely pertains to confidential, financial, and proprietary Company data including marketing plans, trade secrets, analysis, and the Company's inner workings. The Scheduled Deposition will likely explore and identify Company details, non-party investors that wish to remain anonymous, and third-parties wholly unrelated to Dr. Koestler's enforcement action and interests. Denying Dr. Koestler access to this confidential information via attendance at the Scheduled Deposition does not prejudice or otherwise disadvantage his recourse. Conversely granting Dr. Koestler's Motion seeking unfettered access to the information provided to the FTC will likely cause irreparable harm to the Company and other unwitting third-parties.

Despite seeking and receiving the consent of the Plaintiffs and Receiver prior to filing the instant letter motion, Judgment Creditor failed to meet and confer with the opposing party in violation of Rule 2(C) of Your Honor's individuals practices[4] and instead filed his letter motion a mere two business days before the Scheduled Deposition.[5]

Assuming *arguendo*, Judgment Creditor's access to certain information procured by the FTC were harmless - while redundant – the only appropriate disclosures would be (1) to Mr. Abbott, as the appointed neutral Receiver; (2) subject to the Protective Order and (3) limited to the existence and availability of assets to satisfy Dr. Koestler's judgment.

Judgement Debtor kindly requests that Your Honor deny Dr. Koestler 's motion in its entirety. Alternatively, should Your Honor disagree, we respectfully request that (1) Mr. Abbott, alone, be allowed to attend the Scheduled Deposition; (2) we only be required to disclose to Mr. Abbott redacted documents, information and transcripts provided to the FTC that directly relate to the satisfaction of Dr. Koestler's judgment; and that (3) all information provided remains subject to the Protective Order in the FTC Matter.

Respectfully submitted,
/s/ Brianne E. Murphy

cc      All counsel of record (via ECF)

---

[4] In pertinent part: "Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party... [i]f this meet-and-confer process does not resolve the dispute, the party may file a letter-motion on ECF pursuant… [s]uch a letter must include a representation that the meet-and-confer process occurred."
[5] The Scheduled Deposition dates were publicly docketed by the Parties on March 6, 2023. (See ECF 932).