

Murphy Group CNY, PLLC

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy*
T: (347) 524-1415
E: brianne@industrielaw.com
*Admitted in New York and Washington, DC

March 20, 2023

*Via ECF*
Honorable Denise L. Cote,
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

**Re:**   ***Thomas Koestler v. Martin Shkreli,*** No. 16-cv-7175-DLC ("*Koestler SDNY Matter*")
   ***FTC et.al. v. Vyera et. al.,*** No. 1:20-cv-00706-DLC **("*FTC Matter*")**

Dear Judge Cote:

I write on behalf of Martin Shkreli, the Judgment Debtor and Defendant in the above-captioned cases in opposition to the Letter in Support filed by Receiver Derek Abbott of the Letter Motion filed by Judgment Creditor Thomas Koestler on March 17, 2023, seeking an order or subpoena: (1) allowing Judgment Creditor via counsel, together with the Receiver appointed in the Koestler SDNY Matter to: attend Plaintiff FTC's deposition of Mr. Shkreli scheduled for March 21, 2023[1] (the "Scheduled Deposition") and (2) directing Mr. Shkreli to provide Dr. Koestler with "a copy of all disclosure Mr. Shkreli has made and will make to the FTC and State Attorneys General" in connection with the FTC Matter."

Judgement Debtor renews its request that Your Honor deny this entreaty in its entirety.

Receiver's Letter indicates that the "goal of this exercise is to gather information that could be used to identify and exploit any assets available to satisfy the Judgment… he cannot reasonably object to disclosure that pertains in any way to his finances or to his business dealings generally, which we understand to be the subject of the discovery sought in the FTC Action." He further asserts "Mr. Shkreli does not identify any specific harm from the disclosure sought, but generally asserts that the FTC Plaintiff's discovery is broader than that appropriate in this action… the Receiver and Judgement Creditor would willing to engage in a meet-and-confer process with Ms. Murphy as to any relief beyond the existing FTC Action Protective Order which Mr. Shkreli believes is needed to protect a legitimate interest."

As an initial matter, Judgment Creditor and Receiver do not have the option to be "willing to" engage in a "meet-and-confer" process as to any relief beyond the existing FCT Action Protective Order. They are obligated to do so under Rule 2(C) of Your Honor's individual practices; an obligation which both Parties ignored prior to seeking the instant relief.  As seasoned practitioners in a matter where failure to meet and confer has been a consistent concern, their failure to do so prior to demanding disclosure of highly sensitive corporate information with just days for Your

---

[1] Judgment-Creditor notes in his letter motion that the Plaintiffs and Receiver have no objection to this request with certain conditions, which are incorporated herein by reference.

Honor to renders this gesture of good faith hollow. Moreover, the "goal" of this exercise and the FTC's broad enforcement authority is not to obtain information about his finances and business dealings generally, but rather explicitly to ensure his compliance with Your Honor's Order and Injunction banning Mr. Shkreli from participation in the pharmaceutical industry with in depth detailed discovery. The crux of this discovery surrounds the inner workings of Druglike and its related companies, specifically whether they constitute a violation of this order or are software companies as is maintained by Mr. Shkreli. This is evidenced by the questions posed by the FTC Plaintiffs in their October 13, 2022 letter as well as their motion for contempt filed with Your Honor. ECF 922.

Should the Judgement Creditor and Receiver wish to engage in additional discovery pursuant to NY CPLR Article 52 to locate and liquidate assets to satisfy the judgment they should continue to avail themselves of that recourse. Attendance at and participation in the Scheduled Deposition is wholly beyond the information they are entitled to and is procedurally improper in light of Article 52. The Order and Injunction provides Plaintiffs in the FTC Matter enforcement and discovery authority to ensure Mr. Shkreli's compliance requiring him to submit extensive and detailed information upon request beyond the scope of collection of a monetary judgment. In his March 17, 2023, Letter Motion.

The harm to the Company would be the disclosure to inappropriate parties of information sought by the Scheduled Deposition pertaining to confidential, financial, and proprietary Company information including marketing plans, trade secrets, analysis, and the Company's inner workings. The Scheduled Deposition will likely explore and identify Company details, non-party investors that wish to remain anonymous, and third-parties wholly unrelated to Dr. Koestler's enforcement action and interests. Unfettered access to the information provided to the FTC will inherently harm the Company and other unwitting third-parties, as you cannot un-ring the bell – i.e. once improperly disclosed, the confidentiality of this information is already jeopardized. Simply offering to Meet-and-Confer, after the fact, and after the disclosure is insufficient to Moreover, there is no harm to Judgment Creditor or Receiver as they have had the opportunity to seek information from and depose Mr. Shkreli under Article 52. As such they should avail themselves of the appropriate and procedurally accurate recourse.

Judgement Debtor kindly requests that Your Honor deny Dr. Koestler 's motion in its entirety. Alternatively, should Your Honor disagree, we respectfully request that (1) Mr. Abbott, alone, be allowed to attend the Scheduled Deposition; (2) we only be required to disclose to Mr. Abbott redacted documents, information and transcripts provided to the FTC that directly relate to the satisfaction of Dr. Koestler's judgment; (3) all information provided remains subject to the Protective Order in the FTC Matter and (4) that upon agreement of the Parties, after meeting and conferring, Receiver may disclose limited, relevant information to Judgment Creditor so as not to frustrate or duplicate the discovery process.

Respectfully submitted,
/s/ Brianne E. Murphy

cc      All counsel of record (via ECF)