

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy\*
T: (347) 524-1415
E: brianne@industrielaw.com
\*Admitted in New York and Washington, DC

June 14, 2023

*Via ECF*
Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

**Re:**   ***Thomas Koestler v. Martin Shkreli,*** No. 16-cv-7175-DLC ("*Koestler SDNY Matter*")
  ***FTC et.al. v. Vyera et. al***., No. 1:20-cv-00706-DLC ("FTC Matter")

Dear Judge Cote:

I write to respectfully request this Court's guidance and permission as it relates to protecting Martin Shkreli's interests impacted by *In Re: Vyera* Chapter 11, Subchapter 5[1] (the "Chapter 11").

On February 4, 2022, this Court issued an Order for Permanent Injunction and Equitable Monetary Relief (ECF No. 876) ("Order"). The Order bans and enjoins Mr. Shkreli for life "from directly or indirectly participating in any manner in the pharmaceutical industry." Order II. As an outcome of the FTC Matter, the FTC retains oversight over Mr. Shkreli's activities via compliance reports and access to information, interviews, and documents. Mr. Shkreli preemptively and respectfully requests Your Honor's permission to appear in the Chapter 11, to protect his economic interests as and equity holder and potential creditor.

Mr. Shkreli is not and will not be "directly or indirectly participating in any manner in the pharmaceutical industry." Mr. Shkreli simply seeks standing and permission to protect the financial interests of his equity in Debtor; as well as to assert a notice of claim for any potential rights he may have as a creditor, beyond those as a shareholder. Mr. Shkreli has not, and will not use this position to influence corporate governance or the financial interests of the company itself; nor the Receiver's ability to continue to vote his shares.  Mr. Shkreli respectfully seeks the permission of this Court to ensure that his actions in (1) appearing and asserting his rights as an equity holder in this action as an individual personally or through counsel; and (2) filing a notice of claim as a potential creditor vis-à-vis his indemnification rights against the Debtor will not violate Your Honor's Order or risk a finding of contempt.  Additionally, Mr. Shkreli seeks Your Honor's guidance and approval on this matter to avoid concern that doing so would violate the Receivership Order in the Koestler SDNY Matter.

---

[1] Per ECF Doc 1, *In Re: Phoenixus AG* Case No. 23-10605, each of the entities below (collectively the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware and elected to proceed under subchapter V thereunder. The Debtor has moved for joint administration of these cases under the case number assigned to the subchapter V case of Vyera Pharmaceuticals, LLC: Vyera Pharmaceuticals, LLC; SevenScore Pharmaceuticals, LLC; Oakrum Pharma, LLC; Dermelix Biotherapeutics, LLC; Phoenixus AG and Orpha Labs AG.

To comply with the spirit of transparency required by the Order. Mr. Shkreli shared his intention to file this letter with the FTC parties, Plaintiff's Counsel and the Receiver in the Koestler Matter. Mr. Abbott does not object to the relief requested herein. Counsel for the Judgment Creditor has indicated the issue does not appear properly directed to the Judgment Creditor. The FTC shared its concerns that Mr. Shkreli's appearance in the Chapter 11 "could potentially violate the Court's Order for Permanent Injunction. Specifically, the Order bars Mr. Shkreli from (1) "exercising any voting or other shareholder rights in a Pharmaceutical Company" and (2) "[t]aking any action to directly or indirectly influence or control the management or business of any Pharmaceutical Company." Order ¶¶ II.D-E. The Order also conditions Mr. Shkreli's retention of any ownership interest in Vyera on Mr. Shkreli not exercising "any right as owner of the securities, including voting rights." Order ¶ II.C.  However, the FTC and States' Attorney Generals "do not object to Mr. Shkreli's appearance in the Chapter 11 proceeding so long as his participation comports with the terms of the Order."  It is Mr. Shkreli's intention to strictly comply with the Order.

The Chapter 11 will inevitably impact the value of Mr. Shkreli's Interests in Debtor and could lead to significant financial loss of his equity and/or interests as a creditor beyond those as an equity holder. As evidenced by the filings in the Koestler Matter related to these issues surrounding the proposed transaction involving the sale of stocks owned by the largest shareholder of a foreign company, under receivership with the company filed for reorganization – both the Chapter 11 and proposed sale of these shares have implications for the satisfaction of the judgment against Mr. Shkreli and Defendants in the FTC Matter. Mr. Shkreli's equity interests in Debtor are his largest and only significant asset, and represent a significant financial interest for him.  Moreover, his indemnification claims against the Debtor render him likely the largest creditor in the Chapter 11, an interest which cannot be represented by the Receiver in the Koestler Matter nor protected absent his filing a notice of claim prior to the Bar Date which I understand is forty-five days from the May 9, 2023 filing date, which by my calculation is **June 23, 2023.**

Mr. Shkreli wishes to avoid any appearance of impropriety or flouting this Court's Orders; and to mitigate any potential pushback or misinterpretation of his actions from this Court, the FTC or any other government entity or Court that has an interest in or jurisdiction over Mr. Shkreli. Mr. Shkreli is not using this as an excuse to meddle in the financial interests of the company, rather to protect his financial interests, the outcome of which will impact him and the aforementioned judgments.

We respectfully request that Your Honor grant Mr. Shkreli explicit permission to appear in his individual capacity either via counsel or pro se in the Chapter 11 action in advance of the June 23, 2023 Bar Date. In the unlikely event that Your Honor does not rule on this request prior to the Bar Date, Mr. Shkreli must file his Notice of Claim prior thereto. Should Your Honor later deny this request, we hope that any preservation efforts taken while a decision is pending will not be deemed contemptuous.

Respectfully submitted,

/s/ Brianne E. Murphy

cc      All counsel of record (via ECF)