**LAW OFFICE OF JONATHAN GROSS**
2833 Smith Ave., Suite 331, Baltimore, MD 21209
(443) 813-0141 | jon@jonathangross.law

November 9, 2026

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Federal Trade Commission et al. v. Shkreli*, No. 1:20-cv-00706 (DLC): Letter-Motion for Extension of Time to Respond to Order to Show Cause**

Dear Judge Cote:

I represent Defendant Martin Shkreli. Under Federal Rule of Civil Procedure 6(b)(1)(A), I respectfully request a 60-day extension of Mr. Shkreli's time to respond to the Order to Show Cause, from November 17, 2026 to January 19, 2027 (the first court day after the 60th day), with the corresponding schedule proposed below. This is Mr. Shkreli's second request. The first, made on November 2, 2026, was granted on the same day (ECF No. 971).

Plaintiffs state the following: "Plaintiffs oppose Mr. Shkreli's request for a two-month extension. Under Local Civil Rule 6.1(b), Mr. Shkreli was entitled to 14 days to oppose the motion. Plaintiffs originally proposed 21 days for Mr. Shkreli to respond, which the Court granted (Dkt. No. 953). One week ago, Mr. Shkreli requested and Plaintiffs consented to an additional 14 days, which the Court also granted (Dkt. No. 971). Mr. Shkreli now has been given 35 days to respond, which is more than twice as long as the local rules provide. However, Plaintiffs would consent to a second and final extension of two weeks with Mr. Shkreli's opposition due on December 1 and Plaintiffs' reply due on December 22."

**Procedural History**

On October 13, 2026, without conferring with Mr. Shkreli, Plaintiffs moved for an order to show cause why he should not be held in civil contempt (ECF Nos. 942, 943). The last prior docket entry was dated August 2, 2024. The Court issued the Order to Show Cause the same day, with a response date of November 3, 2026 (ECF No. 953).

The next day, Mr. Shkreli's counsel, who was representing him in another action in this District, *Guidepoint Global, LLC v. Ware*, No. 1:26-cv-3684 (VEC) (HJR), moved to withdraw from representing him (*Guidepoint* ECF No. 198). Mr. Shkreli moved promptly to find new counsel and retained me within days. I appeared for him in *Guidepoint* on October 22 (*id.* ECF No. 204), and the withdrawal was granted the next day (*id.* ECF No. 208). A conference in that case was set for October 26, and it required my immediate attention.

Meanwhile, Mr. Shkreli was sick with the flu from October 22 to October 30, 2026, and on October 30 his one-year-old child was taken to the emergency room. Declaration of Martin Shkreli ¶ 4.

(Thankfully, the child has since recovered.) As a result, I was not able to properly confer with Mr. Shkreli about this motion until Monday, November 2. *Id.* ¶ 5.

On November 2, 2026, prior to conferring with Mr. Shkreli, I entered my appearance in this action and immediately asked for a 14-day extension so that I could evaluate the case. I made that request before I had an opportunity to review the record. Because the Court had set a 21-day response period, I assumed 14 more days would be reasonable. Upon further review, it is apparent that my assumption was wrong. The error is mine, and it should not be held against Mr. Shkreli.

**Good Cause**

In support of a 30-page memorandum, Plaintiffs submitted the following, as described in the Declaration of Maren Haneberg ("Haneberg Decl."):

| **Material** | **Volume** |
|---|---|
| Ex. B, summary of evidence by company | At least 165 pages |
| Ex. C, livestream videos on a hard drive | 124 videos, dated July 14, 2022 to July 24, 2026 (¶¶ 6-129) |
| Ex. D, certified transcriptions of quotations | Approximately 599 pages (¶¶ 130-205) |
| Ex. E, non-video sources | Approximately 497 pages, comprising 138 items (¶¶ 206-344) |

The memorandum's pinpoint citations alone establish at least 119 hours of video across 51 of the 124 recordings, and some recordings exceed eight hours. The recordings I have sampled generally run 3.5 to 4.5 hours. Exhibit D does not reduce that burden, because it transcribes only the "direct quotes" on which Plaintiffs rely. Haneberg Decl. ¶ 130. At least some of the recordings themselves must be reviewed to evaluate those excerpts in context.

The alleged conduct spans four years and more than 60 companies. Mem. 21. A proper response requires review of the trial record and injunction proceedings, the appeal, and the petition for certiorari. It also presents substantial and complicated First Amendment questions concerning the limits of an injunction that reaches speech.

Plaintiffs' motion names two non-parties, Mr. Shkreli's sister and Ms. Voss, and seeks relief directed at them. Mem. 27-28. They and other witnesses must be interviewed. Mr. Shkreli will also need to assemble his own evidence and declarations and may need to consult experts on market and scientific questions.

Plaintiffs seek divestment, a monetary sanction measured by trading profits, a sworn accounting, a court-appointed auditor at Mr. Shkreli's expense, and escalating consequences that include incarceration. Mem. 24-27. A party facing such relief is entitled to notice and a meaningful opportunity to be heard. *See Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 827 (1994); *Turner v. Rogers*, 564 U.S. 431 (2011).

I came new to this matter and to *Guidepoint* at the same time. In *Guidepoint*, I filed an answer and counterclaims on November 3 (*id.* ECF No. 219), and a discovery conference is set for November 17, the current response date here (*id.* ECF No. 220). I am also part of the counsel team in *Grand v. City of University Heights*, No. 25-965, which the Supreme Court has set for argument on

December 9, 2026. I am the original counsel that filed that case in 2022 and was lead counsel in the district court.

In the ordinary course, 45 days would be tight but workable. Because Thanksgiving, Christmas, and New Year's Day all fall within this period, I respectfully submit that 60 days is the realistic minimum. The holidays will also affect the availability of witnesses and of counsel for the eight governmental Plaintiffs.

**No Prejudice**

The requested extension will not prejudice Plaintiffs. The conduct they allege began in July 2022. Plaintiffs are the Federal Trade Commission and seven states, with at least 19 attorneys listed on their memorandum. Mem. 29-34. Mr. Shkreli is a private individual. Plaintiffs' declaration shows that they were collecting these materials by June 26, 2026, and continued into September 2026. Haneberg Decl. ¶¶ 6-129, 207-344.

I will meet and confer with Plaintiffs regarding a stipulation, without any admission, addressing Mr. Shkreli's conduct during the extended period.

**Proposed Schedule**

| Event | Current date | Proposed date |
|---|---|---|
| Mr. Shkreli's response to the Order to Show Cause | November 17, 2026 | January 19, 2027 |
| Plaintiffs' reply | December 8, 2026 | February 16, 2027 |
| Hearing, if any | None set | At the Court's convenience after February 16, 2027 |

This request is made without waiver of any right, defense, or objection, including Mr. Shkreli's right to demand oral evidence under Local Civil Rule 83.6(b).

I thank the Court for its consideration.

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross (NY Bar ID 5993001)
Law Office of Jonathan Gross
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@jonathangross.law
*Attorney for Defendant Martin Shkreli*

cc: All counsel of record (via ECF)
Attachment: Declaration of Martin Shkreli

The defendants' response was originally due November 3. Counsel appeared for the defendants on November 2. An extension is granted to December 23, 2026. No further extension will be granted to the defendants. Any reply is due January 15, 2027.

Denise Cote
11/9/26